**DEREK SMITH LAW GROUP, PLLC**
CATHERINE W. SMITH, ESQUIRE
Attorney ID No. 316291
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790
catherine@dereksmithlaw.com
*Attorneys for Plaintiffs*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, et. al., <br><br> Plaintiff, <br><br> v. <br><br> SCHUYLKILL COUNTY, et. al. <br><br> Defendant. | Civil Action No. 3:21-00477 <br><br> **PROPOSED ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

This matter comes before the Court pursuant to Fed. R. Civ. P. 65 for a Preliminary Injunction. Having reviewed the papers filed in support of and in opposition to this motion (if any), and being fully advised, the Court finds that Plaintiffs have demonstrated (1) a strong likelihood of success on the merits, (2) the possibility that they face immediate irreparable injury from Defendants' conduct, (3) the balance of equities and hardships weighs in Plaintiffs' favor, and (4) the relief is in the public interest. Accordingly, Plaintiffs are entitled to provisional injunctive relief, and the Court **GRANTS** Plaintiffs' motion as follows:

1

1. Upon finding that Plaintiffs have met their burden, this Preliminary Injunction is granted pursuant to Federal Rule of Civil Procedure 65 and the inherent equitable powers of the Court.

2. The Court hereby preliminarily **RESTRAINS AND ENJOINS** Defendant Schuylkill County, its agents, servants, employees, attorneys, and all others in active concert or participation with Defendant Schuylkill County, from changing Plaintiff's employment status, job assignment, rate of pay, or otherwise retaliating against Plaintiff for filing Charges of Discrimination with the Equal Employment Opportunity Commission and for the filing of this lawsuit.

3. This Preliminary Injunction shall take effect immediately and shall remain in effect pending trial in this action or further order of this Court.

4. Plaintiff is directed to file proof of bond, in the amount of $_____, within three days of this Order. The bond shall serve as security for all claims with respect to this Preliminary Injunction, and any additional injunctive relief ordered by the Court in this action.

                                          BY THE COURT:

                                          _____

                                                      MANNION, J.

**DEREK SMITH LAW GROUP, PLLC**
CATHERINE W. SMITH, ESQUIRE
Attorney ID No. 316291
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790
catherine@dereksmithlaw.com
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, et. al., <br><br> Plaintiff, <br><br> v. <br><br> SCHUYLKILL COUNTY, et. al., <br><br> Defendant. | Civil Action No. 3:21-00477 <br><br> **PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

Plaintiffs Jane Doe, Jane Doe 2, Jane Doe 3, and Jane Doe 4, move before this honorable Court pursuant to Fed. R. Civ. P. 65 for Preliminary Injunction preserving the status quo and enjoining Defendant Schuylkill County and its agents from changing Plaintiffs' employment status, job assignment, rate of pay, or otherwise retaliating against Plaintiff for filing Charges of Discrimination with the Equal Employment Opportunity Commission and for the filing of this lawsuit.

3

**DEREK SMITH LAW GROUP, PLLC**
CATHERINE W. SMITH, ESQUIRE
Attorney ID No. 316291
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790
catherine@dereksmithlaw.com
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, et. al., <br><br> Plaintiff, <br><br> v. <br><br> SCHUYLKILL COUNTY, et. al., <br><br> Defendant. | Civil Action No. 3:21-00477 <br><br> **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

Plaintiffs Jane Doe, Jane Doe 2, Jane Doe 3, Jane Doe 4, move before this Honorable Court pursuant to Fed. R. Civ. P. 65 for Preliminary Injunction preserving the status quo and enjoining Defendant and its agents from changing Plaintiffs' employment status, job assignment, rate of pay, or otherwise retaliating against Plaintiff for filing Charges of Discrimination with the Equal Employment Opportunity Commission and for the filing of this lawsuit.

4

## STATEMENT OF FACTS

**I.      BRIEF DESCRIPTION OF THE UNDERLYING LAWSUIT**

Plaintiffs are all current employees of Defendant Schuylkill County (hereinafter "Defendant SC") and brings this action seeking all available relief under Title VII of the Civil Rights Act of 1964 ("Title VII"), 18 U.S.C.A. §§ 1591, 18 PA CSA 3012, the Pennsylvania Human Relations Act, as amended, 42 U.S. §§ 951, et seq. ("PHRA"), and Pennsylvania state laws. Plaintiffs in August of 2020, each Plaintiff filed an independent and unique Charge of Discrimination with the EEOC and dual filed with the PHRC.

The acts complained of in the instant Civil Action Complaint involve conduct going back as far as 2013 and continuing on a regular basis. The comments and conduct of Defendants began sexual harassment and ignorance of such unlawful behavior and escalated to sexual assault and aiding and abetting the deplorable acts of Defendant Halcovage, a self-proclaimed powerful man in Schuylkill County. Defendant Halcovage's sexist, predatory, and degrading comments and conduct knew no bounds and his ability to control others had no bounds.

Defendant Halcovage's behavior included statements of physical attraction such as, "You're so beautiful," "You're so gorgeous… I bet everyone tells you that," "You are really a knock-out," "You are a jaw dropper." See DKT 1 ¶ 95. Defendant Halcovages behavior, however, was not limited to unwanted "compliments."

Defendant Halcovage, also made comments, both in person and via email such as, "thanks for letting me **USE** your wife for the last four hours." insinuating he had been having sex with Plaintiff Doe 2 and referring to "eggs with a special sauce…..hmmmm," an attempt at comparing eggs benedict, to male semen.

The unlawful conduct however, was not limited to comments. It was often times perpetrated under the ruse of being innocuous such as forcing Plaintiff Doe 3 to take a bite of his sandwich or asking for a hug. Other times it was outright aggressive and forceful. By way of example, Defendant Halcovage, on numerous occasions, pulled Plaintiff Doe into a room and forced her to kiss him. The sexist and forced conduct only escalated from there to the point of forced sexual acts.

Defendants Roth and Bender's behavior began as what might be argued as ignorance. However, their personal observation of the events quickly demonstrated to Plaintiffs their complacency and willingness to ignore the unlawful treatment of women within Defendant SC. See DKT 1 ¶ 48, 50, 85, 118, 144, and 233-236. Plaintiff's beliefs were confirmed when Defendant Roth and Defendant Bender engaged in activity that was outright retaliation against the Plaintiffs. See DKT 1 ¶ 220, 244, 378, 420, and 446.

## II.   FACTS GIVING RISE TO THE NEED FOR PRELIMINARY RELIEF

In 2020, Plaintiffs finally, each for their own reasons, and collectively decided to take a stand to this unlawful and unhindered behavior. Immediately

thereafter, the began experiencing significant retaliation and witness intimidation. This behavior, sadly, was expected of Defendant Halcovage. However, it came as a shock that, despite the admission that Defendant Halcovage had violated Defendant SC's Sexual Harassment Policy, the Conduct and Disciplinary Action Policy, and the Physical and Verbal Abuse Policy, Defendant SC not only failed to protect the Plaintiffs but participate in various acts of retaliation against Plaintiffs. See Exhibit A.

Specifically, since the filing of Plaintiff initial Charges, Plaintiffs have continued to be subjected to severe and pervasive infringements on their rights, including but not limited to violations of their Title VII right to be free from retaliation. As such, on March 15, 2021, Plaintiffs each filed a supplemental Charge of Discrimination with the EEOC. While Plaintiffs Supplemental Charges contained identical material facts, those facts laid out seven months of comments and conduct. Each of the supplemental Charges were over thirty pages and fifty-eight (58) exhibits. See Exhibit B.

## **LEGAL ARGUMENT**

### I.     STANDARD FOR PRELIMINARY RELIEF

Fed. R. Civ. P. 65 governs Injunctions and Restraining Orders. Rule 65(a) states that the "court may issue a preliminary injunction only on notice to the

adverse party." Fed. R. Civ. P. 65(a). On July 30, 2019, Plaintiffs provided notice to Defendant Sc, Roth, and Bender by serving a copy of their motion on Defendants' attorneys, Christopher Scott, Esq. and Thomas Heimbach, Esq., and Defendant Halcovage's attorney, Gerard Geiger, Esq., via email.

The Third Circuit has suggested that the preservation of the status quo is the "purpose" of preliminary relief, which enables the trial court "to attempt to minimize the probable harm to legally protected interests between the time that the motion for a preliminary injunction is filed and the time of the final hearing." Ortho Pharm. Corp. v. Amgen, Inc., 882 F.2d 806, 814 (3d Cir. 1989).

Courts in the Third Circuit consider the following factors in determining whether to grant preliminary relief: "(1) whether the movant has a reasonable probability of success on the merits; (2) whether irreparable harm would result if the relief sought is not granted; (3) whether the relief would result in greater harm to the non-moving party; and (4) whether the relief is in the public interest." Swartzwelder v. McNeilly, 297 F.3d 228, 234 (3d Cir. 2002); P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC, 428 F.3d 504, 508 (3d Cir. 2005). As detailed below, Plaintiffs satisfy all of these factors.

## II.  PLAINTIFFS ARE LIKELY TO SUCCEED ON THE MERITS OF THEIR CLAIMS

Plaintiffs assert eleven (11) causes of action in this matter: (1) Title VII Discrimination; (2) Title VII Retaliation; (3) Title VII Hostile Work Environment; (4) PHRA Discrimination; (5) PHRA Retaliation; (6) PHRA Aiding and Abetting; (7) PHRA Hostile Work Environment; (8) Intentional Infliction of Emotional Distress; (9) Negligent Infliction of Emotional Distress (alternative pleading); (10) Violation of State Privacy Law; and (11) Negligent Hiring, Training, and Supervision. See DKT 1.

In order to satisfy the first factor necessary for preliminary relief, Plaintiffs need not prove a flawless case; rather they only need to make a *prima facie* showing of a reasonable probability of success on the merits of any one of their causes of action. See Oburn v. Shapp, 521 F.2d 142, 148 (3d Cir. 1975). As demonstrated in Plaintiffs' Complaint, Plaintiffs have a significant likelihood of success on the merits of every single one of their claims. Moreover, Defendants retaliatory conduct between the filing of Charge of Discrimination in August 2020, the Supplemental Charges of Discrimination on March 15, 2021, and of the Civil Action Complaint on March 17, 2021, clearly demonstrates Plaintiffs' likelihood of success on the merits of their retaliation claims alone.

## III. PLAINTIFFS HAVE SUFFERED AND WILL CONTINUE TO SUFFER IRREPARABLE HARM

As a result of Defendants' conduct, Plaintiffs have suffered and will continue to suffer permanent psychological injury, ongoing Title VII and PHRA violations, and ongoing retaliation for asserting their rights to equal employment opportunity.

To satisfy the second prong of the Third Circuit's test for granting preliminary relief, a plaintiff must demonstrate that, in the absence of an injunction, the plaintiff will suffer harm that is both (1) irreparable, and (2) immediate. Campbell Soup Co. v. ConAgra, Inc., 977 F2d 86, 91 (3d Cir. 1992) ("A [plaintiff] has suffered irreparable injury when the harm cannot be remedied by damages."); Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994) ("Economic loss does not constitute irreparable harm."); ECRI v. McGraw- Hill, Inc., 809 F.2d 223, 226 (3d Cir.1987) (A "plaintiff must make a clear showing that irreparable harm will occur immediately.").

It has repeatedly been recognized by the federal courts at all levels that violation of constitutional rights constitutes irreparable harm as a matter of law. Elrod v. Burns, 427 U.S. 347, 373-74 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."); Abu-Jamal v. Price, 154 F.3d 128, 136 (3d Cir. 1998) (holding loss of First and Fourteenth Amendment freedoms unquestionably constitutes irreparable

injury under preliminary injunction analysis); Miller v. Mitchell, 598 F.3d 139, 155 (3d Cir. 2010) (holding defendant's retaliation for plaintiff's exercise of First and Fourteenth Amendment rights satisfies required showing of immediate irreparable harm); Chamber of Commerce for Greater Philadelphia v. City of Philadelphia, 319 F.Supp.3d 773, 806 (E.D.Pa. 2018); American Freedom Defense Initiative v. Southeastern Pennsylvania Transp. Auth., 92 F.Supp.3d 314, 329 (E.D.Pa. 2015).

Additionally, a plaintiff can also show irreparable harm by demonstrating "that there exists some cognizable danger of recurrent violation of" their legal rights. United States v. W.T. Grant Co., 345 U.S. 629, 633 (1953); City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983); Anderson v. Davila, 125 F.3d 148, 164 (3d Cir. 1997) ("To show irreparable harm, the party seeking injunctive relief must at least demonstrate 'that there exists some cognizable danger of recurrent violation' of its legal rights.").

Additionally, courts "do not question that the deprivation of the ability of a . . . plaintiff to prove his or her case can constitute irreparable injury." Marxe v. Jackson, 833 F.2d 1121, 1125 (3d Cir. 1987). The anti-retaliation provisions of Title VII and the PHRA, for example, are intended to allow employees to seek vindication of their statutory rights without fear of reprisal, and retaliatory employment actions carry with them the risk that other similarly situated employees will be deterred from protecting their own rights. See Holt v.

Continental Group, Inc., 708 F.2d 87, 91 (2d Cir. 1983) (stating retaliatory adverse employment action carries risk of deterring employees from protecting statutory rights).

Moreover, in Oshiver v. Court of Common Pleas, Court Administration, the U.S. District Court for the Eastern District of Pennsylvania held that the "nervous and emotional problems" that the plaintiff suffered and would continue to suffer as a result of the defendant's adverse employment actions against her "cannot be cured by retrospective relief; and the plaintiff requires a preliminary injunction to halt this continuing injury." Oshiver, 469 F.Supp. 645, 653 (E.D.Pa. 1979).

The Oshiver court further held that sex discrimination practiced by a governmental entity constitutes irreparable harm:

> A further indication that plaintiff is suffering the irreparable injury required before a preliminary injunction may issue is that she has shown a substantial likelihood that she has been the victim of sex and/or age discrimination practiced by a governmental entity in violation of statutory command.

Id.

Here, Plaintiffs have suffered and will continue to suffer immediate irreparable harm absent a preliminary injunction. Defendants' ongoing retaliation will continue to violate Plaintiffs' First and Fourteenth Amendment rights, as well as their statutory rights to equal employment opportunity under Title VII and the PHRA. Under the Supreme Court's

decision in Elrod, deprivation of constitutional rights, "for even minimal periods of time, unquestionably constitutes irreparable injury."

Moreover, Defendants' ongoing retaliation has been an attempt to intimidate Plaintiffs into dropping their claims and dissuade others from asserting their rights under the law. Under the Marxe case, such a "deprivation of the ability of a plaintiff to prove his or her case can constitute irreparable injury."

Additionally, Defendants' ongoing retaliation and sex discrimination has caused and will continue to cause Plaintiffs to suffer severe psychological injuries. Plaintiffs have been forced to seek ongoing medical care, including mental health counseling, treatment with therapists, and prescription antidepressant and antianxiety medication as a result of Defendants' conduct. Plaintiffs' psychological injuries have steadily increased with each act of retaliation described in their Complaint. Furthermore, Plaintiffs have attempted to avoid such harm by seeking leave under the Family Medical Leave Act and repeatedly requesting a reasonable accommodation pursuant to the Americans with Disabilities Act . However, Defendants retaliation has included denial or those rights as well. See Exhibit B. Under Oshiver, the "emotional problems" Plaintiffs suffered and

will continue to suffer "cannot be cured by retrospective relief; and the plaintiffs require a preliminary injunction to halt this continuing injury."

Finally, the prospective harm will be immediate because it will literally occur tomorrow. Defendants became aware that Plaintiffs filed their Complaint on March 15, 2021, Defendants notified Plaintiff Doe 3 and Doe 4 that her assignment and hours of work were to be changed later that day, that Plaintiff Doe and Doe 2 direct report would thus change, to Defendant Bender, and the changes are going to take effect on March 18, 2021.

Therefore, absent a preliminary injunctive from the Court, Plaintiffs will continue to suffer immediate irreparable harm.

## IV. THE BALANCE OF EQUITIES AND HARDSHIPS WEIGHS DECIDEDLY IN PLAINTIFFS' FAVOR

The balance of equities and hardships weighs heavily in Plaintiffs' favor. As set forth above, without the requested preliminary relief, Plaintiffs will continue to suffer irreparable harm. By contrast, the entry of a temporary restraining order or preliminary injunction will result in no harm to Defendants.

Plaintiffs are only asking the Court to preserve the status quo as it existed when Plaintiffs filed their Charges of Discrimination, Supplement Charges, and Complaint on and to prevent Defendants from further

retaliating against them. Defendants have no lawful interest in retaliating against employees for exercising their rights under the law. Moreover, even if the entry of a preliminary injunction were to cause some unanticipated harm to Defendants, any "injury a defendant might suffer if an injunction were imposed may be discounted by the fact that the defendant brought that injury upon itself." Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co., 290 F.3d 578, 596 (3d Cir. 2002); see also Pappan Enters., Inc. v. Hardee's Food Sys., Inc., 143 F.3d 80 (3d Cir. 1998)("The self-inflicted nature of any harm suffered by [the party opposing the injunction] also weighs in favor of granting preliminary injunctive relief."); Opticians Ass'n v. Indep. Opticians, 920 F.2d 187, 197 (3d Cir. 1990) (stating same).

Here, the balance of equities and hardships weighs heavily in Plaintiffs' favor and therefore this Court can readily grant Plaintiffs' motion.

## V.  IT IS IN THE PUBLIC INTEREST TO ENJOIN DEFENDANTS' UNAUTHORIZED CONDUCT

Where, as here, a party demonstrates the likelihood of success on the merits and the existence of irreparable harm, "it almost always will be the case that the public interest will favor" the granting of a preliminary

injunction. American Tel. & Tel. Co. Winback & Conserve Program, Inc., 42 F.3d 1421, 1427 n.8 (3d Cir. 1994).

As to this case in particular, the public has an interest in allowing County workers to vindicate their rights without fear of improper retaliation by Defendants. The public interest lies in favor of enjoining Defendants' unlawful conduct, and, accordingly, the issuance of preliminary relief is warranted.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for Preliminary Injunction and issue an Order preserving the status quo and enjoining Defendants and their agents from changing Plaintiffs' job assignments, rates of pay, or otherwise retaliating against Plaintiffs for filing this lawsuit.

                                        Respectfully submitted,
                                        **DEREK SMITH LAW GROUP, PLLC**

                                        _/s/ Catherine W, Smith, Esq. _____
Dated: March 17, 2021            CATHERINE W. SMITH, ESQUIRE

**DEREK SMITH LAW GROUP, PLLC**
CATHERINE W. SMITH, ESQUIRE
Attorney ID No. 316291
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790
Catherine@dereksmithlaw.com
*Attorneys for Plaintiffs*

### IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| JANE DOE | : Civil Action No. 3:21-00477 |
|  | : CIVIL ACTION FOR |
| Plaintiffs, | : DECLARATORY |
|  | : JUDGMENT, |
|  | : INJUNCTIVE RELIEF, *and* |
| v. | : DAMAGES |
| SCHYULKILL COUNTY, et al., | : JURY TRIAL DEMANDED |
| Defendants. |  |

### CERTIFICATION OF COUNSEL PRUSUANT TO FRCP 65(b)

I certify pursuant to Fed. R. Civ. P. 65(b), on July 30, 2019, I gave notice to Defendants of Plaintiffs' Motion for Preliminary Injunction by emailing a copy to Defendant SC, Roth and Bender's attorneys, Christopher Scott, and Thomas Heimbach, , and Defendant Halcovage's attorney, Gerard Geiger, via email.

                                         Respectfully submitted,
                                         _/s/ **Catherine W, Smith, Esq.** _____
Dated: March 17, 2021                CATHERINE W. SMITH, ESQUIRE

**DEREK SMITH LAW GROUP, PLLC**
CATHERINE W. SMITH, ESQUIRE
Attorney ID No. 316291
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790
Catherine@dereksmithlaw.com
*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE | : Civil Action No. 3:21-00477 |
| | : |
| | : CIVIL ACTION FOR |
| Plaintiffs, | : DECLARATORY |
| | : JUDGMENT, |
| | : INJUNCTIVE RELIEF, *and* |
| v. | : DAMAGES |
| | : |
| SCHYULKILL COUNTY, et al., | : JURY TRIAL DEMANDED |
| | : |
| Defendants. | : |

## **CERTIFICATION OF SERVICE**

I certify that on March 17, 2021, I filed the foregoing with the Clerk of Court, which will then send a notification of such filing via the CM/ECF to all counsel of record. I certify that I also I certify that emailed a copy of the Complaint, Plaintiffs' Motion for Preliminary Injunction to Defendant SC, Roth

and Bender's attorneys, Christopher Scott, and Thomas Heimbach, and Defendant Halcovage's attorney, Gerard Geiger.

Respectfully submitted,

_/s/ **Catherine W, Smith, Esq.** _____

Dated: March 17, 2021                    CATHERINE W. SMITH, ESQUIRE