**NEWMAN | WILLIAMS**
A PROFESSIONAL CORPORATION

BY: GERARD J. GEIGER, ESQUIRE                    Attorney for Defendant George Halcovage
IDENTIFICATION NO. 44099
LAW OFFICES
712 MONROE STREET
P.O. BOX 511
STROUDSBURG, PA 18360-0511
(570) 421-9090 (voice)
(570) 424-9739 (fax)
ggeiger@newmanwilliams.com

---

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, et al.<br>    Plaintiffs<br><br>v.<br><br>SCHUYLKILL COUNTY COURTHOUSE, et al.,<br>    Defendants | No. 3:21-cv-00477-MEM<br><br>Jury Trial Demanded. |

**Brief in Support of Motion to Dismiss
Amended Complaint (Doc. No. 20)
by Defendant, George Halcovage**

## I. Procedural History

Four Jane Doe Plaintiffs filed a sexual harassment-related complaint against Schuylkill County and its employees on March 16, 2021 (Doc. No. 1). The complaint includes claims based on Title VII, the Pennsylvania Human Relations Act and Pennsylvania Common Law claims.

1

In response to defendants' motions to dismiss, the plaintiffs filed an Amended Complaint (Doc. No. 20) on April 16, 2020. The Amended pleading is substantially the same but adds that the plaintiffs were finally able to secure a right-to-sue letter from the EEOC.

Defendant Halcovage moved to dismiss plaintiffs' amended complaint on April 25, 2021 and filed this supporting brief.

## II.  Facts

The four Jane Doe plaintiffs are employees of Schuylkill County. They sue the Schuylkill County Courthouse, Commissioner George Halcovage, Assistant Solicitor Glenn Roth, and County Administrator Gary Bender for "unlawful discrimination, hostile work environment, intimidation, and retaliation on the basis of their sex and gender."

In their Amended Complaint (Doc. No. 20), which is 580 paragraphs long, the unidentified plaintiffs detail grievances as old as 2012. See e.g., Amended Complaint, at ¶s 41, 42.[1]

---

[1] Plaintiffs allege:
> "41. Around January 2012, Defendant Halcovage started his term as County Commissioner.
> 42. Almost immediately after his reelection, Defendant Halcovage began frequently visiting the Tax Claims Office and subjecting the department and the female employees to unwelcome and unwanted sexual comments and/or demeaning and discriminatory, sexist comments."

Although there are 87 pages of salacious allegations in their Amended Complaint, the Does have not clearly identified which parties they intend to sue. For example, they refer to HR employees Doreen Kutzler[2] and Heidi Zula[3] as defendants but do not reference them in the caption of the complaint.[4]

The Does identify the County Courthouse as a defendant but make no allegations against the Courthouse, which is not a suable entity.

They sue the defendants for violations of the Pennsylvania Human Relations Act[5] but acknowledge their PHRA claims are still pending[6] and would not be ripe for filing in this court until August 27, 2021.[7] To address that deficiency, they allege in their 4th, 5th, 6th, and 7th causes of action that "Plaintiffs will seek leave to amend this complaint at the appropriate time to assert their PHRA claims against Defendants." Amended Complaint, ¶s 551, 554, 557, and 560.

This suggests Counts 4 through 7 are mere placeholders for future claims.

---

[2] Amended Complaint, at ¶ 29.
[3] Amended Complaint, at ¶ 31.
[4] It is not clear from the Amended Complaint if the right-to-sue letter included the right to name Kutzler and Zula as defendants.
[5] Amended Complaint, ¶s 2, 5, 22,
[6] Amended Complaint, ¶ 8
[7] Amended Complaint, ¶ 9.

Plaintiffs claim they are using the "Jane Doe" designations "due to the extreme hardship such revelation of [their identities] would cause and the need to protect victims of sexual crimes." Amended Complaint, ¶s 12, 14, 16, 18. Yet despite this representation, they freely name other County employees they believe were also the victims of sexual harassment or abuse, disregarding their privacy and claiming privacy only for themselves.[8] Amended Complaint, ¶s 84, 85, 113, 114, 117, 275, 299, 300, 343, 344, 417, 419, 420, and 461.[9]

Plaintiffs did not seek leave from the court to use the Jane Doe designations.

### III. Issues

A. **PHRA Exhaustion:** Must plaintiffs' complaint be dismissed without prejudice because they admitted their failed to exhaust their PHRA remedies?

B. **PSTCA Immunity—Negligent Infliction:** Is Commissioner Halcovage immune from suit under the PSTCA for negligent infliction of emotional distress claims?

---

[8] Amended Complaint, ¶s 84, 85
[9] Halcovage referenced this in his brief to dismiss the original complaint (Doc. No. 12) but the Doe plaintiffs persist in naming other women they claim were sexually harassed without regard to their privacy or whether they chose to reveal their identities.

C. **PSTCA Immunity—Negligent Hiring, Supervision, & Training:** Is Commissioner Halcovage immune from suit under the PSTCA for claims based on negligent hiring, supervision, and training?

D. **IIED:** Do the Does allege facts supporting a claim for Intentional Infliction of Emotional Distress under Pennsylvania law?

E. **Privacy Claim:** Do the Does can state a common law claim for breach of privacy?

F. **Jane Doe Designations:** May the Does conceal their identity without asking permission?

## IV. Argument

A. Standard of Review

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual

allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

### B. Claims against Commissioner Halcovage are based on Pennsylvania Law

The Doe plaintiffs list the following Counts[10] against Commissioner Halcovage which are essentially all based on Pennsylvania state law:

1. Count 4: Discrimination under State Law based on the Pennsylvania Human Relations Act (PHRA);
2. Count 5: Retaliation based on the PHRA;
3. Count 6: Aiding and Abetting based on the PHRA;
4. Count 7: Hostile Work based on the PHRA;
5. Count 8: Intentional Infliction of Emotional Distress ("IIED");
6. Count 9: Negligent Infliction of Emotional Distress; and
7. Count 10: Violation of State Privacy Law.
8. Count 11: Negligent Hiring, Training and Supervision.

*No Title VII Claims Against Halcovage*

Preliminarily, plaintiffs make no Title VII claims against Halcovage nor would they be allowed to. Halcovage has no Title VII liability either in his official or individual capacities.

Title VII only contemplates employer liability and therefore county employees cannot be liable in their individual capacities. Stroud v.

---

[10] Titled by plaintiffs as causes of action.

6

Susquehanna County, 2018 U.S. Dist. LEXIS 131672, *7, 2018 WL 3727388 (M.D. Pa. 2018) (Mannion, J.).

Title VII claims against County employees in their official capacities are similarly inappropriate when the County is separately named because the official capacity claims would be redundant. See generally *Stroud v. Susquehanna County*, 2018 U.S. Dist. LEXIS 131672, 2018 WL 3727388 (M.D. Pa. 2018) (Mannion, J.) (addressing, in part, the right to file Title VII claims against County Commissioners).

### C. No PHRA Exhaustion

Plaintiffs' claims against Halcovage based on the PHRA must be dismissed for their failure to exhaust administrative remedies. They admit the failure to exhaust in their amended complaint. Amended Complaint, ¶ 9.[1]

Pennsylvania law requires plaintiffs to exhaust administrative remedies under the PHRA before filing a civil action. *See* 43 P.S. § 962(c)(1); *Woodson v. Scott Paper Co.*, 109 F.3d 913, 925 (3d Cir. 1997).

When a claimant files a discrimination charge, the PHRC has exclusive jurisdiction over the claim for one year. *See* 43 P.S. § 962(c)(1). A complainant may not file a lawsuit during that period. *See id.*

---

[1] Plaintiffs state at paragraph 9 of their Amended Complaint: "Plaintiffs' PHRA and claims will be ripe on or before August 27, 2021."

Although the EEOC purportedly issued right to sue letters, redacted copies of which are attached to plaintiffs' complaint, the PHRC has not yet acted on the Does' charges, which they admit.

As a result, the PHRC retains exclusive jurisdiction over plaintiffs' PHRA claims until it resolves them, or until August 2021, whichever comes first.[11] *Hills v. Borough of Colwyn*, 978 F. Supp. 2d 469, 478 (E.D. Pa. 2013) (requiring exhaustion as to PHRA Claim).

That the EEOC has issued a Notice of Right to Sue letter makes no difference, as the PHRC still retains exclusive jurisdiction over Doe's state law claims. *Doe v. TRX Ins. Servs.*, 2021 U.S. Dist. LEXIS 76487, *12 (E.D. Pa. 2021).

### D.   Negligent Infliction of Emotional Distress

Commissioner Halcovage is immune from suit for Plaintiffs' claims in Count 8 for Negligent Infliction of Emotional Distress.

It is well-established that government employees are immune from suit for negligent acts, unless the conduct falls within exceptions that must be narrowly applied.

As Judge Brann noted in *Miller v. Centre Cnty.*, 2016 U.S. Dist. LEXIS 62019, *40 (M.D. Pa. 2016) (Brann, J.), unless a claim against a

---

[11] This is the date plaintiffs reference in their Amended Complaint but Halcovage has no personal knowledge regarding the exact date.

governmental employee fits within one of the very narrow exceptions to immunity, set forth in the Pennsylvania Political Subdivision Tort Claims Act, a governmental employee is immune from suit.

### E. Negligent Hiring, Training and Supervision

In Count 9, plaintiffs sue Halcovage and others for negligent hiring, training, and supervision but they cannot state a claim.

First, any claims against Halcovage based on negligence would be barred by the Political Subdivision Tort Claims Act because it does not fit within one of the very narrow exceptions to immunity. *See infra*.

Secondly, Halcovage's responsibilities as a Commissioner are defined in the County Code. While the HR staff hires and supervises employees, as a Commissioner, Halcovage has a legislative role not involving training. Plaintiffs fail to describe what legal responsibilities he has that he failed to comport with or whom he failed to supervise.

Commissioner Halcovage did not personally hire any County employee, including Bender or Roth. To the extent he had a role in their employment, it would have been based on a salary board vote and not an action he had the authority to personally take. In fact, while Halcovage has authority to cast his vote on the board of commissioners, any decision he makes would require the vote of at least one more commissioner. See

generally 16 P.S. § 509. Thus, as a factual matter, there is simply no basis for a claim even if immunity did not apply.

### F. Intentional Infliction of Emotional Distress (IIED)

In Pennsylvania, "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress." *Taylor v. Albert Einstein Med. Ctr.*, 562 Pa. 176, 754 A.2d 650, 652 (Pa. 2000).

However, such tortious conduct "'must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.' "*Hoy v. Angelone*, 554 Pa. 134, 720 A.2d 745, 753 (Pa. 1998).

Under this standard, "[i]t has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort." *Daughen v. Fox*, 372 Pa. Super. 405, 539 A.2d 858, 861 (Pa. Super. Ct. 1988) (quoting Restatement of Torts (2d) § 46 Comment (d)).

"In Pennsylvania, liability on an intentional infliction of emotional distress claim has been found only where the conduct has been so

10

outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Kasper v. Cnty. Of Bucks*, 514 Fed. Appx. 210, 217 (3d. Cir. 2013). It is not an easy tort to prove.

A large part of the plaintiffs' lawsuit is premised on stories about Halcovage making unwelcome verbal comments dating back almost ten years. Their failure to complain about those remarks until recently belies their claims that the comments were so outrageous as to cause them physical harm.

As one court noted, "[I]t is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress." *Jackson v. Lehigh Valley Physicians Group*, 2009 U.S. Dist. LEXIS 6936, *27, 2009 WL 229756 (E.D. PA 2009).

Making offensive remarks which are obscene, requests for dates, and daily disparagement are not so egregious as to qualify. See *Fugarino v. University Services*, 123 F. Supp. 2d at 838, 844-45 (finding that criticizing, publicly reprimanding and disparaging employee; searching employee's desk at work; asking employee out on a date twice; and making an obscene phone call to employee at work did not rise to the level of

11

"outrageousness" to permit recovery for intentional infliction of emotional distress); *Snyder v. Specialty Glass Prods., Inc.*, 441 Pa. Super. 613, 658 A.2d 366, 374-75 (Pa. Super. 1995) (finding that screaming, reprimanding, and demoting employee for being late did not rise to the level of "outrageousness" to permit recovery for intentional infliction of emotional distress); *Jackson v. Lehigh Valley Physicians Group*, 2009 U.S. Dist. LEXIS 6936, *31-32, 2009 WL 229756 (E.D. Pa. 2009).

Plaintiffs' claims are based on offensive and unwelcome language that do not rise to the very high level required of an IIED claim.

**G.     Privacy Claims**

In Count 10, the Does claim Halcovage violated Pennsylvania Restatement (Second) of Torts § 625(b), by forcibly entering Plaintiffs' physical space and forcing them to engage in physical contact with him, up to and including sexual acts.

The statute of limitations for an invasion of privacy claim is one year. Pa. C.S. § 5523(1).  Plaintiffs overly long complaint dates to when Commissioner Halcovage first became a commissioner in 2012. However, they have not alleged there was any act that could violate privacy laws after March 16, 2020, which would be within the one-year statute of limitations.[2]

---

[2] Plaintiffs filed their Complaint on March 16, 2021. (Doc. No. 1).

12

Notably this was during the pandemic shut-down when courthouse staff had little interaction with each other. If they intend to pursue such a claim, they should define the conduct that occurred within the year prior to filing suit. No other conduct qualifies.

### H. Jane Doe Plaintiffs Must Identify Themselves

Rule 10 of the Federal Rules of Civil Procedure provides that: "The title of the complaint must name all the parties." The full and proper identification of all parties in litigation adds clarity to the legal process and recognizes a fundamental truth: The work of the courts is a matter of paramount public interest, and public confidence in the workings of our judicial system is enhanced through transparency in court proceedings. Notwithstanding this clearly stated preference for full disclosure of the identities of those who are parties to litigation, a party who wishes to proceed under a pseudonym may do so, but only with the prior approval of the Court. Decisions regarding whether to allow a party to proceed under a pseudonym are consigned to the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. *Doe v. Megless*, 654 F.3d 404, 407 (3d Cir. 2011). The exercise of this discretion is guided, however, by certain basic principles.

"One of the essential qualities of a Court of Justice [is] that its proceedings should be public." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). "A plaintiff's use of a pseudonym 'runs afoul of the public's common law right of access to judicial proceedings.' Id.

That a plaintiff may suffer embarrassment or economic harm is not enough. *Id.* Instead, a plaintiff must show "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010). Examples of areas where courts have allowed pseudonyms include cases involving "abortion, birth control, transexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality." *Doe v. Borough of Morrisville*, 130 F.R.D. 612, 614 (E.D. Pa. 1990).

This Court should also examine the level of public interest in the case. *Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464, 468 (E.D. Pa. 1997). Public interest increases when public officials and municipalities are parties in a lawsuit. *See id.* at 469 (holding when a public figure is involved, the public interest in a case is "stronger than the public interest that normally obtains in a civil action."). Here, public interest in the suit is heightened because Defendants are public officials and a government body, and thus, these factors support disclosure.

14

Plaintiffs identify Doe 3 as Tax Claim Director[12] and Doe 1 a Clerk One who worked in the County's mailroom.[13] That description easily identifies the plaintiffs. Also, the claims have been in the press repeatedly and the complainants are well-known in the County Courthouse. If plaintiffs wish to proceed anonymously, they must follow the course prescribed by law and seek leave to do so, showing that exceptional circumstances exist which would justify allowing them to use Jane Doe designations. They showed no concern for the privacy of other employees they claim were victims of sexual harassment and explicitly referenced their names in the complaint. They should be held to the same standard. *Doe v. Megless*, 2010 U.S. Dist. LEXIS 79098, *12-13, 2010 WL 3076246 (E.D. Pa. 2010).

## V. CONCLUSION

The defendant asks the Court to dismiss the plaintiffs' amended complaint against defendant, George Halcovage.

NEWMAN|WILLIAMS

By: _____
Gerard J. Geiger, Esq.
Attorney I.D. # PA44099

Date: April 25, 2021

---

[12] Amended Complaint, ¶ 34;
[13] Amended Complaint, ¶s 88, 89.

**Certificate of Service**

I hereby certify that on this date, a copy of the foregoing document was served on all counsel via ECF.

                NEWMAN|WILLIAMS

                By: _____
                      Gerard J. Geiger, Esq.
                      Attorney I.D. # PA44099

Date: April 25, 2021