**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JANE DOE, et al.<br>          Plaintiffs | No. 3:21-cv-00477-MEM |
| v. | Jury Trial Demanded. |
| SCHUYLKILL COUNTY<br>COURTHOUSE, et al.,<br>          Defendants | |

## Joint Case Management Plan

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan:

1. **Principal Issues**

    1.1.  Separately for each party, please give a statement summarizing this case:

    **By Plaintiffs:**

    Plaintiffs are all current employees of Schuylkill County. Plaintiffs' action arises out of the unlawful discrimination, hostile work environment, intimidation, and retaliation by Defendants against Plaintiffs on the basis of their sex and gender and their opposition to such unlawful treatment. More specifically, Plaintiffs assert that on significant number of occasions, over the course of the eight years leading up to the filing of the instant Civil Action Complaint, Defendants, to varying

degrees, engaged in unlawful conduct and made unlawful comments. The comments and conduct were sexually harassing and/or disparaging to women in general and Plaintiffs imparticular. Plaintiffs further assert in their complaint that, as time went on the comments and conduct intensified. For one Plaintiff, this included intensifying to such a degree of sexual assault by Defendant Halcovage. As the unlawful comments and conduct intensified so did the retaliation and comments and conduct that caused Plaintiffs to believe their reports of the unlawful comments and conduct, would be futile.

Plaintiffs brought this action against Defendants for their violation of Plaintiffs' rights pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), for Intentional Infliction of Emotional Distress, for violations to their right to privacy under State law, and for negligent hiring, training, and supervision. Plaintiffs, in August, will seek to amend their Complaint to include, the then ripe, their Pennsylvania Human Relations Act causes of action. Additionally, Plaintiff's since the filing of this action, have filed a supplemental EEOC Charge for retaliation that occured after their first EEOC Charges were filed. As such, once a "Notice of Right to Sue" letter is issued, Plaintiffs will seek leave to amend their Complaint to include the additional retalition facts and causes of action.

Plaintiffs seek to recover damages to redress the injuries they suffered as a result of the aforeentioned violation of their rights. Plaintiffs suffered these injuries as a result of being discriminated against by their employer, Defendants, on the basis of their sex and gender and in retaliation for their opposition and reporting the unlawful behavior. Plaintiffs, in the instant action, seek redress for said injuries.

**By Defendant, George Halcovage, in his individual capacity:**

Four female County employees, who refuse to publicly identify themselves, sue Schuylkill County Commissioner George Halcovage for sexually oriented comments they claim he has been making since he became a commissioner in 2012.

Although plaintiffs claim they were offended by Halcovage's comments beginning nine years ago, they chose not to raise these grievances with the County's HR department until recently.

Halcovage intends to raise the timeliness of the plaintiffs' claims as part of his affirmative defenses.

Plaintiffs use Jane Doe designations without obtaining prior court approval.

Plaintiffs filed suit before getting a "right to sue letter" from the EEOC.

Plaintiffs include claims under the Pennsylvania Human Relations Act which they admit will not be ripe for filing until August. They also include Pennsylvania common law negligence claims barred by Political Subdivision Tort Claims Act immunity. They sued the County Courthouse, which is not a legal entity and have named defendants in the body of their complaint that are not listed in the caption and who have not been served.

They also sue County officials for their complicity in failing to take action against Commissioner Halcovage despite never having alerted the HR department to what they perceived was a problem until recently.

Finally, the complaint suggests plaintiffs' claims are not financial but emotional.

**By Defendant, George Halcovage, in his official capacity:**

Defendant, George Halcovage, in his official capacity, intends to demonstrate that the state law claims asserted against him with designation as to whether the claims are brough against him in his official or individual capacity are not legally viable against him in his official capacity. He intends to show these claims are duplicative of those asserted against the County.

Defendant, George Halcovage, in his official capacity, intends to demonstrate, that Plaintiffs' state law claims are barred by the Pennsylvania Political Subdivision Tort Claims Act immunity.

Defendant, George Halcovage, in his official capacity, intends to demonstrate, that Plaintiffs' use of Jane Doe designation was done without Court approval. Further, that Plaintiffs have no reasonable fear of severe harm that outweighs the public's interesting in open judicial proceeding justifying the use of a pseudonym. Specifically, Plaintiffs claim that the need to protect victims of sexual crimes in not a reason justifying the use of psuedonyms given an accused constitutional right to face their accusor in criminal proceedings and that criminal trials are open to the public for attendance.

**By Defendants County of Schuylkill, Gary Bender and Glenn Roth:**

Defendants, County of Schuylkill, Gary Bender and Glenn Roth deny all allegations made by the four unidentified Plaintiffs. The claims raised by the four Jane Doe Plaintiffs have no merit, do not raise legally viable argument and/or are barred by applicable statutes of limitations.

Defendants, County of Schuylkill, Gary Bender and Glenn Roth had no knowledge of any of the plaintiffs allegations against Commissioner Halcovage and, when the County was put on notice, it immediately launched a robust and complete investigation into the allegations. The specific allegations against Gary Bender and Glenn Roth are works of fiction, comprising unbelievable accounts and details of events that occurred.

Defendants, County of Schuylkill, Gary Bender and Glenn Roth join with Defendant Halcovage in demanding that the plaintiffs identify themselves pursuant to FRCP 10 or have their claims dismissed.

    1.2.    The facts the parties <u>dispute</u> are as follows:

        a.    That Commissioner Halcovage has hiring, supervisory and firing authority over the plaintiffs.

        b.    That Commissioner Halcovage engaged in unlawful behavior vis-a-vis plaintiffs.

        c.    That the plaintiffs' state claims based on events that occurred within the statute of limitations.

        d.    That Gary Bender and Glenn Roth engaged in any unlawful behavior regarding plaintiffs allegations.

e.     That County of Schuykill, Gary Bender and Glenn Roth had any knowledge of the actions of Commissioner Halcovage.

f.     That the County of Schuykill, Gary Bender and Glenn Roth had any supervisory direction or control over Commissioner Halcovage.

1.3.    The legal issues the parties <u>dispute</u> are as follows:

a.     That Plaintiffs may sue defendants without identifying themselves.

b.     That Plaintiffs' claims based on negligence are subject to Political Subdivision Tort Claims Act immunity.

c.     That plaintiffs have alleged facts to support an IIED claim.

d.     That Plaintiffs can state a common law claim for breach of privacy.

e.     The the plaintiffs' state claims for Invasion of Privacy and Negligent Hiring, Training, and Supervision are viable against Commissioner Halcovage in his official capacity.

f.     That Plaintiffs are legally entitled to the damanges that they have alleged.

g.     That Plaintiffs have alleged facts to support claims against County of Schuykill, Gary Bender and Glenn Roth.

h.     Whether the County Defendants are entitled to a defense under the *Farragher/Ellherth* affirmative defense construct for plaintiffs failure to appropriately avail themselves of the internal reporting procedures.

1.4.    Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

None.

1.5.    Identify any named parties that have not yet been served:

None

1.6.    Identify any additional parties that:

Plaintiffs intend to join:  Plaintiff's intend to join Heidi Zula and Dorren Kutzler upon the EEOC/DOJ's issuance of a "Notice of Right to Sue" letter.

The Defendants intends to join:  None at this time.

1.7.    Identify any additional claims that:

Plaintiffs intend to add: Plaintiffs will seek leave to amend for their PHRA claims when they become ripe in August. Additionally, Plaintiffs will seek leave to amend for the retaliation that occurred after the filing of this Civil Action Complaint.

Defendants intends to add:  None.

## 2.    Disclosures

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

2.1.    Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

**Disclosed by Plaintiffs:**

| Jane Doe (PLAINTIFF) c/o Catherine Smith, Esq. Derek Smith Law Group, PLLC 1835 Market Street, Suite 2950 | Jane Doe  has knowledge regarding her employment, her claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
|---|---|

| | |
|---|---|
| Philadelphia, PA 19103<br>215.391.4790 | |
| Jane Doe 2 (PLAINTIFF)<br><br>c/o Catherine Smith, Esq.<br>Derek Smith Law Group, PLLC<br>1835 Market Street, Suite 2950<br>Philadelphia, PA 19103<br>215.391.4790 | Jane Doe 2 has knowledge regarding her employment, her claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Jane Doe 3 (PLAINTIFF)<br><br>c/o Catherine Smith, Esq.<br>Derek Smith Law Group, PLLC<br>1835 Market Street, Suite 2950<br>Philadelphia, PA 19103<br>215.391.4790 | Jane Doe 3 has knowledge regarding her employment, her claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Jane Doe 4 (PLAINTIFF)<br><br>c/o Catherine Smith, Esq.<br>Derek Smith Law Group, PLLC<br>1835 Market Street, Suite 2950<br>Philadelphia, PA 19103<br>215.391.4790 | Jane Doe 4 has knowledge regarding her employment, her claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| George Halcovage<br>(DEFENDANT)<br><br>c/o Gerard J. Geiger, Esq.<br>P.O. Box 511<br>712 Monroe Street<br>Stroudsburg, PA 18360 | Defendant Halcovage likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |

| | |
|---|---|
| 570-421-9090-<br>Ggeiger@newmanwilliams.com<br><br>&<br><br>Macmain, Connell, &<br>Leinhauser, LLC<br>Matthew Connell, Esq.<br>Samantha A. Ryan. Esq.<br>433 West Market Street<br>West Chester, PA 19382<br>484.328.3984<br>MConnell@macmainlaw.com<br>Aryan@macmainlaw.com | |
| Gary Bender (DEFENDANT)<br><br>c/o Thomas, Thomas, & Hafer<br>Christopher Scott, Esq.<br>225 Grandview Ave, 5th Floor<br>Camp Hill, PA 17011<br>717.237.7100<br>CScott@tthlaw.com | Defendant Bender likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Glenn Roth (DEFENDANT)<br><br>c/o Thomas, Thomas, & Hafer<br>Christopher Scott, Esq.<br>225 Grandview Ave, 5th Floor<br>Camp Hill, PA 17011<br>717.237.7100<br>CScott@tthlaw.com | Defendant Roth likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Ginny Murray<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Murray likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |

| | |
|---|---|
| Darlene Dolzani<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Dolzani likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Crissy Zimmerman<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Zimmerman likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Tiffany Kiehl<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Kiehl likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Heather Matukewicz<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Matukewicz likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Debra Detwiler<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Detwiler likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Colleen Warmkessel<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Warmkessel likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |

| | |
|---|---|
| Megan Felty<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Felty likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Linda Marchalk<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Marchalk likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Alicia Beach<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Beach likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Sharyn Yakenchick<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Sharyn Yakenchick likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Christopher Hobbs<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Mr. Hobbs likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Maria Casey<br><br>Defendants should be in the possession of this witnesses last | Ms. Casey likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the |

| | |
|---|---|
| known address and phone number. | treatment of other employees of Defendant(s). |
| Deborah Twigg<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Twigg likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Martina Chwastiak<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Chwastiak likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Tony Alu<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Mr. Alu likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Gary Hess<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Mr. Hess likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Commissioner Barron Heatherington<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Commission Heatherington likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |

| | |
|---|---|
| Michelle O'Connell<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. O'Connell likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Helene O'Conner<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. O'Conner likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Heather Garrity<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Gerrity likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Stan Nestor<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Mr. Nestor likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Donny Adams<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Mr. Adams likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Russ Motsko<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Mr. Motsko likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |

| | |
|---|---|
| Lee Raring<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Mr. Raring likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Jack Murray<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Mr. Murray likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Sheri Ditzler<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Ditzler likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Paul Straka<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Mr. Straka likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Darlene Laughlin<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Mr. Lauglin likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Lisa Brinich<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Brinich likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |

| Sherriff Joseph Groody | Sherriff Groody likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
|---|---|
| Defendants should be in the possession of this witnesses last known address and phone number. | |
| Brian Tobin | Mr. Tobin likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Defendants should be in the possession of this witnesses last known address and phone number. | |
| Diana Bashinsky | Ms. Bashinsky likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Defendants should be in the possession of this witnesses last known address and phone number. | |
| Paul Buber | Mr. Buber likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Defendants should be in the possession of this witnesses last known address and phone number. | |
| Joan Geary | Mr. Geary likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Defendants should be in the possession of this witnesses last known address and phone number. | |
| Dana Murray | Ms. Murray likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Defendants should be in the possession of this witnesses last known address and phone number. | |

| | |
|---|---|
| Melanie Kline<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Kline likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Christine Yezalusky<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Yezalusky likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Judy Howard<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Howard likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Doreen Fesko<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Fesko likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Taylor Lindenmuth<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Mr. Lindenmuth likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Judy Muldowney<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Muldowney likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |

| | |
|---|---|
| Sandy Phillips<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Phillips likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Terese Rushanon<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Rushanon likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Edward Barkett<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Mr. Barkett likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Kathleen Gillespie<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Gillespie likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| John Doe 1- Defendant SC Maintenance<br><br>Defendants should be in the possession of this witnesses name, last known address, and phone number. | John Doe 1 likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| John Doe 2- Defendant SC Maintenance<br><br>Defendants should be in the possession of this witnesses | John Doe 2 likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the |

| | |
|---|---|
| name, last known address, and phone number. | treatment of other employees of Defendant(s). |
| John Doe 3- Defendant SC Maintenance<br><br>Defendants should be in the possession of this witnesses name, last known address, and phone number. | John Doe 3 likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| John Doe 4- Defendant SC Maintenance<br><br>Defendants should be in the possession of this witnesses name, last known address, and phone number. | John Doe 4 likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Wendy Shantla<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Shantla likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Kate Staudenmeier<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Staudenmeier likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Kurt Montz<br><br>Defendants should be in the possession of this witnesses last | Mr. Montz likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the |

| | |
|---|---|
| known address and phone number. | treatment of other employees of Defendant(s). |
| Ann Dudish<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Dudish likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Jim Mcnulty<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Mr. Mcnulty likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Dr. Mark Richardson<br>829 Spruce Street<br>Suite 302<br>Philadelphia, PA 19107 | Dr. Richardson will provide an expert report and opinion in accordance with Fed. R. Civ. P. 26. |
| All witnesses identified by Defendants or through discovery in this matter. | |

**Disclosed by the Defendant, George Halcovage, in his individual capacity:**

| Name | Role in Case |
|---|---|
| Gary Bender | Defendant |
| Pamela Biddle | Identified in complaint |
| Maria Casey | Clerk of Courts |
| Joseph Groody | Sheriff |

| Barbara Halcovage | Wife of George Halcovage |
|---|---|
| George Halcovage | Defendant |
| Karen Hayes | Identified in complaint |
| Gary Hess | Commissioner |
| Boots Hetherington | Commissioner |
| Doreen Kutzler | HR |
| Kelly Macalonis | Identified in complaint |
| Ginny Murray | Identified in complaint |
| Glenn Roth | Defendant |
| Heidi Zula | HR |
| Deborah Twigg | HR |
| All County row officers who met with Sheriff Groody to recommend that Commissioner's Halcovage's courthouse access be restricted | Reputedly claimed they had information about Commissioner Halcovage that would support the Sheriff's decision to restrict Commissioner Halcovage's access to the courthouse. |
| All Jane Doe Plaintiffs | Plaintiffs |
| P.J. William Baldwin | Schuylkill County President Judge |

**Disclosed by the Defendant, George Halcovage, in his official capacity:**

| Name | Role in Case |
|---|---|
| Gary Bender | Defendant |
| Pamela Biddle | Identified in complaint |
| George Halcovage | Defendant |
| Karen Hayes | Identified in complaint |
| Kelly Macalonis | Identified in complaint |
| Ginny Murray | Identified in complaint |
| Glenn Roth | Defendant |
| All Jane Doe Plaintiffs | Plaintiffs |

**Disclosed by County of Schuylkill, Gary Bender and Glenn Roth:**

1. Glenn Roth

2. Gary Bender
3. Deborah Twigg
4. George Halcovage
5. Gary Hess
6. Barron Hetherington
7. Jane Doe
8. Jane Doe 2
9. Jane Doe 3
10. Jane Doe 4
11. Defendants County of Schuykill, Glenn Roth and Gary Bender reserve the right to call any other indidivudal named by any other party within its disclosures.

**3.     Early Motions**

Identify any motion(s) whose early resolution would likely have a significant effect either on the scope of discovery or other aspects of the litigation:

| Nature of Motion | Moving Party | Anticipated Filing Date |
|---|---|---|
| Motion for Summary Judgment | Plaintiffs | At the conclusion of discovery |
| Motion for Summary Judgment | George Halcovage, in his individual capacity<br><br>Schuylkill County, Gary Bender and Glenn Roth | At the conclusion of discovery |
| Motion for Summary Judgment | George Halcovage, in his official capacity | At the conclusion of discovery |

**4.    Discovery**

4.1.    Briefly describe any discovery that has been completed or is in progress:

**By Plaintiffs**:

Plaintiffs anticiapte they will begin serving discovery shortly.

**By Defendant, George Halcovage, in his individual capacity:**

The Defendant, Commissioner George Halcovage, will be serving discovery upon all parties shortly.

**By Defendant, George Halcovage, in his offical capacity:**

The Defendant, George Halcovage, in his official capacity, will be serving discovery upon parties after the ruling of the Court on his Motion to Dismiss, Plaintiffs' Motion to File a Second Amended Complaint, and any response that may be required if Plaintiffs' Motion is granted.

**For Defendants, County of Schuylkill, Gary Bender and Glenn Roth:**

Defendants, County of Schuylkill, Gary Bender and Glenn Roth have prepared discovery requests and will propund discovery requests on all parties.

4.2.    Describe any discovery that all parties agree should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

The parties agree to depose the parties to the litigation and any witnesses identified in the parties' discovery.

Plaintiffs are seeking discovery related to the allegations in their complaint and Defendants' responses in their anticipated answers. This includes, but is not limited to, Plaintiffs' complete personnel files including their application for employment with Defendants, documents referring or related to all of Plaintiff's request for temporary leave(s) from employment with Defendants, reviews of Plaintiffs and/or Plaintiffs' work, documentation concerning any promotion Plaintiffs were offered and/or received, and documentation concernng any demotion Plaintiffs received. Plaintiff also seeks to discover Defendants' description of Plaintiffs' and the individual Defendants' positions for the time period that Plaintiff were employed by the Defendants, any policies and/or procedures regarding discrimination, retaliation and the reporting process that was in place during Plaintiffs' employment with Defendants, and personnel files of the individually name Defendants and similarly situated employees. Additionally, Plaintiffs seek to discover any and all documentation concerning their allegations or discrimination and retaliation, any invesitgation, or lack thereof, into said allegations, and any and all documentation concerning similar allegations of discrimination, hostile work environment, and retaliation for a ten year look back period.

4.3. Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

Plaintiffs reserve their right to objection as Defendants have indicated a very limited scope of anticipate discovery.

4.4. Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

None.

4.5. For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate

showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff and by defendants):

4.5.1.   depositions (excluding experts) to be taken by:

Plaintiff:   20            Defendants:  20

4.5.2.   interrogatories to be served by:

Plaintiff:   50            Defendants: 50

4.5.3.   document production requests to be served by:

Plaintiff:   50            Defendants:  50

4.5.4.   requests for admission to be served by:

Plaintiff:   30            Defendants:  30

4.6.   Discovery of Electronically Stored Information

☑ Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

## 5.   Protective Order

5.1.   If entry of a protective order is sought, attach to this statement a copy of the proposed order.  Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

Given that this case is filed under Jane Doe psydeonyms, Plaintiffs are seeking a protective order. Defendants oppose a protective order in this matter.

5.2.   If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

The Defendants opposed the appropriatness and legality of the Plaitniffs filing under Jane Doe psydeonyms. If the Court were to rule that the Plaitniff properly filed their pleadings under psydeonyms, the Defendants would not have an objection to a protective order.

**6.    Scheduling**

6.1.    Final date for joining additional parties:

<u>TBD</u>         Plaintiffs

<u>10/1/2021</u>    Defendants

6.2.    Final date for amending pleadings:

TBD         Plaintiffs

10/1/2021    Defendants

6.3.    All fact discovery commenced in time to be completed by:

December 31, 2021

6.4.    All potentially dispositive motions should be filed by:

January 31, 2022

6.5.    Reports from retained experts due:

from Plaintiffs by: November 31, 2021

from Defendants by: December 31, 2021

Supplementations due by: January 31, 2022

6.6.    Expert discovery commenced in time to be completed by:

February 28, 2022

6.7.    This case may be appropriate for trial in approximately:

_____    240 Days from the filing of the action in this court
_____    365 Days from the filing of the action in this court
_X___   500 Days from the filing of the action in this court

6.8.    Suggested date for the final Pretrial Conference:

June 2022    (month/year)

6.9.    Suggested date for Trial:

July 2022    (month/year)

**7.      Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

**For Plaintiff:**

Catherine W. Smith, Esq.
Derek Smith Law Group, PLLC
1835 Market Street, Suite 2950
Philadelphia, PA 19103

Plaintiff Jane Doe, Jane Doe 2, Jane Doe 3, and Jane Doe 4 will all be avaialble and accesible by phone on June 10, 2021.

**For Defendant, George Halcovage, in his individual capacity:**

Michelle Mayer
Claims Representative 2
County Commissioners Association of Pennsylvania

PO Box 60769 l Harrisburg, PA 17106-0769
Direct: (717) 736-4731 l Fax: (888) 692-2368
mmayer@pacounties.org l www.pacounties.org l @PACountiesGR

**For Defendant, George Halcovage, in his individual capacity:**

Michelle Mayer
Claims Representative 2
County Commissioners Association of Pennsylvania
PO Box 60769 l Harrisburg, PA 17106-0769

**For Defendants, County of Schuylkill, Gary Bender and Glenn Roth:**

Patty Ensminger, SCLA
Senior Claims Supervisor
County Commissioners Association of Pennsylvania
PO Box 60769, Harrisburg, PA 17106-0769
Direct: (717) 736-4733 l (717) 526-1010 x 3333 l Fax: (888) 692-2368
pensminger@pacounties.org

8. **Alternative Dispute Resolution ("ADR")**

8.1.  Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

Â Â Â Â The parties have agreed to mediation. The parties request an immediate referral to Joe Barrett to explore resolution of this matter.

8.2.  If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

Â Â Â Â Not applicable.

8.3.  If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

Not applicable.

## 9.     Consent to Jurisdiction by a Magistrate Judge

Indicate whether all parties agree, pursuant to 28 U.S.C. 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court:     Y ☐ N. ☑

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

___ Scranton/Wilkes-Barre
___ Harrisburg

## 10.    Other Matters

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

None.

## 11.    Identification of Counsel

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy.  Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference.  The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

Dated: 5.27.2021

DEREK SMITH LAW GROUP
By: s/ Catherine W. Smith, Esquire
Attorney I.D. No. PA316291
*Attorney for Plaintiffs*

☑   ECF User(s)
☐   Waiver requested (as separate document)
☐   Fed.R.Civ.P.7.1 (statement filed if necessary)

Dated: 5.27.2021

NEWMAN | WILLIAMS
By: s/ Gerard J. Geiger, Esquire
Attorney I.D. No. PA44099
*Attorney for Defendant, George Halcovage, in his individual capacity*

☑   ECF User(s)
☐   Waiver requested (as separate document)
☐   Fed.R.Civ.P.7.1 (statement filed if necessary)

THOMAS, THOMAS, & HAFER
By: s/ Christopher L. Scott, Esquire
Attorney I.D. No. PA200976
*Attorney for Defendants, Schuylkill County Courthouse, Glenn Roth, and Gary Bender*

Dated: 5.27.2021

☑   ECF User(s)
☐   Waiver requested (as separate document)
☐   Fed.R.Civ.P.7.1 (statement filed if necessary)

|                      | MACMAIN, CONNELL,                           |
| Dated: 5.27.2021     | & LEINHAUSER, LLC                           |
|                      | By:  s/ Matthew J. Connell, Esquire         |
|                      | Attorney I.D. No. PA80246                   |
|                      | By:  s/ Samantha A. Ryan, Esquire           |
|                      | Attorney I.D. No. PA320553                  |
|                      | *Attorneys for Defendant, George*           |
|                      | *Halcovage, in his official capacity*       |

☑ ECF User(s)

☐ Waiver requested (as separate document)

☐ Fed.R.Civ.P.7.1 (statement filed if necessary)