## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JANE DOE, et al.
          Plaintiffs

v.

SCHUYLKILL COUNTY
COURTHOUSE, et al.,
          Defendants

No. 3:21-cv-00477-MEM

Jury Trial Demanded.

### Joint Case Management Plan

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan:

1.  **Principal Issues**

    **1.1.** Separately for each party, please give a statement summarizing this case:

    **By Plaintiffs:**

    Plaintiffs are all current employees of Schuylkill County. Plaintiffs' action arises out of the unlawful discrimination, hostile work environment, intimidation, and retaliation by Defendants against Plaintiffs on the basis of their sex and gender and their opposition to such unlawful treatment. More specifically, Plaintiffs assert that on significant number of occasions, over the course of the eight years leading up to the filing of the instant Civil Action Complaint, Defendants, to varying degrees, engaged in unlawful conduct and made unlawful comments. The comments and conduct were sexually harassing and/or disparaging to women in general and

1

Plaintiffs imparticular. Plaintiffs further assert in their complaint that, as time went on the comments and conduct intensified. For one Plaintiff, this included intensifying to such a degree of sexual assault by Defendant Halcovage. As the unlawful comments and conduct intensified so did the retaliation and comments and conduct that caused Plaintiffs to believe their reports of the unlawful comments and conduct, would be futile.

Plaintiffs brought this action against Defendants for their violation of Plaintiffs' rights pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), for Intentional Infliction of Emotional Distress, for violations to their right to privacy under State law, and for negligent hiring, training, and supervision. Plaintiffs have filed Motion for Leave to File a Second Amended Complaint to include their claims under the Pennsylvania Human Relations Act which were not ripe for filing until August. Plaintiffs' Proposed Second Amended Complaint, attached to Plaintiffs' Motion for Leave to File a Second Amended Complaint as Exhibit A, also corrects the named parties, the capacities in which they are being sued, is a more concise statements of matters complained in accordance with F.R.C.P. 12, and is more concise statement of facts as requested by this Honorable Court during the April 2021 teleconference with this Honorable Court. Additionally, Plaintiff's since the filing of this action, have filed a supplemental EEOC Charge for retaliation that occured after their first EEOC Charges were filed. As such, once a "Notice of Right to Sue" letter is issued, Plaintiffs will seek leave to amend their Complaint to include the additional retaltion facts and causes of action.

Plaintiffs seek to recover damages to redress the injuries they suffered as a result of the aforeentioned violation of their rights. Plaintiffs suffered these injuries as a result of being discriminated against by their employer, Defendants, on the

basis of their sex and gender and in retaliation for their opposition and reporting the unlawful behavior. Plaintiffs, in the instant action, seek redress for said injuries

**By Defendant, George Halcovage, in his individual capacity:**

Four female County employees, who refuse to publicly identify themselves, sue Schuylkill County Commissioner George Halcovage for sexually oriented comments they claim he has been making since he became a commissioner in 2012.

Although plaintiffs claim they were offended by Halcovage's comments beginning nine years ago, they chose not to raise these grievances with the County's HR department until recently.

Halcovage intends to raise the timeliness of the plaintiffs' claims as part of his affirmative defenses.

Plaintiffs use Jane Doe designations without obtaining prior court approval.

Plaintiffs filed suit before getting a "right to sue letter" from the EEOC.

Plaintiffs have include Pennsylvania common law negligence claims barred by Political Subdivision Tort Claims Act immunity. They sued the County Courthouse, which is not a legal entity and have named defendants in the body of their complaint that are not listed in the caption and who have not been served.

They also sue County officials for their complicity in failing to take action against Commissioner Halcovage despite never having alerted the HR department to what they perceived was a problem until recently.

Finally, the complaint suggests plaintiffs' claims are not financial but emotional.

**By Defendants County of Schuylkill and Gary Bender:**

Defendants, County of Schuylkill and Gary Bender deny all allegations made by the four unidentified Plaintiffs. The claims raised by the four Jane Doe Plaintiffs have no merit, do not raise legally viable argument and/or are barred by applicable statutes of limitations.

Defendants, County of Schuylkill and Gary Bender had no knowledge of any of the plaintiffs allegations against Commissioner Halcovage and, when the County was put on notice, it immediately launched a robust and complete investigation into the allegations. The specific allegations against Gary Bender are works of fiction, comprising unbelievable accounts and details of events that occurred.

Defendants, County of Schuylkill and Gary Bender join with Defendant Halcovage in demanding that the plaintiffs identify themselves pursuant to FRCP 10 or have their claims dismissed.

**By Defendant Glenn Roth:**

The averments made within the Amended Complaint by the unnamed Plaintiffs are voluminous and yet unclear and undefined at best with respect to Defendant Roth. Defendant Roth is included in the following causes of action: discrimination under state law; retaliation under state law, aiding and abetting under state law; hostile work environment under state law; intentional infliction of emotional distress; negligent infliction of emotional distress; and negligent hiring, training and supervision. However, the Amended Complaint neither clearly avers how Defendant Roth relates to each of those causes of action for each of the Plaintiffs nor does it provide a clear timeframe in which these alleged events occurred.

4

Defendant Roth joins with Defendants Halcovage, Schuylkill County and Gary Bender in demanding that Plaintiffs identify themselves pursuant to Federal Rule of Civil Procedure 10 or have their claims dismissed. Not only have the Plaintiffs failed to follow the proper procedure to obtain such a designation, but they have made it very difficult to follow the averments set forth in the Amended Complaint. As such, it is difficult for Defendant Roth to mount a defense against each Plaintiff.

It appears that Plaintiffs are of the belief that Defendant Roth was complicit in their perceived duty of Defendant Roth to manage Defendant Halcovage and that Defendant Roth was aware of his alleged behaviors. However, neither through statute nor policy is the First Assistant Solicitor provided with the power to manage or reprimand an elected official. Further, Defendant Schuylkill County had specific policies in place, which Plaintiffs were aware of, to report alleged claims of sexual harassment. This was not done until 2020, and once the claims were reported, they were immediately investigated. It was during this investigation that Defendant Roth became aware of the allegations against Defendant Halcovage.

**1.2.** The facts the parties <u>dispute</u> are as follows:

    a.    That Commissioner Halcovage has hiring, supervisory and firing authority over the plaintiffs.

    b.    That Commissioner Halcovage engaged in unlawful behavior vis-a-vis plaintiffs.

    c.    That the plaintiffs' state claims based on events that occurred within the statute of limitations.

    d.    That Gary Bender and Glenn Roth engaged in any unlawful behavior regarding plaintiffs allegations.

e.      That County of Schuykill, Gary Bender and Glenn Roth had any knowledge of the actions of Commissioner Halcovage.

f.      That the County of Schuykill, Gary Bender and Glenn Roth had any supervisory direction or control over Commissioner Halcovage.

g.      That Defendant Roth has hiring, supervisory and firing authority over the Plaintiffs.

**1.3.**    The legal issues the parties <u>dispute</u> are as follows:

a.      That Plaintiffs may sue defendants without identifying themselves.

b.      That Plaintiffs' claims based on negligence are subject to Political Subdivision Tort Claims Act immunity.

c.      That plaintiffs have alleged facts to support an IIED claim.

d.      That Plaintiffs can state a common law claim for breach of privacy.

e.      The plaintiffs' stated claims for Invasion of Privacy and Negligent Hiring, Training, and Supervision are viable against Commissioner Halcovage in his official capacity.

f.      That Plaintiffs are legally entitled to the damanges that they have alleged.

g.      That Plaintiffs have alleged facts to support claims against County of Schuykill, Gary Bender and Glenn Roth.

h.      Whether the County Defendants are entitled to a defense under the *Farragher/Ellherth* affirmative defense construct for plaintiffs failure to appropriately avail themselves of the internal reporting procedures.

**1.4.**    Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

None.

6

**1.5.**   Identify any named parties that have not yet been served:

None

**1.6.**   Identify any additional parties that:

Plaintiffs intend to join:  Plaintiff's intend to join Heidi Zula and Dorren Kutzler upon the EEOC/DOJ's issuance of a "Notice of Right to Sue" letter.

The Defendants intends to join:  None at this time.

**1.7.**   Identify any additional claims that:

Additionally, Plaintiffs will seek leave to amend for the retaliation that occurred after the filing of this Civil Action Complaint. These events are contained in Plaintiffs' supplemental EEOC filings. Plaintiffs will seek leave to amend upon issuance of a Right to Sue letter by the EEOC/DOJ.

Defendants intends to add:  None.

## 2.   Disclosures

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

**2.1.**   Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

**Disclosed by Plaintiffs:**

| Jane Doe (PLAINTIFF)<br><br>c/o Catherine Smith, Esq.<br>Derek Smith Law Group, PLLC<br>1835 Market Street, Suite 2950<br>Philadelphia, PA 19103<br>215.391.4790 | Jane Doe  has knowledge regarding her employment, her claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
|---|---|

7

| | |
|---|---|
| Jane Doe 2 (PLAINTIFF)<br><br>c/o Catherine Smith, Esq.<br>Derek Smith Law Group, PLLC<br>1835 Market Street, Suite 2950<br>Philadelphia, PA 19103<br>215.391.4790 | Jane Doe 2 has knowledge regarding her employment, her claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Jane Doe 3 (PLAINTIFF)<br><br>c/o Catherine Smith, Esq.<br>Derek Smith Law Group, PLLC<br>1835 Market Street, Suite 2950<br>Philadelphia, PA 19103<br>215.391.4790 | Jane Doe 3 has knowledge regarding her employment, her claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Jane Doe 4 (PLAINTIFF)<br><br>c/o Catherine Smith, Esq.<br>Derek Smith Law Group, PLLC<br>1835 Market Street, Suite 2950<br>Philadelphia, PA 19103<br>215.391.4790 | Jane Doe 4 has knowledge regarding her employment, her claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| George Halcovage (DEFENDANT)<br><br>c/o Gerard J. Geiger, Esq.<br>P.O. Box 511<br>712 Monroe Street<br>Stroudsburg, PA 18360<br>570-421-9090-<br>Ggeiger@newmanwilliams.com<br><br>&<br><br>Macmain, Connell, &<br>Leinhauser, LLC<br>Matthew Connell, Esq. | Defendant Halcovage likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |

| | |
|---|---|
| Samantha A. Ryan. Esq.<br>433 West Market Street<br>West Chester, PA 19382<br>484.328.3984<br>MConnell@macmainlaw.com<br>Aryan@macmainlaw.com | |
| Gary Bender (DEFENDANT)<br><br>c/o Thomas, Thomas, & Hafer<br>Christopher Scott, Esq.<br>225 Grandview Ave, 5th Floor<br>Camp Hill, PA 17011<br>717.237.7100<br>CScott@tthlaw.com | Defendant Bender likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Glenn Roth (DEFENDANT)<br><br>c/o Thomas, Thomas, & Hafer<br>Christopher Scott, Esq.<br>225 Grandview Ave, 5th Floor<br>Camp Hill, PA 17011<br>717.237.7100<br>CScott@tthlaw.com | Defendant Roth likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Ginny Murray<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Murray likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Darlene Dolzani<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Dolzani likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Crissy Zimmerman<br><br>Defendants should be in the possession of this witnesses last | Ms. Zimmerman likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the |

| | |
|---|---|
| known address and phone number. | treatment of other employees of Defendant(s). |
| Tiffany Kiehl<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Kiehl likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Heather Matukewicz<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Matukewicz likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Debra Detwiler<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Detwiler likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Colleen Warmkessel<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Warmkessel likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Megan Felty<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Felty likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Linda Marchalk<br><br>Defendants should be in the possession of this witnesses last | Ms. Marchalk likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the |

| | |
|---|---|
| known address and phone number. | treatment of other employees of Defendant(s). |
| Alicia Beach<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Beach likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Sharyn Yakenchick<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Sharyn Yakenchick likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Christopher Hobbs<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Mr. Hobbs likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Maria Casey<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Casey likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Deborah Twigg<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Twigg likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |

| | |
|---|---|
| Martina Chwastiak<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Chwastiak likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Tony Alu<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Mr. Alu likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Gary Hess<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Mr. Hess likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Commissioner Barron Heatherington<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Commission Heatherington likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Michelle O'Connell<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. O'Connell likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Helene O'Conner<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. O'Conner likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |

| | |
|---|---|
| Heather Garrity<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Gerrity likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Stan Nestor<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Mr. Nestor likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Donny Adams<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Mr. Adams likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Russ Motsko<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Mr. Motsko likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Lee Raring<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Mr. Raring likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Jack Murray<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Mr. Murray likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |

| | |
|---|---|
| Sheri Ditzler<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Ditzler likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Paul Straka<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Mr. Straka likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Darlene Laughlin<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Mr. Lauglin likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Lisa Brinich<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Brinich likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Sherriff Joseph Groody<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Sherriff Groody likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Brian Tobin<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Mr. Tobin likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |

| | |
|---|---|
| Diana Bashinsky<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Bashinsky likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Paul Buber<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Mr. Buber likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Joan Geary<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Mr. Geary likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Dana Murray<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Murray likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Melanie Kline<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Kline likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Christine Yezalusky<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Yezalusky likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |

| | |
|---|---|
| Judy Howard<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Howard likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Doreen Fesko<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Fesko likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Taylor Lindenmuth<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Mr. Lindenmuth likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Judy Muldowney<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Muldowney likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Sandy Phillips<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Phillips likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Terese Rushanon<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Rushanon likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |

| | |
|---|---|
| Edward Barkett<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Mr. Barkett likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Kathleen Gillespie<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Gillespie likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| John Doe 1- Defendant SC Maintenance<br><br>Defendants should be in the possession of this witnesses name, last known address, and phone number. | John Doe 1 likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| John Doe 2- Defendant SC Maintenance<br><br>Defendants should be in the possession of this witnesses name, last known address, and phone number. | John Doe 2 likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| John Doe 3- Defendant SC Maintenance<br><br>Defendants should be in the possession of this witnesses name, last known address, and phone number. | John Doe 3 likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| John Doe 4- Defendant SC Maintenance<br><br>Defendants should be in the possession of this witnesses | John Doe 4 likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |

| name, last known address, and phone number. | |
|---|---|
| Wendy Shantla<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Shantla likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Kate Staudenmeier<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Staudenmeier likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Kurt Montz<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Mr. Montz likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Ann Dudish<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Ms. Dudish likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Jim Mcnulty<br><br>Defendants should be in the possession of this witnesses last known address and phone number. | Mr. Mcnulty likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and the treatment of other employees of Defendant(s). |
| Dr. Mark Richardson<br>829 Spruce Street<br>Suite 302<br>Philadelphia, PA 19107 | Dr. Richardson will provide an expert report and opinion in accordance with Fed. R. Civ. P. 26. |

| All witnesses identified by Defendants or through discovery in this matter. | |
|---|---|
| | |

**Disclosed by the Defendant, George Halcovage, in his individual & official capacity:**

| Name | Role in Case |
|---|---|
| Gary Bender | Defendant |
| Pamela Biddle | Identified in complaint |
| Maria Casey | Clerk of Courts |
| Joseph Groody | Sheriff |
| Barbara Halcovage | Wife of George Halcovage |
| George Halcovage | Defendant |
| Karen Hayes | Identified in complaint |
| Gary Hess | Commissioner |
| Boots Hetherington | Commissioner |
| Doreen Kutzler | HR |
| Kelly Macalonis | Identified in complaint |
| Ginny Murray | Identified in complaint |
| Glenn Roth | Defendant |
| Heidi Zula | HR |
| Deborah Twigg | HR |
| All County row officers who met with Sheriff Groody to recommend that Commissioner's Halcovage's courthouse access be restricted | Reputedly claimed they had information about Commissioner Halcovage that would support the Sheriff's decision to restrict Commissioner Halcovage's access to the courthouse. |
| All Jane Doe Plaintiffs | Plaintiffs |
| P.J. William Baldwin | Schuylkill County President Judge |

**Disclosed by the Defendant Glenn Roth:**

| NAME OF INDIVIDUAL | CONTACT INFORMATION | SUBJECT MATTER OF DISCOVERABLE INFORMATION | |
|---|---|---|---|
| Glenn Roth (Defendant) | c/o Nicole M. Ippolito, Esq. 433 Market Street Williamsport, PA 17701 (570) 326-6555 nippolito@mpvhlaw.com | Defense to claims and allegations of Plaintiffs | |
| George Halcovage (Defendant) | c/o Gerard J. Geiger, Esq. P.O. Box 511 712 Monroe Street Stroudsburg, PA 18360 570-421-9090 Ggeiger@newmanwilliams.com | Defense to claims and allegations of Plaintiffs | |
| Gary Bender (Defendant) | c/o Christopher Scott, Esq. Thomas, Thomas & Hafer 225 Grandview Ave 5th Floor Camp Hill, PA 17011 717-237-7100 CScott@tthlaw.com | Defense to claims and allegations of Plaintiffs | |
| Virginia Murray (Identified in Complaint) | Unknown | Knowledge of claims and allegations made by Plaintiffs | |
| Sandy Hess | Unknown | Knowledge of incidents potentially relevant to Plaintiffs' claims and allegations | |
| Kelly McAlonis (Identified in Complaint) | Unknown | Knowledge of incidents potentially relevant to Plaintiffs' claims and allegations | |
| Deanna Carl (Identified in Complaint) | Unknown | Knowledge of incidents potentially relevant to Plaintiffs' claims and allegations | |
| Jane Does 1-4 (PLAINTIFFS) | c/o Catherine Smith, Esq. Derek Smith Law Group, PLLC 1835 Market Street Suite 2950 Philadelphia, PA 19103 | Plaintiffs to the action | |

| | 215-391-4790<br>catherine@dereksmithlaw.com | | |
|---|---|---|---|
| Deborah Twigg (Identified in Complaint) | Unknown | Knowledge of incidents potentially relevant to Plaintiffs' claims and allegations | |
| Gary Hess (Schuylkill County Commissioner) | Unknown | Knowledge of incidents potentially relevant to Plaintiffs' claims and allegations | |
| Barron Hetherington (Schuylkill County Commissioner) | Unknown | Knowledge of incidents potentially relevant to Plaintiffs' claims and allegations | |

\* Defendant Glenn Roth reserves the right to call any other individual named by any other party within its disclosures.

**Disclosed by County of Schuylkill and Gary Bender:**

1. Glenn Roth
2. Gary Bender
3. Deborah Twigg
4. George Halcovage
5. Gary Hess
6. Barron Hetherington
7. Jane Doe
8. Jane Doe 2
9. Jane Doe 3
10. Jane Doe 4
11. Defendants County of Schuykill and Gary Bender reserve the right to call any other indidivudal named by any other party within its disclosures.

**3.    Early Motions**

Identify any motion(s) whose early resolution would likely have a significant effect either on the scope of discovery or other aspects of the litigation:

| Nature of Motion | Moving Party | Anticipated Filing Date |
|---|---|---|
| Motion for Summary Judgment | Plaintiffs | At the conclusion of discovery |
| Motion for Summary Judgment | George Halcovage, in his individual capacity<br><br>Schuylkill County, Gary Bender and Glenn Roth | At the conclusion of discovery |

## 4.    Discovery

**4.1.**    Briefly describe any discovery that has been completed or is in progress:

**By Plaintiffs**:

Plaintiffs have served their initial written discovery.


**By Defendant, George Halcovage, in his individual capacity:**

The Defendant, Commissioner George Halcovage, in his individual capacity has served his initial written discovery.

**By Defendant, George Halcovage, in his offical capacity:**

The Defendant, George Halcovage, in his official capacity, will be serving discovery upon parties after the ruling of the Court on his Motion to Dismiss, Plaintiffs' Motion to File a Second Amended Complaint, and any response that may be required if Plaintiffs' Motion is granted.

**For Defendant Glenn Roth:**

Discovery requests are being prepared by Defendant Glenn Roth and will be propounded on all parties when complete.

**For Defendants, County of Schuylkill and Gary Bender:**

Defendants, County of Schuylkill and Gary Bender have prepared discovery requests and will propund discovery requests on all parties.

**4.2.** Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

The parties agree to depose the parties to the litigation and any witnesses identified in the parties' discovery.

Plaintiffs are seeking discovery related to the allegations in their complaint and Defendants' responses in their anticipated answers. This includes, but is not limited to, Plaintiffs' complete personnel files including their application for employment with Defendants, documents referring or related to all of Plaintiff's request for temporary leave(s) from employment with Defendants, reviews of Plaintiffs and/or Plaintiffs' work, documentation concerning any promotion Plaintiffs were offered and/or received, and documentation concerning any demotion Plaintiffs received. Plaintiff also seeks to discover Defendants' description of Plaintiffs' and the individual Defendants' positions for the time period that Plaintiffs were employed by the Defendants, any policies and/or procedures regarding discrimination, retaliation and the reporting process that was in place during Plaintiffs' employment with Defendants, and personnel files of the individually named Defendants and similarly situated employees. Additionally, Plaintiffs seek to discover any and all documentation concerning their allegations of discrimination and retaliation, any invesitgation, or lack thereof, into said allegations, and any and all documentation concerning

similar allegations of discrimination, hostile work environment, and retaliation for a ten year look back period.

Defendants Halcovage, Bender, and the County have not provided a response concerning what discovery they agree should be conducted despite numerous requests by counsel for Plaitniffs, Catherine W. Smith, Esq., that they do so.

Defendant Roth agrees that all parties to this matter and any witnesses identified should be deposed. As it is presently unclear how each Plaintiff has sufficiently alleged elements of each cause of action against Defendant Roth, depositions of the Plaintiffs are necessary. Further, it is unclear how Plaintiffs will support their claims for damages so depositions will assist in that determination. Depositions of Plaintiffs' witnesses are necessary to uncover what assistance they intend to offer to the Plaintiffs and whether these witnesses are biased. Discovery related to Plaintiffs' communications within the work environment through internal emails, text messages, and any social media posts will be sought to assist in determining the efficacy of Plaintiffs' claims. Through interrogatories, Defendant Roths seeks to learn the authority utilized by Plaintiffs to claim that Defendant Roth has supervisory or disciplinary power over an elected official and over the Plaintiffs.

**4.3.** Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

Plaintiffs reserve their right to objection as Defendants have indicated a very limited scope of anticipated discovery.

**4.4.** Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

Defendant Glenn Roth requests to limit the disclosure of his financial information unless there is an award made which requires such disclosure.

**4.5.** For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff and by defendants):

4.5.1.   depositions (excluding experts) to be taken by:

Plaintiffs:   20          Defendants:  20

4.5.2.   interrogatories to be served by:

Plaintiffs:   50          Defendants: 50

4.5.3.   document production requests to be served by:

Plaintiffs:   50          Defendants:  50

4.5.4.   requests for admission to be served by:

Plaintiffs:   30          Defendants:  30

**4.6.** Discovery of Electronically Stored Information

☑ Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

## 5.   Protective Order

**5.1.** If entry of a protective order is sought, attach to this statement a copy of the proposed order.  Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

Given that this case is filed under Jane Doe psydeonyms, Plaintiffs are seeking a protective order. Defendants oppose a protective order in this matter.

**5.2.** If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

The Defendants opposed the appropriatness and legality of the Plaitniffs filing under Jane Doe psydeonyms. If the Court were to rule that the Plaitniff properly filed their pleadings under psydeonyms, the Defendants would not have an objection to a protective order.

**6.    Scheduling**

**6.1.** Final date for joining additional parties:

<u>TBD</u>          Plaintiffs

<u>10/1/2021</u>   Defendants

**6.2.** Final date for amending pleadings:

TBD          Plaintiffs

10/1/2021   Defendants

**6.3.** All fact discovery commenced in time to be completed by:

March 4, 2022

**6.4.** All potentially dispositive motions should be filed by:

April 29, 2022

**6.5.** Reports from retained experts due:

from Plaintiffs by: January 31, 2022

from Defendants by: March 4, 2021

Supplementations due by: April 4, 2022

**6.6.** Expert discovery commenced in time to be completed by:

26

May 4, 2022

**6.7.** This case may be appropriate for trial in approximately:

_____ 240 Days from the filing of the action in this court

_____ 365 Days from the filing of the action in this court

_X___ 500 Days from the filing of the action in this court

**6.8.** Suggested date for the final Pretrial Conference:

August 2022        (month/year)

**6.9.** Suggested date for Trial:

September 2022     (month/year)

**7.    Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

**For Plaintiff:**

Catherine W. Smith, Esq.
Derek Smith Law Group, PLLC
1835 Market Street, Suite 2950
Philadelphia, PA 19103

Plaintiff Jane Doe, Jane Doe 2, Jane Doe 3, and Jane Doe 4 will all be avaialble and accesible by phone on June 10, 2021.

**For Defendant, George Halcovage:**

Michelle Mayer
Claims Representative 2
County Commissioners Association of Pennsylvania
PO Box 60769 l Harrisburg, PA 17106-0769
Direct: (717) 736-4731 l Fax: (888) 692-2368
mmayer@pacounties.org l www.pacounties.org l @PACountiesGR

27

**For Defendants, County of Schuylkill and Gary Bender:**

Cassie Troup
Claims Manager
County Commissioners Association of Pennsylvania
PO Box 60769, Harrisburg, PA 17106-0769
Direct: (717) 736-4756 l Fax: (888) 692-2368
ctroup@pacounties.org

**For Defendant Glenn Roth:**

Cassie Troup
Claims Manager
County Commissioners Association of Pennsylvania
PO Box 60769, Harrisburg, PA 17106-0769
Direct: (717) 736-4756
Fax: (888)-692-2368

**8.     Alternative Dispute Resolution ("ADR")**

**8.1.**   Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

The parties previously agreed to mediation and were referred to Joseph Barrett, Esq. The parties were unsuccessful in amicablly resolving this matter.

**8.2.**   If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

Not applicable.

**8.3.**   If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:
Not applicable.

9.    **Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court:   Y ☐ N. ☑

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

___ Scranton/Wilkes-Barre
___ Harrisburg

10.    **Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

None.

11.    **Identification of Counsel**

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

Dated: September 20, 2021

DEREK SMITH LAW GROUP
By:  s/ Catherine W. Smith, Esquire
Attorney I.D. No. PA316291
*Attorney for Plaintiffs*

☑   ECF User(s)
☐   Waiver requested (as separate document)
☐   Fed.R.Civ.P.7.1 (statement filed if necessary)

Dated: 9.23.2021           NEWMAN | WILLIAMS
By:  s/ Gerard J. Geiger, Esquire
Attorney I.D. No. PA44099
*Attorney for Defendant, George Halcovage, in his individual capacity*

☑   ECF User(s)
☐   Waiver requested (as separate document)
☐   Fed.R.Civ.P.7.1 (statement filed if necessary)

Dated: 9/23/2021          THOMAS, THOMAS, & HAFER
By:  s/ Christopher L. Scott, Esquire
Attorney I.D. No. PA200976
*Attorney for Defendants, Schuylkill County Courthouse, Glenn Roth, and Gary Bender*

☑   ECF User(s)
☐   Waiver requested (as separate document)
☐   Fed.R.Civ.P.7.1 (statement filed if necessary)

Dated: September 20, 2021     McNERNEY, PAGE, VANDERLIN & HALL
By:  s/ Nicole M. Ippolito, Esq.
Attorney I.D. No. PA 206302
*Attorney for Defendant Glenn Roth*

☑   ECF User(s)

30

☐   Waiver requested (as separate
document)

☐   Fed.R.Civ.P.7.1 (statement filed if
necessary)

Dated: 9/23/21

MACMAIN, CONNELL,
& LEINHAUSER, LLC
By:  s/ Matthew J. Connell, Esquire
Attorney I.D. No. PA80246
*Attorneys for Defendant, George*
*Halcovage, in his official capacity*

☑   ECF User(s)

☐   Waiver requested (as separate
document)

☐   Fed.R.Civ.P.7.1 (statement filed if
necessary)