# NEWMAN | WILLIAMS

A PROFESSIONAL CORPORATION

Gerard J.Geiger, Esq.                                          Attorney for Defendant, George Halcovage

IDENTIFICATION NO. PA44099
712 MONROE STREET
P.O. BOX 511
STROUDSBURG, PA 18360-0511
(570) 421-9090 (voice)
(570) 424-9739 (fax)
ggeiger@newmanwilliams.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JANE DOE, et. al.,

              Plaintiffs,

    v.

SCHUYLKILL COUNTY, et. al.,

              Defendants.

Civil Action No. 3:21-CV 00477

Magistrate Judge Carlson

## Response by Defendant, George Halcovage, to Petition to Intervene by Schuylkill County Clerk of Courts, Maria Casey

Defendant, George Halcovage, answers Maria Casey's petition to intervene (Doc. No. 103), as follows:

1

1.     The above-captioned action was instituted by unnamed Jane Doe Plaintiffs who allege that the Defendants, the Schuylkill County Courthouse, George Halcovage, Glenn Roth, and Gary Bender, violated the rights secured to them under Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act.

**Answer:** Admitted. Halcovage admits the Doe plaintiffs filed a claim. He denies they can state a cause of action.

2.     The Petitioner, Maria Casey, is the duly-elected Clerk of Courts of Schuylkill County. Ms. Casey is also a licensed attorney in the Commonwealth of Pennsylvania.

**Answer:** Admitted.

3.     At all times relevant to Plaintiffs' claims, Plaintiffs were employed by Schuylkill County in offices other than the Clerk of Courts.

**Answer:** Admitted in part and denied in part. Halcovage admits the Doe Plaintiffs were employed by Schuylkill County. He denies Casey's allegations relating to the offices where they were employed given the confidentiality order that the court imposed.

4.      At all times relevant to Plaintiffs' claims, Defendant Halcovage was a Schuylkill County Commissioner, Defendant Glenn Roth was the Assistant County Solicitor, Defendant Gary Bender was the Schuylkill County Administrator, and Defendant Heidi Zula was the Human Resources Director of Schuylkill County.

**Answer:** Admitted but this paragraph is irrelevant to whether the court should allow Casey to intervene.

5.      The Complaint is based upon, *inter alia*, allegations that the Plaintiffs were subjected to unwanted sexual harassment, sexual advances, and sexual comments by Defendant Halcovage while he was a Commissioner and while they were employed by Schuylkill County.

**Answer:** Admitted. Halcovage admits that this is what they alleged. He denies they can state a cause of action.

6.      The very detailed seventy-six (76) page Complaint reveals that not once in 583 paragraphs do the Plaintiffs reference either Maria Casey or the Clerk of Courts Office. It is clear that the Plaintiffs' allegations are wholly unrelated to either Maria Casey or the Clerk of Courts Office.

**Answer:** Denied. The complaint, which in its original form was 76 pages, is a mix of anecdotes extending back a decade and is not very detailed with

respect to when events occurred. Plaintiffs were not able to, or chose not to, provide specific dates when events allegedly occurred, sometimes not even knowing what year an event occurred. Many of the events have no supporting documentation of having occurred because plaintiffs made no complaints to the County or to Halcovage.

7.   The allegations made by Plaintiffs in this lawsuit have resulted in a criminal investigation being conducted by the Attorney General's Office, and Ms. Casey was interviewed in connection therewith.

**Answer:** Admitted in part and denied in part. Halcovage admits there was an investigation. After it was concluded, the Attorney General declined to file charges. In fact, there was no basis for the filing of criminal charges.

Halcovage cannot confirm whether and why Casey was interviewed but now that she admits to having provided such information, her communications are a discoverable matter and Halcovage is entitled not just to obtain what evidence she may have placed on County-owned computers, but to depose her.

8.   The allegations in the Complaint have resulted in the Pennsylvania House Judiciary Subcommittee on Courts unanimously voting to investigate whether

Defendant Halcovage abused his authority as a public official. The results of this investigation could lead to the impeachment of Defendant Halcovage.

**Answer:** Admitted in part and denied in part. First, Casey's allegation is irrelevant to intervention. She uses her motion as a forum to attack Halcovage and create a news story.

Halcovage admits that a Judiciary Subcommittee is investigating and the information that we suspect Casey has provided is relevant for discovery. Given Casey's petition and her claim to have provided testimony to the subcommittee, there is a proper reason to believe that she saved discoverable information on the County owned hardware.

9. Since the allegations of impropriety against Defendant Halcovage first surfaced, Ms. Casey has been a very public and vocal advocate for the Plaintiffs in this case. She has publicly and vocally criticized Defendant Halcovage for the behavior that is the subject of this lawsuit.

**Answer:** Admitted. Casey has inserted herself into an effort to have Halcovage removed from office. She has placed anti-Halcovage videos on her Facebook page, which she films in the County Courthouse during hours she should be working on County business. Casey uses the resources of t9671907he County to criticize Halcovage. In this petition, she admits she is

5

using County-owned computers in her efforts to have Halcovage removed from office. This is all discoverable information.

10.   All six female Schuylkill County row officers, including Ms. Casey, have called for Defendant Halcovage to resign.

**Answer:** Admitted but it is not relevant to an intervention petition. In asking to intervene, Casey provides the court with a compelling reason why the discovery of County-owned computers is relevant to Halcovage's defense.

11.   State legislators representing Schuylkill County have also asked Defendant Halcovage to resign.

**Answer**: Admitted but it is not relevant to an intervention petition. Halcovage, as a County Commissioner, and upon the advice of counsel, has avoided speaking out about personnel matters, including this case.  It is not only inappropriate for him to do so but interferes with the litigation before this court. "State legislators" would reach a different conclusion and would not have rushed to judgment had they heard from Halcovage about what really happened.

12.   Defendant Halcovage has remained defiant and has refused to resign.

**Answer:** Denied. Casey's choice of words, which incidentally are not relevant to her motion before this court, is telling about her motives. Halcovage is not "defiant." He looks forward to explaining to the court what really happened. Casey's activities have encouraged a rush to judgment.

13.   With this as a backdrop, on or about February 17, 2022, Defendant Halcovage served upon the Defendant, Schuylkill County, a Request for Production of Documents that seeks, *inter alia*: (i) the hard drive and any other media storage for each computer assigned to Ms. Casey; and (ii) all text messages on the County-owned cell phone of Ms. Casey. *See* **Exhibit A.**

**Answer:** Admitted in part and denied in part. The "backdrop" Casey describes is inaccurate. Halcovage admits he sent a document request to the County—not to her. Notably, the County has not objected to the production. The digital evidence Casey seeks to hide is information about her communications with plaintiffs about Halcovage. Casey does not have standing to oppose the production of information on county-owned computers where she has no expectation of privacy.

Schuylkill County's Internet Use Policy specifically provides that the County owns all of the computers. Pursuant to this policy, no user of those

computers has an expectation of privacy with respect to the information

they store on those computers and "consents to allow County personnel

access to and review of all materials created, stored, sent or received by

User through any County network or Internet connection." A copy of the

policy is attached to this response as exhibit "A" and provides in relevant

part:

> "Employees are given computers and Internet access to assist
> them in the performance of their jobs. Employees should have
> no expectation of privacy in anything they create, store, send or
> receive using the County's computer equipment. The computer
> network is the property of the County and may be used only for
> County purposes.
>
> **Waiver of privacy rights.** <u>User expressly waives any right of
> privacy in anything they create, store, send or receive using the
> County's computer equipment or Internet access</u>. <u>User consents
> to allow County personnel access to and review of all materials
> created, stored, sent or received by User through any County
> network or Internet connection</u>."

*See* County of Schuylkill Computer Network and Internet Access Policy,

page 2 (emphasis added).[1]

---

[1] Also publicly available on the County's website at:
http://www.co.schuylkill.pa.us/Offices/HumanResources/PolicyProcedure
s/isPolicy.pdf

14.   There is no time limit to the requests of Defendant Halcovage.
Importantly, Ms. Casey has served as the Clerk of Courts since 2016. As such,
Defendant Halcovage's overbroad requests seek six (6) years' worth of emails and
text messages without the slightest indication what he is actually looking for.

**Answer:** Denied. The plaintiffs sue Halcovage for events that occurred as
long ago as 2012, a period of approximately a decade. The computers in
Casey's office and her County-owned cellphone belong to the County.

The County has not objected to producing documents on devices it
owns. It is not Casey's decision to conceal from this court the information
that the owner of the devices has agreed to produce. Casey's efforts to
conceal this information frustrates Halcovage's ability to obtain
discoverable information.

The plaintiffs have made allegations where they cannot even explain
what year they claim Halcovage may have made an off-color remark. These
were remarks they never reported, despite claiming how traumatized they
were. And Casey has essentially admitted that she is in possession of
plaintiffs' statements about Halcovage, which Halcovage needs to defend
himself.

15.    The requests of Defendant Halcovage are not "content specific," but rather seek *all information and communication* on Petitioner's hard drives, storage devices, and text messages over the aforementioned six (6) year period. This very likely amounts to tens of thousands of documents/communications.

**Answer:** Admitted. Halcovage and his experts need their expert to evaluate whether Casey may have deleted information involving the plaintiffs that will vindicate Halcovage. That requires the production of the entire hard drives from Casey's computer and her cellphone, both of which are owned by the County, <u>which does not object to the production</u>.

Casey likely does not know that the County is in the process of producing the emails from multiple county employees, which have already been copied and which Halcovage's counsel expects to receive shortly.

However, in her intervention petition, Casey has essentially admitted that she has information on her office computers relating to the Does' claims against Halcovage. Halcovage is entitled to see this. Casey has inserted herself into the plaintiffs' claims, admits to having relevant information, but now seeks to conceal it. If the information is damning to Halcovage, she needs to produce it. Logically, she would, if that supported her position.

Instead, she is concealing information critical to Halcovage's defense, which she saved on a computer and cellphone where she has no expectation of privacy. See exhibit A.

As a licensed lawyer, she knew or should have known that the information she placed on those digital devices was not confidential. If she now claims to be representing the plaintiffs, which the Does' attorney in this case has denied, she waived their expectation of privacy by saving such information on public computers where confidentiality has been waived as a matter of policy. Also, as employees of Schuylkill County, the plaintiffs knew or should have known that all information stored on county computers is not subject to privilege or confidentiality.

16.    The items sought by Defendant Halcovage contain information that is entirely irrelevant to this lawsuit, is highly sensitive and confidential, and is protected by law.

**Answer:** Denied. This is not true. There is no expectation of privacy for information placed on a County computer. See exhibit A. The County owns the computers and has not objected to the production. Casey has no standing to complain.

11

Sadly, in her petition which inappropriately claims that Commissioner Halcovage is a bad man, she admits to refusing to produce information critical and relevant to Halcovage's defense. This is an issue for the County to raise, not Casey.

As Shakespeare poignantly said, "The lady doth protest too much, methinks."

17.   Ms. Casey has over the years consulted with her solicitor about various legal issues within the Clerk of Courts Office. These issues include but are not limited to disciplinary actions within the office and issues related to office policies. Such communications come within the ambit of Defendant Halcovage's overbroad and unlimited request, despite the fact that they are clearly protected by the attorney-client privilege and are a clear exception to the Right to Know Law.

**Answer:**  Denied. Those documents would be in her emails which the County has agreed to produce. If the county claims privilege, it can redact. That is not Casey's decision.

18.   The devices sought by Defendant Halcovage contain highly sensitive, confidential information about Ms. Casey, her employees, and those criminal defendants who are processed by her office. This information includes addresses, birth dates, and other personal identifying information like social security numbers.

**Answer:** Denied. If the County claims privilege, it can redact. It is not Casey's decision to make. The County's attorney can redact attorney/client information and provide a privilege log if he believes that is necessary to protect attorney/client privilege. Casey should not be allowed to hide relevant information.

19.   As an elected row officer of Schuylkill County, the Petitioner has a duty and obligation to safe-guard the highly sensitive and confidential information that passes through her office on a daily basis.

**Answer:** Denied as a conclusion of law. Casey offers this excuse to avoid providing information necessary to Halcovage's defense and avoid providing information about her conduct in instigating the claims against Halcovage.

20.    Should Defendant Halcovage be permitted to pursue the requests and force Defendant Schuylkill County to answer the same, it would result in the publication of the above-mentioned highly sensitive and confidential information, which is either protected by privilege or applicable law.

**Answer:**  Denied. To the contrary, there is a confidentiality order in place. Halcovage has no intention of "publishing" this information or offering it to the public. In her disengenous effort to protect public information, she is hiding relevant information that could be helpful in Halcovage's defense.

21.    The extremely broad requests made by Defendant Halcovage are not designed to obtain any relevant, admissible evidence.

**Answer:**  Denied. To the contrary, Casey admits she has relevant information.

22.    Due to Ms. Casey's vocal and unrelenting criticism of Defendant Halcovage, their relationship is extremely acrimonious. Defendant Halcovage has previously made comments about Ms. Casey that were derogatory, inappropriate, and unprofessional.

**Answer:**  Admitted in part and denied in part. First, the allegation is irrelevant. Second, of course their relationship is acrimonious. Casey posts

Facebook videos accusing Halcovage of wrongdoing, she appears at
Commissioner's meetings making derogatory, inappropriate, and
unprofessional comments about Halcovage and now admits to having
relevant information but seeks to hide it from public view. Halcovage
denies making untruthful statements about Casey.

23.    It is believed that the instant requests are fueled by personal animus and
are nothing more than a fishing expedition meant to annoy, harass, and vex Ms.
Casey.  In context, they appear to be retaliatory, given Ms. Casey's support of the
Plaintiffs in this case.

**Answer:**  Denied. Case admits to having relevant information. The county
already copied Halcovage's computer for relevant information without any
restrictions on time or confidentiality. Casey inserted herself in this case,
has frequent communications with the plaintiffs about Halcovage, admits
to having relevant information, and now wants to hide that information
from Halcovage and from public view. If the County has Halcovage's hard
drive, which it did copy, there is no reason why Casey's hard drive is subject
to special protection.

15

24.    It is clear that the requests made by Defendant Halcovage have nothing to do with the allegations made in this lawsuit.  To the extent that Defendant Halcovage believes that there were text messages or emails exchanged between the Jane Does and Ms. Casey relative to the allegations in this lawsuit, those communications are more appropriately obtained from the Jane Does' text messages, emails, or computer hard-drives, a request which he already lodges in the subjected discovery. *See* **Exhibit A, ¶¶1-4.**  Of course, to the extent that the Jane Does confided in Ms. Casey and sought her opinion as a lawyer, those communications would be protected by the attorney-client privilege.

**Answer:**  Denied. Casey's response shows that she does have relevant information. Casey's claim that she is the Does' lawyer is the first time we are hearing this.

The Does' attorney told Halcovage's attorney on October 1, 2021, that Casey does not represent the plaintiffs. If she does, we would welcome seeing a fee agreement between Casey and the Does as required by Pa. RPC 1.5. Even if she were to have an agreement in place, by placing confidential attorney/client privileged information on a County-owned computer, where there is no expectation of privacy, she waived confidentiality for her clients.

16

25.    The inescapable fact is that Defendant Halcovage has no legitimate need for the requested information and he will not be materially prejudiced in this litigation without it.

**Answer:**  Denied. To the contrary, given Casey's admissions about her communications with plaintiffs about Commissioner Halcovage, her waiver of privilege by placing confidential attorney/client privileged information on county computers, and her admissions that she has relevant information, the request is not only legitimate, but is critical to obtaining discovery in preparation for upcoming depositions. Finally, Casey is not a party and it is not up to her to object to discovery in the litigation between the parties.

26.    Further, it is respectfully suggested that neither Defendant Halcovage or Schuylkill County have any authority over Ms. Casey, who is a duly elected public official.

    a.    The County has no authority in directing or instructing Ms. Casey on how to run her office.

    b.    The County cannot terminate her, or discipline her. Ms. Casey answers to the taxpayers of Schuylkill County.

**Answer:**  Denied. Halcovage claims no authority over Casey in how to run her office. That's irrelevant to the discovery request. She lost privilege once she placed information on county-owned computers. The issue is not

17

whether Halcovage and the other commissioners can terminate her. It is about accessing information on county-owned computers. It is not Casey's decision to restrict discovery in this case.

27.    Despite this, Defendant Schuylkill County has already asked Ms. Casey for the items requested by Defendant Halcovage, which request has been denied.

**Answer**:  Admitted. But it is not Casey's decision to make. She cannot be permitted to hide information she improperly saved onto county-owned computers and her county-owned cell phone.

28.    As such, it is believed and therefore averred that the County does not intend on objecting to Defendant Halcovage's requests, but instead plans on complying with them.

**Answer:**  Admitted. The County understands and agrees that Casey cannot conceal information about this case by hiding it on county-owned computers.

29.    Consequently, it is believed and therefore averred that Ms. Casey's interests with regard to the requested information are not adequately represented by the litigants in this case at the current time.

**Answer:**  Denied. Apparently, Casey now claims that the County attorney is not doing his job. Casey cannot conceal information about this case by hiding it on county-owned computers and the County understands that.

30.    This is all the more reason why the Court should grant her intervention in this lawsuit for the limited purpose of protecting her rights and interests, and those of her employees, clients, and citizens who are processed by her office.

**Answer:**  Denied.

31.    Courts have routinely permitted non-parties to intervene in litigation for the limited purpose of protecting their own interests, including the protection of confidential information. *See H.L. Hayden of N.Y. Inc. v. Siemens Med. Sys., Inc.,* 797 F.2d 85 (2d Cir. 1986); *U.S. v. Am. Telephone & Telegraph Co.,* 642 F.2d 1285 (D.C. Cir. 1980); *U.S. v. Dentsply Int'l Inc.,* 187 F.R.D. 152 (D. Del. 1999).

**Answer:**  Denied as a conclusion of law. Halcovage does not object to the Court considering Casey's efforts to hide information but believes there is no legal basis for her doing so.

32.    While Federal Rule of Civil Procedure 24 permits intervention of a non-party when the non-party's claim or defense and the main action have a common question of law or fact, *see* Fed. R. Civ. P 24(b), where, as here, a non-party wishes to intervene for the limited purpose of protecting its interests in a discovery dispute, courts "should relax the requirement of a common question of law or fact" in favor of permitting such limited intervention. *See Dentsply*, 187 F.R.D. at 157.

**Answer:**  Denied as a conclusion of law. Halcovage does not object to the Court considering Casey's efforts to hide information but believes there is no legal basis for her doing so.

33.    When such a limited intervention is sought, the intervenor need not establish a jurisdictional basis for intervention because that party does not intend to participate in the merits of the litigation. *See Beckman Industries, Inc. v. International Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992).

**Answer:**  Denied as a conclusion of law. Halcovage does not object to the Court considering Casey's efforts to hide information but believes there is no legal basis for her doing so.

34.    Here, Ms. Casey seeks intervention for the limited purpose of the protecting the confidential information contained on the hard drives, storage devices,

and text messages sought by Defendant Halcovage. She has no other reason to participate in this litigation and does not intend to do so.

**Answer:**  Denied. Casey is hiding relevant information. She has used this petition not to raise privilege but to accuse Halcovage of wrongdoing, a pattern. She has "unclean hands" and uses time at her County job to pursue claims against Halcovage.

35.   It is believed and therefore averred that the request of the Petitioner is in the interests of justice.

**Answer:**  Denied. Casey has political motivations for hiding information about the plaintiffs.

WHEREFORE, although the defendant, George Halcovage, agreed to allow Casey to intervene to make arguments to the court about the confidentiality of her hard drives, the defendant asks that the court reject those arguments and order that the County may provide a copy to Halcovage.

NEWMAN | WILLIAMS

By: _____
     Gerard J. Geiger, Esq.


Date: March 25, 2022

Certificate of Service

I hereby certify that on this date, a copy of the foregoing document was sent to all parties via ECF.

NEWMAN | WILLIAMS

By: _____
Gerard J. Geiger, Esq.

Date: March 25, 2022