**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JANE DOE, et al., | |
| Plaintiffs, | Case No. 3:21-cv-477-MCC |
| and | |
| UNITED STATES OF AMERICA, | |
| Plaintiff-Intervenor | |
| v. | |
| SCHUYLKILL COUNTY; GEORGE HALCOVAGE (in his individual capacity); GLENN ROTH (in his individual capacity); GARY BENDER (in his individual capacity); HEIDI ZULA (in her individual capacity); and DOREEN KUTZLER (in her individual capacity) | |
| Defendants. | |

## <u>UNITED STATES' MOTION TO INTERVENE</u>

Pursuant to Federal Rule of Civil Procedure 24(b) and Section 706(f)(1) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) ("Title VII"), the United States of America ("United States") moves to intervene as Plaintiff-Intervenor in the above-titled action.

In support of its Motion to Intervene, the United States states as follows:

1.    Plaintiffs Jane Doe, Jane Doe 2, Jane Doe 3, and Jane Doe 4 filed their Second Amended and Supplemented Complaint in this action on October 29, 2021, asserting several claims, including claims under Title VII, against Defendant Schuylkill County ("County") and other Defendants.  (ECF No. 63).  Plaintiffs filed their initial Complaint on March 16, 2021, (ECF No. 1), and their first Amended Complaint on April 16, 2021. (ECF No. 20).

2.    Plaintiffs' Title VII claims are based on several charges of discrimination timely filed with the Equal Employment Opportunity Commission ("EEOC").  The EEOC investigated these charges and found reasonable cause to believe that violations of Title VII occurred.  The EEOC formally referred this matter to the United States after an unsuccessful attempt to conciliate the charges.

3.    Section 706(f)(1) of Title VII permits the United States to seek intervention into a private lawsuit involving a government, government agency, or political subdivision, such as in this lawsuit, upon certification that the case is of general public importance.  42 U.S.C. § 2000e-5(f)(1).

4.    The Attorney General's designee has certified that this is a case of public importance.  A Certificate of Public Importance is attached hereto as Exhibit 1.

5.    Federal Rule of Civil Procedure 24(b) allows for permissive intervention in an action when a federal statute confers a conditional right to intervene.  Fed. R.

Civ. P. 24(b)(1)(A).  Title VII confers upon the United States a conditional right to intervene in an action alleging a violation of Title VII by a governmental actor. 42 U.S.C. § 2000e-5(f)(1).

6.   With respect to governmental parties, Rule 24(b) also provides that "a court may permit a federal . . . agency to intervene if a party's claim or defense is based on . . . a statute or executive order administered by the . . . agency."  Fed. R. Civ. P. 24(b)(2)(A).  The United States Department of Justice has federal responsibility for enforcing Title VII in actions against state and local government employers. 42 U.S.C. § 2000e-5(f)(1).

7.   Rule 24(b) also provides for permissive intervention when a potential party "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  Both Plaintiffs and the United States claim violations of Title VII, and these claims are based on substantially the same facts.

8.   The United States' proposed intervention is timely.  The current deadline to complete discovery is not until June 6, 2022.  (ECF No. 65).  The parties have not yet conducted any depositions and the Defendants have not yet filed answers to the Plaintiffs' Second Amended and Supplemented Complaint.  (ECF No. 63). The parties have also exchanged written discovery requests and responses and, because it will receive that discovery if it becomes a party to this case, the United States would need to pose fewer written discovery requests than it otherwise

would.  Thus, intervention by the United States will not unduly delay or prejudice

the adjudication of the rights of the original parties.

9.  Pursuant to Rule 24(c), a complaint is attached hereto as Exhibit 2.

10. Counsel for the United States sought concurrence of counsel for all parties.

Plaintiffs concur in this motion.  Defendants Halcovage, Bender, Zula, Kutzler,

Roth, and Schuylkill County do not concur in this motion.

11. The United States will file a brief in support of this motion pursuant to

Local Rule 7.5.

WHEREFORE, the United States respectfully requests that this Court allow it

to intervene in this lawsuit and file its complaint.

Respectfully submitted,

Date:  April 1, 2022

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

KAREN D. WOODARD (MD Bar, no number
issued)
Chief
Employment Litigation Section
Civil Rights Division

VALERIE L. MEYER (AZ Bar No. 023737)
Deputy Chief
Employment Litigation Section
Civil Rights Division

/s/ Allan K. Townsend
ALLAN K. TOWNSEND (ME Bar No. 9347)
AMBER TRZINSKI FOX (CA Bar No. 279380)
Senior Trial Attorneys
Civil Rights Division
Employment Ligation Section
U.S. Department of Justice
4 Constitution Square
150 M Street, NE
Washington, DC  20530
Phone: (202) 353-5343
Fax:  (202) 514-1005
Allan.Townsend2@usdoj.gov
Amber.Fox@usdoj.gov

JOHN C. GURGANUS
United States Attorney

/s Michael J. Butler
Michael J. Butler
Assistant United States Attorney
Civil Rights Coordinator
PA 81799
228 Walnut Street, 2d Floor
P.O. Box 11754
Harrisburg, PA  17108-1754
Tel: (717)221-4482
Fax: (717)221-2246
Michael.J.Butler@usdoj.gov

*Attorneys for Plaintiff-Intervenor United States of America*

5

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 1, 2022, a true and accurate copy of the foregoing Motion to Intervene was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Amber Trzinski Fox*
AMBER TRZINSKI FOX
(CA Bar No. 279380)
Senior Trial Attorney
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
