IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JANE DOE, et al.,** | : | Civil No. 3:21-CV-477 |
| **Plaintiffs,** | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **SCHUYLKILL COUNTY COURTHOUSE, et al.,** | : | |
| **Defendants** | : | |

# MEMORANDUM AND ORDER

## I.  Factual and Procedural Background

This case involves allegations of abhorrent workplace misconduct at the Schuylkill County Courthouse involving alleged sexual harassment, assault and predation coupled with assertions of official indifference to the plight of the alleged victims of this workplace violence. The parties are now engaged in a course of discovery aimed at evaluating the evidence relating to these allegations and have contacted the court with a discovery dispute which requires resolution.

This discovery dispute relates to the depositions of certain plaintiffs who have alleged that they were victimized by the defendant George Halcovage. As part of the discovery in this case, Halcovage's counsel has proposed to depose these individuals at the Schuylkill County Courthouse and has indicated that he needs to have his client

1

present during the depositions to assist counsel in conducting the depositions and defending this case. Citing their fear of the defendant, and a state court Sexual Violence Protection Order, which forbids Halcovage from having any contact either directly or indirectly with the plaintiffs, the plaintiffs have objected to this deposition proposal. Instead, the plaintiffs urge us to exclude Halcovage from being physically present during the depositions, while permitting him to observe the depositions remotely, a proposal which Halcovage's counsel insists is inadequate to allow Halcovage to fully assist his attorney during these depositions.

Thus, the dispute between these parties calls upon us to reconcile competing, important interests. These interests include assuring adherence to the spirit of the state Sexual Violence Protection Order, enabling Halcovage to assist in his defense in a manner consistent with the Federal Rules of Civil Procedure, which recognize that parties are generally allowed to attend discovery depositions, yet ensuring that the discovery process does not unduly add to the trauma allegedly experienced by the plaintiffs.

In the exercise of our discretion, we will reconcile these competing interests in the following fashion: While we would encourage the parties to consider conducting these depositions remotely, if the defendant insists upon in-person depositions, those depositions will be conducted at the United States Courthouse, Harrisburg, Pennsylvania, under specific terms and conditions set by the court.

## II. Discussion

Rulings regarding discovery matters are consigned to the court's discretion and judgment. Accordingly, the court's decisions regarding the conduct of discovery will be disturbed only upon a showing of abuse of that discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J. 1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . ., "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing Scott Paper Co. v. United States, 943 F. Supp. 501, 502 (E.D. Pa. 1996)). Under the standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y. 1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 2735702, at *1 (D.N.J. Sept. 27, 2010).

The exercise of this discretion is guided, however, by certain basic principles. Thus, when we are called upon to consider requests to exclude parties from discovery depositions the exercise of our discretion begins with a consideration of the plain

language of Rule 26(c) of the Federal the Rules of Civil Procedure, which provides that:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> . . . . . . . . . . . . . . . .
>
> **(E)** designating the persons who may be present while the discovery is conducted;

Fed. R. Civ. P. 26 (c)(1)(E).

Yet, while Rule 26 permits the exclusion of parties from discovery depositions, case law also recognizes the vital interest that parties have in this crucial aspect of litigation. Accordingly, requests to exclude parties from discovery depositions are judged by exacting standards. Thus:

> "The burden is placed on the party requesting the protective order to show why it is required, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." Ford Motor Co. v. Edgewood Props., Inc., No. CIV.A. 06-1278 (GEB), 2010 WL 3001211, at *2 (D.N.J. July 28, 2010) (quotation omitted); see Pearson v. Miller, 211 F.3d 57, 72 (3d Cir. 2000); Cipollone v. Liggett Grp., Inc., 785 F.2d 1108, 1121 (3d Cir. 1986). That burden is weightier where a party seeks to exclude an opposing party from a deposition. "[D]ue to the heightened interests of parties in the proceedings, factors that might justify exclusion of non-parties from a deposition might not be sufficient to exclude parties...." Dade v. Willis, No. CIV. A. 95-6869, 1998 WL 260270, at *1 (E.D. Pa. Apr. 20, 1998) (quoting Hines v. Wilkinson, 163 F.R.D. 262, 266 (S.D. Ohio 1995)). Thus, courts typically require the moving party to demonstrate "compelling or exceptional circumstances" warranting exclusion of an opposing party. Shelton v. Bledsoe, No. CV 3:11-0368, 2017 WL 1062443, at *3 (M.D. Pa. Mar. 21, 2017)

(quotation omitted); see Galella v. Onassis, 487 F.2d 986, 997 (2d Cir. 1973) ("[S]uch an exclusion should be ordered rarely indeed.").

Sincavage v. Schott N. Am., No. 3:18-CV-01231, 2019 WL 6280314, at *1 (M.D. Pa. May 30, 2019). These principles apply with particular force when the requests involve exclusion of a party from the deposition of the opposing parties. In this setting, an exclusion order limits the ability of the party to be fully engaged in the defense of the lawsuit. Since a party's exclusion may hamper the ability to litigate the case to some degree, consideration of the party's right to attend the deposition of the opposing parties:

> "'[H]as a constitutional dimension and is therefore entitled to special protection.'" Valentine v. Nielsen, No. 16CV2357-W(KSC), 2018 WL 1281797, at *7 (S.D. Ca. Mar. 9, 2018), quoting Hines v. Wilkinson, 163 F.R.D. 262, 266 (S.D. Ohio 1995). Consequently, although a court can prohibit a party from attending a deposition, "[t]he case law is clear that such power should be used rarely and only in extraordinary circumstances." Lee v. Denver Sheriff's Dept., 181 F.R.D. 651, 653 (D. Colo. 1998) (citing cases); Galella v. Onassis, 487 F.2d 986, 997 (2d Cir. 1973); Esebag, 2019 WL 8013118, at *3; Miller v. Ortiz, No. CV-15-02498-PHX-SPL, 2016 WL 11656679, at *1 (D. Ariz. May 19, 2016); Hines, 163 F.R.D. at 266.

Stanek v. St. Charles Comm. Unit Sch. Dist. # 303, No. 13 C 3106, 2020 WL 1304828, at *6 (N.D. Ill. Mar. 19, 2020), reconsideration denied, No. 13 C 3106, 2020 WL 1689824 (N.D. Ill. Apr. 7, 2020), objections overruled sub nom. Stanek v. Saint Charles Cmty. Unit Sch. Dist. #303, No. 13-CV-3106, 2020 WL 9348202 (N.D.

Ill. May 26, 2020), and objections overruled sub nom. Stanek v. Saint Charles Cmty. Unit Sch. Dist. #303, No. 13-CV-3106, 2020 WL 9348202 (N.D. Ill. May 26, 2020).

Beyond the constitutional dimensions of such a request excluding a party from a discovery deposition, when a deposition exclusion request relates to the parties in litigation, several other practical considerations must be taken into account. First, as another judge of this court has previously noted, when denying such a request in a case which, like the instant case, involved allegations of sexual assault in the workplace, the deposition will likely involve "the crux of the dispute between the parties." In this setting an exclusion order may be perceived as calling upon the court "to improperly wade into the merits of the case." Sincavage, 2019 WL 6280314, at *2. Moreover, when the court is considering requests to exclude a party from the depositions of the opposing parties, one other pragmatic factor applies: eventually these parties must directly confront one another at trial. Accordingly, when there is "no evidence that the particular characteristics of a deposition would uniquely cause any more harm than trial proceedings," courts have declined to enter such exclusion orders. Id.

Applying these principles, we acknowledge that courts have, in the exercise of their discretion, reached differing results when asked to exclude parties from depositions in cases involving allegations of workplace sexual misconduct. However,

we believe that the better view on this issue is that expressed by another judge of this court in <u>Sincavage,</u> 2019 WL 6280314, where such an exclusion request was denied.

In reaching this conclusion, we acknowledge the legitimate concern voiced by the plaintiff's counsel that, if conducted in a haphazard fashion, in-person depositions could contravene the state court Sexual Violence Protection Order which forbids Halcovage from having any contact either directly or indirectly with the plaintiffs. This is a legitimate and genuine concern. However, we believe that we can prescribe a path which accommodates these discovery principles with the state court order while minimizing the trauma experienced by any parties. On this score, we are acutely mindful of the potential for emotional trauma which can stem from the litigation of these matters. We will not permit a legitimate discovery device, a deposition, to be utilized as an emotional cudgel. Nor will we allow depositions to circumvent the outstanding state court order. Therefore, we will prescribe the following limitations and procedures for the conduct of these depositions.

### III. <u>Order</u>

First, we recommend that the parties continue to explore remote deposition options. Such remotely conducted depositions would enable the parties to factually develop their cases while minimizing the trauma that accompanies discovery depositions into such intimate and personal matters.

However, if counsel cannot reach an agreement on remote depositions, and if defendant Halcovage insists on conducting live depositions of the plaintiffs and wishes to attend those depositions, IT IS ORDERED that the following procedures will apply to the depositions:

First, the depositions will be conducted at the United States Courthouse in Harrisburg, Pennsylvania, so the undersigned can monitor, oversee, and intervene in the depositions if necessary.

Second, the parties will arrange the deposition scheduling through our deputy clerk and if possible, we will reserve a vacant courtroom or similar facility for the depositions.

Third, consistent with the terms of the outstanding state court Sexual Violence Protection Order, Halcovage is forbidden from having any contact either directly or indirectly with the plaintiffs. Thus, Halcovage will not enter the deposition room until after the deponent is seated. He will not speak to the deponent and will be seated in an appropriately remote location within the courtroom consistent with the degree of social distancing which would otherwise exist at trial. When the deponent's testimony is concluded, the deponent will be permitted to leave the deposition site in a manner which avoids any contact whatsoever with Halcovage.

Fourth, while attending the depositions, Halcovage must refrain from any disruptive or intimidating non-verbal communication or conduct.

So ordered this 13th day of April 2022.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
