IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JANE DOE, et al.,** | : | Civil No. 3:21-CV-477 |
| **Plaintiffs,** | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **SCHUYLKILL COUNTY COURTHOUSE, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM AND ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This case—which involves allegations of workplace misconduct at the Schuylkill County Courthouse involving alleged sexual harassment, assault and predation coupled with assertions of official indifference to the plight of the alleged victims of this workplace violence—comes before us for consideration of a motion to intervene filed by Maria Casey, the Schuylkill County Clerk of Courts. Ms. Casey, who alleges that she has been an outspoken critic of the defendants in this lawsuit, seeks leave to intervene to protect what she contends are privacy, confidentiality, relevance and privilege concerns that arise stemming from a discovery demand which defendant George Halcovage has propounded on Schuylkill County, another defendant in this lawsuit. (Doc. 103). This discovery demand calls upon the county

1

to produce in the complete computer hard drive and storage media for Ms. Casey's work computer as well as all text messages on the county-owned cellphone assigned to Ms. Casey. During a conference call on discovery matters in this case conducted on April 15, 2022, the parties notified the court that while Ms. Casey, Mr. Halcovage and the county may have very different view regarding the manner in which discovery of these electronic media should proceed, there is no objection to the limited intervention requested by Ms. Casey.

We also find that the limited intervention sought here by Ms. Casey to address and protect potential confidentiality interests is appropriate in this case. We note that we are not alone in reaching this conclusion. Other courts which have been called upon to consider third party intervention requests to protect confidentiality concerns arising in the context of sexual assault or sexual harassment litigation have granted motions permitting these third parties to intervene to protect their privacy and confidentiality interests. <u>Constand v. Castor</u>, No. CV 15-5799, 2016 WL 5681454, at *3 (E.D. Pa. Oct. 3, 2016)(collecting cases and allowing intervention).

Accordingly, the motion to intervene, (Doc. 103), which is unopposed, is GRANTED.  IT IS FURTHER ORDERED that Intervenor Casey, and the parties, shall consult and confer regarding the establishment of a protocol which will allow Casey to raise and resolve any privacy, confidentiality, relevance and privilege concerns that arise stemming from the discovery demand which defendant George

Halcovage has propounded on Schuylkill County which calls for the county to produce in the complete computer hard drive and storage media for Ms. Casey's work computer as well as all text messages on the county-owned cellphone assigned to Ms. Casey.

To the extent that the parties cannot agree upon discovery protocols the parties shall submit their competing discovery proposals to the court, along with accompanying memoranda of law regarding their respective positions in this discovery matter, on or before **May 10, 2022**.

So ordered this 18th day of April 2022.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
