**NEWMAN | WILLIAMS**
A PROFESSIONAL CORPORATION

BY: GERARD J. GEIGER, ESQUIRE                    Attorney for Defendant George Halcovage
IDENTIFICATION NO. 44099
LAW OFFICES
712 MONROE STREET
P.O. BOX 511
STROUDSBURG, PA 18360-0511
(570) 421-9090 (voice)
(570) 424-9739 (fax)
ggeiger@newmanwilliams.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, et al.,<br>　　　　Plaintiffs<br><br>v.<br><br>SCHUYLKILL COUNTY<br>COURTHOUSE, et al.,<br>　　　　Defendants | No. 3:21-cv-00477<br><br>Jury Trial Demanded. |

**Proposal & Memorandum of Law
in Support of Request for Production of Clerk of Court's
Digital Evidence by Defendant, George Halcovage**

### I. Procedural Background and Facts

Plaintiffs have identified Clerk of Courts, Maria Casey, as a witness with information relevant to this case.

Casey, who is herself a lawyer, has been an outspoken critic of Halcovage and has had contact with the plaintiffs about their claims. However, the Does' attorney has represented that Casey has not

1

represented plaintiffs as their counsel.

Defendant Halcovage sent a discovery request to the County, asking for a copy of Casey's office hard drive and cellphone to analyze for communications with the plaintiffs. These devices are owned by the County, not by Casey. The County agreed to provide this information. Casey has not.

Unlike County emails which are part of a network that is saved on County servers, the hard drives and cellphones the County provides are not backed up to the County network. Thus, the only option to obtain this information is to have the hard drives and cellphone produced for copying.

The County has in place a policy that notifies all County employees that these devices are owned by the County and that they should have no expectation of privacy in the data they save on County-owned devices.   See https://www.co.schuylkill.pa.us/Offices/HumanResources/PolicyProcedures/isPolicy.pdf, which provides in relevant part:

### No Expectation of Privacy

> Employees are given computers and Internet access to assist them in the performance of their jobs. Employees should have no expectation of privacy in anything they create, store, send or receive using the County's computer equipment. The computer network is the property of the County and may be used only for County purposes.

> **Waiver of privacy rights.** User expressly waives any right of privacy in anything they create, store, send or receive using the County's computer equipment or Internet access. User consents to allow County personnel access to and review of all materials created, stored, sent or received by User through any County network or Internet connection.

Id., at p. 2. A copy of this policy is attached.

Recognizing this "no privacy" policy, the County agreed to produce the devices it owns for inspection and has not objected to Halcovage's request.

However, Casey objects. She claims there may be "privileged" information on those devices. (She represented she had used the same computer when she was working as an Assistant District Attorney prior to becoming Clerk of Courts).

Commissioner Halcovage has not been treated differently. His computer was subject to production without dispute and has been copied several times by the County's IT department.

We spoke with Casey's solicitor, Fred Fanelli, to narrow the scope of our request and, while he agrees in principle to providing relevant information, we have not agreed on the manner in which that information will be located and produced.

Specifically, Casey wants to search for information herself and decide, as the sole filter of the data, what is relevant and must be produced or what

3

will not be provided.

Given Casey's alliance with the plaintiffs, this solution is fraught with problems.

## II. Our Proposal

We propose the following resolution:

1. Digital information to be searched will include only the information stored on the Clerk of Courts' County-owned hard drive and County-owned cellphone, after the date Casey became Clerk of Courts.

2. All digital information, together with metadata, referencing any of the four plaintiffs or George Halcovage shall be produced. ("Relevant information").

3. The search shall be performed either by:

    a. The County's IT Department;
    b. An IT consultant to be paid for by Halcovage;
    c. An IT consultant agreed upon by the parties; or
    d. Casey's solicitor, Fred Fanelli, Esq. and/or his staff.

4. Casey's solicitor, Fred Fanelli, may review the relevant information before production and, to the extent he concludes the relevant information contains privileged information, he may redact it and provide a privilege log.

5. Should there be any dispute relating to information redacted, the parties may submit the redacted information to the court for *in camera* review and possible production.

### III. Argument

The Third Circuit, in *Walker v. Coffey*, 905 F.3d 138, 149 (3d Cir. 2018) outlined the history of when digital communications in the workplace are subject to 4th Amendment protection.

In *Walker*, Carol Walker sued law enforcement officials under §1983 after they seized her work emails without a warrant. The court decided that the plaintiff's employer had the independent ability to consent to a search because Walker had no right of privacy in her work emails:

> "There is no dispute that the emails in question were sent or received via Walker's work email address, as part of an email system controlled and operated by Penn State. Thus, for purposes of the Fourth Amendment, the emails were subject to the common authority of Walker's employer. Walker did not enjoy any reasonable expectation of privacy vis-à-vis Penn State, and Penn State could independently consent to a search of Walker's work emails. Upon receipt of the subpoena, Penn State exercised its independent authority to consent to a search and produced Walker's work emails."

*Walker v. Coffey*, 905 F.3d 138, 149 (3d Cir. 2018).

As in *Walker*, Schuylkill County has the right to consent to the production of the digital information on Casey's County-owned computer and cellphone.

Given the County's Computer Network and Internet Access Policy, Casey has no reasonable expectation of privacy vis-a-vis the County, which may consent to the production of information relevant to this case.

## IV. Conclusion

Halcovage asks that the Court adopt his discovery proposal.

>
> NEWMAN | WILLIAMS
>
> By: _____
> Gerard J. Geiger, Esq.
> Attorney I.D. # PA44099

Date: May 10, 2022

## Certificate of Service

I hereby certify that on this date, a copy of this document was served on all counsel via ECF.

                NEWMAN|WILLIAMS

                By: _____
                      Gerard J. Geiger, Esq.
                      Attorney I.D. # PA44099

Date: May 10, 2022

# County of Schuylkill
# Computer Network and Internet Access Policy

## Disclaimer

The lnternet is a worldwide network of computers that contains millions of pages of information. Users are cautioned that many of these pages include offensive, sexually explicit, and inappropriate material. In general, it is difficult to avoid at least some contact with this material while using the lnternet. Even innocuous search requests may lead to sites with highly offensive content. Additionally, having an e-mail address on the lnternet may lead to receipt of unsolicited e-mail containing offensive content. Users accessing the lnternet do so at their own risk and the County of Schuylkill is not responsible for material viewed or downloaded by users from the Internet. To minimize these risks, your use of the Internet at County of Schuylkill is governed by the following policy:

## Permitted Use of Internet and County Computer Network

The computer network is the property of County of Schuylkill ("County") and is to be used for legitimate business purposes. Users are provided access to the computer network to assist them in the performance of their jobs. Additionally, certain employees ("Users") may also be provided with access to the Internet through the computer network. All Users have a responsibility to use County's computer resources and the Internet in a professional, lawful and ethical manner. Abuse of the computer network or the Internet, may result in disciplinary action, including possible termination, and civil and/or criminal liability.

## Computer Network Use Limitations

**Prohibited Activities**. Without prior written permission from County, the County's computer network may not be used to disseminate, view or store commercial or personal advertisements, solicitations, promotions, destructive code (e.g., viruses, trojan horse programs, etc.) or any other unauthorized materials. Occasional limited appropriate personal use of the computer is permitted if such use does not a) interfere with the user's or any other employee's job performance; b) have an undue effect on the computer or County network's performance; c) or violate any other policies, provisions, guidelines or standards of this agreement or any other of the County. Further, at all times users are responsible for the professional, ethical and lawful use of the computer system. Personal use of the computer is a privilege that may be revoked at any time.

**Illegal Copying.** Users may not illegally copy material protected under copyright law or make that material available to others for copying. You are responsible for complying with copyright law and applicable licenses that may apply to software, files, graphics, documents, messages, and other material you wish to download or copy. You may not agree to a license or download any material for which a registration fee is charged without first obtaining the express written permission of the County.

**Communication of Confidential Information.** Unless expressly authorized to do so, User is prohibited from sending, transmitting, or otherwise distributing proprietary information, data, trade secrets or other confidential information belonging to County. Unauthorised dissemination of such material may result in severe disciplinary action as well as substantial civil and criminal penalties under state and federal Economic Espionage laws.

## Duty Not to Waste or Damage Computer Resources

**Accessing the Internet**. To ensure security and avoid the spread of viruses, Users accessing the Internet through a computer attached to County's network must do so through an approved Internet firewall or other security device. Bypassing County's computer network security by accessing the Internet directly by modem or other means is strictly prohibited unless the computer you are using is not connected to the County's network.

**Frivolous Use.** Computer resources are not unlimited. Network bandwidth and storage capacity have finite limits, and all Users connected to the network have a responsibility to conserve these resources. As such, the User must not deliberately perform acts that waste computer resources or unfairly monopolize resources to the exclusion of others. These acts include, but are not limited to, sending mass mailings or chain letters, spending excessive amounts of time on the Internet, playing games, engaging in online chat groups, uploading or downloading large files, accessing streaming audio and/or video files, or otherwise creating unnecessary loads on network traffic associated with non-business-related uses of the Internet.

**Virus detection.** Files obtained from sources outside the County, including disks brought from home, files downloaded from the Internet, newsgroups, bulletin boards, or other online services; files attached to e-mail, and files provided by customers or vendors, may contain dangerous computer viruses that may damage the County's computer network. Users should never download files from the Internet, accept e-mail attachments from outsiders, or use disks from non-County sources, without first scanning the material with County-approved virus checking software. If you suspect that a virus has been introduced into the County's network, notify County MIS personnel immediately.

## No Expectation of Privacy

Employees are given computers and Internet access to assist them in the performance of their jobs. Employees should have no expectation of privacy in anything they create, store, send or receive using the County's computer equipment. The computer network is the property of the County and may be used only for County purposes.

**Waiver of privacy rights.** User expressly waives any right of privacy in anything they create, store, send or receive using the County's computer equipment or Internet access. User consents to allow County personnel access to and review of all materials created, stored, sent or received by User through any County network or Internet connection.

**Monitoring of computer and Internet usage.** The County has the right to monitor and log any and all aspects of its Computer system including, but not limited to, monitoring Internet sites visited by Users, monitoring chat and newsgroups, monitoring file downloads, and all communications sent and received by users.

**Blocking sites with inappropriate content.**
The County has the right to utilize software that makes it possible to identify and block access to Internet sites containing sexually explicit or other material deemed inappropriate in the workplace.

## Acknowledgement of Understanding

I have read and agree to comply with the terms of this policy governing the use of County of Schuylkill's computer network. I understand that violation of this policy may result in disciplinary action, including possible termination and civil and criminal penalties.