IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE, et al., | : | No. 3:-21-cv-477 |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| SCHUYLKILL COUNTY | : | |
| COURTHOUSE, et al., | : | |
| Defendants. | : | |

### MEMORANDUM OF LAW IN SUPPORT OF SCHUYLKILL COUNTY CLERK OF COURTS, MARIA CASEY'S, PROPOSED DISCOVERY PROTOCOLS

AND NOW, comes Schuylkill County Clerk of Courts, Maria Casey, by and through her undersigned counsel, and submits the following Brief in Support of her Proposed Discovery Protocols.

### I. STATEMENT OF FACT

This Court issued an April 18, 2022 Memorandum and Opinion addressing Maria Casey's Petition to Intervene. Maria Casey has proposed discovery protocols through which she agrees to print screen shots of text messages between herself and the Jane Doe Plaintiffs and to also print out emails and non-email documents between herself and the Jane Doe Plaintiffs. Ms. Casey further proposes to create a privilege log for any text messages, emails and non-email documents which she believes may be protected by a privilege. This Court can then conduct an *in camera*

review of any asserted privilege-covered text messages, emails and non-email documents.

## II.   ARGUMENT

It is well-settled that "the discovery provisions, like all of the Federal Rules of Civil Procedure, are subject to the injunction of Rule 1." *See Herbert v. Lando*, 441 U.S. 153, 177 (1979). "Rule 26(c) grants federal judges the discretion to issue protective orders that impose restrictions on the extent and manner of discovery where necessary to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000) (internal quotations and citations omitted). A court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *See* Fed. R. Civ. Pa. 26(c)(1). In doing so, a court's order may forbid discovery or forbid inquiry into certain matters. *See id.*

Ms. Casey objects to Defendant Halcovage obtaining her county issued hard-drives, storage devices, and text message from her county issued phone. In considering whether to allow Defendant Halcovage unfettered access to Ms. Casey's storage devices, this Court should consider the following factors:

1) whether disclosure will violate any privacy interests;

2) whether the information is being sought for a legitimate purpose or for an improper purpose;

3) whether disclosure of the information will cause a party embarrassment;

4) whether confidentiality is being sought over information important to public health and safety;

5) whether the sharing of information among litigants will promote fairness and efficiency;

6) whether a party benefitting from the order of confidentiality is a public entity or official; and

7) whether the case involves issues important to the public.

*Shingara v. Skiles*, 420 F.3d 301, 306 (3d Cir. 2005) (citing *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 783-84 (3d Cir. 1994)).

Ms. Casey has over the years consulted with her solicitor about various legal issues within the Clerk of Courts Office. These issues include but are not limited to disciplinary actions within the office and issues related to office policies. Such communications come within the ambit of Defendant Halcovage's overbroad and unlimited request, despite the fact that they are clearly protected by the attorney-client privilege and are a clear exception to the Right to Know Law.

Moreover, the devices sought by Defendant Halcovage contain highly sensitive, confidential information about Ms. Casey, her employees, and those criminal defendants who are processed by her office.  This information includes addresses, birth dates, and other personal identifying information like social security numbers.  As an elected row officer of Schuylkill County, Ms. Casey has a duty and

obligation to safeguard the highly sensitive and confidential information that passes through her office on a daily basis.

Disclosure of the items sought by Defendant Halcovage will result in the revelation of highly sensitive, confidential information of Ms. Casey, Ms. Casey's staff, and criminal litigants in Schuylkill County. This information includes, *inter alia*, names, addresses, birth dates, and potentially social security numbers.

Ms. Casey's proposed discovery protocols would eliminate the need for Defendant Halcovage and his team to fish through County-issued computer equipment and a cell phone, while at the same time providing all non-privileged documents which are the subject to Defendant Halcovage's document request directed to Schuylkill County but focused on Ms. Casey.

        **RESPECTFULLY SUBMITTED,**

        FANELLI, EVANS & PATEL, P.C.

        By: *Frederick J. Fanelli*
            FREDERICK J. FANELLI, ESQUIRE
            Attorney I.D. No. 36672
            SUDHIR R. PATEL, ESQUIRE
            Attorney I.D. No. 75914
            1 Mahantongo Street
            Pottsville, PA 17901
            570-622-2455
            ffanelli@feplawyers.com
            spatel@feplawyers.com
            *Counsel for Intervenor, Maria Casey*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, et al.,           : | No. 3:-21-cv-477 |
|     Plaintiffs,      : | |
|                      : | |
| v.                          : | |
|                      : | |
| SCHUYLKILL COUNTY           : | |
| COURTHOUSE, et al.,         : | |
|     Defendants.     : | |

## CERTIFICATE OF SERVICE

I, Frederick J. Fanelli, hereby certify that a true and correct copy of the within Schuylkill County Clerk of Courts, Maria Casey's, Memorandum of Law in Support of Proposed Discovery Protocols, have been served on this date on the following individuals via the ECF electronic filing system:

**VIA EFILING ONLY**
Catherine W. Smith, Esquire
Derek Smith Law Group, PLLC
1835 Market Street, Suite 2950
Philadelphia, PA 19103
catherine@dereksmithlaw.com
*Attorney for Plaintiffs*

Marie Milie Jones, Esquire
Jones Passodelis, PLCC
Gulf Tower, Suite 3410
707 Grant Street
Pittsburgh, PA  15219
mjones@jonespassodelis.com
*Attorney for Defendant, Schuylkill County Courthouse, Glenn Roth, Gary Bender and Heidi Zula*

5

Gerard J. Geiger, Esquire
Newman Williams
712 Monroe Street
Stroudsburg, PA 18360
ggeiger@newmanwilliams.com
*Attorney for Defendant, George Halcovage*

Matthew J. Connell, Esquire
Tricia M. Ambrose, Esquire
MacMain, Connell & Leinhauser, LLC
433 W. Market Street, Suite 200
West Chester, PA 19382
tambrose@macmainlaw.com
mconnell@macmainlaw.com
*Attorney for Defendant, George Halcovage*

Nicole Ippolito, Esquire
McNerney Page Vanderlin & Hall
433 Market Street
Williamsport, PA 17701
nippolito@mpvhlaw.com
*Attorney for Defendant, Glenn Roth*

Paul Gregory Lees, Esquire
Dickie, McCamey & Chilcote, P.C.
190 Brodhead Road, Suite 310
Bethlehem, PA 18017
plees@dmclaw.com
*Attorney for Defendant, Doreen Kutzler*

By: *Frederick J. Fanelli*
FREDERICK J. FANELLI, ESQUIRE

Date: May 10, 2022