IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JANE DOE, et al.,** | : | Civil No. 3:21-CV-477 |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **SCHUYLKILL COUNTY** | : | |
| **COURTHOUSE, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM OPINION**

I.   **Introduction**

This case was brought by four employees of Schuylkill County against the County and several individual supervisory defendants, alleging that they were sexually harassed and subjected to a hostile work environment when they reported the alleged harassment. Among the claims brought against the defendants, the plaintiffs assert claims against the County under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*, for discrimination, retaliation, and creating a hostile work environment.

The United States of America has now moved to intervene under Rule 24(b) of the Federal Rules of Civil Procedure with respect to these Title VII claims against the County. (Doc. 106). All defendants with the exception of Defendant Kutzler have

opposed the United States' motion. After consideration, for the following reasons the United States' motion will be granted.

## II.   Discussion

The United States has moved to intervene in this case under Federal Rule of Civil Procedure 24 with respect to the Title VII claims brought against the County. On this score, it is well-settled that under Rule 24,

> If a party fails to meet the requirements of Rule 24(a) to intervene as a matter of a right, that party nonetheless may be granted permission to intervene under Rule 24(b). Rule 24(b) provides, in pertinent part: "On timely motion, the court *may* permit anyone to intervene who: ... has a claim or defense that shares with the main action a common question of law or fact...." Fed. R. Civ. P. 24(b)(1) (emphasis added). Rule 24(b) further provides that, when a court exercises its discretion, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). In exercising its discretion, the court should consider various factors, including whether the proposed intervenors will add anything to the litigation and whether the proposed intervenors' interests are already adequately represented in the litigation. Hoots, 672 F.2d at 1136.

Benjamin v. Dep't of Pub. Welfare of Cmwlth., 267 F.R.D. 456, 464–65 (M.D. Pa. 2010), aff'd sub nom. Benjamin v. Dep't of Pub. Welfare of Pa., 432 F. App'x 94 (3d Cir. 2011).

As the text of Rule 24(b) implies, decisions regarding requests for permissive intervention rest in the sound discretion of the court and will not be disturbed absent an abuse of that discretion. Hoots v. Com. of Pa., 672 F.2d 1133, 1135 (3d Cir. 1982). By its terms Rule 24(b) provides that: "On timely motion, the court may permit

2

anyone to intervene who: ... has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Thus, Rule 24(b), "lists three requirements for permissive intervention: (1) 'timely application'; (2) 'a question of law or fact in common' between the 'applicant's claim or defense and the main action'; (3) a determination that the intervention will not 'unduly delay or prejudice the adjudication of the rights of the original parties.' " United States v. Columbia Pictures Indus., Inc., 88 F.R.D. 186, 189 (S.D.N.Y. 1980).

In this case, the United States asserts it should be granted permissive intervention under Rule 24(b). First, it argues that it has a conditional right to intervene in Title VII actions under Rule 24(b)(1)(A). Additionally, the United States avers that its claims against the County share a common question of law and fact with the plaintiffs' claims under Rule 24(b)(1)(B). The defendants, for their part, challenge the United States' motion to intervene, asserting that the motion is untimely, and they further argue that intervention by the United States would cause undue delay. However, we find that this motion to intervene is timely and will not cause the type of undue delay foreshadowed by the defendants. Accordingly, we will grant the motion.

First, we find that the motion is timely. For their part, the defendants assert that the United States' motion is untimely because this matter was initially filed over one year prior to the motion to intervene. However, the Third Circuit has held that

"[t]he mere passage of time . . . does not render an application untimely." Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 369 (3d Cir. 1995) (citations omitted). Thus, our evaluation of the timeliness of a motion to intervene does not simply entail and exercise in arithmetic. Rather, a court must look at the totality of the circumstances, considering "(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." Id. (citing In re Fine Paper Antitrust Litigation, 695 F.2d 494, 500 (3d Cir. 1982)).

As the government's brief indicates, the United States was unable to file suit until the Equal Employment Opportunity Commission ("EEOC") referred the matter to the Attorney General. We agree that a referral from the EEOC was a legal prerequisite to intervention by the United States in this case. Indeed, § 2000e-5(f)(1) states in relevant part:

> In the case of a respondent which is a government, governmental agency, or political subdivision, if the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission shall take no further action and shall refer the case to the Attorney General who may bring a civil action against such respondent in the appropriate United States district court.

42 U.S.C. § 2000e-5(f)(1). In the instant case, the United States submits that the Commission did not refer the matter to the Department of Justice until January 14, 2022. After conducting its own independent assessment of the case, and making the necessary determination of public importance, the United States moved to intervene

in this case on April 1, 2022. Thus, its motion filed just three months later is not patently untimely.

As for the defendants' concerns regarding undue delay flowing from granting this motion, we note that recent events have mitigated these concerns. Specifically, at the joint request of the parties, the discovery deadlines in this case have been extended to September of 2022. Additionally, dispositive motions have been resolved within the past week, providing the parties with a clear path forward for their discovery. Furthermore, we are acting promptly to address pending discovery issues and concerns. Thus, there is now more time than initially anticipated by the partis for the United States to take the discovery it needs in this case, and we anticipate that the intervention will not cause an undue delay in this regard. Further, the United States has indicated that it can, and may, file a separate discrimination suit if it is not permitted to intervene, and permitting intervention would thus serve to conserve judicial resources in this matter.

Finally, we find that common questions of law and fact exist between the plaintiffs' and the United States' claims against the County, as the United States is asserting identical Title VII claims against the County. On this score, the defendants contend that the plaintiffs are already adequately represented in this matter, and thus, the United States' intervention will add nothing to the case. However, this argument ignores the fact that the United States is moving for permissive intervention, rather

than intervention as a matter of right. Accordingly, this factor is not dispositive to our assessment of permissive intervention.

The United States' assertion that permissive intervention is warranted under Rule 24(b)(1)(A) based on a conditional right provided by statute is also persuasive. It is undisputed that the enforcement provisions of Title VII provide that "[u]pon timely application, the court may, in its discretion, permit . . . the Attorney General in a case involving a government, governmental agency, or political subdivision, to intervene in such civil action upon certification that the case is of general public importance." 42 U.S.C. § 2000e-5(f)(1). The United States has attached a certification from the Assistant Attorney General which states that this matter is of general public importance in which the United States' intervention is warranted. (Doc. 106-3). Certain defendants have challenged the government's certification, arguing that the United States has failed to show why this case is of general public importance. (See Doc. 112, at 4-5). However, "[i]t is well settled that the reasonableness of the Attorney General's belief is not subject to judicial review." United States v. City of Phila., Pa., 838 F.Supp. 223, 227 (E.D. Pa. 1993). In any event, we can readily understand why the conduct described in the complaint filed in this case, which entails allegations of systemic sexual predation, harassment, and retaliation at the highest levels of county government, would be deemed matters of

general public importance. Accordingly, we find that intervention is warranted under Rule 24(b)(1)(A).

In sum, when we consider the totality of the circumstances, we find that there would be no undue delay as a result of permitting the United States to intervene. We also find that the United States' motion to intervene is not so delinquent that it should be denied out of hand and the United States has properly certified that the prerequisites for intervention under 42 U.S.C. § 2000e-5(f)(1) are satisfied. Accordingly, the motion to intervene will be granted.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JANE DOE, et al.,** | : | Civil No. 3:21-CV-477 |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **SCHUYLKILL COUNTY** | : | |
| **COURTHOUSE, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

# **ORDER**

Accordingly, for the reasons set forth in the accompanying Memorandum Opinion, IT IS ORDERED THAT the United States' motion to intervene (Doc. 106) be GRANTED and the proposed complaint of the Plaintiff-Intervenor, (Doc. 106-4), shall be filed by the clerk.

So ordered this 12th day of May 2022.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge