**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JANE DOE, et al.,** | : | **Civil No. 3:21-CV-477** |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **SCHUYLKILL COUNTY COURTHOUSE, et al.,** | : | |
| | : | |
| **Defendants** | : | |

**ORDER**

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This case—which presents allegations of workplace misconduct at the Schuylkill County Courthouse involving alleged sexual harassment, assault, and predation coupled with assertions of official indifference to the plight of the alleged victims of this workplace violence—comes before us for the purpose of setting a case management schedule and discovery limitations. On this score, the parties consented to magistrate judge jurisdiction on October 13, 2021. (Doc. 61). However, prior to that time the parties had proposed, and the court had adopted, a case management plan and schedule for the case. (Docs. 55, 58).

As we noted during a May 24, 2022 telephonic case management conference, the parties appeared to have numerous disagreements and misunderstandings

regarding the proper scope of discovery in this case, matters that they seem not to have identified or addressed when they fashioned their initial case management plan in this case. These disputes, disagreements, and misunderstandings run the gamut from contests regarding the number of discovery requests which may be propounded, to the location and duration of depositions, the timing of discovery and motions practice, as well as procedures for resolving discovery disputes. Moreover, in many instances, it seemed that the parties had given scant attention to the default discovery limitations prescribed by the Local Rules of this court. L.R. 33.3, 36.1. As a result, it seemed that parties had propounded discovery requests upon each other, largely without objection, which vastly exceeded the number of requests contemplated by the Local Rules. Further, the parties had some fundamental disagreements concerning the meaning of the limitations set forth in their own case management plan, with the plaintiffs reading those limitations in a far more expansive fashion than the defendants. As a result, there are currently a plethora of outstanding written discovery demands propounded in this case.[1]

Beyond these mutual misunderstandings which had crept into the discovery process, our decision to allow the United States to intervene in this case strongly

[1] For example, by our count the plaintiffs have thus far collectively propounded upon the defendants more than 900 requests for admission, 200 requests for production, and more than 330 interrogatories.

suggested a need for further clarity regarding discovery moving forward. In order to allow the parties to acknowledge, address, and resolve these issues, we directed the parties to consult and confer and provide us with an updated case management plan. (Doc. 152). The parties have complied with this direction, and their revised case management plan reveals that they have agreed upon some discovery issues but have been unable to resolve many discovery questions. (Doc. 156). We have also provided all parties the opportunity to submit letter briefs in support of their positions regarding the scope of discovery, and have received and reviewed their letter briefs. (Docs. 158-163).

Having engaged in this process, we set the following discovery and case management limitations and timetables in this litigation:

**I. <u>Case Management Deadlines</u>**

The parties were unable to come to any agreement regarding a deadline for joinder of parties and amendment of pleadings. However, we believe that four months from today's date is more than sufficient for this purpose. Accordingly, we set the following deadline for amendment of pleadings:

**Amendment of Pleadings: October 31, 2022**

The parties have been unable to agree upon a discovery timetable in this case, with the plaintiffs suggesting December 30, 2022, the Defendants recommending March 31, 2023, and the Intervenor requesting April 3, 2023. We recognize the

complexity of the questions involved in this case, but noting that this lawsuit was first filed on March 16, 2021, believe that all parties should conclude fact discovery prior to the passage of two years in this litigation. Accordingly, we set the following fact discovery deadline in this matter

**Fact Discovery: February 13, 2023**

The parties have collectively recommended that dispositive motions be filed with 120 days of the close of fact discovery. We will adopt this joint recommendation, as follows:

**Dispositive Motions Deadline: June 12, 2023**

The parties further recommend the following expert discovery deadlines, which we will adopt:

**Expert Discovery Deadlines:**

**Plaintiffs and Plaintiff- Intervenor February 13, 2023**

**Defendants April 14, 2023**

**Supplemental reports: May 15, 2023**

**Further pretrial deadlines, if necessary, will be set in consultation with all parties after the resolution of any dispositive motions.**

## II. Number and Duration of Depositions

The parties have agreed on the number of depositions to be taken in this case and the site for those depositions. Accordingly, with respect to this aspect of discovery, IT IS ORDERED that:

**Plaintiffs and Plaintiff-Intervenor may take 20 depositions combined.**

**Defendants may take 20 depositions combined.**

As for the duration of these depositions, the following durational standards are prescribed by the Court:

| | |
|---|---|
| **Party Depositions:** | **14 hours, extended over 2 days.** |
| **Non-party depositions:** | **7 hours** |

## III. Written Discovery

The scope of written discovery remains a principal issue of contention between the parties, in part as a result of the extensive requests which have been propounded to date, largely without objection.[2] Despite this far-reaching initial documentary discovery, all parties were unable to reach a consensus regarding the scope of written discovery moving forward, although it seems that the Defendants and Plaintiff-Intervenors have reached some agreement on discovery limitations. Accordingly,

[2] In our view, only defendant Zula preserved a timely objection to the number of written discovery requests propounded in this case. (Doc. 146). Her objection will be sustained, in part, as discussed in this order.

while all parties, except for Defendant Zula, will have an obligation to respond to the previously propounded discovery set forth in Section 4.0 of the revised Case Management Plan, (Doc. 156), going forward, the following discovery limitations, which are consistent with but slightly more expansive than those agreed to by the Defendants and Plaintiff-Intervenors, will govern written discovery:

| | **PLAINTIFFS** | **INTERVENOR** | **DEFENDANTS** |
|---|---|---|---|
| **Admissions:** | **30** | **30** | **30** |
| **Interrogatories:** | **30** | **30** | **30** |
| **Requests for Production:** | **30** | **30** | **30** |

**With respect to these discovery limitations, the totals set forth above apply to each individual plaintiff and to each individual defendant but, except for Defendant Zula, previously propounded discovery requests count against these totals.[3] As to Defendant Zula, who timely objected to the number of written discovery demands propounded by the plaintiffs the foregoing limitations will**

[3] We recognize that the plaintiffs object to this facet of any case management order, suggesting that they are being denied adequate discovery. However, given that our proposal calls for the defendants, except for defendant Zula, to answer nearly 900 outstanding written discovery requests, and still enables the plaintiffs to propound additional requests on some defendants, and a total of 120 requests in each category upon Defendant Zula, (30 by each of the four plaintiffs) we believe that the objection is misplaced.

**apply. The plaintiffs, therefore, may revise their written discovery demands to comport with these limitations.**

## IV. Discovery Dispute Resolution Procedures

Finally, our review of the revised Case Management Plan indicates that the parties have not agreed upon a practice and procedure for resolving what may be on-going discovery disputes. Accordingly, we will prescribe the following practice:

**First**, any party who believes that there has been a discovery deficiency will communicate the nature of the deficiency in writing to opposing counsel.

**Second**, the parties will meet and confer *in-person or telephonically* to attempt to resolve discovery concerns within 21 days of receipt of any discovery deficiency notice.

**Third**, following this conferral process the parties will notify the court by a joint letter of no greater than ten pages in length (5 pages per side) of any unresolved discovery issues that request the court's intervention, so we may convene a call to address these matters. The Court reserves the right to order further briefing on these matters, if necessary.

## V. Final Procedural Matters

Finally, the parties shall abide by the following guidelines moving forward:

**<u>All requests for extensions of discovery deadlines must be made at least thirty (30) days prior to the expiration of the discovery period</u>**. Motions will be granted only on a showing of good cause.

**Discovery in excess of these limits must be approved in advance by the Court.**

Parties with case management questions should contact the Court through our Deputy Clerk, Kevin Neary, at 221-3924 or Kevin_Neary@pamd.uscourts.gov. No contact should be made with law clerks unless directed to do so by the court.

So ordered this 30th day of June 2022.

*<u>S/ Martin C. Carlson</u>*
Martin C. Carlson
United States Magistrate Judge