IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JANE DOE, et al.,** | : | Civil No. 3:21-CV-477 |
| **Plaintiffs,** | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **SCHUYLKILL COUNTY COURTHOUSE, et al.,** | : | |
| **Defendants** | : | |

# MEMORANDUM AND ORDER

## I.     Factual and Procedural Background

This case involves allegations of workplace misconduct at the Schuylkill County Courthouse involving alleged sexual harassment, assault and predation coupled with assertions of official indifference to the plight of the alleged victims of this workplace violence. The parties are now engaged in a course of discovery aimed at evaluating the evidence relating to these allegations.

In the course of this ongoing discovery, the plaintiffs filed a motion to compel, (Doc. 140), which sought more fulsome answers to a number of interrogatories and requests for production of documents submitted by Defendant Halcovage. The parties' pleadings frame the current discovery dispute in a somewhat elliptical fashion, with neither party providing specific legal authority in support of their

1

positions regarding particular discovery demands. Indeed, the discovery demands themselves are not directly identified in the parties' main pleadings. (Docs. 140, 141, 154). Instead, the parties refer to a March 4, 2022 deficiency letter sent by plaintiffs' counsel, a document which is filed elsewhere separately under seal. (Doc. 144-2). That deficiency letter, in turn, takes us to another sealed exhibit (Doc. 144-1), which provides greater content and context to the discovery demands and responses. Thus, it is necessary to navigate among and between these documents in order to understand the nature of this dispute. Having engaged in this legal navigation, as discussed below, the plaintiffs' motion will granted in part and denied in part.

## II.   Discussion

Rulings regarding discovery matters are consigned to the court's discretion and judgment. Accordingly, the court's decisions regarding the conduct of discovery will be disturbed only upon a showing of abuse of that discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J. 1997).  When a magistrate judge's decision involves a discretionary [discovery] matter . . ., "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing Scott Paper Co. v. United States, 943 F. Supp. 501, 502 (E.D. Pa. 1996)).  Under the standard, a magistrate

> judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y. 1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 2735702, at *1 (D.N.J. Sept. 27, 2010).

The exercise of this discretion is guided, however, by certain basic principles. At the outset, Rule 26(b) of the Federal Rules of Civil Procedure generally defines the scope of discovery permitted in a civil action, prescribes certain limits to that discovery and provides as follows:

> (b) Discovery Scope and Limits.
>
> (1) *Scope in General*. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b).

Thus, our discretion is limited in a number of significant ways by the scope of Rule 26 itself, which provides for discovery of only "nonprivileged matter that is

relevant to any party's claim or defense." Accordingly, "[t]he Court's discretion in ruling on discovery issues is, therefore, restricted to valid claims of relevance and privilege." Robinson v. Folino, No. 14-227, 2016 WL 4678340, at *2 (citing Jackson v. Beard, No. 11-1431, 2014 WL 3868228, at *5 (M.D. Pa. Aug. 6, 2014) ("Although the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits. . . . Courts will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relates to confidential or privileged information")).

Therefore, at the outset, it is clear that Rule 26's definition of that which can be obtained through discovery reaches any nonprivileged matter that is relevant to any party's claim or defense, and valid claims of relevance and privilege still cabin and restrict the court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all relevant information, a concept which is not confined to admissible evidence but is also defined in the following terms: "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Rather, Rule 26 states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." This concept of relevance is tempered, however, by principles of proportionality. Thus, we are now enjoined to also consider whether the specific discovery sought is "proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Thus, it has been said that the amended rule 'restores the proportionality factors to their original place in defining the scope of discovery.'" Fassett v. Sears Holdings Corp., 319 F.R.D. 143, 150 (M.D. Pa. 2017) (quoting Wertz v. GEA Heat Exchangers Inc., No. 1:14-CV-1991, 2015 WL 8959408, at *2 (M.D. Pa. Dec. 16, 2015)).

A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Philadelphia Housing Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery, (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b) (1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litigation, 261 F.R.D. 570, 573 (D. Kan. 2009).

## III. <u>Order</u>

Judged by these benchmarks, and recognizing that all parties have an ongoing obligations to supplement their discovery responses, IT IS ORDERED that the motion to compel is GRANTED, in part, and DENIED, in part as follows:

First, Defendant Halcovage's response to Interrogatory 1, which identifies some 70 individuals, and as supplemented provides some guidance on how to contact those individuals, is deemed sufficient. Defendant Halcovage has also agreed to supplement his response to Interrogatory 25. Therefore, the objection to this Interrogatory is considered moot.

Second, with respect to Interrogatory 2, which sought the identities of persons with whom the defendant has discussed these allegations, the defendant may refrain from disclosing privileged communications with counsel but should, to the extent possible, identify all other persons with whom he recalls having had substantive discussions regarding the underlying incidents alleged in the complaint, and should not limit those disclosures to persons he spoke with after the filing of the complaint.

Third, as we construe Interrogatories 4 and 5, they ask that Halcovage disclose whether he became aware of the allegations of sexual harassment set forth in the EEOC complaint prior to the filing of the complaint, and if so when and how he learned of the substance of these allegations. Construed in this fashion, Halcovage's response, which indicates that to the best of his knowledge none of the plaintiffs

approached him prior to filing their complaints, is not completely responsive to these requests. Mr. Halcovage should unambiguously state whether he knew of the substance of these claims prior to the filing of the EEOC complaints. If he did, he should disclose the source of that knowledge, subject to any claim of privilege.

Fourth, Defendant Halcovage's response to Interrogatory 16, which requested information concerning whether he had relationships with any other county employees, is incomplete since in that it only refers to relationships with other defendants. This response should be clarified to directly respond to the particular question propounded, which sought information regarding relationships with any county employees.

Finally, with respect to the Defendant's response to request for production of documents, to the extent that responsive records exist which are being withheld on privilege grounds, the defendant shall prepare a provide a privilege log to the plaintiff which should:

> [I]dentify each document and the individuals who were parties to the communications, providing sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure. Other required information, such as the relationship between ... individuals not normally within the privileged relationship, is then typically supplied by affidavit or deposition testimony. Even under this approach, however, if the party invoking the privilege does not provide sufficient detail to demonstrate fulfillment of all the legal requirements for application of the privilege, his claim will be rejected. Bowne, 150 F.R.D. at 474 (citations omitted); see also von Bulow, 811 F.2d at

7

146; In re Grand Jury Subpoena Dtd. Jan. 4, 1984, 750 F.2d 223, 224-25 (2d Cir. 1984). United States v. Constr. Products Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996).

Andrews v. D2 Logistics, Inc., No. 1:21-CV-869, 2022 WL 4079595, at *4 (M.D. Pa. Sept. 6, 2022).

So ordered this 12th day of September 2022.

*S/ Martin C. Carlson*  
Martin C. Carlson  
United States Magistrate Judge