**JonesPassodelis**PLLC

www.jonespassodelis.com

Marie Milie Jones
E-Mail: mjones@jonespassodelis.com
Licensed in PA and WV

November 28, 2022

**VIA EMAIL**
magistrate_judge_carlson@pamd.uscourts.gov

Magistrate Judge Martin C. Carlson
United States District Court Middle District of Pennsylvania
228 Walnut Street,
P.O. Box 983
Harrisburg, PA 17108

    Re:    Jane Doe, et al. v. Schuylkill County et. al.
               Civil Action No.: 3:21-00477

Dear Judge Carlson:

Please allow this letter to respond to Attorney Smith's letter of November 18, 2022 (ECF No. 176), concerning attorney-client privilege issues.

By way of background, this Honorable Court's Order (ECF No. 170) dated October 19, 2022, permitted briefing by Plaintiffs and a response by Defendants to an issue surrounding a specific question during a deposition in which the attorney-client privilege was asserted and to which this Court sustained defense counsel's objection.

As a threshold matter, the November 18, 2022, letter of counsel for Plaintiffs does not address the specific question raised to the Court during that deposition. The discussion with the Court, which begins on page 306 of the enclosed transcript, identified as Exhibit A, but filed under seal per existing confidentiality obligations, speaks for itself and makes that clear. So does the Court's October 19, 2022 Order (ECF No. 170). Rather than address the issue that was raised with the Court, Plaintiffs' November 18 letter attempts to raise different issues connected to

Magistrate Judge Martin C. Carlson
Page 2
November 28, 2022

ongoing discovery matters, asking this Court to make a ruling without a proper or sufficient factual predicate. Because the issue raised with the Court during the deposition was finite and limited in nature, defense counsel only asked for ten days to respond. Respectfully, Plaintiffs' counsel's letter did not confine itself to the issue before the Court, and instead muddied the waters by filing a 19-page position and improperly addressing issues not raised with the Court during the argument on October 19, 2022. This was not contemplated during argument before the Court. It certainly was not contemplated when counsel requested ten days to respond. Arguments which exceed the scope of what was discussed orally with the Court are not properly before the Court. If Plaintiffs wish to raise them, they should be done by way of motion. If the Court is to consider these extraneous arguments at this time, while these Defendants provide limited comments herein, these defendants seek additional time to address them.

A single issue is properly before the Court. The language of the October 19, 2022, Order makes clear that the sole issue to be considered by the Court through briefing related to a specific inquiry to Heidi Zula, the former Human Resources Director for Schuylkill County. (*See* Order at ECF 170.) Counsel for Plaintiffs was questioning Ms. Zula about whether she gave a document to outside labor counsel with whom she was consulting. Because the questions addressed information that Zula was providing to her lawyer in connection with seeking his input on an employment accommodation, an objection based on attorney-client privilege was asserted. Attached hereto and marked as Exhibit A is an excerpt from the Zula deposition, showing the context of the inquiry and the reasonable objection lodged. (*See* Exhibit A, Zula Depo. at p. 300-

01.) Thereafter, while breaking from the deposition to address this issue, this Honorable Court made a ruling sustaining the objection due to the Court's understanding that Plaintiffs' counsel's question related to an action which would "have taken place in the context of communications that [Zula] was having with her counsel". *Id.*

The November 18, 2022, letter of counsel for Plaintiffs does not address this issue. It never refers to the question, does not identify the specifics of the area of inquiry of Ms. Zula nor does it address the explanations given during the deposition for the position taken. Instead, the letter seeks to expand what the Court should now consider by addressing other written discovery or other deposition questions to which a privilege was asserted. There has not been a specific motion on those issues nor a written proffer by Plaintiffs (until this letter) for why those issues are ripe for the Court's consideration given what the October 19 Order was intended to allow. Plaintiffs are improperly trying to have this Court overturn its prior ruling about a single objection during a deposition and expand it to become a blanket ruling that the attorney-client privilege cannot apply at all in this type of case. In other words, Plaintiffs' letter is attempting to expand the issue before the Court to scenarios which are not fully developed in their letter or properly before the Court. Respectfully, this cannot be permitted.

A question of attorney-client privilege must be evaluated in the context of the specific area of inquiry in a deposition or in a specific discovery request. Plaintiffs are now, beyond the scope of the Court's prior Order, using this letter brief to raise multiple other issues connected to distinct assertions of attorney-client privilege. These additional scenarios did not arise from

Magistrate Judge Martin C. Carlson
Page 4
November 28, 2022

the specific Zula deposition question which brought the parties before the Court. Instead, the other instances are borne out of other inquiries in the depositions of Glenn Roth or George Halcovage or other written discovery requests. They do not relate to the Zula consultation with outside labor counsel which was the subject of the original objection, but instead relate to other discovery connected to Plaintiffs' allegations of retaliation as to Does 3 and 4, following a suspension relative to their improper use of Lexis-Nexis to conduct personal searches and the County engaging the law firm of Eckert Seamans connected to this issue. Raising these unrelated matters here must be viewed as an improper attempt to cloud the issue connected to the Zula deposition. This Honorable Court need not go farther.

By expanding upon the finite issue before the Court and seeking what is in effect a blanket ruling eviscerating the Defendants' attorney-client privilege, Plaintiffs' letter is an attempt to engage a fishing expedition to seek information to which they are not entitled through the course of litigation.[1] Plaintiffs conflate the issues regarding attorney-client privilege as applied to the claims brought and defenses asserted. That is, Plaintiffs' position appears to be that because a *Faragher-Ellerth* defense was raised by the County to certain claims, attorney-client privilege is waived in its entirety by all defendants throughout the litigation. That defense is applicable to some, but not all, of the causes of action at issue in this lawsuit. It is also only applicable to the County, not the individual defendants.

---

[1] Plaintiffs' letter also makes references to information sought through subpoenas, but no such subpoenas from Plaintiffs to these parties or County actors were answered or included a privilege assertion.

Magistrate Judge Martin C. Carlson
Page 5
November 28, 2022

The first three causes of action asserted in the Second Amended and Supplemented Complaint are brought for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq. (Count I (discrimination), Count II (retaliation) and Count III (hostile work environment)). They are asserted only against Schuylkill County, not any of the individual defendants. These are the only Title VII claims brought throughout Plaintiffs' exhaustive Complaint.

The *Faragher- Ellerth* affirmative defense applies to certain Title VII claims in which an employer demonstrates" that (i) it 'exercised reasonable care to avoid harassment and to eliminate it when it might occur,' and that (ii) the plaintiff 'failed to act with like reasonable care to take advantage of the employer's safeguards and otherwise prevent harm that could have been avoided.'" *Turner v. City of Philadelphia*, No. CV 16-4476, 2017 WL 3129622, at *10, n. 1 (E.D. Pa. July 24, 2017) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998).

The *Faragher-Ellerth* defense was properly raised by the County as applicable to Plaintiffs' Title VII discrimination and hostile work environment claims. Contrary to Plaintiffs' unsupported assertion in the 19-page missive, it does not apply to retaliation claims under Title VII. *Turner v. City of Philadelphia*, No. CV 16-4476, 2017 WL 3129622, at *10 (E.D. Pa. July 24, 2017) ("we find that the *Faragher-Ellerth* defense is inapplicable to Turner's Title VII claim of pure retaliation").

As applied to the discrimination and hostile work environment claim, the *Faragher-Ellerth* defense was raised by the County as to Doe 1's initial complaint in May 2020. That is, there was a sexual harassment policy, and the Plaintiffs and Defendants were trained in that policy. While

Magistrate Judge Martin C. Carlson
Page 6
November 28, 2022

there were means to report alleged harassment and discrimination, the Plaintiffs failed to avail themselves of those opportunities. Upon learning of the complaint for the first time, the County launched an investigation which included Human Resources Director Deb Twigg and Defendant Assistant Solicitor (attorney) Roth. Twigg then issued a report. The report was produced in discovery.

Plaintiffs now make a broad-sweeping argument that Roth's participation in the investigation generally waives attorney-client privilege given the *Faragher-Ellerth* defense. However, the non-binding case law cited by Plaintiffs' from outside of this jurisdiction merely provides that attorney documents reflecting a pre-litigation investigation are subject to discovery. Importantly, such pre-litigation information has been produced by Defendants here and testimony from the Defendants on that investigation has been permitted. Indeed, Plaintiffs have not (and cannot) point to any part of the record which provides that testimony regarding Roth's involvement in the initial complaint investigation was improperly withheld given the scope of the defense raised. Specifically, Roth testified regarding the questions that were asked during the investigation, the information provided by the witnesses interviewed and the scope of the investigation. In that sense, Plaintiffs are raising a moot point.

It is also important to note that Plaintiffs' overreaching argument applies only to pre-litigation investigations involving an attorney. It does not apply when an investigation was conducted in anticipation of continued litigation or when the parties are already adverse. *Walker v. County of Contra Costa*, 227 F.R.D. 529, 535 (N.D.Cal.2005). Relative to requests connected to

Magistrate Judge Martin C. Carlson
Page 7
November 28, 2022

reports from Eckert Seamans, such information relates to that firms' involvement in investigating Doe 3 and Doe 4's improper use of Lexis Nexis and their employment suspension stemming from the same. This occurred in 2021, well after this lawsuit was initiated by Plaintiffs. As previously indicated, allegations regarding Doe 3 and Doe 4's suspension stemming from the improper LexisNexis use relate to Plaintiffs' claims of retaliation. The *Faragher-Ellerth* defense was not (and cannot) be raised by the County as to these claims. That is, the County is not relying on the sufficiency of an investigation performed by Eckert Seamans in making its employment decisions relative to Doe 3 and Doe 4. Instead, the County is relying upon the underlying facts - that Doe 3 and Doe 4 took inappropriate actions when making unlawful searches through Lexis Nexis - in making determinations regarding their employment. No lawful basis entitles Plaintiffs to the protected information.

These Defendants, therefore, ask the court to confirm its prior ruling from the Zula deposition and not to permit further expansion of the issues sought to be reviewed. Notwithstanding, if the Court finds that the issues raised in Plaintiffs' November 18 letter are ripe

Magistrate Judge Martin C. Carlson
Page 8
November 28, 2022

for review at this stage, these defendants seek additional time to address the random and differing scenarios identified, seeking an additional twenty-one (21) days to respond.

Very truly yours,

*[signature]*

MARIE MILIE JONES

Counsel for Defendants,
SCHUYLKILL COUNTY, GARY BENDER and
HEIDI ZULA

MMJ/bac
Enclosure

cc:   All Counsel of Record (w/encl.) – VIA Email

# EXHIBIT A

# (TO BE FILED UNDER SEAL)