IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (Scranton)

| | |
|---|---|
| JANE DOE, et al.,<br><br>　　　　Plaintiffs,<br><br>and<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff-Intervenor,<br><br>v.<br><br>SCHUYLKILL COUNTY COURTHOUSE, et al.,<br><br>　　　　Defendants. | CIVIL ACTION – LAW<br><br>No. 3:21-cv-00477-MCC<br><br>MAGISTRATE JUDGE MARTIN C. CARLSON<br><br>*Electronically Filed*<br><br><br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS SCHUYLKILL COUNTY, GARY BENDER AND HEIDI ZULA'S MOTION TO COMPEL PLAINTIFFS TO SEQUESTER, RETURN AND/OR DESTROY INADVERTENTLY PRODUCED MATERIAL**

AND NOW, come Defendants, SCHUYLKILL COUNTY, GARY BENDER and HEIDI ZULA, by and through their undersigned counsel, JonesPassodelis, PLLC, and file the within Motion to Compel Plaintiffs to Sequester, Return and/or Destroy Inadvertently Produced Material, pursuant to ECF No. 157, as follows:

　　　　1.　　In Response to Plaintiffs' Request for Documents, Defendant Zula produced nearly 4,000 documents. Throughout the course of that production, hundreds of documents were withheld on the basis of attorney-client privilege. A privilege log setting forth the same was provided to Plaintiffs' counsel. Three pages bates labeled Zula RFP 390 and Zula RFP 784-85 contain attorney-client communications and were inadvertently produced.

2. During the October 19, 2022 deposition of Heidi Zula, Plaintiff's counsel sought to use Zula RFP 390, and it was marked as deposition Exhibit 120. During the deposition of Heidi Zula on October 20, 2022, Plaintiffs' counsel sought to use Zula RFP 784-85, and it was marked as deposition Exhibit 149. These documents include two emails with the County's outside labor counsel.

3. It was during that deposition that the inadvertent disclosure was first realized.

4. Counsel for Defendant Zula immediately called out the issue on the record. *See* Exhibit A (Zula 10/19/22 Deposition Transcript) and Exhibit B (Zula 10/20/22 Deposition Transcript).

5. During discussions with the Department of Justice attorneys, before their dismissal from the case, it was learned that the Department of Justice sought to use deposition Exhibit 120. As such, counsel for these Defendants issued a formal clawback letter on November 30, 2022 relating to Zula RFP 390 and Zula RFP 784-85 pursuant to the Court's Order (ECF No. 157) relating to Federal Rule of Evidence 502(d). *See* Exhibit C (Letter dated 11/30/22). The Department of Justice attorneys agreed not to use the document subject to the claw back letter at that time but preserved the issue to the extent they believed the communication may not be privileged. The issue of promptness was not raised at that time.

6. Thereafter, on December 12, 2022, the Department of Justice attorneys issued a response to the clawback letter dated November 30, 2022 objecting to the same on the basis that the clawback was untimely. That is, the DOJ did not consider the discussion on the record at the Zula deposition to constitute a proper clawback and, therefore, formal efforts made in

the letter of November 30, 2022 was not considered by the DOJ as a prompt claw back. *See* Exhibit D (Letter from DOJ dated 12/12/22).

7. Counsel for these Defendants and the Department of Justice engaged in meet and confer discussions on the issue. As part of the meet and confer process, counsel for these Defendants and the DOJ agreed that only a portion of the email chain set forth at Exhibit 149 was subject to the attorney-client privilege. As such, counsel for these Defendants provided all parties with an updated Exhibit 149 in which the attorney-client privilege portion of the email chain was redacted. See Exhibit E (Position email and redacted Exhibit 149.)

8. However, counsel for these Defendants and the DOJ agreed to table the claw back discussion in light of the upcoming mediation between the parties. All counsel in the case agreed that counsel for these Defendants was not under an obligation to move the Court on the issue at that time. The Department of Justice is no longer participating in the case.

9. Plaintiffs' counsel, via a February 9, 2023 letter, is now seeking to piggy back off the efforts of the Department of Justice to raise an issue she has not properly preserved. See Exhibit F.

10. Nevertheless, the sole issue before the Court on this matter relates to the timeliness of the clawback of Zula RFP 390 and Zula RFP 784-85.

11. A party claiming waiver has the burden of proof as to waiver. *Sampson v. Sch. Dist. of Lancaster,* 2008 WL 4822023, at *8 (E.D.Pa.2008) (citing *Martin Marietta Materials, Inc. v. Bedford Reinforced Plastics, Inc.,* 227 F.R.D. 382, 390 (W.D.Pa.2005)). Plaintiffs have not met this burden.

12. These Defendants maintain that the clawback on the record during the deposition of Heidi Zula was sufficient.

13. The caselaw cited in the DOJ's letter and merely copied by Plaintiffs' counsel in her letter, includes a citation to *Stewart Title Guard. Co. v. Owlett & Lewis, P.C.*, 297 F.R.D. 232, 242 (M.D. Pa. 2013) for the proposition that because counsel did not seek to address inadvertent disclosure during the deposition where they learned of the disclosure, a waiver occurred. This case is factually inapplicable. The facts here differ to the extent the documents at issue in *Stewart* relate to confidential mediation documents, not attorney client communication, and here, counsel for these Defendants immediately raised clawing back the document on the basis of privilege during the deposition. Further, counsel for Zula took steps to ensure Zula did not answer questions about attorney-client communications during said deposition.

14. Counsel clearly put the parties on notice of the issue, even if the forcefulness of the objection of the objection is in dispute.

15. No party could argue that these few pages were called out by these Defendants as being the subject of the clawback issue on the very day they were identified as inadvertently produced.

16. A formal claw back letter was issued on November 30, 2022. It was issued approximately 5 weeks following the deposition of Heidi Zula. This five-week period is appropriately deemed prompt. *In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, 2021 WL 2587784 (D.N.J. June 24, 2021) (claw back within 4 weeks of the discovery of the inadvertent disclosure is prompt).

17. Further, Plaintiffs' characterization of the Defendants' clawback letter as not prompt does not take into account the state of the litigation at the time. During the five weeks between October 21, 2022 and November 30, 2022, the parties participated in six days of deposition, including multiple day depositions of Defendants George Halcovage and Gary Bender, plus travel time. Counsel was engaged in extensive discovery disputes with the DOJ relating to written discovery which involved multiple meet and confer sessions, follow-up discussions with counsel, the additional gathering of documents and information, hiring of third party vendors and the review of thousands of emails. Frankly, counsel for these Defendants and their office spent over 363 billable hours during this time frame dealing with issues relating to this case. Given efforts of counsel during this time period, it should not be found that the claw back letter dated November 30, 2022 was not promptly issued. *Rhoads Indus., Inc. v. Bldg. Materials Corp. of Am.,* 254 F.R.D. 216 (E.D. Pa. 2008). Indeed, professional courtesy should have dictated that this time frame was not due t any dilatory reason.

18. During this litigation, over 15,000 emails and documents have been produced by these Defendants and thousands more have been reviewed. The extent to which a few attorney-client emails were inadvertently produced and were clawed back on the record when their disclosure was discovered during a deposition with the clawback formalized via a letter five weeks later should not be a basis for finding a waiver of attorney-client privilege.

19. Therefore, in light of the efforts taken by counsel to clawback the inadvertently produced documents, these Defendants seek a Court Order compelling Plaintiffs to sequester, return and/or destroy inadvertently produced documents Bates labeled Zula RFP 390 and Zula

RFP 784-85 and provide a certification that they will cease further review, dissemination and use of those documents.

20. Undersigned counsel certifies that she sought concurrence from Plaintiffs' counsel in accordance with the Local Rules and the Federal Rules of Civil Procedure.

Respectfully submitted,

JONESPASSODELIS, PLLC

By: s/Maria N. Pipak
    MARIA N. PIPAK, Esquire
    PA I.D. #317450
    E-Mail: mpipak@jonespassodelis.com

    MARIE MILIE JONES, Esquire
    PA I.D. #49711
    E-Mail: mjones@jonespassodelis.com

    MICHAEL R. LETTRICH, Esquire
    PA I.D. #80635
    E-Mail: mlettrich@jonespassodelis.com

    Gulf Tower, Suite 3410
    707 Grant Street
    Pittsburgh, PA  15219
    Phone: (412) 315-7272
    Fax: (412) 315-7273

    Counsel for Defendants,
    SCHUYLKILL COUNTY, GARY BENDER and
    HEIDI ZULA

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served upon the following counsel of record via the ECF electronic filing system:

Catherine W. Smith, Esquire
Derek Smith Law Group, PLLC
1835 Market Street, Suite 2950
Philadelphia, PA 19103
catherine@dereksmithlaw.com
*Counsel for Plaintiffs*

Gerard J. Geiger, Esquire
Newman Williams
712 Monroe Street
Stroudsburg, PA 18360
ggeiger@newmanwilliams.com
*Counsel for Defendant, George Halcovage*

Paul Gregory Lees, Esquire
Dickie, McCamey & Chilcote, P.C.
190 Brodhead Road, Suite 310
Bethlehem, PA 18017
plees@dmclaw.com
*Counsel for Defendant, Doreen Kutzler*

Meghan Wynkoop, Esquire
Jocelyn Mendez, Esquire
Margolis Edelstein
170 S. Independence Mall W., Suite 400E
Philadelphia, PA 19106-3337
mwynkoop@margolisedelstein.com
jmendez@margolisedelstein.com
*Counsel for Defendant, Glenn Roth*

JONESPASSODELIS, PLLC

Date:  February 23, 2023

s/Maria N. Pipak
MARIA N. PIPAK, Esquire
MARIE MILIE JONES, Esquire
MICHAEL R. LETTRICH, Esquire

Counsel for Defendants,
SCHUYLKILL COUNTY, GARY BENDER and HEIDI ZULA

{W0280649.1}