**NEWMAN | WILLIAMS**
A PROFESSIONAL CORPORATION

BY: GERARD J. GEIGER, ESQUIRE                    Attorney for Defendant George Halcovage
IDENTIFICATION NO. 44099
LAW OFFICES
712 MONROE STREET
P.O. BOX 511
STROUDSBURG, PA 18360-0511
(570) 421-9090 (voice)
(570) 424-9739 (fax)
ggeiger@newmanwilliams.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, et al.<br>      Plaintiffs<br><br>v.<br><br>SCHUYLKILL COUNTY<br>COURTHOUSE, et al.,<br>      Defendants | No. 3:21-cv-00477<br><br>Jury Trial Demanded. |

## Brief in Opposition to Plaintiffs' Motion For Contempt and Sanctions (Doc. No. 200).

### I.   Procedural History

On February 14, 2022, plaintiffs filed a motion to hold defendant Halcovage and his attorney in civil contempt, claiming that Halcovage revealed deposition testimony to Paul Straka at a funeral. (Doc. No. 200).

Concurrently with this brief, Halcovage and his counsel responded to the motion.

1

## II. Facts

The plaintiffs accuse Commissioner Halcovage of revealing testimony he heard at a deposition of the Doe plaintiffs. Allegedly, Halcovage told Paul Straka at a funeral that he was accused at a deposition of using County-owned supplies in his insurance business.

In support of this claim, plaintiffs offer hearsay testimony from plaintiffs' attorney's paralegal about what Straka told her in a phone interview. Straka refused to sign the affidavit proffered by the paralegal. Plaintiffs also offer the declaration of Jane Doe 4 about what she also heard Straka say.

In contrast, plaintiffs' counsel questioned Halcovage under oath at his deposition about his conversations with Straka. Halcovage said he spoke to Straka about his use of County supplies but never told him that the source of the claim was deposition testimony. Thus, the evidence before the court are hearsay statements versus Halcovage's sworn testimony.

Finally, and without offering any evidence to support their charge, the plaintiffs also demanded that Halcovage's lawyer be held in contempt.

Plaintiffs have since withdrawn this claim against defense counsel in an email representation to defense counsel, which we have attached to our response to the contempt petition. *See* Answer to Contempt Petition,

exhibit A, p. 001. However, at this time, they have not withdrawn the claim in writing on the record.

**III.  Issue**

Whether the Court should find that George Halcovage revealed deposition testimony subject to a confidentiality order, hold him in civil contempt, and order him to pay plaintiffs' counsel fees?[1]

**IV.  Argument**

A finding of civil contempt and its associated penalty is within the discretion of the court. The standard for deciding on contempt is clear and convincing evidence which plaintiffs fail to meet because they offer nothing but hearsay evidence.

Briefly, here are the standards that control.

Civil contempt is remedial in nature and is intended to coerce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191, 69 S. Ct. 497, 93 L. Ed. 599 (1949) (citations omitted). The plaintiffs must prove defendant's contempt by clear and

---

[1] Plaintiffs have not stated the amount of counsel fees they seek.

convincing evidence. *Schauffler v. Local 1291*, 292 F.2d 182, 189 (3d Cir. 1961); see also *Robin Woods Inc. v. Woods*, 28 F.3d 396, 399 (3d Cir. 1994) (providing that a finding of contempt must rest on clear and convincing evidence). Mere preponderance of the evidence is insufficient. Id. at 189-90; *Square D Co. v. Scott Elec. Co.*, Civil Action No. 06-459, 2007 U.S. Dist. LEXIS 84297, at *13-15 (W.D. Pa. Nov. 14, 2007).

Plaintiffs fail to meet the clear and convincing standard of proof because they offer this court only hearsay evidence from witness Paul Straka, who was unwilling to testify under oath about his conversation with Mr. Halcovage.

Hearsay is "a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Hearsay evidence is generally inadmissible at trial unless otherwise provided by statute, the Federal Rules of Evidence, or other rules prescribed by the United States Supreme Court. Fed. R. Evid. 802.

No hearsay exception applies to the statements of this uncooperative witness.[2] Furthermore, the inadmissible hearsay statement is contradicted by the sworn testimony of Mr. Halcovage who testified that he never

---

[2] Hearsay exceptions are listed in U.S.C. Fed Rules Evid R 803.

4

revealed to Straka that his question about County-owned supplies was the subject of deposition testimony.

Finally, the fears expressed by the plaintiffs in their motion of having their identities revealed are melodramatic considering press and blog accounts that have identified two Jane Does and their team's continuing willingness to speak to the press.[3] Even the act of reaching out to Straka by Doe 4 necessarily revealed her identity.

Mr. Halcovage did not violate the confidentiality order and asks that the plaintiffs' motion be denied.

---

[3] A simple Google search reveals that Doe #3's and Doe #4's identities have been widely reported:
https://www.tnonline.com/20221209/mediation-requested-for-schuylkill-official-lawsuit/
https://coalregioncanary.com/2023/01/17/jane-doe-transfer-request-to-clerk-of-courts-office-taken-back/
https://www.tnonline.com/20220310/schuylkill-commissioners-split-on-firings-contract-with-credit-protection/
https://www.tnonline.com/20220922/schuylkill-clerk-hires-women-in-lawsuit/
https://localtoday.news/pa/the-halcovage-federal-case-is-ongoing-51932.html
https://coalregioncanary.com/2021/11/04/schuylkill-county-commissioners-tried-to-fire-jane-doe-plaintiffs-over-computer-searches/

V.   Conclusion

Defendant Halcovage and his counsel ask that the court deny the plaintiffs' motion for sanctions.

NEWMAN|WILLIAMS

By: _____
Gerard J. Geiger, Esq.
Attorney I.D. # PA44099

Date: February 28, 2023

## Certificate of Service

I hereby certify that on this date, all counsel of record were served via ECF.

NEWMAN|WILLIAMS

By: _____
Gerard J. Geiger, Esq.
Attorney I.D. # PA44099

Date: February 28, 2023