IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JANE DOE, et al.,** | : | Civil No. 3:21-CV-477 |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **SCHUYLKILL COUNTY** | : | |
| **COURTHOUSE, et al.,** | : | |
| | : | |
| **Defendants** | : | |

**MEMORANDUM AND ORDER**

I.   **Factual and Procedural Background**

This case presents allegations of workplace misconduct at the Schuylkill County Courthouse involving alleged sexual harassment, assault, and predation coupled with assertions of official indifference to the plight of the alleged victims of this workplace violence and retaliation against those who raised workplace sexual harassment concerns. The parties are now engaged in a somewhat contentious course of discovery aimed at evaluating the evidence relating to these allegations.

In the course of this ongoing discovery, a question has arisen regarding the prior employment records of one of the plaintiffs, Jane Doe 2. As outlined in the correspondence of counsel (Doc. 204), prior to her employment with the county, Jane Doe 2 worked for a medical provider from 2007 through 2013. The defendants have

1

now subpoenaed Jane Doe 2's employment records from this prior job, an action which has inspired an objection from the plaintiffs and has led the parties to submit their dispute to this court. (Id.)

As to this subpoena, the parties' positions can be simply stated. From the plaintiff's perspective:

> Defendants have yet to meet their initial burden of articulating how Plaintiff Doe 2's employment file from her previous employer is relevant to any of Defendant SC's defenses. Furthermore, Rule 45(c)(3)(A) authorizes a court to quash or modify a subpoena if it requires disclosure of privileged or other protected matter, Fed. R. Civ. Pro. 45, if it risks "unfair prejudice to persons who are the subject of a subpoena's commands"[.]

(Id. at 2).

In contrast, the defendants view the issues of relevance and prejudice in an entirely different light, arguing that:

> Doe 2's PrimeCare employment records are relevant in this employment action. A summary of evidence in this case from witnesses including Doe 2 is that she resigned from her position with PrimeCare in lieu of termination on the basis that medication was missing and/or persons she supervised were involved in an issue with taking medications. Also, there has been testimony that Doe 2 was wrongfully accused of drug abuse, which she claims was not true, but is contradicted by other witnesses. In general, her credibility as a party is always at issue. Further, more recently, the psychological report provided of Dr. Dawn Sheehan of Doe 2 recounts her employment history as part of her assessment of Doe 2. That report includes specific references that Doe 2 reported that "[S]he worked as a nursing supervisor at Schuylkill County prison from 2006 until 2012, where she reportedly rectified deficiencies after a failed accreditation and was asked to assist at other

2

facilities. She was highly regarded in this position but was unhappy with the perpetual on-call schedule and working with the inmate population. She reportedly left on good terms." In addition, the report includes that the examiner felt Doe 2 "approached the evaluation in an open, honest, and genuine manner." The employment records of Doe 2 are certainly relevant to findings made by this expert as they could contradict statements of Doe 2, not to mention bear on how she was perceived by the expert, which could impact those conclusions.

(Id.)

With the parties' competing positions cast in this fashion, upon consideration of this discovery dispute for the reasons set forth below, we will order that this subpoena may issue provided that its scope is limited to disciplinary matters, performance evaluations, the discharge or resignation of Jane Doe 2, and any investigations into workplace misconduct at her prior employment, and will direct that any subpoenaed materials will be treated as confidential in accordance with the prior orders of this court.

**II.  <u>Discussion</u>**

The legal principles which govern this discovery dispute are familiar ones. At the outset, the scope of what type of discovery may be compelled is defined by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides that:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

> discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P., Rule 26(b)(1).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Therefore, a court's decisions regarding the conduct of discovery, will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). Likewise, discovery sanction decisions rest in the sound discretion of the court. Grider v. Keystone Health Plan Cent., Inc., 580 F.3d 119, 134 (3d Cir. 2009). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D. N.J. 1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an

abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing Scott Paper Co. v. United States, 943 F. Supp. 501, 502 (E.D. Pa. 1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y. 1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This broad discretion, however, is guided by certain general principles. At the outset, when considering a request to quash or modify a subpoena we are enjoined to keep in mind that the reach of a subpoena is defined by the proper scope of discovery in civil litigation. As one court aptly observed:

> Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure authorizes a court to quash or modify a subpoena that subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A)(iv), . . .; see Composition Roofers Union Local 30 Welfare Trust Fund v. Graveley Roofing Enter., 160 F.R.D. 70, 72 (E.D. Pa. 1995) (Joyner, J.) (stating same). Accordingly, a court may quash or modify a subpoena if it finds that the movant has met the heavy burden of establishing that compliance with the subpoena would be "unreasonable and oppressive." Id. (citing Heat & Control, Inc. v. Hester Indus., 785 F.2d 1017, 1023 (Fed. Cir. 1986)). [However, when assessing a motion to quash we must also consider the fact that] Rule 26(b)(1) provides that discovery need not be confined to matters of admissible evidence but may encompass that which "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

5

Wright v. Montgomery County, No. 96-4597, 1998 WL 848107, *2 (E.D. Pa. Dec. 4, 1998). Thus, in ruling upon a motion to quash, "this court is required to apply the balancing standards-relevance, need, confidentiality and harm. And even if the information sought is relevant, discovery is not allowed where no need is shown, or where compliance is unduly burdensome, or where the potential harm caused by production outweighs the benefit." Mannington Mills, Inc. v. Armstrong World Indus., Inc., 206 F.R.D. 525, 529 (D. Del. 2002). See R.D. v. Shohola Camp Ground & Resort, No. 3:16-CV-1056, 2017 WL 1550034, at *3 (M.D. Pa. May 1, 2017).

In this case, as we understand it, the defense seeks these prior employment records of Jane Doe 2 primarily for impeachment purposes arguing that such discovery is permissible in a case where witness credibility will be crucial at trial. We agree that this is a valid basis for seeking discovery. Indeed, we note that:

> witness impeachment is a time-honored basis for discovery, as held long ago in Hickman v. Taylor, 329 U.S. 495, 511, 67 S.Ct. 385, 91 L.Ed. 451 (1947) (non-privileged information in attorney's files is discoverable because "[s]uch written statements and documents . . . might be useful for purposes of impeachment or corroboration"); see also Wright, Miller, & Marcus, Federal Practice and Procedure, Civil 2d § 2015 ("Discovery is commonly allowed in which the discovering party seeks information with which to impeach witnesses for the opposition").

Neuberger & Scott v. Shapiro, 196 F.R.D. 286, 287 (E.D. Pa. 2000). The defense proffer provides a valid basis for seeking this information since it may shed light on the credibility of this plaintiff. Therefore, while we hasten to note that we are not

6

ruling upon the ultimate scope of any impeachment evidence at trial, at this juncture, where for discovery purposes information need not be admissible in evidence to be discoverable we find that the defendants have met their threshold burden of showing the potential relevance of this subpoenaed material.

Finding that the discovery rules' relevance requirement has been satisfied here, we recognize that discovery of these personnel records implicate privacy concerns for Jane Doe 2. We believe, however, that these privacy concerns can be accommodated in two ways. First, we will narrow the scope of the subpoena, which calls for the production of all of Jane Doe 2's employment records from 2007-2012. As we construe it, the defendants' proffer of relevance relates to disciplinary matters, performance evaluations, the discharge or resignation of Jane Doe 2, and any investigations into workplace misconduct. Therefore, we will limit the scope of the subpoena to these matters. In addition, it will be ordered that any subpoenaed materials will be treated as confidential in accordance with the prior orders of this court. Through these means, we will reconcile the considerations of potential relevance with understandable and legitimate concerns of personal privacy.

An appropriate order follows.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

DATED: March 30, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JANE DOE, et al.,** | : | **Civil No. 3:21-CV-477** |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **SCHUYLKILL COUNTY** | : | |
| **COURTHOUSE, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW this 30th day of March 2023, in accordance with the accompanying memorandum, upon consideration of the discovery dispute outlined in the correspondence of counsel (Doc. 204), regarding a proposed subpoena for the prior employer of Jane Doe 2 IT IS ORDERED that the subpoena may issue provided that its scope is limited to disciplinary matters, performance evaluations, the discharge or resignation of Jane Doe 2, and any investigations into workplace misconduct at her prior employment. IT IS FURTHER ORDERED that any subpoenaed materials will be treated as confidential in accordance with the prior orders of this court.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
