**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JANE DOE, et al.,** | : | Civil No. 3:21-CV-477 |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **SCHUYLKILL COUNTY** | : | |
| **COURTHOUSE, et al.,** | : | |
| | : | |
| **Defendants** | : | |

**MEMORANDUM AND ORDER**

## I.    Factual and Procedural Background

This case presents allegations of workplace misconduct at the Schuylkill County Courthouse involving alleged sexual harassment, assault, and predation coupled with assertions of official indifference to the plight of the alleged victims of this workplace violence and retaliation against those who raised workplace sexual harassment concerns. The parties are now engaged in a somewhat contentious course of discovery aimed at evaluating the evidence relating to these allegations.

As part of this discovery process, the defendants have filed a motion to sequester, return, or destroy inadvertently disclosed material. (Doc. 202). This motion highlights two basic attributes of the litigation process: the protections afforded to the attorney-client privilege and the fallibility of the human condition. In the course

of this ongoing discovery, the defendants indicate that they have produced approximately 4,000 documents, including some 15,000 emails and other related materials. It is also uncontested that the defense engaged in an extensive privilege review which resulted in the production of a 37-page privilege log. Nonetheless, given the volume of this discovery, and the time constraints under which it has been produced, it is hardly surprising that an occasional inadvertent disclosure of information might take place.

And so it has. On October 19, 2022, in the course of a deposition of Defendant Heidi Zula, the deponent was shown three pages of materials Bates stamped Zula RFP 390 and Zula RFP 784-85. The transcript of the deposition clearly shows that defense counsel was caught unawares by the reference to these documents. Indeed, counsel acknowledged that this was the first counsel had seen the documents. Defense counsel also indicated that the documents, which included communications with counsel on some personnel matters, might be cloaked in attorney-client privilege, and forbade questioning concerning advice solicited or received but permitted limited questioning to proceed notwithstanding the stated privilege concerns. (Doc. 202, Exs. A and B).

Upon further reflection, some five weeks later on November 30, 2022, defense counsel reiterated their concern that these three pages of material constituted privileged records and sought to clawback these documents pursuant to Rule 502(d)

of the Federal Rules of Evidence. (Id., Ex. C). The plaintiffs have resisted these clawback requests insisting that the defense failed to act promptly, as required by Rule 502, before making this clawback demand.

Given this impasse between the parties, the defense has filed the instant motion to have these three inadvertently disclosed pages of material sequestered or destroyed. This motion is fully briefed by the parties and is ripe for resolution. For the reasons set forth below, the motion will be granted.

## II.    <u>Discussion</u>

Rule 502 of the Federal Rules of Evidence governs this particular discovery dispute. That rule enshrines legal protections to attorney-client privileged materials, while recognizing that inadvertent disclosure of privileged matters may occur. Accordingly, the rule prescribes a process for recovering, or clawing back, privileged matters that may be inadvertently disclosed.

In pertinent part the rule provides as follows:

The following provisions apply, in the circumstances set out, to disclosure of a communication or information covered by the attorney-client privilege or work-product protection.

**(a) Disclosure Made in a Federal Proceeding or to a Federal Office or Agency; Scope of a Waiver.** When the disclosure is made in a federal proceeding or to a federal office or agency and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a federal or state proceeding only if:

**(1)** the waiver is intentional;
**(2)** the disclosed and undisclosed communications or information concern the same subject matter; and
**(3)** they ought in fairness to be considered together.

**(b) Inadvertent Disclosure.** When made in a federal proceeding or to a federal office or agency, the disclosure does not operate as a waiver in a federal or state proceeding if:

**(1)** the disclosure is inadvertent;
**(2)** the holder of the privilege or protection took reasonable steps to prevent disclosure; and
**(3)** the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**(d) Controlling Effect of a Court Order.** A federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court--in which event the disclosure is also not a waiver in any other federal or state proceeding.

Fed. R. Evid. 502.

Thus, Rule 502 strikes a fundamental balance between protecting privileged information and litigants' rights to use information that is disclosed in discovery. As part of this balance:

[I]n accordance with the Rule, inadvertent disclosure does not constitute a waiver of the attorney-client privilege if: (1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error in accordance with the rule. Gloucester Twp. Hous. Auth. v. Franklin Square Assocs., 38 F. Supp. 3d 492, 496 (D.N.J. 2014). The disclosing party has the burden to prove that the elements of Rule 502(b) have been met. See Smith v. Allstate Ins. Co., 912 F.

4

Supp. 2d 242, 247 (W.D. Pa 2012), citing <u>Rhoades v. Young Women's Christian Ass'n of Greater Pittsburgh</u>, No. CIV. A. 09-261, 2009 WL 3319820, at *2 (W.D. Pa. Oct. 14, 2009).

In terms of this Circuit, courts also consider certain factors in determining whether a party's disclosure waived privilege. That is:

> (1) the "precautions taken to prevent inadvertent disclosure" given the extent of document production;
> (2) the quantity of inadvertent disclosures;
> (3) the "extent of the disclosure";
> (4) the extent of "any delay" and "measures taken to rectify the disclosure[;]" and
> (5) any "overriding interests of justice[.]"

<u>In re Valeant Pharms. Int'l, Inc. Sec. Litig.</u>, No. 315CV07658MASLHG, 2021 WL 2587784, at *14 (D.N.J. June 24, 2021).

In this case, as in many clawback disputes, the principal issue is whether the moving party acted promptly in seeking the return of privileged material. On this score, a party seeking to clawback records must show that they acted reasonably and in this regard: " 'As soon as reasonably possible' simply means 'within a reasonable time under all of the circumstances.' " <u>Rice v. Electrolux Home Prod., Inc.</u>, No. 4:15-CV-00371, 2017 WL 83320, at *1 (M.D. Pa. Jan. 10, 2017) (quoting <u>Ajnoha v. JC Penney Life Ins. Co.</u>, 480 F. Supp. 2d 663, 671 (E.D.N.Y. 2007) and citing <u>N.Y. Univ. v. First Fin. Ins. Co.</u>, 322 F.3d 750, 754 (2d Cir. 2003) (" '[A]s soon as is reasonably possible' is a question of fact which depends on all the facts and circumstances, especially the length of and the reason for the delay")).

Applying these guideposts to the instant case, we first conclude that the 3 pages at issue here appear to be documents that are entitled to privilege protection since they entail communications with counsel relating to human relations matters. Additionally, we find that the defense has taken reasonable steps to avoid disclosure of privileged materials given the extent of the document production undertaken here. Indeed, the defense asserts, without contradiction, that it has produced some 15,000 emails and documents, yet this privilege dispute is confined to 3 pages of materials. Further, the defense engaged in an extensive privilege review which resulted in the production of a 37-page privilege log. Thus, the volume of the discovery disclosures, the nature of the privilege review, and the very limited scope of the alleged release of privileged information all weigh in favor of the defendants' request. Further, it is entirely undisputed that the release of these 3 pages of material was inadvertent. Therefore, the pivotal issue before us is whether the defense has acted promptly in endeavoring to claw back these 3 pages of material.

On this score, the parties have each urged us to consider what they describe as analogous cases. However, given the very fact-specific nature of this reasonableness inquiry which simply means "within a reasonable time under all of the circumstances," Rice, 2017 WL 83320, at *1, these competing cases have only limited probative value is assessing this particular clawback dispute.

Upon consideration, we conclude that, while the defense conduct approaches the outer reaches of what may be considered prompt, that they have acted with sufficient alacrity to be entitled to clawback these 3 pages of material. In this regard, we note that it is evident that defense counsel was surprised to learn of this inadvertent disclosure on October 19 and 20, 2022, when the disclosure first came to light during the deposition of Heidi Zula. Nonetheless, while caught off guard, counsel took steps to identify the information as potentially privileged, limited use of the information in the deposition, and lodged general objections. These steps, which were taken contemporaneously with the deposition, placed all parties on notice that there had been a potential inadvertent disclosure of privileged information.

While there was then a five-week delay in formally seeking to clawback this material, that delay must be viewed in the context of an extremely active discovery and litigation schedule for all parties. In fact, defense counsel has asserted, without contradiction, that they devoted more than 360 hours to this litigation during this five-week period, an average of more than 70 hours per week. Given the competing exigencies of this discovery litigation, we find that the defense formal clawback notice which was issued on November 30, 2022 was reasonably prompt. Compare In re Valeant Pharms. Int'l, Inc. Sec. Litig., 2021 WL 2587784, at *14 (two month delay, not prompt); Wise v. Washington Cnty., No. CIV.A. 10-1677, 2013 WL 4829227, at *3 (W.D. Pa. Sept. 10, 2013) (18 month delay not prompt) with Bayliss v. New Jersey

State Police, No. CIV.A. 11-890 MLC, 2014 WL 4657304, at \*9 (D.N.J. Sept. 17, 2014), aff'd, 622 F. App'x 182 (3d Cir. 2015) (ten week delay, held prompt). Finally, as we consider the competing interests of justice, we find that permitting this very narrow and specific clawback of privileged material does not result in any undue or unfair prejudice to the plaintiffs which would outweigh the defense interest in vindicated their claims of privilege.

Having found that the defense has carried its burden of proof under Rule 502 and is thus entitled to clawback these 3 pages of documents, this motion to sequester, return, or destroy inadvertently disclosed material, (Doc. 202), will be granted.

An appropriate order follows.

_S/ Martin C. Carlson_
Martin C. Carlson
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JANE DOE, et al.,** | : | **Civil No. 3:21-CV-477** |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **SCHUYLKILL COUNTY** | : | |
| **COURTHOUSE, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 3d day of April, 2023 in accordance with the accompanying Memorandum Opinion, IT IS ORDERED that the motion to sequester, return, or destroy inadvertently disclosed material, (Doc. 202), is GRANTED.

_S/ Martin C. Carlson_
Martin C. Carlson
United States Magistrate Judge