UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, et. al.<br>　　Plaintiff,<br><br><br>　　　　　v.<br><br><br><br>SCHUYLKILL COUNTY, et. al.<br>　　Defendants. | Civil Docket No: 3:21-CV-00477 |

**PLAINTIFFS' RESPONSE IN OPPOSITION
TO DEFENSE'S JOINT MOTION FOR EXTENSION OF
TIME TO FILE MOTIONS FOR SUMMARY JUDGMENT**

Plaintiffs, Jane Doe, Jane Doe 2, Jane Doe 3, and Jane Doe 4 (hereinafter "Plaintiffs"), submit this Response in Opposition to Defense's Joint Motion for Extension of Time to File Motions for Summary Judgment. (DKT 231).

**I.    RESPONSE TO DEFENDANTS' ENUMERATED PARAGRAPHS**

1. Admitted.

2. Denied as stated.

    a. It is admitted that a brief extension of ten (10) days, from July 12, 2023, until July 22, 2022, was jointly sought and granted to allow the parties to fully engage in mediation which was scheduled before Magistrate Joseph Saporito on June 9, 2023.

3. Denied as stated.

    a.  It is admitted that the mediation took place with all parties participating in person. It is denied that all parties were engaged in discussion throughout the day.

    b.  Further, it is stated that Plaintiffs at the end of the day conveyed a revised demand which Defendants did not respond to.

4.  Denied as stated.

    a.  It is admitted that at the conclusion of the day, counsel for Plaintiffs and counsel for the County Defendants agreed to speak the following week about mediating again and even schedule an additional call with Magistrate Judge Saporito.

    b.  It is stated, during this conversation counsel for Plaintiffs advised counsel for the County Defendants that any agreement to extend any deadlines would be contingent upon Defendants making a revised offer in response to the Plaintiffs most recent revised demand.

5.  Denied as stated.

    a.  It is stated that, after those discussions mentioned above in paragraph 4, counsel for Plaintiffs spoke with the Plaintiffs and advised counsel for the County Defendants that the Plaintiffs declined to further mediate with Judge Saporito and that if any conversations regarding

settlement were to take place they would have to be through counsel or with the assistance of a Magistrate Judge of their selection.

   b. It is further stated that during these conversations, counsel for Plaintiffs advised counsel for the County Defendants that any agreement to extend any deadlines and to continue in settlement conversations would be contingent upon Defendants making a revised offer in response to the Plaintiffs most recent revised demand.

6. Denied as stated.

   a. It is admitted that during the week of June 12, 2023, communications between counsel and Magistrate Judge Saporito took place to address the scheduled call.

   b. It is stated that counsel for Plaintiffs advised Magistrate Judge Saporito's chambers, as she had advised all counsel for the Defendants, that the Plaintiffs did not wish to continue discussions with the assistance of Judge Saporito." *See* Exhibit A to Defendants' Motion (DKT 231-1). *See Also,* Exhibit A to Defendants' Motion (DKT 231-2).

   c. It is denied that Plaintiffs were unwilling to keep the call.

   d. It is stated that for this reason, counsel for Plaintiffs advised Judge Saporito's chambers they did not "believe that [the June 15, 2023]

teleconference was necessary. *See* Exhibit A to Defendants' Motion (DKT 231-1).

7. Denied.

    a. It is stated that since the end of the June 9, 2023, discussions with Judge Saporito, Plaintiffs have been adamant that any continued discussions would be contingent upon an revised offer from Defendants.

    b. It is further stated, in the emails relied upon and attached to Defendants' Motion as Exhibit B, counsel for Plaintiffs makes in unequivocally clear that any continued discussions and/or agreements for extensions would be dependent upon the offer and to date no revised offer has been made.

8. Denied as stated.

    a. In the emails relied upon and attached to Defendants' Motion as Exhibit B, counsel for Plaintiffs makes in unequivocally clear that any continued discussions and/or agreements for extensions would be dependent upon the offer and to date no revised offer has been made. Thus, any belief by counsel that the agreement to mediate with a new mediator would alleviate the need to move forward consistent with the

most recent Order regarding deadlines for Motions for Summary

Judgment (DKT 228) was misplaced.

9.  Denied as stated.

   a.  It is admitted that Defendants may feel that spending time and money

       in preparing Motions for Summary Judgment would not be useful in

       terms of the potential impact it may have on settlement.

   b.  It is denied that Plaintiffs feel the same.

   c.  It is further stated that Plaintiffs at this present time have no interest in

       continuing settlement discussions with Defendants.

10. Denied as stated.

   a.  Plaintiffs refer to their responses to the above paragraphs.

11. Denied as stated.

   a.  It is admitted that Defendants sought to utilize the mediation process

       for any further offers.

   b.  It is denied that such an approach was ever acceptable to Plaintiffs

       without a revised offer by Defendants.

   c.  It is further stated that given previous discussions with Defendants,

       Plaintiffs do not feel they are negotiating in good faith and thus do not

       wish to waste anymore of their time, that of this Honorable Court,

       and/or that of any Magistrate Judge.

12. Admitted that this is Defendants' request.

13. Admitted that this is Defendants' request.

14. Admitted.

15. Denied.

    a.  This matter was filed with the Court on March 16, 2021. (DKT 1).

    b.  Fact discovery in this matter conclude on February 13, 2023. (DKT 165).

    c.  Expert discovery concluded on May 15, 2023. (DKT 165).

    d.  None of the Defendants engaged in expert discovery (i.e., none of the Defendants produced an expert report or sought to depose any of the Plaintiffs' four experts).

    e.  Thus, Defendants have had since February 13, 2023 (126 days), to engage in discussions regarding resolution of this matter.

    f.  Two of the Plaintiffs remain on indefinite **unpaid** suspension approaching nearly two years.

    g.  One of the Plaintiffs, due to emotional distress caused by the events that are the basis for these claims, is unable to work her full-time hours and thus her finances are severely impacted.

## II.   <u>ARGUMENT</u>

Federal Rule of Civil Procedure 16(b) instructs that "[a] schedule may be modified only for **<u>good cause</u>** and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 318 (3d Cir. 2020). A critical factor in the Rule 16 "good cause" analysis is "the **<u>diligence</u>** of the party seeking the extension." Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendment; *see also Premier Comp Sols., LLC*, 970 F.3d at 319 ("[W]hether 'good cause' exists under Rule 16(b)(4) depends on part on a [parties] diligence."); *Hansen v. Speedway*, Civil Action No. 19-3174-KSM, 2021 WL 254555, at *2 (E.D. Pa. Jan 26, 2021). "Carelessness, or **<u>attorney error</u>**… is insufficient to constitute 'good cause' under Rule 16(b)." *Chancellor v. Pottsgove Sch. Dist.*, 501 F. Supp. 2d 695, 701-02 (E.D. Pa. 2007)(citations omitted); *see also Banks v. City of Philadelphia*, 309 F.R.D. 287, 290-91 (E.D. Pa. 2015); *Hazerci v. Tech. Ed. Servs., Inc.*, Civil Action No. 08-1092, 2009 WL 1515742 at *1 (E.D. Pa. May 29, 2009).

If Defendants, as they suggest, had wished to engage in settlement discussions and save on time and money to prepare their Motions for Summary Judgment they had since February 13, 2023, and arguably even before, to do so. Defendants failed to take advantage of that opportunity. In fact, no request for referral to a Magistrate Judge was made until May 1, 2023. *See* DKT 222.

7

Additionally, had Defendants believed that, in the event the June 9, 2023, conference with Judge Saporito was unsuccessful, additional time would be necessary to file their Motions for Summary Judgment, they could have filed a Motion for an Extension at that time. They failed to do so and rather, accepted an agreement to a ten (10) day extension. In fact, Counsel for Defendants were advised by counsel for Plaintiffs before scheduling with Judge Saporito, that any extension request would be opposed by Plaintiffs. Only after selecting a date for the conference with Judge Saporito, and due to the date being in such close time proximity to the deadline, did Plaintiffs agree to the Defendants' request for an extension of ten (10) days. However, it was made clear that all other extension requests would be opposed by Plaintiffs.

Finally, Plaintiffs have been waiting over two (2) years since the filing of this complaint for resolution of their claims. As this Honorable Court is aware, employment matters involve administrative events before litigation commences. It has been since August of 2020 since Plaintiffs filed their grievances with the EEOC. *See* DKT 1 at ¶ 5. Plaintiffs seek to move forward with the currently imposed deadlines so that an adjudication and closure be obtained for these four women.

## III.   CONCLUSION

For the aforementioned reasons, Plaintiffs respectfully request that Defense's

Joint Motion for Extension of Time to File Motions for Summary Judgment be

denied.

<div style="margin-left:40%;">

**DEREK SMITH LAW GROUP, PLLC**

*/s/ Catherine W. Smith, Esquire___*
CATHERINE W. SMITH, ESQUIRE
1835 Market Street, Suite 2950
Philadelphia, PA 19103
267-857-0832
catherine@dereksmithlaw.com
*Attorneys for Plaintiffs*

</div>

Dated: June 19, 2023