IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (Scranton)

| | |
|---|---|
| JANE DOE, et al., | CIVIL ACTION – LAW |
| Plaintiffs, | No. 3:21-cv-00477-DFB |
| v. | MAGISTRATE JUDGE DARYL F. BLOOM |
| SCHUYLKILL COUNTY COURTHOUSE, et al., | *Electronically Filed* |
| Defendants. | **Jury Trial Demanded** |

### REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANT HEIDI ZULA

There is relatively no dispute between the parties as to the law applicable to the claims before the Court. Zula's initial arguments on Summary Judgment focused on the specific element of each claim that requires Plaintiffs to demonstrate that Zula has supervisory authority over Plaintiffs or that Zula and not others took an adverse action against Plaintiffs to give rise to liability. In focusing on the crucial elements, it remains undisputed that Zula cannot be liable.

Instead, Plaintiffs attempt to broaden the scope of the determinations before the Court on each claim to try to bolster their arguments. Further, Plaintiffs' extraneous responsive documents attempt to manufacture a dispute of fact to survive summary judgment. This Honorable Court should not be persuaded by this tactic. As set forth below, the admissions made by Plaintiffs in their responsive filings demonstrate that Zula, as the County Human Resources Director, did not

{W0300356.1}

have the authority to nor did she engage in the purportedly discriminatory and retaliatory behavior alleged by Plaintiffs. Plaintiffs' response Brief, similar in content to Briefs filed in response to other Motions for Summary Judgment, is not persuasive when viewing the focused approach of Zula's arguments. As such, Summary Judgment for Heidi Zula is appropriate.

**1.    Plaintiffs' responsive documents do not create material questions of fact.**

In response to Zula's Motion for Summary Judgment, Plaintiffs filed a Brief in Opposition (ECF No. 279), a Response to Zula's Concise Statement of Material Facts (ECF No. 281) and an additional Statement of Undisputed Material Facts in Support of Plaintiffs' Brief in Opposition to Defendant Zula's Motion for Summary Judgment (ECF No. 280). Plaintiffs' approach of inundating the Court with gratuitous filings must be seen as an attempt to create questions of fact as to matters not relevant to Zula's concise positions.

Zula raised the impropriety of Plaintiff's additional Statement of Undisputed Material Facts (ECF No. 280) in her Motion to Strike and Brief in Support of Motion to Strike (ECF No. 295, 296). Here, it must also be noted that Plaintiff's Response to Zula's Concise Statement of Material Facts (ECF No. 281) is similarly improper.

Many of Plaintiffs' responses are styled as denials when, in fact, they go on to admit Defendant's averment.  This must be seen as an insincere attempt to create questions of fact when none exist.  For example, at paragraph 79, Zula avers:

> 79. Bergonzi determined that the comments made by Doe 3 and Doe 4 were unprofessional.

(Zula's Concise Statement of Material Facts (ECF No. 248 at ¶ 79.) In Plaintiffs' Response to Zula's Concise Statement of Material Facts, Plaintiffs responded as such:

> a. Denied as stated.
>
> b. It is admitted to Peter Bergonzi testified that the comments made by Doe 3 and Doe 4 were unprofessional.
>
> c. Peter Bergonzi also testified that "I determined that rather than a violation of policy, it was more of an inappropriate discussion that occurred," and "based on Mr. Alu coming in as a contractor and their first time interacting with him, it seemed to be in my mind, a miscommunication or – and not something that necessarily something that led to disciplinary action."
>
> d. Peter Bergonzi also testified that his investigation was of the incident between Doe 3, Doe 4, and Mr. Alu, he did not consider the facts and circumstances surrounding the plaintiffs' initial claim against Defendant SC, was not provided nor did he request a copy of the civil litigation, was not aware of the extent of the civil litigation against Defendant SC and Defendant SC officials, was not aware that at the time Defendant Zula was a named respondent in an EEOC Charge filed by Doe 3 and Doe 4, and had he known, he would have taken that into consideration.

(Plaintiffs' Response to Zula's Concise Statement of Material Facts (ECF No. 281 at ¶ 79.) Indeed, despite the denial, Plaintiffs' paragraph 79(b) admits the very averment as set forth by Zula at paragraph 79. Plaintiffs use this same maneuver throughout their pleading, *inter alia*, at paragraphs 12, 25, 30, 36, 41, 52, 53, 68, 78, 79, 84, 85, 88, 94, 95, 110, 114, 121.  In light of the same, these paragraphs by Zula should be deemed admitted. *See* Local Rule 56.

Further, throughout, Plaintiffs' responses set forth unrelated or irrelevant information in an attempt to avoid making a proper admission. For example, at Paragraph 10, Zula avers:

10.  Zula has no authority over what an elected official can do.

(Zula's Concise Statement of Material Facts (ECF No. 248 at ¶ 10.) Plaintiffs' response provides:

a. Denied as stated.

b. Defendant SC had a Sexual Harassment Policy (Policy Number 2005-18), which was in effect from September 25, 2013, until February 10, 2021, and includes language prohibiting retaliation against individuals who report sexual harassment. The policy states, "the County of Schuylkill is committed to vigorously enforcing its sexual harassment policy at all levels.  It further states, "The Director of Human Resources and/or the County Administrator will promptly investigate all corrective action, if any, within a reasonable period of time to the Board of Commissioners.  Per the Policy, the investigation must include, "[d]iscussing the allegations with the alleged harasser," "take corrective action," and periodically monitor "the relationship between the individuals."

c. Defendant Halcovage approved the implementation of this Policy35 and signed acknowledging that he "attended [Defendant SC's] Sexual Harassment Training" in Defendant SC's Commissioners' Board Room and that he received and read [Defendant SC's] Sexual Harassment Policy ...

d. Defendant SC modified the Sexual Harassment Policy (Policy 2005-18) on February 10, 2021.

e. The Policy was renamed the "Anti-Harassment and Non-Discrimination Policy" and similar to the September 2013 policy, encouraged employees, who believe their rights under the policy were violated, to report it. This policy however indicates that such reports were to be made to Defendant SC's EEO Officer which were the HR Director and Assistant Solicitor.

f. The revised Policy also states, "anyone who engages in hostile workplace harassment, including hostile workplace harassment as defined herein will be subjected to disciplinary action. Discipline can include termination of employment." It also states, "County officials who refuse to implement remedial measures, obstruct the remedial  discrimination, harassment or retaliation complainants or witnesses may be immediately disciplined up to and including termination of employment."

g. Defendant Halcovage approved the implementation of this Policy and signed acknowledging that he had "received, read, and reviewed a copy of [Defendant SC's] Anti-Harassment and Non-Discrimination Policy ..."

h. Defendant SC modified the Sexual Harassment Policy (Policy 2005-18) in May of 2021.

i. The relevant portions of this Policy are identical to the February 2021 Policy.

j. Nothing in any of Defendant SC's Policies regarding Sexual Harassment and/or Discrimination include language prohibiting the Defendant SC HR Director from disciplining a

>> Commissioner in the form or a verbal or written warning and/or to require a Commissioner to attend additional Sexual Harassment/Discrimination training.
>>
>> k. Defendant SC's September 2013, February 2021, and May 2021 Sexual Harassment and Non-Discrimination policies applied to elected officials.

(Plaintiffs' Response to Zula's Concise Statement of Material Facts (ECF No. 281 at ¶ 10.) Plaintiffs' response provides a denial but includes citations that do not support the same.  None of these averments or citations set forth by Plaintiffs relate to Zula's authority. Plaintiffs' response is, frankly, irrelevant and immaterial, and is not appropriately considered for purposes of summary judgment.

Plaintiffs engage in this approach of "throwing everything against the wall to see what sticks" in countless instances throughout their pleading.  However, in the interest of brevity, not all of those instances will be recounted. *See, e.g.*, ¶¶ 4-11, 105. Importantly, Plaintiffs' tactics require the Court to gratuitously use its resources to review the voluminous record purposefully constructed by Plaintiffs for an improper reason.  The gamesmanship by Plaintiffs should not be rewarded. Zula asks the Court to see through the smoke and mirrors Plaintiffs are attempting to create at this juncture and determine that claims against this Defendant cannot survive.

2.    **Zula does not have supervisory authority as necessary to state a claim for aiding and abetting *(Count VII)* or equal protection discrimination *(Counts VIII, IX)*.**

The parties agree that a claim for aiding and abetting under the PHRA requires the Defendant to have supervisory authority. (Pls.' Opp. at pp. 10-11.) Claims for equal protection discrimination pursuant to §1983 also require supervisory authority.  (*Id.* at pp. 15-16.) There is no dispute between the parties that supervisory authority requires "the authority to hire and fire, set work schedules and pay rates."  (*Id*. at p. 11.) By Plaintiffs' own admissions, the Court can determine that Zula does not maintain the supervisory authority necessary to give rise to liability on these claims.

Specifically, Plaintiffs critically admit that "Defendant SC Commissioners have final approval of a termination" and "Zula did not have the authority to terminate Doe 3 and Doe 4" (ECF No. 281 at ¶¶ 5b, 113.) Plaintiffs also admit that "Defendant SC Salary Board must vote to approve an employee's salary.  (Id. at ¶ 6b.) Plaintiffs have provided no evidence to dispute that Zula had no authority to hire employees.  (Id. at ¶ 4.)  In light of the same, it cannot be found that Zula has the supervisory authority necessary to give rise to claims for aiding and abetting or equal protection discrimination.  Because there is no undisputed question of fact as to this crucial element of these causes of action, Summary Judgment in favor of Zula is appropriate as to these claims.

### 3.     Zula did not take any adverse action against Plaintiffs.

The remaining claims against Zula argue that she is liable for retaliation and discrimination because she allegedly engaged in conduct in which Plaintiffs suffered specific adverse employment actions.  These adverse employment actions include that Plaintiffs were disciplined, Doe 3 and Doe 4 were demoted, Plaintiffs were denied requests for time off and/or to work from home, Doe 1 and Doe 2 were denied a parking place, and Zula refused to engage in an interactive conversation with Doe 1 and Doe 2 to provide a reasonable accommodation.  (Pls.' Opp. at pp. 7, 20).

Despite arguing that Zula took these allegedly adverse actions, Plaintiffs' Response to Zula's Concise Statement of Material Facts makes straightforward admissions to the contrary.  Indeed, Plaintiffs admit that Gary Bender, not Zula, made decisions about parking spaces (ECF No. 281 ¶¶ 22-24).  Plaintiffs also admit that Defendant SC Commissioners had to formally vote on Doe 3 and Doe 4's demotion before it became effective, and Zula could not demote Doe 3 and Doe 4.  (ECF No. 281 at ¶ 69b.)  Plaintiffs' responses agree that Zula took actions to attempt to engage in the interactive process to provide Doe 1 and Doe 2 a reasonable accommodation. (ECF No. 281 at ¶¶ 35b, 45.)  Plaintiffs also agree that Doe 3 and Doe 4 were permitted to take time off to attend the SVPO hearing, and Doe 1 and Doe 2 were permitted to work from home beginning in January 2022.

(ECF No. 281 at ¶¶ 43, 51, 84.) In light of the admitted non-involvement of Zula, she cannot be liable for these alleged actions.

Plaintiffs also attempt to rely upon discipline imposed on Plaintiffs to demonstrate that they were subjected to an adverse employment action by Zula. However, the undisputed fact remains that Zula did not have the authority to take such actions.  Indeed, at Paragraph 8, Zula avers:

> 8.  Zula did not have the authority to discipline employees.

(Zula's Concise Statement of Material Facts (ECF No. 248 at ¶ 79.)  Plaintiffs' response provides:

> a. Denied.
>
> b. The "Essential Duties and Responsibilities" listed in Defendant SC's "Job Classification" description for HR Director, includes "[a]dvis[ing] management in appropriate resolution of employee relations issues."
>
> c. Defendant Zula was involved in the April 2021 discipline of Doe 3 and Doe 4.
>
> d. Defendant Zula was involved in Doe's August 2021 verbal warning.
>
> e. Defendant Zula was involved in Doe 2's July 2021 verbal warning.
>
> f. Defendant Zula was involved in Doe's September 2, 2021, written warning.
>
> g. Defendant Zula was involved in Doe's February 2022, Loudermill Hearing.

h. Defendant Zula was involved in Doe 2's February 2022, Loudermill Hearing.

i. Defendant Zula was involved in Doe's March 1, 2022, suspension.

j. Defendant Zula was involved in Doe 2's March 21, 2022, suspension.

(Plaintiffs' Response to Zula's Concise Statement of Material Facts (ECF No. 281 at ¶ 8.) None of the averments cited to by Plaintiffs provide that Zula had the authority to issue disciplines. Citing to instances in which Zula was allegedly "involved" in disciplinary matters does not provide a basis for finding that Zula had the authority to issue a discipline.

Importantly, Zula's Concise Statement of Material Facts sets forth Plaintiffs' disciplinary history and indicates who issued each disciplinary action. (*See, e.g.,* ECF No. 248 at ¶¶ 74-75, 87-104, 108-110, 117-122). Plaintiffs' responses set forth unsupported denials of those averments to try to pin the disciplinary decisions on Zula. (*See, e.g.,* ECF No. 281 at ¶¶ 121, 122). The undisputed evidence remains that Zula did not issue disciplinary actions to Plaintiffs; she did not have the authority to do so.

## **CONCLUSION**

Plaintiffs go through painstaking efforts to attempt to keep Heidi Zula in the case, despite the record demonstrating as a matter of fact and as a matter of law that she cannot be held liable as a County Human Resources Director for the

claims asserted. The Court should not be misled by Plaintiffs' obfuscation, mischaracterizations and superfluous filings.    Summary Judgment for Zula is proper.

Respectfully submitted,

JONESPASSODELIS, PLLC

By:  s/Maria N. Pipak
          MARIA N. PIPAK, Esquire
          PA I.D. #317450
          E-Mail:  mpipak@jonespassodelis.com

          MARIE MILIE JONES, Esquire
          PA I.D. #49711
          E-Mail: mjones@jonespassodelis.com

          MICHAEL R. LETTRICH, Esquire
          PA I.D. #80635
          E-Mail: mlettrich@jonespassodelis.com

          Gulf Tower, Suite 3410
          707 Grant Street
          Pittsburgh, PA  15219
          Phone: (412) 315-7272
          Fax: (412) 315-7273

          Counsel for Defendants,
          SCHUYLKILL COUNTY, GARY BENDER
          and HEIDI ZULA

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served upon the following counsel of record via ECF:

Catherine W. Smith, Esquire
Derek Smith Law Group, PLLC
1835 Market Street, Suite 2950
Philadelphia, PA 19103
catherine@dereksmithlaw.com
*Counsel for Plaintiffs*

Gerard J. Geiger, Esquire
Newman Williams
712 Monroe Street
Stroudsburg, PA 18360
ggeiger@newmanwilliams.com
*Counsel for Defendant, George Halcovage*

Paul Gregory Lees, Esquire
Dickie, McCamey & Chilcote, P.C.
190 Brodhead Road, Suite 310
Bethlehem, PA 18017
plees@dmclaw.com
*Counsel for Defendant, Doreen Kutzler*

Meghan Wynkoop, Esquire
Jocelyn Mendez, Esquire
Anastasia Shubert-Baranowski, Esquire
Margolis Edelstein
170 S. Independence Mall W., Suite 400E
Philadelphia, PA 19106-3337
mwynkoop@margolisedelstein.com
jmendez@margolisedelstein.com
abaranowski@margolisedelstein.com
*Counsel for Defendant, Glenn Roth*

JONESPASSODELIS, PLLC

Date:  October 20, 2023

s/Maria N. Pipak
MARIA N. PIPAK, Esquire
MARIE MILIE JONES, Esquire
MICHAEL R. LETTRICH, Esquire

Counsel for Defendants,
SCHUYLKILL COUNTY, GARY BENDER
and HEIDI ZULA

{W0300356.1}