IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, JANE DOE 2, JANE DOE 3, and JANE DOE 4<br>Plaintiffs,<br><br>v.<br><br>SCHUYKILL COUNTY; GEORGE HALCOVAGE (in his individual capacity); GLENN ROTH (in his individual capacity); GARY BENDER (in his individual capacity); HEIDI ZULA (in her individual capacity); and DOREEN KUTZLER (in her individual capacity)<br>Defendants. | Civil Action No. 3:21-00477 |

## **ORDER**

AND NOW, on this _____ day of _____, 2024, upon consideration of Defendant Glenn Roth, Esq.'s Motion *in Limine*, and any response thereto, it is hereby ORDERED that the Motion is GRANTED and Plaintiffs are precluded from referencing, introducing, and/or admitting evidence related to any alleged discriminatory text messages between Glenn Roth, Esq. and Jane Doe 3.

**BY THE COURT**:

_____

**J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, JANE DOE 2, JANE DOE 3, and JANE DOE 4<br>Plaintiffs,<br><br>v.<br><br>SCHUYKILL COUNTY; GEORGE HALCOVAGE (in his individual capacity); GLENN ROTH (in his individual capacity); GARY BENDER (in his individual capacity); HEIDI ZULA (in her individual capacity); and DOREEN KUTZLER (in her individual capacity)<br>Defendants. | Civil Action No. 3:21-00477 |

### DEFENDANT GLENN ROTH'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF ANY ALLEGED DISCRIMINATORY TEXT MESSAGES BETWEEN ROTH AND DOE 3

Defendant, Glenn Roth, Esq., by and through his attorneys of Margolis Edelstein, hereby files this Motion *in Limine* to preclude the reference, introduction, or admission of any alleged discriminatory text messages between Glenn Roth, Esq. and Jane Doe 3, and in support thereof, avers as follows:

1. This matter arises from a report made by Jane Doe 1 ("Doe 1") regarding harassment and discrimination at the hands of George Halcovage ("Defendant Halcovage").

2. More specifically, Doe 1 reported the alleged harassment to her direct supervisor, Jane Doe 3 ("Doe 3").

3. Subsequent to Doe 1's report, Jane Doe 2 ("Doe 2"), Doe 3, and Jane Doe 4 ("Doe 4") then also claimed they were subjected to harassment.

4. Does 1-4 (collectively referred to herein as "Plaintiffs" or the "Does") further allege that Glenn Roth, Esq. ("Defendant Roth") observed or knew of Defendant Halcovage's inappropriate actions, and that he failed to do anything to stop Defendant Halcovage.

5. It is also alleged that Defendant Roth retaliated against the Does in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pennsylvania Human Relations Act ("PHRA").

6. There are five (5) claims pending against Defendant Roth: (1) Aiding and Abetting under the PHRA, (2) Retaliation under the PHRA, (3) violations of the Equal Protection Clause by engaging in disparate treatment, (5) violations of the Equal Protection Clause by creating a hostile work environment, and (6) violation of the Petition Clause by engaging in Retaliation.

7. During the deposition of Doe 3, Doe 3 testified that she recalled texts messages from Defendant Roth which were discriminatory. See ECF No. 262, 18:23-19:12.

8. To the contrary, evidence of the aforementioned text messages was never produced.

9. Not only are accusations that Defendant Roth sent Doe 3 discriminatory text messages patently false, but they are also not relevant to the claims of this instant matter and should not be admissible pursuant to Federal Rules of Evidence 401 and 402.

10. Assuming *arguendo* that this Court finds these allegations to be relevant, any probative value gained from them would be substantially outweighed by the unfair prejudicial effect as these alleged text messages were never produced and allude to their existence it would have on Defendant Roth and on the jury. This evidence risks confusing and misleading the jury and should be deemed inadmissible pursuant to Federal Rules of Evidence 403.

11. Furthermore, to the extent that Plaintiffs' counsel attempts to use these unsubstantiated allegations against Defendant Roth, this would be an impermissible use of character evidence under Federal Rule of Evidence 404 and should be deemed inadmissible.

12. Accordingly, there is no basis for Plaintiffs to present evidence regarding any alleged discriminatory text messages between Defendant Roth and Doe 3 at trial for this matter.

13. For the reasons more fully set forth in the Brief in Support filed contemporaneously with this Motion, which is incorporated herein by reference, Plaintiffs should be precluded from introducing any evidence related to any text messages between Defendant Roth and Doe 3.

WHEREFORE, Defendant, Glenn Roth, Esq., respectfully requests that this Honorable Court grant his Motion *in Limine* and enter an Order in the form of Order attached hereto.

Respectfully submitted,

*/s/ Meghan Wynkoop*
Meghan Wynkoop, Esq.
Margolis Edelstein
170 S. Independence Mall W., Suite 400E
Philadelphia, PA 19106-3337
Telephone: (215) 931-5828
mwynkoop@margolisedelstein.com

DATE: December 3, 2024        **Counsel for Defendant, Glenn Roth**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, JANE DOE 2, JANE DOE 3, and JANE DOE 4<br>Plaintiffs,<br><br>v.<br><br>SCHUYKILL COUNTY; GEORGE HALCOVAGE (in his individual capacity); GLENN ROTH (in his individual capacity); GARY BENDER (in his individual capacity); HEIDI ZULA (in her individual capacity); and DOREEN KUTZLER (in her individual capacity)<br>Defendants. | Civil Action No. 3:21-00477 |

**DEFENDANT GLENN ROTH'S BRIEF IN SUPPORT OF HIS *MOTION IN LIMINE* TO PRECLUDE EVIDENCE OF ANY ALLEGED DISCRIMINATORY TEXT MESSAGES BETWEEN ROTH AND DOE 3**

Defendant, Glenn Roth, Esq., by and through his undersigned counsel of Margolis Edelstein, hereby files this Brief in Support of his Motion *in Limine* to preclude evidence of any alleged discriminatory text messages between Glenn Roth, Esq. and Jane Doe 3.

**I.   PROCEDURAL HISTORY**

Trial is scheduled for March 26, 2025.

**II.   RELEVANT FACTS**

This matter arises from a report made by Jane Doe 1 ("Doe 1") regarding harassment and discrimination at the hands of George Halcovage ("Defendant

Halcovage"). More specifically, Doe 1 reported the alleged harassment to her direct supervisor, Jane Doe 3 ("Doe 3"). Subsequent to Doe 1's report, Jane Doe 2 ("Doe 2), Doe 3, and Jane Doe 4 ("Doe 4") then also claimed they were subjected to harassment.

Does 1-4 (collectively referred to herein as "Plaintiffs" or the "Does") further allege that Glenn Roth, Esq. ("Defendant Roth") observed or knew of Defendant Halcovage's inappropriate actions, and that he failed to do anything to stop Defendant Halcovage. It is also alleged that Defendant Roth retaliated against the Does in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"). There are five (5) claims pending against Defendant Roth: (1) Aiding and Abetting under the PHRA; (2) Retaliation under the PHRA; (3) violations of the Equal Protection Clause by engaging in disparate treatment; (4) violations of the Equal Protection Clause by creating a hostile work environment; and (5) violation of the Petition Clause by engaging in Retaliation.

During the deposition of Doe 3, Doe 3 testified that she recalled texts messages from Defendant Roth which were discriminatory. See ECF No. 262, 18:23-19:12.

To the contrary, evidence of the aforementioned text messages was never produced.

## III. STATEMENT OF QUESTION PRESENTED

Should Plaintiffs be precluded from referencing, introducing and/or admitting evidence related to any alleged discriminatory text messages between Defendant Roth and Doe 3?

*SUGGESTED ANSWER*: **Yes.**

## IV. ARGUMENT

As it pertains to the admission of evidence, Federal Rules of Evidence, Rule 401 reads as follows:

> Evidence is relevant if:
>
> (a) It has any tendency to make a fact more or less probable than it would be without the evidence; and
>
> (b) The fact is of consequence in determining the action.

Fed. R. Evid. 401. Moreover, evidence that is not relevant is not admissible. Fed. R. Evid. 402.

Additionally, Federal Rule of Evidence 403 provides:

> The court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403.

Not only are accusations that Defendant Roth sent Doe 3 discriminatory text messages patently false, as evidenced by the fact that they were never produced, they

are also not relevant to the claims of this instant matter and should not be admissible pursuant to Federal Rules of Evidence 401 and 402.

Assuming *arguendo* that this Court finds these allegations to be relevant, any probative value gained from them would be substantially outweighed by the unfair prejudicial effect as these alleged text messages were never produced and allude to their existence it would have on Defendant Roth and on the jury. This evidence risks confusing and misleading the jury and should be deemed inadmissible pursuant to Federal Rules of Evidence 403. Furthermore, to the extent that Plaintiffs' counsel attempts to use these unsubstantiated allegations against Defendant Roth, this would be an impermissible use of character evidence under Federal Rule of Evidence 404 and should be deemed inadmissible.

Accordingly, there is no basis for Plaintiffs to present evidence regarding any text messages between Defendant Roth and Doe 3 at trial for this matter.

## V.     CONCLUSION

For the foregoing reasons, Defendant, Glenn Roth, Esq., respectfully request this Honorable Court to enter Judgment in his favor and Order that Plaintiffs and Plaintiffs' counsel be precluded from referencing, introducing, and/or admitting evidence related to any alleged discriminatory text messages between Defendant Roth and Doe 3 at trial for this matter.

                                                    Respectfully submitted,

                                                    */s/ Meghan Wynkoop*
                                                    Meghan Wynkoop, Esq.
                                                    Margolis Edelstein
                                                    170 S. Independence Mall W., Suite 400E
                                                    Philadelphia, PA 19106-3337
                                                    Telephone: (215) 931-5828
                                                    mwynkoop@margolisedelstein.com
DATE: December 3, 2024                  ***Counsel for Defendant, Glenn Roth***

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, JANE DOE 2, JANE DOE 3, and JANE DOE 4<br>Plaintiffs,<br><br>v.<br><br>SCHUYKILL COUNTY; GEORGE HALCOVAGE (in his individual capacity); GLENN ROTH (in his individual capacity); GARY BENDER (in his individual capacity); HEIDI ZULA (in her individual capacity); and DOREEN KUTZLER (in her individual capacity)<br>Defendants. | Civil Action No. 3:21-00477 |

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this day a true and correct copy of Defendant Glenn Roth, Esq.'s Motion *in Limine* to Preclude Evidence of any text messages between Glenn Roth, Esq. and Jane Doe 3 was served via electronic filing on all counsel of record.

Respectfully submitted,

*/s/ Meghan Wynkoop*
Meghan Wynkoop, Esq.
Margolis Edelstein
170 S. Independence Mall W., Suite 400E
Philadelphia, PA 19106-3337
Telephone: (215) 931-5828
mwynkoop@margolisedelstein.com
***Counsel for Defendant, Glenn Roth***

DATE: December 3, 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, JANE DOE 2, JANE DOE 3, and JANE DOE 4<br>Plaintiffs,<br><br>v.<br><br>SCHUYKILL COUNTY; GEORGE HALCOVAGE (in his individual capacity); GLENN ROTH (in his individual capacity); GARY BENDER (in his individual capacity); HEIDI ZULA (in her individual capacity); and DOREEN KUTZLER (in her individual capacity)<br>Defendants. | Civil Action No. 3:21-00477 |

**CERTIRFICATE OF NONCONCURRENCE AND CONCURRENCE**

The undersigned hereby certifies that she has advised counsel for all parties of Defendant Glenn Roth's Motion in Limine on December 2, 2024. Plaintiffs' counsel does not concur in the aforesaid Motion. Counsels for Schuylkill County, Gary Bender, Heidi Zula, and George Halcovage concur in the aforesaid Motion. Counsel for Doreen Kutzler has not responded.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | */s/ Meghan Wynkoop* |
|  | Meghan Wynkoop, Esq. |
|  | Margolis Edelstein |
|  | 170 S. Independence Mall W., Suite 400E |
|  | Philadelphia, PA 19106-3337 |
|  | Telephone: (215) 931-5828 |
|  | mwynkoop@margolisedelstein.com |
| DATE: December 3, 2024 | ***Counsel for Defendant, Glenn Roth*** |