**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JANE DOE, JANE DOE 2, ) | Civil Action No. 3:21-cv-00477 |
| JANE DOE 3 AND JANE DOE 4 ) | |
| ) | |
| Plaintiffs ) | JURY TRIAL DEMANDED |
| ) | |
| v. ) | |
| ) | |
| SCHUYLKILL COUNTY, ) | |
| GEORGE HALCOVAGE, GLENN ) | |
| ROTH, GARY BENDER, HEIDI ) | |
| ZULA and DOREEN KUTZLER, ) | |
| ) | |
| Defendants ) | |
| _____ ) | |

**DEFENDANT DOREEN KUTZLER'S BRIEF IN SUPPORT OF HER MOTION SEEKING TO PRECLUDE THE ADMISSION OF UNFAIRLY PREJUDICIAL "GOLDEN RULE" ARGUMENTS AND OTHER IMPROPER COMMENTS**

## I. FACTUAL AND PROCEDURAL BACKGROUND

The above action was initiated by the filing of a complaint on March 16, 2021. (Docket Document 1) Plaintiffs' complaint seeks recovery for alleged discrimination, sexual harassment, hostile work environment and retaliation under Title VII, 42 U.S.C. §1983 and Pennsylvania State Law including the Pennsylvania Human Relations Act.

Following the filing of motions to dismiss, Plaintiffs filed an amended complaint on April 16, 2021. (Docket Document 20) Thereafter plaintiffs sought

leave and subsequently filed a second amended complaint on October 29, 2021. (Docket Document 63)

Plaintiffs' second amended complaint asserts claims against moving defendant under the Pennsylvania Human Relations Act (Counts V – VII) and under 42 U.S.C. §1983. (Counts VIII, IX and XIII (sic)). The facts surrounding this case are well known to the Court and were set forth in detail in the individual defendants' Motions for Summary Judgment and submissions of the parties.

It is believed that plaintiffs and/or their counsel may attempt to introduce evidence or testimony during the trial of this matter seeking to exploit the passion and sympathy of the jury and suggest that the jury put themselves in the place of the plaintiff, "send a message" and/or similar remarks which would have the improper purpose of seeking to have the jury decide a case based on bias and emotion instead of the evidence. Defendant seeks an Order from the Court prior to trial and which would preclude such improper argument and/or evidence.

## II.    LEGAL ARGUMENT

The "Golden Rule" argument is a jury argument in which a lawyer asks the jurors to reach a verdict by imagining themselves or someone they care about in the place of the injured plaintiff. (See, Black's Law Dictionary.) "Golden Rule" arguments, or evidence, designed to ask jurors to put themselves in the plaintiff's

shoes and ask what compensation they would personally expect for pain and suffering, is impermissible. See *Edwards v. City of Philadelphia*, 860 F.2d 568, 574 (3d Cir. 1988). The Third Circuit Court of Appeals has held that "the propriety of `put yourself in the defendant's shoes' argument, also known as `Golden Rule' arguments, are improper because such arguments encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *Edwards* 860 F.2d at 574 (3d Cir. 1988)(citing *Spray—Rite Service Corp. v. Monsanto Co.*, 684 F.2d 1226, 1246 (7th Cir.1982), affd on other grounds, 465 U.S. 752, 104 S.Ct. 1464, 79 L.Ed.2d 775 (1984).[1] Moreover, such arguments, lacking in any conceivable permissible purpose, constitute unfairly prejudicial evidence in violation of Rule 403 of the Federal Rules of Evidence.

This Court should preclude plaintiffs' counsel from engaging in a particular set of tactics designed to surreptitiously import irrelevant, inflammatory, punitive, and emotional themes into this trial. In the modern era, such tactics have been referred to colloquially as "Reptile Theory/Strategy"[2] but are, at base, refashioned

---

[1] See Also, *Liosi v. Vaccaro*, 35 A.D.2d 790 (1st Dep't 1970) (reversible error to ask jurors, in substance and effect, what they would want or what they would take for the discomfort, pain and suffering experienced); *Weintraub v. Zabotinsky*, 19 A.D.2d 906 (2d Dep't 1963); *Callaghan v. A Lague Express,* 298 F.2d 349, 350-51 (2d Cir. 1962) (court improperly allowed counsel to argue that the jury "should treat [plaintiff] as you would like to be treated"); *Klotz v. Sears Roebuck & Co*., 267 F.2d 53, 54-55 (7th Cir. 1959) (such comments constitute a "deliberate appeal to the jury to substitute sympathy for judgment); *Conn v. Alfstad*, 2011 Iowa App. LEXIS 1090, at *12 (Ct App Apr. 27, 2011, No. 10-1171); *Johnson v. Colglazier*, 348 F2d 420, 422 (5th Cir 1965); see generally Annot: 96 ALR2d 760; 22 Am Jur 2d, Damages, § 989, at 1029-1030.

[2] See David Ball & Don Keenan, Reptile: The 2009 Manual Of The Plaintiff's Revolution (2009); David Ball & Don Keenan, Reptile In The Mist And Beyond (2013).

variants of the long-precluded "Golden Rule" theme that are rapidly gaining popularity and earning the firm rebuke of courts around the country.[3]

Here, it is anticipated that Plaintiff's counsel will present evidence or suggest to the jurors that they "send a message"[4] by the damages they award or put themselves in the shoes of the plaintiff and ask what compensation they would expect for the loss of a job and pain, suffering, embarrassment, etc. Such evidence and arguments encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence. *Edwards* (supra); See Also, *Davies By & Through Davies v. Lackawanna Cnty.*, No. 3:15-CV-1183, 2018 WL 924205, at *5 (M.D. Pa. Feb. 14, 2018).

Defendant seeks the entry of an order forbidding at the outset such improper arguments as:

(1) invocation of the "golden rule";

(2) "send a message" attacks;

(3) the jury's ostensible role as the "conscience of the community," and/or allusions to the risk of similar conduct in the future or to the jurors or their loved ones;

---

[3] Due to the length of this string cite, it can be found as Exhibit A at the conclusion of this memorandum.

    (4)    "anti-corporate animus" attacks, or wealth or insurance-based attacks, postulating regarding defendant's state of mind or motivations, or personal expressions of counsel's personal emotional response or "disgust," or that a defense is "insulting" or that the jury should be "insulted" or "disgusted" or "angered" or "saddened" by the defendant or its defenses;

    (5)    personal "vouching" for facts, testimony or witness credibility, "info-questions," and speaking objections;

    (6)    improper "unit of time" or mathematical guides for fixing damages for non-economic compensatory damages;

    (7)    *ad hominem* attacks on opposing counsel.

Many aspects of the relief sought, such as preclusion of mention of parties' wealth or insurance or "Golden Rule" remarks, are both well-known and generally accepted proscriptions and no more novel than a boxer urging the referee to announce the "no hitting below the belt" rule before squaring off with his opponent. Unlike a cheap shot, however, the above tactics are neither obvious nor temporarily painful and whereas a doubled-over boxer may recover in short order, a tainted juror cannot regain impartiality. Hence, defendant's desire to alert the court to the potential menace of these tactics prior to the start of trial. The point, of course, is not to accuse opposing

counsel of a future misconduct but to clearly set the boundaries before trial so that all parties can tailor their presentations accordingly.

Second, and relatedly, a bell cannot be unrung. By this motion, defendant seeks to avoid the fruitless exercise of moving for a mistrial or otherwise objecting after an improper remark has been uttered and the jurors' impartiality tainted. See, e.g., *Dunn v. United States*, 307 F.2d 883, 886 (5th Cir. 1962). Empirical research shows that instructions to disregard an improper remark are of a doubtful utility at best. It is far better to leave the bells unrung in the first place, and thus avoid the costs, waste, delays, inconveniences, complications and uncertainties of a mistrial or a tainted verdict. It is equally crucial given that drawing objections in front of the jury is often one of the main goals of this improper strategy. See fn. 1, Reptile at pp. 58-59 ("[a] defense objection will imply there's something to hide"). The objection disadvantages the defendant on multiple levels: it makes defendant appear to be obstructionist while the improper comment is heard and even highlighted for consideration by the jury. Id.

### III. CONCLUSION

For all the foregoing reasons Defendant Kutzler respectfully requests that this Honorable Court consider Defendant's motion and enter an Order precluding any

argument, evidence or testimony designed to improperly appeal to the passion and sympathy of the jury and encourage the jury to "send a message" or which violates the Golden Rule and asks them to put themselves in the place of plaintiff or a similarly improper argument.

WHEREFORE, Defendant, Doreen Kutzler. respectfully requests that its Motion to Preclude Improper "Golden Rule" Comments and/or Similar Improper Arguments be Granted by this honorable Court.

Respectfully submitted,

**DICKIE, McCAMEY & CHILCOTE**

Date: December 3, 2024     By:   /s/ Paul G. Lees
                                                        Paul G. Lees, Esquire
                                                        Identification No. 68886
                                                        190 Brodhead Road, Suite 310
                                                        Bethlehem, PA 18017
                                                        (484) 510-7697
                                                        Email: plees@dmclaw.com
                                                        *Attorney for Defendant Doreen Kutzler*

# EXHIBIT A

Courts around the country have repeatedly precluded efforts to inject Reptile Theory considerations as improper and irrelevant, having no probative value as weighed against the substantial danger of unfair prejudice, misleading the jury, confusing the issues, and as diverting the jury from its proper purpose. See Hill v Auto-Owners (Mut.) Ins. Co., 4:19-CV-00078, 2022 WL 2542308, at *1 (ED Tenn., Mar. 31, 2022) (Court had previously "affirmed in open court that it would be improper for counsel to" employ Reptile or related unfair tactics); Wallace v Martinez, 1:19-CV-1199 AWI SAB, 2022 WL 2872998, at *11 (ED Cal., July 21, 2022) (grtd. without opp.); Ochoa v County of Kern, 118CV01599JLTBAK, 2022 WL 4280157, at *7 (D.Cal., Sept. 15, 2022) (grtd. without opp.); Russell v. Dep't of Corr. & Rehab., 72 Cal. App. 5th 916 (2021); Garth v. RAC Acceptance E., LLC, No. 1:19-CV-192-DMB-RP, 2021 WL 4860466 (N.D. Miss. Oct. 18, 2021); Doe v. Bridges to Recovery, LLC, No. 2:20-CV-348-SVW, 2021 WL 4690830 (C.D. Cal. May 19, 2021); Jackson v. Low Constr. Grp., LLC, No. 2:19-CV-130-KS-MTP, 2021 WL 1030995 (S.D. Miss. Mar. 17, 2021); Est. of McNamara v. Navar, No. 2:19-CV-109, 2020 WL 1934175 (N.D. Ind. Apr. 22, 2020), reconsideration denied, No. 2:19-CV-109, 2020 WL 2214569 (N.D. Ind. May 7, 2020); McClain v. Torres, 2020 Colo. Dist. LEXIS 2492, at *1, and 2134 (Dist.Ct., La Plata Co. 2020); Goodreau v. Hines,

2020 Colo. Dist. LEXIS 2560, *1 (Dist.Ct., Denver Co. 2020); <u>Martinez v. Catholic Health Initiatives Colo.</u>, 2020 Colo. Dist. LEXIS 2977, *1, and 2247 (Dist.Ct., Adams Co. 2020) ("finding that Plaintiff could not offer golden rule or reptile theory arguments at trial because such arguments would incorrectly instruct the jury as to its role in this case"); <u>Cox v. Swift Transp. Co. of Arizona</u>, 2019 US Dist LEXIS 132115, at *31 (ND Okla Aug. 7, 2019); <u>Williams v. Lawrence & Mem. Hosp., Inc.</u>, 2020 Conn. Super. LEXIS 491, *18 (Conn. Super. Ct. 2020) (precluding reptile theory efforts, holding that "[t]he strategy attempts to invoke a juror's survival instinct and in so doing, create safety rules, invite the jury to use common sense to determine the standard of care, and instill a belief in the jurors that they are the 'conscience of the community.' All of these improperly state the law regarding a physician's duty of care, and the prevailing standard of care."); <u>Biglow v. Eidenberg</u>, 369 P.3d 341 (Kan. Ct. App. 2016); <u>Boyer v. Knudsen</u>, 2020 Colo. Dist. LEXIS 779, *2 (Dist. Ct. Denver Co. 2020) (precluding reptile theory arguments on basis that "[a]ppeals to emotion, fear, or personal safety are improper. Defendant has admitted liability. The only issue for the jury is to determine what, if any, damages are appropriate based on the evidence presented at trial."); <u>Wertheimer H., Inc. v. Ridley USA, Inc.</u>, 2020 U.S. Dist. LEXIS 34846, at *8 (D. Mont. 2020); <u>Estate of Reaves v. Behari</u>, 2019 Fla. Cir. LEXIS 9605, *1 (Fla. Cir. Ct., 2019); <u>Cox v Swift Transp. Co. of Arizona</u>, 2019 U.S. Dist. LEXIS 132115, at *31 (N.D. Okla. Aug. 7, 2019)

("Plaintiffs are cautioned that any argument that asks the jurors to reach a verdict solely on their emotional response to the evidence will be prohibited, and plaintiffs' arguments should be focused on the facts that are admissible at trial and the law applicable to their claims."); McComb v. C G & B Enters., 2019 Nev. Dist. LEXIS 2157, at *2 (D. Nev. 2019); Brantley v. UPS Ground Frgt., Inc., 2019 U.S. Dist. LEXIS 234231, at *4 (E.D. Ark. July 3, 2019); Maher v. Locality Llc, 2019 Colo. Dist. LEXIS 410, at *13 (Dist.Ct., Larimer Co. May 17, 2019); Roman v. Msl Capital, LLC, 2019 U.S. Dist. LEXIS 64984, at *15 (C.D. Cal., 2019); Woulard v. Greenwood Motor Lines, Inc., 2019 U.S. Dist. LEXIS 131701, at *20 (S.D. Miss., Feb. 4, 2019); Navab v. Young Choi, 2018 Cal. Super. LEXIS 24820, at *2 (Cal. Super. Ct. Nov. 7, 2018); J.B., 2018 U.S. Dist. LEXIS 19689, at *6-7; Perez v. Ramos, 429 P.3d 254 (Kan. Ct. App. 2018); Higbee v. Anesthesia Servs. Assocs., P.C., 2018 Mich. Cir. LEXIS 1648, at *1 (Mich.Cir.Ct. Sept. 26, 2018); Everett v. Oakland, 2018 Mich. Cir. LEXIS 2517, at *1 (Mich.Cir.Ct. Aug. 8, 2018); Ramirez v. Welch, 2018 Tex. App. LEXIS 6101, at *43 (Tex. Ct. App. Aug. 6, 2018) (rejecting plaintiff's objection to defendant's closing argument accusing his counsel of attempting to manipulate the jury through the reptile theory); Brooks, 2017 U.S. Dist. LEXIS 125095, at *24; Tristan v. Bayada Home Health Care, Inc., 2017 Colo. Dist. LEXIS 28, at *2 (Dist.Ct., Denver Co. Feb. 1, 2017); Pracht v. Saga Frgt. Logistics, LLC, 2015 U.S. Dist. LEXIS 149775, at *4 (W.D.N.C. Oct. 30, 2015);

Hopper v. Obergfell, 2013 Colo. Dist. LEXIS 249, at *1 (Dist.Ct., El Paso Co. Oct. 29, 2013).

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Defendant's Motion to Preclude Improper "Golden Rule" Comments and/or Argument has been electronically filed and is available for viewing and downloading from the ECF System. The following counsel of record was served via electronic notification:

| | |
|---|---|
| Catherine W. Smith, Esquire<br>Derek Smith Law Group, PLLC<br>1835 Market Street, Suite 2950<br>Philadelphia, PA  19103<br>catherine@dereksmithlaw.com<br>*Attorney for Plaintiff* | Meghan Wynkoop, Esquire<br>Margolis Edelstein<br>170 S. Independence Mall, Suite 400E<br>Philadelphia, PA  19106<br>mwynkoop@margolisedelstein.com<br>Attorney *for Defendant Glen Roth* |
| Marie Milie Jones, Esquire<br>JonesPassodelis, PLLC<br>Gulf Tower, Suite 3410<br>707 Grant Street<br>Pittsburgh, PA 15219<br>mjones@jonespassodelis.com<br>*Attorney for Defendants Schuylkill County, Gary Bender and Heidi Zula* | Gerard J. Geiger, Esquire<br>P. O. Box 511<br>712 Monroe Street<br>Stroudsburg, PA  18360<br>Ggeiger@newmanwilliams.com<br>*Attorney for Defendant G. Halcovage-Individual Capacity* |

**DICKIE, McCAMEY & CHILCOTE**

Date: December 3, 2024        By:    /s/ Paul G. Lees
                                                       Paul G. Lees, Esquire
                                                       Identification No. 68886
                                                     190 Brodhead Road, Suite 310
                                                     Bethlehem, PA 18017
                                                     (484) 510-7697
                                                     (888) 811-7144 (fax)
                                                     Email: plees@dmclaw.com
                                                     *Attorney for Defendant Doreen Kutzler*