**NEWMAN | WILLIAMS**
A PROFESSIONAL CORPORATION

BY: GERARD J. GEIGER, ESQUIRE                    Attorney for Defendant George Halcovage
IDENTIFICATION NO. 44099
LAW OFFICES
712 MONROE STREET
STROUDSBURG, PA 18360-0511
(570) 421-9090 (voice)
(570) 424-9739 (fax)
ggeiger@newmanwilliams.com

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, et al.<br>    Plaintiffs<br><br>v.<br><br>SCHUYLKILL COUNTY<br>COURTHOUSE, et al.,<br>    Defendants | Civil Action No. 3:21-CV-00477<br><br>Jury Trial Demanded. |

**Brief In Opposition to Plaintiffs' Motion in Limine (Doc. No. 350) to Preclude Defendants from Invoking the Faragher-Ellerth Defense On Behalf of Defendant George Halcovage**

## I.  Procedural

On December 3, 2024, Plaintiffs filed a Motion in Limine to Preclude Defendants from invoking the Faragher-Ellerth Defense (Doc. No. 350), and a supporting brief (Doc. 350-1).

This is Defendant Halcovage's Brief Opposing the Plaintiffs Motion.

1

## II.   Facts

Plaintiffs claim that while he was a Schuylkill County Commissioner, George Halcovage sexually harassed them and discriminated against them. Implicit in their motion objecting to a possible Faragher-Ellerth defense is the erroneous assumption that Halcovage was their supervisor. To the contrary, and as we will explain, Halcovage did not supervise their work. There was nothing in discovery reflecting that Halcovage gave them performance evaluations, provided them with training on how to do their jobs, or supervised their daily work.

Plaintiffs' argument is focused on the County's decision to hire the Eckert Seamans law firm to investigate two of the plaintiffs' use of the County's LEXIS subscription, and then claim attorney-client privilege in refusing to disclose the advice, if any, given by that law firm.[1]

Halcovage was not privy to any advice given by the law firm, and it was not Halcovage that raised attorney-client privilege. In fact, he avoided involvement in the investigation because he and his family were improperly investigated by the plaintiffs.

---

[1] It is not even clear that Eckert Seamans concluded its investigation.

## III.  Issue Presented

Whether the Court should preclude the Defendants from invoking the Faragher-Ellerth Defense.

Suggested Answer: No

## IV.  Argument

While it is correct that tangible employment action resulting from unlawfully discriminatory harassment in the workplace will normally foreclose the asserted defense, plaintiffs' motion nevertheless lacks merit.

Plaintiffs fail to recognize that a causal connection between the harassment and the adverse action must be established rather than assumed. Moreover, even if the affirmative defense was foreclosed, plaintiffs seek to exclude evidence related to the fundamental elements of their claims and to issues regarding damages that are independent of the affirmative defense.

## III.  ARGUMENT

### A.  The Evidence is Highly Relevant and Necessary for a Full and Fair Defense

The evidence related to third-party investigations and subsequent remedial measures is not only relevant but essential for a complete

understanding of the actions taken by Defendants in response to the allegations made by Plaintiffs. Federal Rule of Evidence 401 defines relevant evidence as that which "has any tendency to make a fact more or less probable than it would be without the evidence." Here, the evidence in question goes directly to critical issues in this case: whether Defendants acted responsibly and took reasonable steps to investigate and address the complaints of harassment and discrimination.

Moreover, this evidence is fundamental to Defendants' ability to assert the Faragher-Ellerth defense, which allows an employer to avoid liability by demonstrating that it exercised reasonable care to prevent and correct promptly any harassing behavior and that the plaintiff failed to take advantage of any preventive or corrective opportunities provided.

Preventing Defendants from presenting this evidence would severely handicap their ability to fully articulate their defense, effectively denying them the right to a fair trial.

### B.    Causation

The plaintiffs have not yet proved that the LEXIS investigation and their later suspensions were causally related to harassment or retaliation. It is still not clear if these suspensions will even be admitted into evidence at

4

trial given the County's settlement with Does 3 and 4. But even if it were to be admitted for some limited basis, the defendants will show that those suspensions had nothing to do with what plaintiffs perceived was their unfair victimization or whistleblowing.

In discussing the parameters of the affirmative defense, the Supreme Court has clearly indicated that a tangible employment action resulting from unlawful harassment will foreclose the defense. To render the defense unavailable to an employer that takes adverse action as to the complaining employee for reasons that have no connection to the hostile environment or unlawful discrimination would, however, insulate that employee from accountability for performance or immunize him or her from the normal vagaries of corporate restructuring for economic reasons. The Supreme Court implicitly recognized that, before the defense becomes inapplicable, it must first be proven that the adverse action was causally related to the hostile environment. Ellerth says, "[n]o affirmative defense is available, however, when the supervisor's harassment culminates in a tangible employment action, such as discharge, demotion, or undesirable reassignment." 524 U.S. at 765. Courts have recognized, from this and other language in the Supreme Court's decisions, that "[e]ven if a tangible employment action occurred, an employer may still assert the affirmative

defense if the tangible employment action 'was unrelated to any harassment or complaint thereof." *Elvig v Calvin Presbyterian Church*, 375 F. 3d 951, 959 (9th Cir. 2004) quoting, *Nichols v Azteca Rest. Enters.*, 256 F. 3d 864, 877 (9th Cir. 2001 ).

In *Seybert v. Int'l Grp., Inc.*, No. 07-3333, 2009 U.S. Dist. LEXIS 63163 (E.D. Pa. July 6, 2009), the Eastern district denied a similar motion in limine. The court reasoned that based on Supreme Court precedent and the weight of authority from other courts, a tangible employment action must be causally related to the alleged harassment or retaliation in order to foreclose the employer's affirmative defense. Whether such a causal relationship existed was a factual question for a jury and not properly the subject of a motion in limine. See also *Bumbarger v. New* Enter. Stone & Lime Co., 170 F. Supp. 3d 801, 840 (W.D. Pa. 2016) (citing *Seybert* approvingly).

### D.    Halcovage was not the plaintiffs' supervisor

The Faragher-Ellerth defense applies when the harasser is a supervisor. Although plaintiffs characterize Mr. Halcovage as their supervisor, this is not the case despite Halcovage's role as a County

Commissioner, whose legal responsibilities are defined by the Pennsylvania County Code.

Halcovage played no role in plaintiffs' suspensions. He recused himself from any discussions regarding the investigation because he himself, and his family, were targeted by the plaintiffs when they researched his family using the County's LEXIS subscription.

Moreover, there is no evidence that Halcovage supervised the plaintiffs' daily job performance or gave them performance reviews. Identifying him as their supervisor is just not factually correct.

### E.    Attorney-Client Privilege Has Been Properly Invoked

The County has appropriately invoked attorney-client privilege to protect sensitive communications between them and their legal counsel.

These communications pertain to obtaining legal advice about the allegations and are therefore shielded from disclosure. Contrary to Plaintiffs' assertions, Defendants are not using the privilege as both a sword and a shield. Rather, they are maintaining the confidentiality of legal advice, which is a cornerstone of our legal system. Defendants have not relied on these privileged communications to support any claims or

defenses but merely seek to prevent the disclosure of advice given in confidence.

### F.    Exclusion Would Undermine Procedural Fairness

Excluding evidence of the investigations and remedial actions would fundamentally undermine the fairness of the proceedings. Such exclusion would skew the evidentiary landscape, preventing the jury from seeing the full picture of Defendants' responsiveness and potentially leading to a distorted view of the alleged misconduct. The proper role of the jury is to assess all relevant information and make informed decisions about the credibility and weight of the evidence. Plaintiffs will have ample opportunity through cross-examination to challenge any claims made by Defendants regarding the adequacy of the investigations and remedial actions.

### G.    Targeted Limitations, Not Broad Exclusions, Are Appropriate

If the Court has concerns about the potential for prejudice or confusion stemming from this evidence, a more nuanced approach than outright exclusion is warranted. The Court could issue limiting instructions to the jury on how to consider this evidence properly. Such instructions

would mitigate any potential prejudice and ensure that the evidence is considered only for appropriate purposes, such as assessing the reasonableness of Defendants' actions in response to the complaints.

### H.    Legal Precedents Support the Admission of Such Evidence

Courts within this Circuit and beyond have consistently allowed the admission of evidence regarding employers' responses to discrimination and harassment claims, particularly when such evidence is used to substantiate defenses like those under Faragher-Ellerth. Excluding this evidence would not only be inconsistent with these precedents but would also set a dangerous precedent that might discourage employers from taking proactive steps in response to similar allegations in the future.

## IV. CONCLUSION

For the reasons stated above, Defendant Halcovage respectfully requests that the Court deny Plaintiffs' Motion in Limine. Allowing Defendants to present evidence concerning the third-party investigations and remedial actions will ensure that the jury is fully informed, and that justice is served through a fair and comprehensive evaluation of all relevant facts and circumstances.

NEWMAN | WILLIAMS

By: s/Gerard J. Geiger, Esq.
        Attorney ID: PA44099

Date: December 16, 2024

## Certificate of Service

I hereby certify that on this date, a copy of the foregoing document was served on all counsel via ECF.

NEWMAN | WILLIAMS

By: s/Gerard J. Geiger, Esq.
    Attorney ID: PA44099

Date: December 16, 2024