IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (Scranton)

| | |
|---|---|
| JANE DOE, et al., | CIVIL ACTION – LAW |
| Plaintiffs, | No. 3:21-cv-00477-DFB |
| v. | MAGISTRATE JUDGE DARYL F. BLOOM |
| SCHUYLKILL COUNTY COURTHOUSE, et al., | *Electronically Filed* |
| Defendants. | **Jury Trial Demanded** |

## RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE EVIDENCE PERTAINING TO DOE 2'S PRIOR EMPLOYMENT

AND NOW, come Defendants, SCHUYLKILL COUNTY, GARY BENDER, and HEIDI ZULA, by and through their undersigned counsel, JonesPassodelis, PLLC, and file the within Response in Opposition to Plaintiffs' Motion in Limine to Preclude Evidence Pertaining to Doe 2's Prior Employment, averring as follows:

1. Plaintiffs' Motion in Limine to Preclude Evidence Pertaining to Doe 2's Prior Employment (ECF No. 347) seeks to exclude evidence regarding an investigation conducted by and request to resign by the prior employer, PrimeCare, of Doe 2.

2. Doe 2 worked as a Health Services Administrator ("HSA") with PrimeCare "immediately prior" to her employment with the County. PrimeCare is

{W0335553.1}

contracted with the County to provide medical services to the County Jail. Doe 2 worked as the HSA at the Schuylkill County Jail. While Doe served as HSA, it was discovered that medication was being improperly prescribed by PrimeCare nurses to correctional officers. Investigations ensued, including one conducted by the Schuylkill County Jail Warden and one by PrimeCare. PrimeCare determined that Doe 2 failed to perform her duties as a supervisor. She was asked by PrimeCare to resign, in lieu of termination. (Ex. A (Deposition of Doe 2 on 1/23/2023) at p. 10).

3. Plaintiffs' Motion to Exclude Evidence on this point conveniently ignores the relevance of such information which Plaintiffs themselves have brought to the forefront of this litigation. To the extent this evidence will be used to respond to specific allegations and theories raised by Plaintiffs and given the high probative value of such evidence of County-related employment, Plaintiffs' Motion is appropriately denied.

4. Indeed, Doe 2 alleged that there were untrue rumors about her using drugs. (Ex. A at p. 15). Plaintiff herself attributed those rumors about her to the allegations raised against her by PrimeCare. (Ex. A at pp. 11-14). To the extent Plaintiffs put such averments at issue, Defendants are entitled to introduce evidence to contradict the same. *Lyons v. Freeman Decorating Servs., Inc.*, 2009 WL 10697507, at *4-5 (N.D. Ill. Dec. 23, 2009).

5. Further, Plaintiffs produced an expert report on behalf of Doe 2 which consists of a psychological evaluation in which a psychologist conducted a clinical interview of Doe 2 and made conclusions regarding Doe 2's mental diagnoses and the causes of the same. In that report, based upon the statements of Doe 2, the psychologist recalled Doe 2's occupation history to include her employment at PrimeCare and a report Doe 2 made that she left the position on good terms because she was unhappy with the schedule and working with inmates.

6. This is contrary to Doe 2's deposition testimony under oath that she was asked to resign because she failed to perform her job duties. Certainly, Defendants should be entitled to raise such inconsistency at trial including as to the validity of the psychologist's conclusions as raised by Plaintiffs.

7. The evidence is also admissible to address Doe 2's credibility pursuant to Federal Rule of Evidence 608 especially in light of the contradicting statements. *Smith v. Specialty Pool Contractors*, 2009 WL 799748, at * 2 (W.D. Pa. Mar. 25, 2009).

WHEREFORE, Defendants, SCHUYLKILL COUNTY, GARY BENDER, and HEIDI ZULA, respectfully request that this Honorable Court deny Plaintiffs' Motion in Limine to Preclude Evidence Pertaining to Doe 2's Prior Employment for the reasons set forth herein.

Respectfully submitted,

JONESPASSODELIS, PLLC

By: s/Marie Milie Jones
    MARIE MILIE JONES, Esquire
    PA I.D. #49711
    E-Mail: mjones@jonespassodelis.com

    MARIA N. PIPAK, Esquire
    PA I.D. #317450
    E-Mail: mpipak@jonespassodelis.com

    MICHAEL R. LETTRICH, Esquire
    PA I.D. #80635
    E-Mail: mlettrich@jonespassodelis.com

    Fifth Avenue Place
    120 Fifth Avenue, Suite 26300
    Pittsburgh, PA  15222
    Phone: (412) 315-7272
    Fax: (412) 315-7273

    Counsel for Defendants,
    SCHUYLKILL COUNTY, GARY BENDER
    and HEIDI ZULA

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served upon the following counsel of record via ECF:

Catherine W. Lowry, Esquire
Derek Smith Law Group, PLLC
1628 Pine Street
Philadelphia, PA 19103
catherine@dereksmithlaw.com
*Counsel for Plaintiffs*

Paul Gregory Lees, Esquire
Dickie, McCamey & Chilcote, P.C.
190 Brodhead Road, Suite 310
Bethlehem, PA 18017
plees@dmclaw.com
*Counsel for Defendant, Doreen Kutzler*

Gerard J. Geiger, Esquire
Newman Williams
712 Monroe Street
Stroudsburg, PA 18360
ggeiger@newmanwilliams.com
*Counsel for Defendant, George Halcovage*

Meghan Wynkoop, Esquire
Anastasia Shubert-Baranowski, Esquire
Margolis Edelstein
170 S. Independence Mall W., Suite 400E
Philadelphia, PA 19106-3337
mwynkoop@margolisedelstein.com
abaranowski@margolisedelstein.com
*Counsel for Defendant, Glenn Roth*

JONESPASSODELIS, PLLC

Date: December 17, 2024

s/Marie Milie Jones
MARIE MILIE JONES, Esquire
MARIA N. PIPAK, Esquire
MICHAEL R. LETTRICH, Esquire

Counsel for Defendants,
SCHUYLKILL COUNTY, GARY BENDER
and HEIDI ZULA

{W0335553.1}