IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, et al., | : Civ. No. 3:21-CV-477 |
| Plaintiffs, | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| SCHUYLKILL COUNTY COURTHOUSE, et al., | : |
| Defendants. | : |

MEMORANDUM ORDER

I. Introduction

This is a civil rights action filed by the plaintiffs against Schuylkill County and several individual defendants, in which the plaintiffs allege claims of sexual harassment and retaliation for reporting such harassment. This matter is scheduled for a jury trial beginning on March 24, 2025. Pending before the court are several motions *in limine* filed by the parties. The instant motion, filed by Defendant Roth, seeks to preclude evidence of his alleged unauthorized use of LexisNexis. (Doc. 332). For the following reasons, this motion will be denied.

II. <u>Discussion</u>

Motions *in limine* seek rulings on the relevance and admissibility of evidence prior to trial. *United States v. Larry*, 537 F. Supp. 3d, 766, 768 (M.D. Pa. 2021) (citation omitted). "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial." *Castillo v. Progressive Ins. Co.*, 580 F. Supp. 3d 74, 76 (M.D. Pa. 2022) (citations omitted). Thus, rulings made by a trial judge on a motion *in limine* are reviewed only for an abuse of discretion. *Bernardsville Bd. of Education v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994).

Rulings on motions *in limine* serve several purposes, including "narrow[ing] the evidentiary issues for trial and [] eliminat[ing] unnecessary trial interruptions." *Id.* (quoting *Bradley v. Pittsburgh Bd. of Education*, 913 F.2d 1064, 1069 (3d Cir. 1990)). Pretrial rulings on the relevance and admissibility of evidence also serve "to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." *Id.* (citing *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988)).

The Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is

of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The Rules then provide that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." Fed. R. Evid. 402. These Rules favor the inclusion of evidence and limit the Court's ability to exclude evidence as irrelevant. *Castillo*, 580 F. Supp. 3d at 77 (citations omitted). However, Rule 403 does provide a limitation on the admissibility of relevant evidence, permitting the Court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

In this motion, Defendant Roth seeks to preclude the plaintiffs from offering evidence of his alleged unauthorized use of LexisNexis, arguing that this proposed evidence is irrelevant, and further, would be prejudicial to Roth if admitted. (Doc. 332). For their part, the plaintiffs contend that this information is relevant to their claims of retaliation and

harassment, in that two of the plaintiffs were investigated and indefinitely suspended for their alleged unauthorized use of LexisNexis and have alleged that Roth was neither investigated nor suspended. (Doc. 384).

We conclude that this evidence is relevant to the plaintiffs' claims. The plaintiffs have alleged that the defendants retaliated against them for reporting harassment when the defendants, *inter alia*, investigated and suspended Does 3 and 4 for their alleged unauthorized use of LexisNexis. The plaintiffs contend that their suspension was actually motivated by their reports of harassment and retaliation and intend to argue that Roth was not investigated or suspended despite allegations that he also misused LexisNexis, thereby showing that their use of LexisNexis was not the real reason for their suspension. In our view, such evidence is relevant to the plaintiffs' retaliation claims as it relates to the investigation and suspension of Does 3 and 4.

We further conclude that the admission of this evidence to try and prove their retaliation claim would not be unfairly prejudicial to Roth, nor would it confuse or mislead the jury. However, to the extent the plaintiffs seek to use this evidence to try and show Roth's "disregard for

4

ethical standards," we conclude that the use of this evidence for that purpose would not be relevant and would be more prejudicial than probative. Thus, we will permit the plaintiffs to introduce evidence of Defendant Roth's alleged unauthorized use of LexisNexis as it relates to their retaliation claim, but will not permit this evidence to be used in a more general manner as evidence of unethical character. Such use would run afoul of Rule 404(b)'s prohibition on using evidence of other acts to prove a person's character. *See* Fed. R. Evid. 404(b)(1) ("Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.").

### III. Order

Accordingly, IT IS HEREBY ORDERED THAT Defendant Roth's motion *in limine* to preclude evidence of his alleged unauthorized use of LexisNexis (Doc. 332) is DENIED. The plaintiffs will be permitted to introduce this evidence in the manner in which we have prescribed above.

So ordered this 31st day of January 2025.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge
