IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, et al., | : Civ. No. 3:21-CV-477 |
| Plaintiffs, | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| SCHUYLKILL COUNTY COURTHOUSE, et al., | : |
| Defendants. | : |

MEMORANDUM ORDER

I. Introduction

This is a civil rights action filed by the plaintiffs against Schuylkill County and several individual defendants, in which the plaintiffs allege claims of sexual harassment and retaliation for reporting such harassment. This matter is scheduled for a jury trial beginning on March 24, 2025. Pending before the court are several motions *in limine* filed by the parties. The instant motion, filed by Defendant Roth, seeks to preclude evidence of his political affiliation. (Doc. 333). For the following reasons, this motion will be granted.

II.   <u>Discussion</u>

Motions *in limine* seek rulings on the relevance and admissibility of evidence prior to trial. *United States v. Larry*, 537 F. Supp. 3d, 766, 768 (M.D. Pa. 2021) (citation omitted). "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial." *Castillo v. Progressive Ins. Co.*, 580 F. Supp. 3d 74, 76 (M.D. Pa. 2022) (citations omitted). Thus, rulings made by a trial judge on a motion *in limine* are reviewed only for an abuse of discretion. *Bernardsville Bd. of Education v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994).

Rulings on motions *in limine* serve several purposes, including "narrow[ing] the evidentiary issues for trial and [] eliminat[ing] unnecessary trial interruptions." *Id.* (quoting *Bradley v. Pittsburgh Bd. of Education*, 913 F.2d 1064, 1069 (3d Cir. 1990)). Pretrial rulings on the relevance and admissibility of evidence also serve "to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." *Id.* (citing *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988)).

The Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is

of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The Rules then provide that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." Fed. R. Evid. 402. These Rules favor the inclusion of evidence and limit the Court's ability to exclude evidence as irrelevant. *Castillo*, 580 F. Supp. 3d at 77 (citations omitted). However, Rule 403 does provide a limitation on the admissibility of relevant evidence, permitting the Court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

In this motion, Defendant Roth seeks to preclude the plaintiffs from offering evidence of his political affiliation. (Doc. 333). For their part, the plaintiffs contend that this information is relevant to show that Roth's actions were motivated, in part, by his political affiliation, which they argue "fostered a culture of an 'all boys club[]' and retaliation." (Doc. 385

at 2). They further assert that this evidence shows Roth's "animus based on political beliefs, which extend to other protected categories, sex." (*Id.* at 3).

We conclude that this evidence is not relevant to the plaintiffs' claims, and further, would only serve to confuse or mislead the jury regarding the issues in this case. The plaintiffs have alleged that the defendants engaged in a pattern of sex-based discrimination and harassment, and subsequently retaliated against them for reporting the same. Evidence of Roth's political affiliation does not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable[.]" Fed. R. Evid. 401.

The plaintiffs' claims in this case are claims of gender-based discrimination and harassment, not discrimination based on political affiliation, and the plaintiffs' attempt to link Roth's alleged gender bias to his political affiliation is entirely unsupported and unavailing. This is particularly so where the plaintiffs have not alleged or provided any evidence to suggest that the alleged discriminatory and retaliatory actions taken by Roth were taken in accordance with his political

affiliation, other than the bald and conclusory assertion that his political beliefs evince gender bias against women. (*See* Doc. 385 at 3). Rather, we find that allowing the plaintiffs to introduce such evidence would only serve to confuse or mislead the jury. *See e.g.*, *Evans v. Cernics, Inc.*, 2017 WL 4863207, at *1 (W.D. Pa. Oct. 26, 2017) (granting a motion *in limine* and finding that "[e]vidence about Defendants' political affiliations is irrelevant because it does not make it more or less probable that Defendants discriminated and/or retaliated against Plaintiff[.]"); ; *see also Simonetti v. Runyon*, 2000 WL 1133066, at *6 (D.N.J. Aug. 7, 2000) (finding that a "plaintiff may not use evidence of one type of discrimination to prove discrimination of another type."). Accordingly, we will grant Roth's motion *in limine* to preclude this evidence.

## III. Order

Accordingly, IT IS HEREBY ORDERED THAT Defendant Roth's motion *in limine* to preclude evidence of his political affiliation (Doc. 333) is GRANTED.

So ordered this 31st day of January 2025.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge
