IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, et al., | : Civ. No. 3:21-CV-477 |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| SCHUYLKILL COUNTY | : |
| COURTHOUSE, et al., | : |
| | : |
| Defendants. | : |

## MEMORANDUM ORDER

### I. Introduction

This is a civil rights action filed by the plaintiffs against Schuylkill County and several individual defendants, in which the plaintiffs allege claims of sexual harassment and retaliation for reporting such harassment. This matter is scheduled for a jury trial beginning on March 24, 2025. Pending before the court are several motions *in limine* filed by the parties. The instant motion, filed by Defendant Roth, seeks to preclude evidence of alleged comments he made to or about his wife in the presence of Doe 1 and Doe 2. (Doc. 336). For the following reasons, this motion will be granted.

## II.    <u>Discussion</u>

Motions *in limine* seek rulings on the relevance and admissibility of evidence prior to trial. *United States v. Larry*, 537 F. Supp. 3d, 766, 768 (M.D. Pa. 2021) (citation omitted). "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial." *Castillo v. Progressive Ins. Co.*, 580 F. Supp. 3d 74, 76 (M.D. Pa. 2022) (citations omitted). Thus, rulings made by a trial judge on a motion *in limine* are reviewed only for an abuse of discretion. *Bernardsville Bd. of Education v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994).

Rulings on motions *in limine* serve several purposes, including "narrow[ing] the evidentiary issues for trial and [] eliminat[ing] unnecessary trial interruptions." *Id.* (quoting *Bradley v. Pittsburgh Bd. of Education*, 913 F.2d 1064, 1069 (3d Cir. 1990)). Pretrial rulings on the relevance and admissibility of evidence also serve "to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." *Id.* (citing *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988)).

The Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is

of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The Rules then provide that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." Fed. R. Evid. 402. These Rules favor the inclusion of evidence and limit the Court's ability to exclude evidence as irrelevant. *Castillo*, 580 F. Supp. 3d at 77 (citations omitted). However, Rule 403 does provide a limitation on the admissibility of relevant evidence, permitting the Court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

In this motion, Defendant Roth seeks to preclude the plaintiffs from offering evidence of alleged comments he made to or about his wife. (Doc. 336). For example, Doe 1, who is no longer a party to this action, asserted that she overheard Roth refer to his wife as "stupid" and that he made "ignorant comments about his wife." (Doc. 262 at 70). For their part, the

3

plaintiffs contend that this information is relevant to show Roth's discriminatory animus toward women and gender stereotypes. (Doc. 387 at 3). They further assert that this evidence supports their claims that "Roth treated women, including the Plaintiffs, in a demeaning manner[.]" (*Id.*).

We conclude that this evidence as proposed by the plaintiffs constitutes improper character evidence and is prohibited by Rule 404(b). Rule 404(b) prohibits the use of evidence of other wrongs or acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). While the plaintiffs argue that such evidence is admissible to prove motive or intent under Rule 404(b)(2), the use proffered by the plaintiffs—to show that "Roth treated women, including the plaintiffs, in a demeaning manner," (Doc. 387 at 3)—falls squarely within Rule 404's prohibition that such evidence is not to be used to show that the defendant acted in accordance with the character on a particular occasion.

Moreover, while the plaintiffs assert that this evidence can be used to show Roth's motive or intent under Rule 404(b)(2), we conclude that

4

this particular evidence—alleged comments that Roth made at some unknown time about his wife, a non-employee—would not be probative of the plaintiffs' claims of workplace discrimination. To be sure, courts have permitted such evidence where the alleged discriminatory comments were made toward or about other employees in the workplace. *See e.g.*, *Stair v. Lehigh Valley Carpenters Local Union No. 600*, 813 F. Supp. 1116, 1119 (E.D. Pa. 1993) (collecting cases and reasoning that "as a general rule, evidence of discrimination against other employees is relevant to the issue of whether a defendant's employment action against an employee was motivated by intentional discrimination."). However, these alleged statements were not made in the employment context, nor were they made toward or about another employee in the workplace. Additionally, the plaintiffs' proffered evidence—that Does 1 and 2 stated in their depositions that they heard Roth make such comments—fails to indicate when these comments were made in relation to the harassment and discrimination alleged in this matter. *See Garvey v. Dickinson College*, 763 F. Supp. 799, 802 (M.D. Pa. 1991) (excluding evidence of incidents "which are too remote in time or too attenuated from plaintiff's situation" as irrelevant).

Accordingly, we conclude that these alleged statements, made at some unknown time about a non-employee, are too attenuated from the plaintiffs' allegations in this matter for us to conclude that they constitute evidence of Roth's discriminatory motives or intent toward the plaintiffs. Rather, the plaintiffs intend to use these statements to show that "Roth treated women, including the plaintiffs, in a demeaning manner," a use clearly prohibited by Rule 404(b). Thus, we will grant Roth's motion *in limine* to preclude this evidence.

## III.  Order

Accordingly, IT IS HEREBY ORDERED THAT Defendant Roth's motion *in limine* to preclude evidence of statements allegedly made to or about his wife (Doc. 336) is GRANTED.

So ordered this 31st day of January 2025.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

6