## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, et al., | : Civ. No. 3:21-CV-477 |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| SCHUYLKILL COUNTY | : |
| COURTHOUSE, et al., | : |
| | : |
| Defendants. | : |

## MEMORANDUM ORDER

### I.  Introduction

This is a civil rights action filed by the plaintiffs against Schuylkill County and several individual defendants, in which the plaintiffs allege claims of sexual harassment and retaliation for reporting such harassment. This matter is scheduled for a jury trial beginning on March 24, 2025. Pending before the court are several motions *in limine* filed by the parties. The instant motion, filed by Defendant Roth, seeks to preclude evidence of alleged violations in his capacity as a notary public. (Doc. 338). For the following reasons, this motion will be granted.

## II.  <u>Discussion</u>

Motions *in limine* seek rulings on the relevance and admissibility of evidence prior to trial. *United States v. Larry*, 537 F. Supp. 3d, 766, 768 (M.D. Pa. 2021) (citation omitted). "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial." *Castillo v. Progressive Ins. Co.*, 580 F. Supp. 3d 74, 76 (M.D. Pa. 2022) (citations omitted). Thus, rulings made by a trial judge on a motion *in limine* are reviewed only for an abuse of discretion. *Bernardsville Bd. of Education v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994).

Rulings on motions *in limine* serve several purposes, including "narrow[ing] the evidentiary issues for trial and [] eliminat[ing] unnecessary trial interruptions." *Id.* (quoting *Bradley v. Pittsburgh Bd. of Education*, 913 F.2d 1064, 1069 (3d Cir. 1990)). Pretrial rulings on the relevance and admissibility of evidence also serve "to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." *Id.* (citing *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988)).

The Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is

of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The Rules then provide that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." Fed. R. Evid. 402. These Rules favor the inclusion of evidence and limit the Court's ability to exclude evidence as irrelevant. *Castillo*, 580 F. Supp. 3d at 77 (citations omitted). However, Rule 403 does provide a limitation on the admissibility of relevant evidence, permitting the Court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

In this motion, Defendant Roth seeks to preclude the plaintiffs from offering evidence of alleged violations committed in his capacity as a notary public. (Doc. 338). For their part, the plaintiffs contend that this information is relevant to show a pattern of Roth's disregard for legal

standards, which they argue "underscore[s] his complicity in enabling inappropriate or unlawful conduct." (Doc. 389 at 3).

We conclude that this evidence is not relevant to the plaintiffs' claims, and further, would only serve to confuse or mislead the jury regarding the issues in this case. The plaintiffs have alleged that the defendants engaged in a pattern of sex-based discrimination and harassment, and subsequently retaliated against them for reporting the same. Evidence of Roth's alleged notary violations does not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable[.]" Fed. R. Evid. 401.

In addition, we conclude that the introduction of this evidence is prohibited by Rule 404. Rule 404(b) prohibits the use of evidence of other wrongs or acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Here, the plaintiffs' proffered use of this evidence is to show that Roth disregarded legal standards, which they argue would show his disregard for legal standards as it relates to the plaintiffs' complaints of discrimination and retaliation. This is precisely what Rule

404(b)(1) prohibits. Accordingly, we will grant Roth's motion to preclude this evidence.

### III.   <u>Order</u>

Accordingly, IT IS HEREBY ORDERED THAT Defendant Roth's motion *in limine* to preclude evidence of alleged violations in his capacity as notary public (Doc. 338) is GRANTED.

So ordered this 31st day of January 2025.

<u>*s/ Daryl F. Bloom*</u>
Daryl F. Bloom
Chief United States Magistrate Judge