## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, et al., | : Civ. No. 3:21-CV-477 |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| SCHUYLKILL COUNTY | : |
| COURTHOUSE, et al., | : |
| | : |
| Defendants. | : |

## MEMORANDUM ORDER

### I. Introduction

This is a civil rights action filed by the plaintiffs against Schuylkill County and several individual defendants, in which the plaintiffs allege claims of sexual harassment and retaliation for reporting such harassment. This matter is scheduled for a jury trial beginning on March 24, 2025. Pending before the court are several motions *in limine* filed by the parties. The instant motion, filed by Defendant Roth, seeks to preclude evidence of messages prior to 2016 between Roth and other individuals. (Doc. 342). For the following reasons, this motion will be granted.

II.    <u>Discussion</u>

Motions *in limine* seek rulings on the relevance and admissibility of evidence prior to trial. *United States v. Larry*, 537 F. Supp. 3d, 766, 768 (M.D. Pa. 2021) (citation omitted). "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial." *Castillo v. Progressive Ins. Co.*, 580 F. Supp. 3d 74, 76 (M.D. Pa. 2022) (citations omitted). Thus, rulings made by a trial judge on a motion *in limine* are reviewed only for an abuse of discretion. *Bernardsville Bd. of Education v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994).

Rulings on motions *in limine* serve several purposes, including "narrow[ing] the evidentiary issues for trial and [] eliminat[ing] unnecessary trial interruptions." *Id.* (quoting *Bradley v. Pittsburgh Bd. of Education*, 913 F.2d 1064, 1069 (3d Cir. 1990)). Pretrial rulings on the relevance and admissibility of evidence also serve "to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." *Id.* (citing *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988)).

The Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The Rules then provide that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." Fed. R. Evid. 402. These Rules favor the inclusion of evidence and limit the Court's ability to exclude evidence as irrelevant. *Castillo*, 580 F. Supp. 3d at 77 (citations omitted). However, Rule 403 does provide a limitation on the admissibility of relevant evidence, permitting the Court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

In this motion, Defendant Roth seeks to preclude the plaintiffs from offering evidence of messages between him and other county employees, including the plaintiffs and co-defendants. (Doc. 342). For their part, the

3

plaintiffs appear to assert that the messages are relevant to show that Roth knew of Defendant Halcovage's ongoing harassment of the plaintiffs. (Doc. 403 at 2-3).

Our review of the messages attached to Roth's motion as Exhibit A (Doc. 342-1) indicates that only a specific subset of these messages— pages 11 and 12 of Exhibit A—has any potential relevance to the plaintiffs' claims.[1] These messages appear to be between Roth, Doe 4, and another county employee in April of 2016, and Roth begins the message by saying, "He really is everywhere[,] . . ." to which Doe 4 replied, "Lol I swear he has his own camera crew!! . . ." (Doc. 342-1 at 11-12). The plaintiffs appear to contend that these messages show Roth's knowledge that Halcovage was harassing the plaintiffs, as they argue that there was a running joke that Halcovage was "everywhere." (Doc. 403 at 2-3).

We conclude that this evidence is plainly not relevant to the plaintiffs' claims. At the outset, these messages were sent in April of 2016, roughly four years prior to the incidents of harassment and

---

[1] The remainder of these messages appear to have no relevance whatsoever to the claims in this matter. For example, several messages sent in September and December of 2015, as well as October of 2016, appear to reference an ongoing invitation to a keg party between Roth, Doe 4, and other individuals. (Doc. 342-1 at 2-5, 8).

retaliation alleged in this lawsuit. In our view, a message from Roth from 2016 stating that Halcovage is "everywhere" does not make it more or less probable that Roth was aware of ongoing discrimination and harassment of the plaintiffs by Halcovage nearly four years later. Accordingly, we conclude that this evidence is not relevant to the claims in this matter, and we will grant the defendant's motion *in limine* to preclude this evidence.

## III.  Order

Accordingly, IT IS HEREBY ORDERED THAT Defendant Roth's motion *in limine* to preclude evidence of messages prior to 2016 (Doc. 342) is GRANTED.


So ordered this 31st day of January 2025.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

5