IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, et al., | : Civ. No. 3:21-CV-477 |
| Plaintiffs, | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| SCHUYLKILL COUNTY COURTHOUSE, et al., | : |
| Defendants. | : |

MEMORANDUM ORDER

I. Introduction

This is a civil rights action filed by the plaintiffs against Schuylkill County and several individual defendants, in which the plaintiffs allege claims of sexual harassment and retaliation for reporting such harassment. This matter is scheduled for a jury trial beginning on March 24, 2025. Pending before the court are several motions *in limine* filed by the parties. The instant motion, filed by Defendant Roth, seeks to preclude evidence of Facebook messages between Roth and Doe 3. (Doc. 343). For the following reasons, this motion will be granted in part and denied in part.

## II. Discussion

Motions *in limine* seek rulings on the relevance and admissibility of evidence prior to trial. *United States v. Larry*, 537 F. Supp. 3d, 766, 768 (M.D. Pa. 2021) (citation omitted). "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial." *Castillo v. Progressive Ins. Co.*, 580 F. Supp. 3d 74, 76 (M.D. Pa. 2022) (citations omitted). Thus, rulings made by a trial judge on a motion *in limine* are reviewed only for an abuse of discretion. *Bernardsville Bd. of Education v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994).

Rulings on motions *in limine* serve several purposes, including "narrow[ing] the evidentiary issues for trial and [] eliminat[ing] unnecessary trial interruptions." *Id.* (quoting *Bradley v. Pittsburgh Bd. of Education*, 913 F.2d 1064, 1069 (3d Cir. 1990)). Pretrial rulings on the relevance and admissibility of evidence also serve "to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." *Id.* (citing *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988)).

The Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The Rules then provide that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." Fed. R. Evid. 402. These Rules favor the inclusion of evidence and limit the Court's ability to exclude evidence as irrelevant. *Castillo*, 580 F. Supp. 3d at 77 (citations omitted). However, Rule 403 does provide a limitation on the admissibility of relevant evidence, permitting the Court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

In this motion, Defendant Roth seeks to preclude the plaintiffs from offering evidence of Facebook messages between him and Doe 3. (Doc. 343). For their part, the plaintiffs appear to assert that three of the

3

messages are relevant to show Roth's discriminatory animus toward women. (Doc. 393 at 2-3). The plaintiffs argue that these messages evidence Roth's animus toward women and provide context for Roth's mindset and motivations as it pertains to the plaintiffs' claims of harassment and retaliation. (Doc. 393 at 3).

Our review of the messages attached to Roth's motion as Exhibit A (Doc. 343-1) indicate that only three of the messages—specifically, the messages contained on pages 2, 15-17, and 41 of Exhibit A, which the plaintiffs claim are relevant—have any potential relevance to the plaintiffs' claims.[1] The first message, sent by Roth to Doe 3 in September of 2015 contains a picture with advice about sewing and is accompanied by Roth's comment, "I thought you would appreciate this." (Doc. 343-1 at 2). The second message, sent by Roth to Doe 3 in February of 2018, included a link to an article entitled, "Tips to look after your husband" and was accompanied by Roth's message stating, "Some helpfully (sic)

---

[1] The plaintiffs point to these three specific messages, alleging that these messages show Roth's discriminatory animus toward women and are directly relevant to their claims against him. (Doc. 393 at 2-3). Our review of the entirety of the messages indicates that the remaining messages have no relevance to the plaintiffs' claims in this matter whatsoever, and as such, we will address the three specific messages that the plaintiffs argue are relevant to their claims.

4

information" with a smiley face emoji. (*Id.* at 15). The third message, sent by Roth to Doe 3 in October of 2019, contains a link to a video entitled "Ticking off your to do list at work," and contains a picture of a checklist which includes "make some sarcastic comments," and the message is accompanied by Roth's comment, "This sounds a lot like me." (*Id.* at 41).

After consideration, we conclude that these three messages are relevant to the plaintiffs' claims. The plaintiffs have alleged that Roth exhibited a bias against women around the office, and that this bias led him to overlook, and in some instances participate in, the harassment and retaliation experienced by the plaintiffs. These messages, as described above, appear to contain overt gender stereotypes about women and the inclination to make sarcastic comments, which the plaintiffs argue shows Roth's motives or intent behind his actions toward them after they reported sexual harassment. These messages were communicated directly by Roth to Doe 3. Accordingly, in our view, these messages could have a tendency to make it more or less probable that Roth participated in, or overlooked, the harassment and subsequent retaliation of the plaintiffs.

We further conclude that these messages are not so prejudicial that they would unfairly prejudice Defendant Roth if admitted. These messages are of a different nature than the alleged comments we have determined are too attenuated and irrelevant to the plaintiffs' gender discrimination claims. (*See* Doc. 429). Rather, while some of these messages are somewhat attenuated in time, these messages were communicated directly to Doe 3 and contain overt messages of gender stereotyping. Accordingly, in our view, these messages are more probative of discriminatory animus and may be used to show Roth's motive or intent toward the plaintiffs. *See* Rule 404(b)(2) (permitting evidence of wrongs or other acts to prove, *inter alia*, motive or intent).

However, as we have explained, the remaining messages in Exhibit A do not appear to have any relevance to the plaintiffs' claims. Accordingly, we will deny the motion *in limine* as it pertains to the three messages described above, and we will permit the plaintiffs to introduce these messages at trial. But we will grant the motion as it pertains to the remainder of the messages in Exhibit A, and the plaintiffs will be prohibited from introducing those messages at trial.

III. <u>Order</u>

Accordingly, IT IS HEREBY ORDERED THAT Defendant Roth's motion *in limine* to preclude evidence of messages between Roth and Doe 3 (Doc. 343) is GRANTED IN PART AND DENIED IN PART as follows:

1. The motion is DENIED with respect to the three messages discussed above, contained on pages 2, 15-17, and 41, which discuss Roth's alleged gender biases. The plaintiffs will be permitted to introduce these messages at trial.

2. The motion is GRANTED with respect to the remainder of the messages contained in Exhibit A, as we find these messages are irrelevant to the plaintiffs' claims.

So ordered this 31st day of January 2025.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge
