IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, et al., | : Civ. No. 3:21-CV-477 |
| Plaintiffs, | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| SCHUYLKILL COUNTY COURTHOUSE, et al., | : |
| Defendants. | : |

MEMORANDUM ORDER

I. Introduction

This is a civil rights action filed by the plaintiffs against Schuylkill County and several individual defendants, in which the plaintiffs allege claims of sexual harassment and retaliation for reporting such harassment. This matter is scheduled for a jury trial beginning on March 24, 2025. Pending before the court are several motions *in limine* filed by the parties. The instant motion, filed by Defendant Roth, seeks to preclude evidence of punitive damages. (Doc. 344). For the following reasons, this motion will be denied.

II. <u>Discussion</u>

Motions *in limine* seek rulings on the relevance and admissibility of evidence prior to trial. *United States v. Larry*, 537 F. Supp. 3d, 766, 768 (M.D. Pa. 2021) (citation omitted). "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial." *Castillo v. Progressive Ins. Co.*, 580 F. Supp. 3d 74, 76 (M.D. Pa. 2022) (citations omitted). Thus, rulings made by a trial judge on a motion *in limine* are reviewed only for an abuse of discretion. *Bernardsville Bd. of Education v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994).

Rulings on motions *in limine* serve several purposes, including "narrow[ing] the evidentiary issues for trial and [] eliminat[ing] unnecessary trial interruptions." *Id.* (quoting *Bradley v. Pittsburgh Bd. of Education*, 913 F.2d 1064, 1069 (3d Cir. 1990)). Pretrial rulings on the relevance and admissibility of evidence also serve "to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." *Id.* (citing *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988)).

The Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is

of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The Rules then provide that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." Fed. R. Evid. 402. These Rules favor the inclusion of evidence and limit the Court's ability to exclude evidence as irrelevant. *Castillo*, 580 F. Supp. 3d at 77 (citations omitted). However, Rule 403 does provide a limitation on the admissibility of relevant evidence, permitting the Court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

In this motion, Defendant Roth seeks to preclude the plaintiffs from offering evidence relevant to their claims for punitive damages, arguing that the plaintiffs have not presented evidence of Roth's intentional misconduct. (Doc. 344). For their part, the plaintiffs contend that we denied summary judgment on this issue, and that they have set forth

3

sufficient evidence from which a jury could award punitive damages. (Doc. 394 at 2-4).

We note for the plaintiffs that they face an exacting burden of proof with respect to any claims for punitive damages. However, courts frequently decline to preclude evidence of punitive damages prior to trial and instead defer such objections until the record has been fully developed, after which we can determine if the plaintiffs have presented sufficient evidence for the issue of punitive damages to go to the jury. *See R.D. v. Shohola, Inc.*, 2019 WL 6211365, at *4-5 (M.D. Pa. Nov. 20, 2019) (Carlson, M.J.) (collecting cases); *see also UPMC v. CBIZ, Inc.*, 2021 WL 1176746, at *4 (W.D. Pa. Mar. 29, 2021) (same). Accordingly, we will deny the motion at this time. However, we will deny the motion without prejudice to the defendant raising an appropriate objection after the close of the evidence at trial, at which time we can decide if the plaintiffs have presented sufficient evidence for the issue of punitive damages to go to the jury.

## III. <u>Order</u>

Accordingly, IT IS HEREBY ORDERED THAT Defendant Roth's motion *in limine* to preclude evidence of punitive damages (Doc. 344) is DENIED without prejudice to renewal at trial.

So ordered this 31st day of January 2025.

<u>s/ Daryl F. Bloom</u>
Daryl F. Bloom
Chief United States Magistrate Judge