IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE, et al., | : | Civ. No. 3:21-CV-477 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | (Chief Magistrate Judge Bloom) |
| SCHUYLKILL COUNTY | : | |
| COURTHOUSE, et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

### I.  Introduction

This is a civil rights action filed by the plaintiffs against Schuylkill County and several individual defendants, in which the plaintiffs allege claims of sexual harassment and retaliation for reporting such harassment. This matter is scheduled for a jury trial beginning on March 24, 2025. Pending before the court are several motions *in limine* filed by the parties. The instant motion, filed by Defendant Roth, seeks to preclude evidence of cumulative witness testimony. (Doc. 345). For the following reasons, this motion will be denied.

## II.    Discussion

Motions *in limine* seek rulings on the relevance and admissibility of evidence prior to trial. *United States v. Larry*, 537 F. Supp. 3d, 766, 768 (M.D. Pa. 2021) (citation omitted). "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial." *Castillo v. Progressive Ins. Co.*, 580 F. Supp. 3d 74, 76 (M.D. Pa. 2022) (citations omitted). Thus, rulings made by a trial judge on a motion *in limine* are reviewed only for an abuse of discretion. *Bernardsville Bd. of Education v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994).

Rulings on motions *in limine* serve several purposes, including "narrow[ing] the evidentiary issues for trial and [] eliminat[ing] unnecessary trial interruptions." *Id.* (quoting *Bradley v. Pittsburgh Bd. of Education*, 913 F.2d 1064, 1069 (3d Cir. 1990)). Pretrial rulings on the relevance and admissibility of evidence also serve "to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." *Id.* (citing *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988)).

The Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is

of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The Rules then provide that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." Fed. R. Evid. 402. These Rules favor the inclusion of evidence and limit the Court's ability to exclude evidence as irrelevant. *Castillo*, 580 F. Supp. 3d at 77 (citations omitted). However, Rule 403 does provide a limitation on the admissibility of relevant evidence, permitting the Court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

In this motion, Defendant Roth seeks to preclude the plaintiffs from offering evidence of cumulative witness testimony, indicating that the plaintiffs' witness list contains over 80 witnesses that would be offering cumulative testimony. (Doc. 345). For their part, the plaintiffs contend that Roth's argument is speculative, in that the defendant cannot know

whether the testimony would be cumulative or not until trial. (Doc. 395 at 3-4). They further argue that testimony from multiple witnesses is often critical in cases involving claims of a hostile work environment. (*Id.* at 4 (citing *Andrews v. City of Phila.*, 895 F.2d 1469 (3d Cir. 1990)).

Courts have declined to rule on motions *in limine* like the instant one, which seeks to preclude cumulative testimony prior to trial without a specific showing as to what the testimony will consist of. *See e.g.*, *Williams v. Gilgallon*, 2016 WL 6609185, at *5 (M.D. Pa. Nov. 7, 2016). Here, while the plaintiffs' list of roughly 86 witnesses, on its face, may seem needlessly cumulative, without knowing the substance of the proposed testimony, we cannot conclude at this time that this testimony would be cumulative. Accordingly, we will deny the motion at this time. However, given the lengthy list of fact witnesses provided by the plaintiffs, the plaintiffs will be required to provide a proffer as to the substance of this witness testimony prior to trial.

## III.  <u>Order</u>

Accordingly, IT IS HEREBY ORDERED THAT Defendant Roth's motion *in limine* to preclude cumulative witness testimony (Doc. 345) is DENIED without prejudice to renewal at trial.

So ordered this 31st day of January 2025.

_s/ Daryl F. Bloom_
Daryl F. Bloom
Chief United States Magistrate Judge