IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, et al., | : Civ. No. 3:21-CV-477 |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| SCHUYLKILL COUNTY | : |
| COURTHOUSE, et al., | : |
| | : |
| Defendants. | : |

## MEMORANDUM ORDER

## I.    Introduction

This is a civil rights action filed by the plaintiffs against Schuylkill County and several individual defendants, in which the plaintiffs allege claims of sexual harassment and retaliation for reporting such harassment. This matter is scheduled for a jury trial beginning on March 24, 2025. Pending before the court are several motions *in limine* filed by the parties. Defendant Halcovage has filed a motion seeking to preclude spectators from the courtroom during trial to preserve the confidentiality and privacy of all parties. (Doc. 351). The County Defendants have filed a somewhat related motion, seeking to preclude the plaintiffs from proceeding at trial using Jane Doe pseudonyms. (Doc. 355).

Given the overlap of these motions, we will address the motions together. After consideration, we will grant the County Defendants' motion to preclude the plaintiffs from using Jane Doe pseudonyms at trial, and we will deny Defendant Halcovage's motion to preclude spectators.

## II.   Discussion

"The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial." *Castillo v. Progressive Ins. Co.*, 580 F. Supp. 3d 74, 76 (M.D. Pa. 2022) (citations omitted). Thus, rulings made by a trial judge on a motion *in limine* are reviewed only for an abuse of discretion. *Bernardsville Bd. of Education v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994).

### A. The Plaintiffs will not be Permitted to Proceed at Trial Using Jane Doe Pseudonyms.

The County Defendants' motion seeks to preclude the plaintiffs' continued use of Jane Doe pseudonyms. (Doc. 355). Rule 10 of the Federal Rules of Civil Procedure generally requires that parties to a lawsuit identify themselves in pleadings. Fed. R. Civ. P. 10(a). However, a party may be able to proceed under a pseudonym if she can show "both (1) a

fear of severe harm, and (2) that the fear of severe harm is reasonable."

*Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (citation and internal

quotation marks omitted).

The Third Circuit Court of Appeals has set forth a nonexhaustive

list of factors to be considered when determining whether the use of a

pseudonym is warranted. The factors favoring continued anonymity

include:

> "(1) the extent to which the identity of the litigant has been
> kept confidential; (2) the bases upon which disclosure is
> feared or sought to be avoided, and the substantiality of these
> bases; (3) the magnitude of the public interest in maintaining
> the confidentiality of the litigant's identity; (4) whether,
> because of the purely legal nature of the issues presented or
> otherwise, there is an atypically weak public interest in
> knowing the litigant's identities; (5) the undesirability of an
> outcome adverse to the pseudonymous party and attributable
> to his refusal to pursue the case at the price of being publicly
> identified; and (6) whether the party seeking to sue
> pseudonymously has illegitimate ulterior motives."

*Megless*, 654 F.3d at 409 (quoting *Doe v. Provident Life and Acc. Ins. Co.*,

176 F.R.D. 464, 467-68 (E.D. Pa. 1997)). On the other hand, there are

several factors that disfavor anonymity, including:

> "(1) the universal level of public interest in access to the
> identities of litigants; (2) whether, because of the subject
> matter of this litigation, the status of the litigant as a public
> figure, or otherwise, there is a particularly strong interest in
> knowing the litigant's identities, beyond the public's interest

3

> which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated."

*Id.*

Consideration of the factors in favor of anonymity lead us to conclude that the plaintiffs should not be permitted to continue to trial using pseudonyms. First, considering the extent to which the plaintiffs' identities have been kept confidential, it appears that two of the three remaining plaintiffs have been identified in various news articles about this case by name. (*See* Doc. 424-1, Ex. A). Significantly, one of the news articles, which appeared in the Coal Regional Canary in March of 2022, contains a statement from the plaintiffs' counsel, in which counsel refers to the plaintiffs by name. (*Id.* at 7-8). With respect to the third plaintiff, she underwent a psychological evaluation in 2022, in which she reported to the evaluator that her children were subjected to disparaging comments because of the lawsuit. (Doc. 424-2, Ex. B, at 3). This leads us to conclude that the plaintiffs' identities have not, in fact, been kept confidential.

With respect to the second factor, the plaintiffs contend that they will suffer from stigmatization in their personal and professional lives,

embarrassment and humiliation, and the harm of revictimization if forced to reveal their identities. (Doc. 400). But a fear that the plaintiffs will suffer embarrassment and humiliation is not enough. *See Doe v. Temple Univ.*, 2014 WL 4375613, at *1 (E.D. Pa. Sept. 13, 2014). Further, allegations of sexual harassment and assault, standing alone, have been held insufficient to allow parties to proceed anonymously. *See e.g.*, *Doe v. Oeser*, 2023 WL 1954695, at *1 (E.D. Pa. Jan. 11, 2023) ("[T]he fact that a plaintiff is a victim of sexual assault is not, on its own, a reason to permit her to proceed anonymously."); *Doe v. Court of Common Pleas of Butler County PA*, 2017 WL 5069333, at *2 (W.D. Pa. Nov. 3, 2017) (collecting cases and noting that "[i]n the vast majority of [sexual harassment] cases, the plaintiffs file the lawsuit under their own names."). Thus, we do not find that this factor weighs in favor of continued anonymity.

The third and fourth factors—the public's interest in maintaining the plaintiffs' confidentiality or in knowing the litigants' identities—also weigh against the plaintiffs' continued use of pseudonyms. The plaintiffs reiterate much of the same arguments they set forth at the outset of this litigation, at which time Magistrate Judge Carlson found that proceeding

under pseudonyms was appropriate at the preliminary stages of the litigation. However, as we have noted, in the years since this litigation began, the identities of the plaintiffs have not been kept confidential. Moreover, the plaintiffs, as well as some of the defendants, no longer work for the County. Accordingly, Judge Carlson's reasoning, in part— that at the time this litigation began, the plaintiffs were still working at the County and were allegedly experiencing ongoing retaliation (Doc. 123 at 20-21)—no longer applies at this later stage of the litigation almost four years later, where it appears that the identities of the plaintiffs with respect to this litigation are known to some degree, and that, for the most part, the plaintiffs and the defendants no longer work together.

Consideration of the fifth factor—whether the plaintiffs would refuse to pursue this case if forced to reveal their identities—does not weigh in favor of continued anonymity in this case. This is particularly so at this stage of the litigation, where the parties have expended considerable time and resources on discovery and motions practice, and where trial is scheduled to begin in less than two months. Accordingly, while the plaintiffs' have given some indication that they may refuse to proceed if not permitted to proceed as Jane Does, we find that this factor

does not weigh heavily in their favor. Finally, the sixth factor—whether the plaintiffs have illegitimate ulterior motives for proceeding anonymously—is not at issue here, where there has been no indication that the plaintiffs have any illegitimate ulterior motives.

In addition to the factors mentioned above, we note the logistical difficulties of using Jane Doe pseudonyms during a trial, particularly in this case where there are multiple plaintiffs with claims against multiple defendants, and the first plaintiff, Doe 1, is no longer a party to this lawsuit. *See e.g.*, *United States v. Wares*, 689 F. App'x 719, 724 (3d Cir. 2017) ("Allowing Wares a pseudonym at trial would hinder the evidentiary connection between the defendant and the person with whom the victims were communicating."); *Doe v. Pennsylvania State Univ.*, 2019 WL 13452187, at *1 n.2 (M.D. Pa. Nov. 27, 2019) (citing *Wares* and permitting the parties to revisit the issue of using a pseudonym "if, at trial or a later stage of the proceeding, nondisclosure of Doe's name becomes an obstacle to the proceedings."). In our view, allowing the three remaining plaintiffs to proceed at trial under the pseudonyms Jane Doe 2, Jane Doe 3, and Jane Doe 4 in a case involving myriad allegations over

the span of over several years, would almost undoubtedly lead to logistical issues and confusion among the jury.

In sum, we conclude that the factors set forth by the Court of Appeals weigh against the plaintiffs' request to continue using Jane Doe pseudonyms. Accordingly, we will grant the County Defendants' motion *in limine* to preclude the continued use of Jane Doe pseudonyms at trial. (Doc. 355).

## B. The Trial will be Open to the Public.

Defendant Halcovage's motion to preclude spectators from the courtroom is closely related to the motion discussed above. Accordingly, we consider these motions in conjunction with one another, and after consideration, we will deny Defendant Halcovage's motion to preclude spectators.

It is well settled that "the public and the press have a First Amendment right of access to civil trials." *In re Avandia Marketing, Sales Practices and Products Liability Litigation*, 924 F.3d 662, 673 (3d Cir. 2019) (citation omitted). However, a court is permitted to limit this access in rare circumstances, balancing the public's right of access against other countervailing and potentially overriding interests. *Waller v. Georgia*,

467 U.S. 39, 45 (1984). "The presumption of openness may be overcome
only by an overriding interest based on findings that closure is essential
to preserve higher values and is narrowly tailored to serve that interest."
*Id.* (quoting *Press-Enterprise Co. v. Superior Court of Ca.*, 464 U.S. 501,
510 (1984)). Before closing the courtroom, we must consider (1) whether
there is "an overriding interest that is likely to be prejudiced," (2) that
the closure would be "no broader than necessary to protect that interest,"
(3) if there are "reasonable alternatives to closing the proceeding," and
(4) we must "make adequate findings to support the closure." *Id.* at 48.

Here, we have concluded that the plaintiffs will not be permitted to
proceed at trial using Jane Doe pseudonyms. Thus, we must consider if
the plaintiffs' interests would be prejudiced by permitting spectators, and
if there are reasonable alternatives to closing the courtroom that can be
taken to minimize any prejudice to the plaintiffs' interests. As we have
discussed with respect to the County Defendants' motion, the plaintiffs'
identities have not been kept confidential since the filing of this action.
As we have explained, two of the three plaintiffs have been publicly
identified by name in news articles regarding this lawsuit, and the third
plaintiff reported to an examiner that her children were experiencing

disparaging comments because of the lawsuit. This leads us to conclude that the plaintiffs' identities with respect to their roles in this lawsuit have not been kept confidential. Further, at this stage of the litigation, where we are less than two months away from trial, we do not believe that the plaintiffs' interests in further pursuing this lawsuit are in the balance and should warrant closure of the courtroom. As we have reasoned, the parties have spent considerable time and resources litigating this case for several years, and we do not believe that opening the courtroom to the public and prohibiting the plaintiffs' from proceeding to trial anonymously will impact their interests in pursuing this litigation to its end.

Accordingly, we conclude that there is not an overriding interest in protecting the plaintiffs' identities such that closing the courtroom to spectators is warranted. However, while we are not permitting the plaintiffs to proceed under pseudonyms, we are not foreclosing the possibility of additional measures that may need to be put in place with respect to sensitive testimony that may be taken during trial. Rather, we will address those matters and any concerns as they arise at trial.

III.   <u>Order</u>

Accordingly, IT IS HEREBY ORDERED THAT:

1. The County Defendants' motion *in limine* to preclude the plaintiffs from using Jane Doe pseudonyms at trial (Doc. 355) is GRANTED; and

2. Defendant Halcovage's motion *in limine* to exclude spectators (Doc. 351) is DENIED. We will address the need for any additional protections for sensitive testimony as it arises at trial.

So ordered this 3rd day of February 2025.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

11