IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, et al., | : Civ. No. 3:21-CV-477 |
| Plaintiffs, | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| SCHUYLKILL COUNTY COURTHOUSE, et al., | : |
| Defendants. | : |

MEMORANDUM ORDER

I. Introduction

This is a civil rights action filed by the plaintiffs against Schuylkill County and several individual defendants, in which the plaintiffs allege claims of sexual harassment and retaliation for reporting such harassment. This matter is scheduled for a jury trial beginning on March 24, 2025. Pending before the court are several motions *in limine* filed by the parties. The plaintiffs, as well as Defendant Halcovage, have moved to exclude evidence of the settlement agreement between Jane Doe 1 and the defendants. (Docs. 349, 353). The briefs in support and in opposition to these motions contain a common theme among the parties. The parties appear to generally agree that the exclusion of the settlement agreement

between Jane Doe 1 and the defendants is appropriate. (*See* Docs. 349, 353, 374). However, the parties dispute the extent that the facts underlying Doe 1's now-settled claims are relevant to the remaining claims in this case. (*See id.*).

Accordingly, for the following reasons, we will grant these motions insofar as they seek to preclude evidence of the settlement agreement between Jane Doe 1 and the defendants. However, with respect to the relevance and admissibility of the facts underlying Jane Doe 1's claims, we will defer a ruling on these issues until after the oral argument scheduled in this matter to resolve several other motions *in limine*.

## II.  Discussion

Motions *in limine* seek rulings on the relevance and admissibility of evidence prior to trial. *United States v. Larry*, 537 F. Supp. 3d, 766, 768 (M.D. Pa. 2021) (citation omitted). "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial." *Castillo v. Progressive Ins. Co.*, 580 F. Supp. 3d 74, 76 (M.D. Pa. 2022) (citations omitted). Thus, rulings made by a trial judge on a motion *in*

*limine* are reviewed only for an abuse of discretion. *Bernardsville Bd. of Education v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994).

Rulings on motions *in limine* serve several purposes, including "narrow[ing] the evidentiary issues for trial and [] eliminat[ing] unnecessary trial interruptions." *Id.* (quoting *Bradley v. Pittsburgh Bd. of Education*, 913 F.2d 1064, 1069 (3d Cir. 1990)). Pretrial rulings on the relevance and admissibility of evidence also serve "to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." *Id.* (citing *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988)).

The Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The Rules then provide that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." Fed. R. Evid. 402. These Rules favor the inclusion of evidence and limit the Court's ability to exclude evidence as irrelevant. *Castillo*, 580 F. Supp. 3d at 77 (citations omitted).

However, Rule 403 does provide a limitation on the admissibility of relevant evidence, permitting the Court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Here, the parties appear to agree that evidence of the settlement agreement between Jane Doe 1 and the defendants should be excluded. Indeed, Federal Rule of Evidence 408 "generally prohibits the introduction of settlement agreements into evidence." *Sikkelee v. Precision Airmotive Corp.*, 522 F. Supp. 3d 120, 143 (M.D. Pa. 2021). The Rule "precludes admission of settlement agreements where used to 'prove or disprove the validity or amount of a disputed claim.'" *Id.* (quoting Fed. R. Evid. 408(a)). Here, Jane Doe 1 has settled all of her claims and, as such, her claims are no longer at issue in this action. Accordingly, we will grant these motions *in limine* insofar as they move to exclude evidence of this settlement agreement and its terms.

However, as we have noted, the parties also fiercely dispute the extent to which the facts underlying Jane Doe 1's claims, as well as her

4

ability to testify to the same, should be admissible. The plaintiffs invite us to permit Jane Doe 1 to testify as to all of the conduct underlying her claims, arguing that it provides crucial factual context to the claims of the other plaintiffs. (Doc. 397). They further posit that the facts underlying Jane Doe 1's claims provide evidence of the pattern of behavior of the defendants, the power dynamics of the parties, and the parties' credibility. (*Id.*). For their part, the defendants contend that the admission of such evidence would unduly prejudice the defendants and risk confusing the jury. (Docs. 374, 378).

We will reserve ruling on the issue of whether Jane Doe 1 will be permitted to testify, and on the extent to which the facts underlying her now-settled claims will be admissible at trial, until after hearing arguments from the parties during the oral argument scheduled in this matter. In doing so, we note that there are several other motions *in limine* regarding the issue of permitting testimony about Jane Doe 1's claims and to what extent the facts of her now-settled claims are relevant to the remaining plaintiffs' claims. (*See* Docs. 329, 331, 339, 341). Accordingly, to the extent these motions seek a ruling on those issues, we will defer ruling on these issues until after the oral argument in this matter.

## III. Order

Accordingly, IT IS HEREBY ORDERED THAT the motions *in limine* to preclude evidence of Jane Doe 1's settlement (Docs. 349, 353) are GRANTED insofar as the parties will be prohibited from introducing evidence of the settlement agreement at trial. We will DEFER ruling on the issues of whether Jane Doe 1's testimony and the facts underlying her claims will be admissible until after the oral argument in this matter.

So ordered this 3rd day of February 2025.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge