IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, et al., | : Civ. No. 3:21-CV-477 |
| Plaintiffs, | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| SCHUYLKILL COUNTY COURTHOUSE, et al., | : |
| Defendants. | : |

MEMORANDUM ORDER

I. Introduction

This is a civil rights action filed by the plaintiffs against Schuylkill County and several individual defendants, in which the plaintiffs allege claims of sexual harassment and retaliation for reporting such harassment. This matter is scheduled for a jury trial beginning on March 24, 2025. Pending before the court are several motions *in limine* filed by the parties. Defendant Halcovage has filed a motion seeking to preclude the plaintiffs from introducing evidence of the Pennsylvania House of Representatives impeachment investigation. (Doc. 361). For the following reasons, we will deny the motion.

II. <u>Discussion</u>

Motions *in limine* seek rulings on the relevance and admissibility of evidence prior to trial. *United States v. Larry*, 537 F. Supp. 3d, 766, 768 (M.D. Pa. 2021) (citation omitted). "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial." *Castillo v. Progressive Ins. Co.*, 580 F. Supp. 3d 74, 76 (M.D. Pa. 2022) (citations omitted). Thus, rulings made by a trial judge on a motion *in limine* are reviewed only for an abuse of discretion. *Bernardsville Bd. of Education v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994).

Rulings on motions *in limine* serve several purposes, including "narrow[ing] the evidentiary issues for trial and [] eliminat[ing] unnecessary trial interruptions." *Id.* (quoting *Bradley v. Pittsburgh Bd. of Education*, 913 F.2d 1064, 1069 (3d Cir. 1990)). Pretrial rulings on the relevance and admissibility of evidence also serve "to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." *Id.* (citing *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988)).

The Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is

of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The Rules then provide that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." Fed. R. Evid. 402. These Rules favor the inclusion of evidence and limit the Court's ability to exclude evidence as irrelevant. *Castillo*, 580 F. Supp. 3d at 77 (citations omitted). However, Rule 403 does provide a limitation on the admissibility of relevant evidence, permitting the Court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Defendant Halcovage moves to prohibit the plaintiffs from introducing evidence of Pennsylvania House of Representatives' impeachment investigation. (Doc. 361). He asserts that admission of this evidence would be highly prejudicial, as the investigation was never concluded, and further was seemingly abandoned after he left office. (Doc.

362). For their part, the plaintiffs contend that this evidence is relevant to demonstrate Halcovage's awareness of his misconduct and his pattern of behavior, as well as his fitness for office. (Doc. 399).

We agree that this evidence has some relevance to the plaintiffs' claims and will permit introduction of this evidence in a limited fashion. The fact that the House of Representatives began an investigation into the allegations against Halcovage is relevant in several ways. First, it would tend to show, as the plaintiffs argue, that the defendants were aware of Halcovage's behavior and conduct toward the plaintiffs. Second, it further underscores what several defendants testified to during their depositions—that the only way to remove Halcovage from his office as Commissioner was through the impeachment process. Accordingly, in our view, the fact that an investigation was undertaken is relevant to the plaintiffs' claims.

However, we will not permit unfettered use of this evidence by the plaintiffs. Defendant Halcovage has asserted that the investigation was never completed and no findings were made regarding his conduct. The plaintiffs have not presented any evidence or argument to the contrary. Accordingly, the plaintiffs will only be permitted to offer the fact that the

4

investigation began and was later abandoned after Halcovage left office. To the extent there is any report of the investigation that has not been disclosed during discovery, such evidence, including any testimony regarding the substance of the investigation while it was ongoing, will not be permitted.

Accordingly, we will deny Halcovage's motion to bar this evidence in its entirety, and instead permit the plaintiffs to introduce the fact of the investigation in the limited fashion we have set forth in this order.

### III. Order

Accordingly, IT IS HEREBY ORDERED THAT Defendant Halcovage's motion to preclude evidence of the impeachment investigation (Doc. 361) is DENIED. The plaintiffs will be permitted to introduce the fact that the impeachment investigation began in the limited fashion we have set forth in this order.

So ordered this 4th day of February 2025.

> *s/ Daryl F. Bloom*
> Daryl F. Bloom
> Chief United States Magistrate Judge