IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, et al., | : Civ. No. 3:21-CV-477 |
| Plaintiffs, | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| SCHUYLKILL COUNTY COURTHOUSE, et al., | : |
| Defendants. | : |

MEMORANDUM ORDER

I. Introduction

This is a civil rights action filed by the plaintiffs against Schuylkill County and several individual defendants, in which the plaintiffs allege claims of sexual harassment and retaliation for reporting such harassment. This matter is scheduled for a jury trial beginning on March 24, 2025. Pending before the court are several motions *in limine* filed by the parties. Defendant Halcovage has filed a motion seeking to preclude the plaintiffs from introducing evidence of the sexual violence protection orders ("SVPOs") and petitions that were entered for Doe 1 and Doe 2 and with Halcovage's consent. (Doc. 357). For the following reasons, we will grant the motion.

## II. Discussion

Motions *in limine* seek rulings on the relevance and admissibility of evidence prior to trial. *United States v. Larry*, 537 F. Supp. 3d, 766, 768 (M.D. Pa. 2021) (citation omitted). "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial." *Castillo v. Progressive Ins. Co.*, 580 F. Supp. 3d 74, 76 (M.D. Pa. 2022) (citations omitted). Thus, rulings made by a trial judge on a motion *in limine* are reviewed only for an abuse of discretion. *Bernardsville Bd. of Education v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994).

Rulings on motions *in limine* serve several purposes, including "narrow[ing] the evidentiary issues for trial and [] eliminat[ing] unnecessary trial interruptions." *Id.* (quoting *Bradley v. Pittsburgh Bd. of Education*, 913 F.2d 1064, 1069 (3d Cir. 1990)). Pretrial rulings on the relevance and admissibility of evidence also serve "to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." *Id.* (citing *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988)).

The Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is

2

of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The Rules then provide that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." Fed. R. Evid. 402. These Rules favor the inclusion of evidence and limit the Court's ability to exclude evidence as irrelevant. *Castillo*, 580 F. Supp. 3d at 77 (citations omitted). However, Rule 403 does provide a limitation on the admissibility of relevant evidence, permitting the Court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

    Defendant Halcovage moves to prohibit the plaintiffs from introducing evidence of the SVPOs entered with his consent and for Doe 1 and Doe 2. (Doc. 357). He asserts that admission of this evidence would be highly prejudicial, as the orders were entered with his consent and without any admission of wrongdoing, as well as without any findings by

3

the County court that Halcovage engaged in any wrongful acts. (Doc. 360). For their part, the plaintiffs contend that this evidence is relevant to their claims of harassment, discrimination, and retaliation because it is circumstantial evidence of Halcovage's pattern of harassment and intimidation and provides context to the timing of certain alleged retaliatory actions. (Doc. 398).

While this evidence may have some limited relevance to the plaintiffs' claims, we conclude that any potential relevance would be substantially outweighed by the danger of unfair prejudice to the defendant and result in confusing the jury regarding the remaining issues in the case. The SVPOs in question were entered with Halcovage's consent but without any admission of wrongdoing or findings that he had committed any wrongful acts. Moreover, while the plaintiffs have alleged that Halcovage violated the terms of the SVPOs, there has been no evidence that Halcovage was found to have violated the orders. Accordingly, in our view, admission of this evidence would be more prejudicial than probative. *See e.g.*, *United States v. Ivins*, 2010 WL 2635799, at *3 (E.D. Pa. June 28, 2010) (excluding evidence of a conviction for sex offenses and reasoning that such offenses "are

generally considered not to be probative of a witness's veracity[,] . . . [and] the jury is likely to draw the prejudicial inference that the witness is a bad person . . .").[1]

Further, while the SVPOs may provide some context for the plaintiffs' claims of harassment, intimidation, and retaliation, the admission of such evidence would be prejudicial and may also confuse the jury as to the issues in this case and the plaintiffs' remaining claims. Indeed, Doe 1 has settled her claims against Halcovage, and the remaining plaintiffs have not alleged that Halcovage engaged in any sexual contact with them. As such, admission of the SVPOs could very likely confuse the jury as to the remaining claims plaintiffs have against Halcovage. Accordingly, we will grant Halcovage's motion to exclude evidence or testimony regarding the SVPOs entered for Doe 1 and Doe 2.

---

[1] *Ivins* was a criminal matter in which the defendant's criminal conviction for indecent assault was excluded as unfairly prejudicial. *Ivins*, 2010 WL 2365799, at *3. We are constrained to note that in this matter, there is no evidence that Halcovage was ever convicted of a sex offense.

## III. <u>Order</u>

Accordingly, IT IS HEREBY ORDERED THAT Defendant Halcovage's motion to preclude evidence of the SVPOs (Doc. 357) is GRANTED.

So ordered this 4th day of February 2025.

<u>s/ Daryl F. Bloom</u>
Daryl F. Bloom
Chief United States Magistrate Judge
