IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, et al., | : Civ. No. 3:21-CV-477 |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| SCHUYLKILL COUNTY | : |
| COURTHOUSE, et al., | : |
| | : |
| Defendants. | : |

## MEMORANDUM ORDER

### I.  Introduction

This is a civil rights action filed by the plaintiffs against Schuylkill County and several individual defendants, in which the plaintiffs allege claims of sexual harassment and retaliation for reporting such harassment. This matter is scheduled for a jury trial beginning on March 24, 2025. Pending before the court are several motions *in limine* filed by the parties. The instant motion, filed by Defendant Kutzler, seeks to limit the plaintiffs' evidence to the narrow claims asserted against her arising out of her initial assignment to Schuylkill County. (Doc. 365). For the following reasons, this motion will be denied.

## II.  Discussion

Motions *in limine* seek rulings on the relevance and admissibility of evidence prior to trial. *United States v. Larry*, 537 F. Supp. 3d, 766, 768 (M.D. Pa. 2021) (citation omitted). "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial." *Castillo v. Progressive Ins. Co.*, 580 F. Supp. 3d 74, 76 (M.D. Pa. 2022) (citations omitted). Thus, rulings made by a trial judge on a motion *in limine* are reviewed only for an abuse of discretion. *Bernardsville Bd. of Education v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994).

Rulings on motions *in limine* serve several purposes, including "narrow[ing] the evidentiary issues for trial and [] eliminat[ing] unnecessary trial interruptions." *Id.* (quoting *Bradley v. Pittsburgh Bd. of Education*, 913 F.2d 1064, 1069 (3d Cir. 1990)). Pretrial rulings on the relevance and admissibility of evidence also serve "to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." *Id.* (citing *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988)).

The Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is

of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The Rules then provide that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." Fed. R. Evid. 402. These Rules favor the inclusion of evidence and limit the Court's ability to exclude evidence as irrelevant. *Castillo*, 580 F. Supp. 3d at 77 (citations omitted). However, Rule 403 does provide a limitation on the admissibility of relevant evidence, permitting the Court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

In this motion, Defendant Kutzler requests that the plaintiffs be precluded from submitting evidence or testimony in support of their claims beyond what we outlined are the remaining claims against her. (Doc. 365). She argues that because we narrowed the claims against her to her first assignment with the County and to claims that she knew

about and ignored the harassment and retaliation that the plaintiffs allegedly endured, the plaintiffs should be limited to testimony, evidence, and argument supporting only those claims. (Doc. 366). For their part, the plaintiffs contend that such a request is overbroad and would limit the presentation of their entire case. (Doc. 402).

As we have noted, the Rules favor the inclusion of evidence and limit the Court's ability to exclude evidence as irrelevant. *Castillo*, 580 F. Supp. 3d at 77 (citations omitted). Here, Kutzler makes a blanket request to exclude evidence without specifying what evidence should be excluded and why such evidence is not relevant to the claims against her. To the extent Kutzler is concerned that testimony and evidence presented by the plaintiffs against other defendants may prejudice her or lead to confusion among the jury, such confusion or prejudice can be mitigated by appropriate jury instructions and verdict slips. Accordingly, we will deny the request at this time without prejudice to the defendant raising appropriate objections at the time of trial.

III.   <u>Order</u>

Accordingly,   IT   IS   HEREBY   ORDERED   THAT   Defendant Kutzler's motion *in limine* to preclude evidence of other claims (Doc. 365) is DENIED WITHOUT PREJUDICE to appropriate objections at trial.


So ordered this 3rd day of February 2025.

<u>*s/ Daryl F. Bloom*</u>
Daryl F. Bloom
Chief United States Magistrate Judge
