IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, et al., | : Civ. No. 3:21-CV-477 |
| Plaintiffs, | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| SCHUYLKILL COUNTY COURTHOUSE, et al., | : |
| Defendants. | : |

MEMORANDUM ORDER

I. Introduction

This is a civil rights action filed by the plaintiffs against Schuylkill County and several individual defendants, in which the plaintiffs allege claims of sexual harassment and retaliation for reporting such harassment. This matter is scheduled for a jury trial beginning on March 24, 2025. Pending before the court are several motions *in limine* filed by the parties. The instant motion, filed by Defendant Kutzler, seeks to preclude the plaintiffs' counsel from introducing evidence of or making "golden rule" arguments. (Doc. 363). For the following reasons, the motion will be granted in part and denied in part.

II. Discussion

Motions *in limine* seek rulings on the relevance and admissibility of evidence prior to trial. *United States v. Larry*, 537 F. Supp. 3d, 766, 768 (M.D. Pa. 2021) (citation omitted). "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial." *Castillo v. Progressive Ins. Co.*, 580 F. Supp. 3d 74, 76 (M.D. Pa. 2022) (citations omitted). Thus, rulings made by a trial judge on a motion *in limine* are reviewed only for an abuse of discretion. *Bernardsville Bd. of Education v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994).

Rulings on motions *in limine* serve several purposes, including "narrow[ing] the evidentiary issues for trial and [] eliminat[ing] unnecessary trial interruptions." *Id.* (quoting *Bradley v. Pittsburgh Bd. of Education*, 913 F.2d 1064, 1069 (3d Cir. 1990)). Pretrial rulings on the relevance and admissibility of evidence also serve "to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." *Id.* (citing *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988)).

The Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is

2

of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The Rules then provide that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." Fed. R. Evid. 402. These Rules favor the inclusion of evidence and limit the Court's ability to exclude evidence as irrelevant. *Castillo*, 580 F. Supp. 3d at 77 (citations omitted). However, Rule 403 does provide a limitation on the admissibility of relevant evidence, permitting the Court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

In this motion, Defendant Kutzler moves to preclude the plaintiffs' counsel from making "golden rule" arguments and "send a message" attacks, alluding to the jury's role as the "conscience of the community," making wealth or insurance-based attacks on the defendants, expressing her own personal feelings about the case, vouching for testimony or

witness credibility, suggesting mathematical guides for damage calculations, or launching *ad hominem* attacks on opposing counsel. (Doc. 364 at 4-5). For their part, the plaintiffs argue that Kutzler's request for relief is overbroad and speculative. (Doc. 401).

To the extent this motion *in limine* seeks to preclude "golden rule" arguments by counsel, we will grant the motion. A "golden rule" argument essentially "asks the jury to place itself in the shoes of a litigant." *Odgers v. Progressive Northern Ins. Co.*, 2023 WL 7183981, at *3 (M.D. Pa. Nov. 1, 2023) (citing *Edwards v. City of Phila.*, 860 F.2d 568, 574 (3d Cir. 1988)). Such an argument is improper because it "encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *Edwards*, 860 F.2d at 574 (citation and internal quotation marks omitted); *see Odgers*, 2023 WL 7183981, at *4 (granting a motion *in limine* to preclude "golden rule" arguments). Accordingly, we will grant the motion to the extent it requests that counsel be precluded from making "golden rule" arguments.

However, we will deny the defendant's other requests for relief at this time. Defendant Kutzler's requests are broad, in that they seek to preclude many hypothetical scenarios in which the plaintiffs' counsel

4

could make improper arguments or statements to the jury. Such requests are premature, as we cannot know what counsel intends to argue until the time of trial. Accordingly, we will deny the motion to the extent it seeks exclusion of certain statements and arguments made by opposing counsel as premature and without prejudice to renewal at trial. *See Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997) ("[M]otions *in limine* often present issues for which final decision is best reserved for a specific trial situation.").

## III. Order

Accordingly, IT IS HEREBY ORDERED THAT Defendant Kutzler's motion *in limine* to preclude "golden rule" arguments (Doc. 363) GRANTED IN PART AND DENIED IN PART as follows: the motion is GRANTED in that all counsel are precluded from making improper "golden rule" arguments to the jury. The motion is DENIED WITHOUT PREJUDICE to the extent it seeks further hypothetical relief regarding opposing counsel's arguments at trial. Such relief should be the subject of appropriate objections at the time of trial.

So ordered this 4th day of February 2025.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge