IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, et al., | : Civ. No. 3:21-CV-477 |
| Plaintiffs, | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| SCHUYLKILL COUNTY COURTHOUSE, et al., | : |
| Defendants. | : |

MEMORANDUM ORDER

I.  Introduction

This is a civil rights action filed by the plaintiffs against Schuylkill County and several individual defendants, in which the plaintiffs allege claims of sexual harassment and retaliation for reporting such harassment. This matter is scheduled for a jury trial beginning on March 24, 2025. Pending before the court are several motions *in limine* filed by the parties. The plaintiffs have filed a motion *in limine* to preclude the defendants from introducing evidence or testimony regarding their sexual character or sexual history. (Doc. 348). For the following reasons, this motion *in limine* will be denied as premature and without prejudice to renewal if the defendants seek to introduce such evidence.

II.   Discussion

Motions *in limine* seek rulings on the relevance and admissibility of evidence prior to trial. *United States v. Larry*, 537 F. Supp. 3d, 766, 768 (M.D. Pa. 2021) (citation omitted). "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial." *Castillo v. Progressive Ins. Co.*, 580 F. Supp. 3d 74, 76 (M.D. Pa. 2022) (citations omitted). Thus, rulings made by a trial judge on a motion *in limine* are reviewed only for an abuse of discretion. *Bernardsville Bd. of Education v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994).

Rulings on motions *in limine* serve several purposes, including "narrow[ing] the evidentiary issues for trial and [] eliminat[ing] unnecessary trial interruptions." *Id.* (quoting *Bradley v. Pittsburgh Bd. of Education*, 913 F.2d 1064, 1069 (3d Cir. 1990)). Pretrial rulings on the relevance and admissibility of evidence also serve "to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." *Id.* (citing *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988)).

The Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is

of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The Rules then provide that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." Fed. R. Evid. 402. These Rules favor the inclusion of evidence and limit the Court's ability to exclude evidence as irrelevant. *Castillo*, 580 F. Supp. 3d at 77 (citations omitted). However, Rule 403 does provide a limitation on the admissibility of relevant evidence, permitting the Court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Regarding evidence of sexual character, Rule 412 generally prohibits the introduction of "(1) evidence offered to prove that a victim engaged in other sexual behavior; or (2) evidence offered to prove a victim's sexual predisposition." Fed. R. Evid. 412(a). However, in a civil case, such evidence may be offered "if its probative value substantially

outweighs the danger of harm to any victim and of unfair prejudice to any party." Fed. R. Evid. 412(b)(2). If a defendant seeks to introduce such evidence at trial, the defendant must file a motion with the court no later than 14 days prior to trial, describe the evidence and state the purpose for which it will be introduced, and the court must conduct an *in camera* hearing to determine the admissibility of such evidence. Fed. R. Evid. 412(c).

Here, the plaintiffs' motion seeking to preclude evidence of any sexual character or predisposition is premature. The motion requests exclusion of *any* evidence, including evidence of the plaintiffs' sexual histories, arguing that such evidence is entirely irrelevant to their claims against the defendants. For their part, the defendants contend that such evidence may be relevant, *inter alia*, to the plaintiffs' claims of a hostile work environment, in that the plaintiffs must show the complained-of conduct was unwelcome. At this stage, where the defendants have not yet moved to introduce evidence of the plaintiffs' sexual character or predisposition, we cannot conclude whether evidence of this nature would be relevant, or if would prejudice the plaintiffs such that it should not be

admitted. Instead, we will deny this motion without prejudice to renewal if and when the defendants move to admit such evidence.

III. Order

Accordingly, IT IS HEREBY ORDERED THAT the motion *in limine* to preclude evidence of the plaintiffs' sexual character (Doc. 348) is DENIED as premature and without prejudice to renewal if the defendants seek to introduce such evidence.

So ordered this 4th day of February 2025.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge