IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, et al., | : Civ. No. 3:21-CV-477 |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| SCHUYLKILL COUNTY | : |
| COURTHOUSE, et al., | : |
| | : |
| Defendants. | : |

## MEMORANDUM ORDER

### I. Introduction

This is a civil rights action filed by the plaintiffs against Schuylkill County and several individual defendants, in which the plaintiffs allege claims of sexual harassment and retaliation for reporting such harassment. This matter is scheduled for a jury trial beginning on March 24, 2025. Pending before the court are several motions *in limine* filed by the parties. The instant motions, filed by Defendant Roth, seek to preclude evidence regarding Jane Doe 1 and the claims she brought in this matter, which have since been settled.  Specifically, Defendant Roth seeks an order precluding the introduction of evidence regarding: (1) sexual encounters between Jane Doe 1 and Defendant Halcovage (Doc.

329); (2) the alleged sexual assault of Jane Doe 1 by Defendant Halcovage (Doc. 331); (3) Roth's knowledge of the relationship between Jane Doe 1 and Defendant Halcovage (Doc. 339); and (4) any evidence of discrimination and retaliation against Jane Doe 1 (Doc. 341). For the following reasons, the motions will be granted.

## II.  Discussion

Motions *in limine* seek rulings on the relevance and admissibility of evidence prior to trial. *United States v. Larry*, 537 F. Supp. 3d, 766, 768 (M.D. Pa. 2021) (citation omitted). "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial." *Castillo v. Progressive Ins. Co.*, 580 F. Supp. 3d 74, 76 (M.D. Pa. 2022) (citations omitted). Thus, rulings made by a trial judge on a motion *in limine* are reviewed only for an abuse of discretion. *Bernardsville Bd. of Education v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994).

Rulings on motions *in limine* serve several purposes, including "narrow[ing] the evidentiary issues for trial and [] eliminat[ing] unnecessary trial interruptions." *Id.* (quoting *Bradley v. Pittsburgh Bd. of Education*, 913 F.2d 1064, 1069 (3d Cir. 1990)). Pretrial rulings on the

relevance and admissibility of evidence also serve "to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." *Id.* (citing *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988)).

The Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The Rules then provide that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." Fed. R. Evid. 402. These Rules favor the inclusion of evidence and limit the Court's ability to exclude evidence as irrelevant. *Castillo*, 580 F. Supp. 3d at 77 (citations omitted). However, Rule 403 does provide a limitation on the admissibility of relevant evidence, permitting the Court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

We heard oral argument on the instant motions on February 13, 2025.  The defendants argued that any evidence relating to Jane Doe 1's claims, and particularly the evidence of her relationship with Defendant Halcovage, is irrelevant and would be unfairly prejudicial since Jane Doe 1 settled her claims and is no longer a party in this lawsuit.  For their part, the plaintiffs contend that this evidence is crucial to provide context to the jury regarding the hostile work environment and retaliation that the remaining plaintiffs allege they faced at the hands of the various defendants.

After consideration, we conclude that the introduction of any evidence of Jane Doe 1's claims, while peripherally relevant, would be unfairly prejudicial to the defendants.  At the outset, as we have noted, Jane Doe 1 settled her claims against the defendants and is no longer a party to this matter.  Accordingly, permitting evidence of her claims would not only prejudice the defendants but would likely confuse the jury as to the remaining claims asserted by the remaining plaintiffs.[1]

---

[1] We are unpersuaded by plaintiffs' counsel's position that any confusion can be cured by a jury instruction or stipulation that Jane Doe 1's claims are being handled in another matter.  In our view, such a stipulation would be a blatant misrepresentation of the fact that Jane Doe 1 has settled her claims in this lawsuit.

Allowing this evidence to be introduced would run the risk that the jury could find the defendants liable to the remaining plaintiffs based on alleged conduct toward Jane Doe 1. Such a risk plainly presents the danger of unfair prejudice that Rule 403 contemplates.

This is particularly so with respect to any evidence regarding the relationship and sexual encounters between Jane Doe 1 and Defendant Halcovage. It is undisputed that there was some sort of sexual relationship between these two individuals. The consensual nature of that relationship has been and remains hotly contested. Permitting evidence on this issue would almost undoubtedly confuse a jury and result in a "trial within a trial" regarding the intimate details of the relationship. This evidence is irrelevant in our view, as it does not tend to show that it is more or less probable that the defendants committed the complained of harassment and retaliation against the remaining plaintiffs. Moreover, any tangential relevance of this evidence is plainly outweighed by the danger of unpair prejudice, as discussed above. Accordingly, the plaintiffs will not be permitted to introduce evidence of Jane Doe 1 and Defendant Halcovage's sexual encounters, the alleged

sexual assault, or any alleged discrimination and retaliation against Jane Doe 1.

Additionally, the plaintiffs will not be permitted to introduce evidence of Defendant Roth's alleged knowledge of the relationship between Jane Doe 1 and Defendant Halcovage. While the plaintiffs have argued that there were rumors, allegedly known to Defendant Roth, that Jane Doe 1 and Defendant Halcovage were engaged in some sort of relationship, there has been no evidence to show that anyone except Jane Doe 2 knew of the relationship prior to Jane Doe 1's report to Jane Doe 3 in May of 2020. Permitting evidence of speculation or rumors regarding the relationship has no relevance to the remaining claims against the defendants. Moreover, as we have explained, any relevance this evidence may have is plainly outweighed by the danger of unfair prejudice and confusing the jury as to the remaining issues in this case.

Simply put, Jane Doe 1 has settled her claims against the defendants. Permitting evidence of these claims at trial would only serve to confuse the jury and would unfairly prejudice the defendants. Accordingly, the plaintiffs will not be permitted to offer this evidence at trial. We will, however, permit the parties to provide very limited

information to give context to some of the remaining claims in this matter. For example, it has been argued that Jane Doe 2 began experiencing harassment by Defendant Halcovage after Jane Doe 1 told her about the relationship. Additionally, the remaining plaintiffs contend that after Jane Doe 1 reported the relationship to Jane Doe 3, the defendants began a campaign of harassment and retaliation against them. Thus, we recognize that some limited context may be necessary to give the jurors a complete picture.

To this end, we will permit the parties to introduce the fact of the relationship, the fact that Jane Doe 1 told Jane Doe 2 about the relationship, and that Jane Doe 1 reported the relationship to Jane Doe 3. Any stipulation to these facts must contain facially neutral language to negate any inference that Jane Doe 1 was a party to this litigation.[2]

---

[2] While we will leave the precise wording of the stipulation to the parties, Defendant Roth's counsel posed the following language, which we believe would suffice to provide the necessary context while avoiding the unfair prejudice we have discussed: "A county employee was engaged in a sexual relationship with Defendant Halcovage. That county employee reported the relationship to her direct supervisor, Jane Doe 3, in May of 2020."

III.  <u>Order</u>

Accordingly, IT IS HEREBY ORDERED THAT Defendant Roth's motions *in limine* to preclude evidence of Jane Doe 1's claims (Docs. 329, 331, 339, 341) are GRANTED. The parties will be permitted to stipulate to the fact of the relationship between Jane Doe 1 and Defendant Halcovage, as well as the reports of the relationship to Jane Doe 2 and Jane Doe 3, in the manner we have set forth above.

So ordered this 18th day of February 2025.


*<u>s/ Daryl F. Bloom</u>*
Daryl F. Bloom
Chief United States Magistrate Judge

8