IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, et al., | : Civ. No. 3:21-CV-477 |
| Plaintiffs, | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| SCHUYLKILL COUNTY COURTHOUSE, et al., | : |
| Defendants. | : |

MEMORANDUM ORDER

I. Introduction

This is a civil rights action filed by the plaintiffs against Schuylkill County and several individual defendants, in which the plaintiffs allege claims of sexual harassment and retaliation for reporting such harassment. This matter is scheduled for a jury trial beginning on March 24, 2025. Pending before the court are several motions *in limine* filed by the parties. The instant motion, filed by Defendant Roth, seeks to preclude evidence of communications between him and his codefendants that he contends are protected by the attorney-client privilege. (Doc. 337). For the following reasons, the motion will be denied without prejudice to

renewal and *in camera* submission of specific communications alleged to be protected by the privilege.

## II. Discussion

Motions *in limine* seek rulings on the relevance and admissibility of evidence prior to trial. *United States v. Larry*, 537 F. Supp. 3d, 766, 768 (M.D. Pa. 2021) (citation omitted). "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial." *Castillo v. Progressive Ins. Co.*, 580 F. Supp. 3d 74, 76 (M.D. Pa. 2022) (citations omitted). Thus, rulings made by a trial judge on a motion *in limine* are reviewed only for an abuse of discretion. *Bernardsville Bd. of Education v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994).

Rulings on motions *in limine* serve several purposes, including "narrow[ing] the evidentiary issues for trial and [] eliminat[ing] unnecessary trial interruptions." *Id.* (quoting *Bradley v. Pittsburgh Bd. of Education*, 913 F.2d 1064, 1069 (3d Cir. 1990)). Pretrial rulings on the relevance and admissibility of evidence also serve "to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." *Id.* (citing *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988)).

The Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The Rules then provide that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." Fed. R. Evid. 402. These Rules favor the inclusion of evidence and limit the Court's ability to exclude evidence as irrelevant. *Castillo*, 580 F. Supp. 3d at 77 (citations omitted). However, Rule 403 does provide a limitation on the admissibility of relevant evidence, permitting the Court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

We heard oral argument on the instant motion on February 13, 2025. For his part, Defendant Roth argues that any conversations that he had with Defendants Bender and Halcovage regarding employment

3

decisions concerning the plaintiffs is protected by the attorney-client privilege, as Roth was the County's Assistant Solicitor and Risk Manager. The plaintiffs contend that the employment decisions made with respect to the plaintiffs were business or Human Resources decisions rather than legal advice, and as such, are not protected by the privilege. No party has pointed to specific communications that may be at issue and protected by the privilege. Rather, Defendant Roth's counsel stated that she was preserving the issue that arose during Defendant Roth's deposition, at which time the plaintiffs' counsel was attempting to inquire into communications that Roth's then-counsel deemed to be privileged.

The purpose of the attorney-client privilege "is to encourage full and frank communication between attorneys and their clients[.]" *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). Thus, the privilege protects "(1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client." *J.N. v. South Western Sch. Dist.*, 55 F. Supp. 3d 589, 598-99 (M.D. Pa. 2014) (citations omitted). "The *sine qua non* of any claim of privilege is that the information sought to be shielded is legal advice."

4

*United States v. Rockwell Intern.*, 897 F.2d 1255, 1264 (3d Cir. 1990). Importantly, "claims of attorney-client privilege must be asserted document by document, rather as a single, blanket assertion." *Id.*

In this case, it is undisputed that Roth was the Assistant County Solicitor and the Risk Manager. The plaintiffs' counsel argued that communications regarding the Human Resources decisions, which included Roth as Risk Manager, are not protected by the attorney-client privilege. On the other hand, Roth's counsel argued that part of Roth's duties as Risk Manager included identifying potential legal liabilities. However, at this juncture, we are faced with a request for protection of unidentified materials under the attorney-client privilege. There has been no indication of specific communications between Defendants Roth, Bender, and Halcovage, either written or oral, that Roth seeks to prohibit the plaintiffs from introducing at trial. Counsel conceded as much at the oral argument.

Accordingly, we will deny Roth's motion for what amounts to a blanket assertion of attorney-client privilege over his communications with his codefendants. We will deny the motion without prejudice to renewal should counsel seek to prohibit the introduction of certain

5

specific communications. To the extent such communications exist and are identified, the communications should be submitted to the court *in camera* so that we can determine whether the privilege applies.

## III. Order

Accordingly, IT IS HEREBY ORDERED THAT Defendant Roth's motion *in limine* to prohibit evidence of communications protected by the attorney-client privilege (Doc. 337) is DENIED without prejudice to renewal and *in camera* submission of specific communications that are alleged to be protected as attorney-client communications.

So ordered this 18th day of February 2025.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge