IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, et al., | : Civ. No. 3:21-CV-477 |
| Plaintiffs, | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| SCHUYLKILL COUNTY COURTHOUSE, et al., | : |
| Defendants. | : |

MEMORANDUM ORDER

I. Introduction

This is a civil rights action filed by the plaintiffs against Schuylkill County and several individual defendants, in which the plaintiffs allege claims of sexual harassment and retaliation for reporting such harassment. This matter is scheduled for a jury trial beginning on March 24, 2025. Pending before the court are several motions *in limine* filed by the parties. The instant motions, filed by Defendant Roth, seek to preclude evidence regarding comments he made about "male entitlement,"[1] as well as other comments he made that the plaintiffs

---

[1] At the oral argument on February 13, 2025, all parties agreed that any commentary regarding race, *i.e.* "white male entitlement," was

believe are evidence of gender-based discrimination. (Docs. 334, 340). For the following reasons, the motions will be granted in part and denied in part.

## II. Discussion

Motions *in limine* seek rulings on the relevance and admissibility of evidence prior to trial. *United States v. Larry*, 537 F. Supp. 3d, 766, 768 (M.D. Pa. 2021) (citation omitted). "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial." *Castillo v. Progressive Ins. Co.*, 580 F. Supp. 3d 74, 76 (M.D. Pa. 2022) (citations omitted). Thus, rulings made by a trial judge on a motion *in limine* are reviewed only for an abuse of discretion. *Bernardsville Bd. of Education v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994).

Rulings on motions *in limine* serve several purposes, including "narrow[ing] the evidentiary issues for trial and [] eliminat[ing] unnecessary trial interruptions." *Id.* (quoting *Bradley v. Pittsburgh Bd. of Education*, 913 F.2d 1064, 1069 (3d Cir. 1990)). Pretrial rulings on the

---

irrelevant, as there are no claims of race discrimination in this lawsuit. Accordingly, any mention of race will be omitted.

relevance and admissibility of evidence also serve "to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." *Id.* (citing *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988)).

The Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The Rules then provide that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." Fed. R. Evid. 402. These Rules favor the inclusion of evidence and limit the Court's ability to exclude evidence as irrelevant. *Castillo*, 580 F. Supp. 3d at 77 (citations omitted). However, Rule 403 does provide a limitation on the admissibility of relevant evidence, permitting the Court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

3

We heard oral argument on the instant motions on February 13, 2025. At issue in these motions are four comments that the plaintiffs believe show Defendant Roth's discriminatory animus toward women and aided in creating a hostile work environment. First, Jane Doe 3 testified in her deposition that Roth made a comment directly to her about his belief that males deserve more privileges than women. Second, Jane Doe 3 also testified to comments made by Roth on several occasions about how the county should have a dress code for women consisting of short skirts and stilettos. Third, Jane Doe 2 testified in her deposition that Roth made comments around the office about women being "stupid" and remarked that women do not look as good when they age. Finally, Jane Doe 1 stated that she overheard Roth threaten to assault another employee. For his part, Roth denies making these comments and contends that these comments, at most, amount to improper character evidence under Rule 404(b).

At the outset, we will grant Roth's motion (Doc. 340) to the extent it seeks to preclude evidence of a comment he allegedly made about assaulting another employee. Jane Doe 1 testified at her deposition that she overheard Roth threaten to punch an employee in the face. (Doc. 262-

1 at 36). In our view, even if this comment can be considered tangentially relevant, any relevance is outweighed by the danger of unfair prejudice. First, Jane Doe 1 is no longer a party to this lawsuit. Thus, any effect this comment may have had on her and how she perceived the work environment is irrelevant. There is no evidence to indicate that any of the other plaintiffs overheard this comment. Moreover, we believe that admission of this evidence would be unfairly prejudicial to Defendant Roth. There are no claims of assault in this case, and permitting the plaintiffs to introduce evidence of this comment would amount to improper character evidence under Rule 404(b). Indeed, this evidence would not tend to show Roth's motive, opportunity, or intent to discriminate and retaliate against the plaintiffs, but instead would act as evidence of Roth's character. Accordingly, we will grant Defendant Roth's motion to preclude evidence of this comment.

After consideration, we conclude that evidence of the remaining three comments is relevant and will permit their introduction at trial. While Roth argues that these comments are inadmissible because they were made in jest and amounted to offhand or isolated comments, we disagree. Indeed, "'[s]imple teasing, offhand comments, and isolated

5

incidents (unless extremely serious)' will not be sufficient to advance a hostile work environment claim." *E.E.O.C. v. Donahue*, 2011 WL 4572020, at *13 (W.D. Pa. Sept. 30, 2011) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)). But these comments, taken together, could tend to make it more or less probable that Roth engaged in the alleged discrimination, hostile work environment, and retaliation alleged by the plaintiffs. For example, Jane Doe 3 testified at her deposition that Roth made comments about a "dress code" of short skirts and stilettos several times. (Doc. 263 at 63). When asked if she thought he might be joking, she replied: "Maybe if he only would have said it once, but he said it a lot." (*Id.*). Thus, according to the plaintiffs, this was not an isolated, offhand comment made in jest[2] but rather a series of comments made by Roth that made them feel uncomfortable in the workplace.

We reach a similar conclusion with respect to the alleged comments Roth made about "male entitlement" and about women being "stupid"

---

[2] While Roth's counsel pointed us to plaintiffs' counsel's characterization of this comment as "facetious," we do not take that as an admission from the plaintiffs that this comment was made in jest, particularly since Jane Doe 3 testified that she did not believe Roth was joking when he made the alleged comment.

6

and not looking as good as they age. Jane Doe 3 stated in her deposition that during a conversation with Roth, he made comments regarding his belief that males should be entitled to more than women are because they are males. (Doc. 263 at 63). Jane Doe 2 testified at her deposition that Roth "would talk about women a lot being stupid[,]" and that he made comments about "women aging, that they weren't as good looking as they were prior to that." (Doc. 264-2 at 88). Roth denies making these statements. However, these statements that the plaintiffs claim were made either to them directly or overheard by them, taken together, could tend to make it more or less probable that Roth created or fostered a hostile work environment and retaliated against the plaintiffs because of their gender. This is particularly so where Roth is alleged to have been acting in a supervisory role. *See e.g.*, *Ivan v. Cnty. of Middlesex*, 595 F. Supp. 2d 425, 452 (D.N.J. 2009) ("When an act is done by a supervisor its severity may be exacerbated because the supervisor has a unique role in shaping the work environment."). Whether or not Roth made the statements and whether those statements contributed to the alleged hostile work environment will be issues of fact to be determined by the jury.

Accordingly, we will prohibit the use of Roth's alleged comment about threatening to assault a county employee, but we will permit the introduction of the remaining three alleged statements, as we find these statements are relevant and are not unfairly prejudicial to Defendant Roth.

### III. Order

Accordingly, IT IS HEREBY ORDERED THAT:

1. Defendant Roth's motion *in limine* to exclude his alleged comments regarding "male entitlement" (Doc. 334) is DENIED.
2. Defendant Roth's motion *in limine* to exclude gender-based comments (Doc. 340) is GRANTED IN PART AND DENIED IN PART. The motion is GRANTED as to the comment Roth allegedly made about assaulting another employee, and the motion is DENIED in all other respects.

So ordered this 18th day of February 2025.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge