IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JANE DOE, et al.,

    Plaintiffs,

      v.

SCHUYLKILL COUNTY
COURTHOUSE, et al.,

    Defendants.

: Civ. No. 3:21-CV-477
:
:
:
:
:
: (Chief Magistrate Judge Bloom)
:
:
:
:

## MEMORANDUM ORDER

### I.   Introduction

This is a civil rights action filed by the plaintiffs against Schuylkill County and several individual defendants, in which the plaintiffs allege claims of sexual harassment and retaliation for reporting such harassment. This matter is scheduled for a jury trial beginning on March 24, 2025. Pending before the court are several motions *in limine* filed by the parties. The County Defendants have filed the instant motion *in limine* to preclude (1) evidence of the consent decree with the Department of Justice; (2) evidence of other complaints or lawsuits made by nonparties, including complaints made pursuant to the consent decree;

and (3) evidence regarding claims for back pay made by Jane Does 3 and 4 and a claim for front pay made by Jane Doe 2. (Doc. 358).

We heard oral argument on this motion on February 13, 2025. After consideration, the motion will be granted in part and denied in part as set forth below.

## II.   Discussion

Motions *in limine* seek rulings on the relevance and admissibility of evidence prior to trial. *United States v. Larry*, 537 F. Supp. 3d, 766, 768 (M.D. Pa. 2021) (citation omitted). "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial." *Castillo v. Progressive Ins. Co.*, 580 F. Supp. 3d 74, 76 (M.D. Pa. 2022) (citations omitted). Thus, rulings made by a trial judge on a motion *in limine* are reviewed only for an abuse of discretion. *Bernardsville Bd. of Education v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994).

Rulings on motions *in limine* serve several purposes, including "narrow[ing] the evidentiary issues for trial and [] eliminat[ing] unnecessary trial interruptions." *Id.* (quoting *Bradley v. Pittsburgh Bd. of Education*, 913 F.2d 1064, 1069 (3d Cir. 1990)). Pretrial rulings on the

relevance and admissibility of evidence also serve "to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." *Id.* (citing *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988)).

The Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The Rules then provide that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." Fed. R. Evid. 402. These Rules favor the inclusion of evidence and limit the Court's ability to exclude evidence as irrelevant. *Castillo*, 580 F. Supp. 3d at 77 (citations omitted). However, Rule 403 does provide a limitation on the admissibility of relevant evidence, permitting the Court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

A. Evidence of the Consent Decree will be Excluded.

The County Defendants have moved to preclude the plaintiffs from introducing evidence of the consent decree between the County and the United States Department of Justice ("DOJ"). The County Defendants assert that evidence of the consent decree falls under Federal Rule of Evidence 408, as it is akin to a settlement of the DOJ's claims as an intervenor in this case. Additionally, the County Defendants argue that any evidence that the plaintiffs relodged their complaints pursuant to the consent decree amounts to a subsequent remedial measure and should be excluded pursuant to Rule 407. For their part, the plaintiffs assert that evidence of the consent decree, including the plaintiffs relodging their complaints and the County's failure to properly respond to the same, should be admitted under Rule 404(b)(2) to show the County Defendants' motive, opportunity, or intent in retaliating against the plaintiffs for reporting harassment and discrimination.

After consideration, we conclude that this evidence should be excluded. At the outset, Rule 408 prohibits evidence of a party's "furnishing, . . . a valuable consideration in compromising or attempting to compromise the claim[,]" when offered for the purpose of proving

4

"liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction . . ." Fed. R. Evid. 408(a).  Courts in this circuit have concluded that Rule 408 applies to consent decrees. *See Wilson v. Parisi*, 2009 WL 151666, at *1 (M.D. Pa. Jan. 21, 2009) (collecting cases); *Bowers v. Nat'l Collegiate Athletic Ass'n*, 563 F. Supp. 2d 508, 536 (D.N.J. 2008) (prohibiting the use of a consent decree "as evidence of the NCAA's liability for the conduct underlying her claims.").

Here, the plaintiffs are plainly attempting to introduce evidence of the consent decree as evidence of the County's liability regarding their retaliation claims.  The plaintiffs' counsel asserted that the plaintiffs relodged their complaints pursuant to the consent decree, and that the County continued to retaliate against them by failing to properly address their claims.  However, as counsel for the County pointed out, there have been no claims that the County violated the consent decree, nor have there been any enforcement efforts by the DOJ in response to complaints that the County was failing to comply with the consent decree.  In our view, not only is the consent decree akin to a settlement under Rule 408, but the introduction of the consent decree to prove the County's liability

5

would result in unfair prejudice to the defendants.  Further, some of the

defendants were not parties to the consent decree and made no

admissions regarding the same.  Permitting this evidence to come in

could unfairly prejudice those defendants and could confuse or mislead

the jury as to the issues that remain in this case.  Accordingly, we will

grant the County Defendants' motion as to the consent decree and

prohibit the plaintiffs from introducing evidence of the consent decree at

trial.

### B. Evidence of Nonparty Complaints will be Excluded.

We similarly conclude that evidence of nonparty complaints,

including complaints lodged pursuant to the consent decree, should be

excluded.  The two nonparties who have been identified by the plaintiffs

are Deborah Twigg, the County's former Human Resources director, and

Brynn Krasinsky, an employee of the County.  Twigg filed an EEOC

complaint and subsequent lawsuit against the County based on the

County's failure to rehire her.  Krasinsky filed an EEOC complaint

asserting allegations of sexual harassment by Defendant Halcovage.

After consideration, we conclude that these complaints are not relevant

to the plaintiffs' remaining claims, and further, would be unfairly prejudicial to the defendants.

The plaintiffs assert that Twigg's complaint, which alleges a failure to rehire her after she resigned her position with the County, is relevant to show the defendants' pattern and practice of retaliation toward the plaintiffs and others who asserted their rights. They also contend that this evidence shows the County's intent to retaliate against them. For its part, the County Defendants argue that the circumstances surrounding Twigg's resignation and the subsequent decision not to rehire her are disputed. The County Defendants further assert that the claims in Twigg's complaint are factually distinct from the plaintiffs' claims of gender-based discrimination, hostile work environment, and retaliation.

As to Twigg's complaint, we conclude that even if this evidence is relevant, any relevance is outweighed by the danger of unfair prejudice and confusing or misleading the jury. The plaintiffs assert that Twigg's complaint, in essence, alleges that she was retaliated against by the County because she voiced support for the plaintiffs after they made their complaints. First, we note that Twigg's complaint of a failure to rehire,

7

if relevant, would be of minimal value to the jury.  Second, the admission

of this evidence would likely confuse or mislead the jury.  Permitting

evidence of Twigg's complaints and separate lawsuit against the County

would likely result in a "trial within a trial," with the jury focusing on

claims that are not at issue in this case.  Accordingly, to the extent this

evidence could be deemed relevant, the admission of this evidence would

result in unfair prejudice to the defendants and confusion of the issues in

this case.  Thus, evidence of Twigg's complaint will be excluded.

We reach a similar conclusion with respect to any complaint lodged

by Brynn Krasinsky.  It appears that Ms. Krasinsky lodged a sexual

harassment complaint against Defendant Halcovage, which the plaintiffs

liken to Jane Doe 1's claims against Halcovage.  As we have already

decided, evidence of Jane Doe 1's claims will be excluded at trial.

Similarly, evidence of Krasinsky's claims against Halcovage are not

relevant to the remaining plaintiffs' claims. The plaintiffs' assertion that

this evidence would tend to show Halcovage's motive toward the

remaining plaintiffs is unavailing, particularly since the remaining

plaintiffs have not alleged Halcovage engaged in similar conduct with

them. Permitting evidence of Krasinsky's complaint, like Twigg's, would

likely result in a "trial within a trial," with the jury focusing on claims

that are not at issue in this case.  Accordingly, to the extent this evidence

could be deemed relevant, the admission of this evidence would result in

unfair prejudice to the defendants and confusion of the issues in this case.

Thus, evidence of this complaint will also be excluded.

Finally, to the extent the plaintiffs are seeking to introduce

evidence of Jane Doe 2's subsequent lawsuit against the County, *Jane*

*Doe v. Schuylkill County, et al.*, 3:24-CV-386 ("*Doe II*"), we will exclude

such evidence.   As the plaintiffs indicate, Jane Doe 2 has filed a

subsequent lawsuit against several of the defendants in this action, as

well as an individual who is not party to this suit.  While the procedural

posture of *Doe II* is somewhat unique at this time, where we have

recommended that matter be stayed pending the resolution of the instant

matter, we will decline to permit the plaintiffs to introduce evidence of

that action at trial.  As Jane Doe 2 argued in favor of maintaining that

separate action:

> Defendant Hatter's comments and conduct are never
> mentioned in the operative Complaint in *Doe I. See Doe I*,
> ECF No. 63. In fact, Defendant Hatter himself is never even
> mentioned in *Doe I. See Id.* Additionally, the discriminatory
> and retaliatory behavior that is the basis for the instant
> Complaint is not referenced in *Doe I. See Id.*; *see also*, ECF

No. 11. . . . Furthermore, the facts in *Doe I*, with regard to Plaintiff, span back as far as 2014, well before Defendant Hatter and Defendant Zula's employment with Defendant SC. *See Doe I*, ECF No. 63.

*Doe II*, 3:24-CV-386 (Doc. 14 at 11).  In our view, permitting evidence of this subsequent lawsuit—which is currently pending in this court before a different judge and which involves, by the plaintiff's own characterization, different facts against at least one different actor who is not a defendant here, and that is removed in time from the allegations in this action—would only serve to confuse and mislead the jury as to the claims at issue in this case.  Accordingly, this evidence will be precluded.

## C. Evidence of the Facts Underlying the Plaintiffs' Claims for Additional Back Pay and Front Pay will be Permitted, but the Amount of Any Equitable Award will be Determined by the Court After Trial.

The County Defendants also seeks to prohibit the plaintiffs from offering evidence relating to Jane Doe 3's and Jane Doe 4's claims for back pay.  In the County Defendants' view, these plaintiffs have been made whole, having been rehired and received back pay that included raises, cost of living increases, and interest dating back to their suspension in 2021.  The plaintiffs dispute that they have been made whole.  According to the plaintiffs, they are entitled to additional back

10

pay dating back to March of 2021, when they were demoted, as the demotion resulted in a lower salary which was the starting point for the back pay calculation. Additionally, the plaintiffs contend that they received their back pay in a lump sum, which resulted in unfavorable tax implications.

"A plaintiff who has been intentionally subjected to an unlawful employment practice in violation of Title VII can be awarded equitable damages, including in appropriate circumstances the award of back pay and front pay." *McKenna v. City of Phila.*, 636 F. Supp. 2d 446, 455 (E.D. Pa. 2009) (citations omitted). These equitable damages are "available to a successful Title VII plaintiff under the Civil Rights Act of 1964." *Spencer v. Wal-Mart Stores, Inc.*, 469 F.3d 311, 315 (3d Cir. 2006) (citation omitted). A court may award such equitable damages "to make persons whole for injuries suffered on account of unlawful employment discrimination[,]" and in doing so, "should endeavor to restore the employee to the economic status quo that would exist but for the employer's conduct." *Id.* (quoting *Eshelman v. Agere Systems, Inc.*, 554 F.3d 426, 442 (3d Cir. 2009)) (internal quotation marks omitted); *see also Donlin v. Philips Lighting North America Corp.*, 581 F.3d 73, 78 n.1 (3d

Cir. 2009) (citation omitted) (noting that a "jury's role was only advisory on the issue of damages because back pay and front pay are equitable remedies to be determined by the court.").

We begin with the plaintiffs' contention that the calculation of back pay is incorrect. Plaintiffs argue that the County should have used the salaries the plaintiffs were receiving prior to what they characterize as their demotion in March of 2021. The County disputes that the restructuring of the tax offices in March of 2021 was a demotion. Accordingly, a determination as to whether the earlier salaries should have been used to calculate the back pay award hinges on a favorable finding for the plaintiffs that the March 2021 restructuring was, in fact, a demotion. Thus, we will reserve a ruling on the issue of this additional back pay until after trial. If the plaintiffs prevail at trial, and the jury finds that the March 2021 restructuring was a demotion, we will order a recalculation of the plaintiffs' back pay using the salaries the plaintiffs were receiving prior to the alleged demotion.

We reach a similar conclusion with respect to the plaintiffs' contention that the award of back pay should include an additional sum for the tax implications of receiving a lump sum in 2024. At the outset,

the Third Circuit has held that a district court has the discretion to "award a prevailing employee an additional sum of money to compensate for the increased tax burden a back pay award may create." *Eshelman*, 554 F.3d at 442. However, a plaintiff is not presumptively entitled to such an award; rather, an employee "will continue to bear the burden to show the extent of the injury they have suffered." *Id.* at 443. Additionally, a request for an adjustment of a back pay award to include an additional sum for tax implications is more appropriately made in a post-trial motion after the employee prevails at trial. *See e.g.*, *McKenna*, 636 F. Supp. 2d at 467; *Supinski v. United Parcel Service, Inc.*, 2012 WL 2905458, at \*5-6 (E.D. Pa. July 16, 2009); *Cange v. Phila. Parking Auth.*, 2010 WL 365468, at \*12 (E.D. Pa. Feb. 1, 2010).

Accordingly, we will reserve ruling on the issue of whether Jane Does 3 and 4 are entitled to an additional sum of back pay until after trial.

The County also moves to preclude the plaintiffs from offering evidence that Jane Doe 2 was entitled to front pay because Jane Doe 2 abandoned her job. The County further argues that because Jane Doe 2 filed a separate lawsuit, permitting her to receive an award of front pay

would result in unfair prejudice to the defendants.  For their part, the plaintiffs argue that Jane Doe 2 did not abandon her job but was constructively discharged by the defendants when they failed to provide her with work.

We will permit the parties to introduce evidence regarding whether Jane Doe 2 abandoned her job or was constructively discharged by the defendants.  As with the claims for back pay, should the jury find in favor of Jane Doe 2 on her claim for constructive discharge, the court would be entitled to award her front pay as an equitable remedy.  Accordingly, we will permit the parties to introduce their respective evidence regarding Jane Doe 2's separation from employment, but we will defer ruling on the issue of front pay until after trial.

III.  Order

Accordingly, IT IS HEREBY ORDERED THAT the County Defendants' motion *in limine* to exclude evidence (Doc. 358) is GRANTED IN PART AND DENIED IN PART as follows:

1. The motion is GRANTED as to evidence of the DOJ Consent Decree and evidence of nonparty complaints, including other lawsuits and complaints made pursuant to the consent decree; and

2. The motion is GRANTED IN PART AND DENIED IN PART as to the County Defendants' request to preclude evidence of the plaintiffs' claims for back pay and front pay. The plaintiffs will be permitted to introduce evidence regarding the facts underlying their claims for additional back pay as it relates to the alleged March 2021 demotion, as well as Jane Doe 2's separation from employment. Any amount of additional back pay, including tax implications, and front pay will be determined by the court after trial.

So ordered this 20th day of February 2025.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge