IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE, et al., | : | Civ. No. 3:21-CV-477 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | (Chief Magistrate Judge Bloom) |
| SCHUYLKILL COUNTY | : | |
| COURTHOUSE, et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

### I.    Introduction

This is a civil rights action filed by the plaintiffs against Schuylkill County and several individual defendants, in which the plaintiffs allege claims of sexual harassment and retaliation for reporting such harassment. This matter is scheduled for a jury trial beginning on March 24, 2025. Pending before the court are several motions *in limine* filed by the parties. The plaintiffs have filed the instant motion *in limine* to prohibit the defendants from offering evidence of their good character under Federal Rule of Evidence 404. (Doc. 346). After consideration, we will deny this motion without prejudice to renewal at trial.

## II.  Discussion

Motions *in limine* seek rulings on the relevance and admissibility of evidence prior to trial. *United States v. Larry*, 537 F. Supp. 3d, 766, 768 (M.D. Pa. 2021) (citation omitted).  "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial." *Castillo v. Progressive Ins. Co.*, 580 F. Supp. 3d 74, 76 (M.D. Pa. 2022) (citations omitted).  Thus, rulings made by a trial judge on a motion *in limine* are reviewed only for an abuse of discretion. *Bernardsville Bd. of Education v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994).

Rulings on motions *in limine* serve several purposes, including "narrow[ing] the evidentiary issues for trial and [] eliminat[ing] unnecessary trial interruptions." *Id.* (quoting *Bradley v. Pittsburgh Bd. of Education*, 913 F.2d 1064, 1069 (3d Cir. 1990)).  Pretrial rulings on the relevance and admissibility of evidence also serve "to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." *Id.* (citing *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988)).

The Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is

of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The Rules then provide that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." Fed. R. Evid. 402. These Rules favor the inclusion of evidence and limit the Court's ability to exclude evidence as irrelevant. *Castillo*, 580 F. Supp. 3d at 77 (citations omitted). However, Rule 403 does provide a limitation on the admissibility of relevant evidence, permitting the Court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

In the instant motion, the plaintiffs generally seek to preclude the defendants from introducing evidence to bolster their good character, arguing that this is a prohibited use of character evidence under Rules 404 and 608. Rule 404(a) provides that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion

3

the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Rule 608 only permits the introduction of a witness's character for truthfulness "after the witness's character for truthfulness has been attacked." Fed. R. Evid. 608(a).

In our view, a ruling on this motion *in limine* to the extent it generally seeks to preclude the defendants from offering good character evidence is premature. As we have noted, Rule 404 prohibits the introduction of such evidence to bolster a party's good character. However, such evidence may be introduced by a party if his or her character is attacked. Without knowing what specific evidence the plaintiffs intend to introduce at trial, and whether such evidence would attack the defendants' character such that it would permit the defendants to offer character evidence to rebut the attack, we cannot rule on this issue prior to trial. Rather, we will defer a ruling on the admission of this evidence if the issue is raised during trial.[1]

---

[1] In doing so, we remind all counsel that the parties are bound by the Federal Rules of Evidence, and good character evidence is generally inadmissible but for the exceptions we have outlined here. Accordingly, we caution the parties that to the extent they intend to introduce their clients and provide background information about them, such testimony would be subject to the general rule that good character evidence is generally inadmissible to bolster a party's character.

III.  **Order**

Accordingly, IT IS HEREBY ORDERED THAT the plaintiffs' motion *in limine* (Doc. 346) DENIED without prejudice to renewal at trial.

So ordered this 20th day of February 2025.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge