IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, et al., | : Civ. No. 3:21-CV-477 |
| Plaintiffs, | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| SCHUYLKILL COUNTY COURTHOUSE, et al., | : |
| Defendants. | : |

MEMORANDUM ORDER

I. Introduction

This is a civil rights action filed by the plaintiffs against Schuylkill County and several individual defendants, in which the plaintiffs allege claims of sexual harassment and retaliation for reporting such harassment. This matter is scheduled for a jury trial beginning on March 24, 2025. Pending before the court are several motions *in limine* filed by the parties. The plaintiffs have filed the instant motion *in limine* to prohibit the defendants from offering evidence regarding Jane Doe 2's prior employment and resignation from PrimeCare. (Doc. 347). After consideration, we will grant the motion.

II.  Discussion

Motions *in limine* seek rulings on the relevance and admissibility of evidence prior to trial. *United States v. Larry*, 537 F. Supp. 3d, 766, 768 (M.D. Pa. 2021) (citation omitted). "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial." *Castillo v. Progressive Ins. Co.*, 580 F. Supp. 3d 74, 76 (M.D. Pa. 2022) (citations omitted). Thus, rulings made by a trial judge on a motion *in limine* are reviewed only for an abuse of discretion. *Bernardsville Bd. of Education v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994).

Rulings on motions *in limine* serve several purposes, including "narrow[ing] the evidentiary issues for trial and [] eliminat[ing] unnecessary trial interruptions." *Id.* (quoting *Bradley v. Pittsburgh Bd. of Education*, 913 F.2d 1064, 1069 (3d Cir. 1990)). Pretrial rulings on the relevance and admissibility of evidence also serve "to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." *Id.* (citing *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988)).

The Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is

of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The Rules then provide that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." Fed. R. Evid. 402. These Rules favor the inclusion of evidence and limit the Court's ability to exclude evidence as irrelevant. *Castillo*, 580 F. Supp. 3d at 77 (citations omitted). However, Rule 403 does provide a limitation on the admissibility of relevant evidence, permitting the Court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

    We heard oral argument on this motion on February 13, 2025. The plaintiffs argue that evidence regarding Jane Doe 2's prior employment with PrimeCare, a medical provider for correctional facilities, and the circumstances of her resignation are not relevant. They further assert that this evidence would be unfairly prejudicial to Jane Doe 2. For their

part, the defendants contend that this evidence is relevant and probative of Jane Doe 2's claims for emotional distress damages, as well as to impeach her credibility.

After consideration, we will grant the motion *in limine* and preclude the defendants from introducing this evidence. At the outset, we conclude that to the extent this evidence is relevant to the plaintiff's claims for emotional distress damages, any relevance is outweighed by the danger of unfair prejudice. To be clear, evidence of prior employment can be relevant to claims for emotional distress damages. *See e.g.*, *Frazier v. Shinseki*, 2014 WL 1618448, at *3 (W.D. Pa. Apr. 22, 2014). However, given the specific circumstances surrounding the plaintiffs' resignation from employment with PrimeCare, we find that the admission of this evidence would be unfairly prejudicial to Jane Doe 2. At the outset, admitting evidence of the circumstances of Jane Doe 2's resignation will likely result in a "trial within a trial" concerning the circumstances of her resignation. At the oral argument in this matter, it was clear that the parties dispute the voluntariness of the plaintiff's resignation, as well as the terms on which the plaintiff left that position. Thus, in our view, permitting evidence on this issue would likely confuse the jury as to the

issues in this case, as the reasons that Jane Doe 2 left her employment with PrimeCare are not relevant to her claims in this case.

The facts underlying Jane Doe 2's resignation with PrimeCare involve allegations that her subordinate nurses working for PrimeCare in the Schuylkill County Prison were distributing pills to corrections officers. Permitting this evidence runs the risk of the jurors attributing wrongful, or even unlawful, conduct to Jane Doe 2. This is particularly troubling since it appears to be undisputed that Jane Doe 2 was not the individual distributing the medications and was not aware of the same. Accordingly, we conclude that permitting the defendants to introduce this evidence would be highly prejudicial to Jane Doe 2.

Additionally, the plaintiffs' argument that this evidence is barred by Rule 608 is persuasive. Rule 608 permits a party to introduce specific instances of conduct to impeach a witness's credibility if the conduct is "probative of the character for truthfulness or untruthfulness" of the witness. Fed. R. Evid. 608(b)(1). The defendants have asserted their belief that this evidence is probative of Jane Doe 2's character for truthfulness because she provided inconsistent statements of the reasons for her resignation. They point to her deposition testimony, in which she

5

discussed the medication issue as the reason for her resignation, and an unsworn statement reflected in the notes of a mental health examiner, where she identified scheduling complaints and working with inmates as reasons for her resignation. We do not agree with the defendants' characterization of these statements as necessarily inconsistent such that it should be permitted to attack Jane Doe 2's character for truthfulness. As we noted at the oral argument in this matter, two things can be true—that Jane Doe 2 resigned due to the medication issue, and that she disliked her schedule and working with the inmate population. The fact that these statements are not necessarily inconsistent, coupled with the unfair prejudice described above, leads us to conclude that this evidence should be excluded.

    Accordingly, we will grant the plaintiffs' motion and preclude evidence of Jane Doe 2's prior employment with PrimeCare and the circumstances surrounding her resignation.

## III. Order

Accordingly, IT IS HEREBY ORDERED THAT the plaintiffs' motion *in limine* (Doc. 347) is GRANTED.

So ordered this 20th day of February 2025.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge
