IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JANE DOE, et al.,                    : Civ. No. 3:21-CV-477
                                     :
        Plaintiffs,                  :
                                     :
             v.                      :
                                     : (Chief Magistrate Judge Bloom)
SCHUYLKILL COUNTY                    :
COURTHOUSE, et al.,                  :
                                     :
        Defendants.                  :

## MEMORANDUM ORDER

## I.  Introduction

This is a civil rights action filed by the plaintiffs against Schuylkill County and several individual defendants, in which the plaintiffs allege claims of sexual harassment and retaliation for reporting such harassment.  This matter is scheduled for a jury trial beginning on March 24, 2025.  Pending before the court are several motions *in limine* filed by the parties.  The plaintiffs have filed the instant motion *in limine* to prohibit the defendants from offering evidence of third-party investigations related to the plaintiffs' complaints of discrimination and retaliation. (Doc. 350).   After consideration, the motion will be granted in part and denied in part as set forth below.

## II.  Discussion

Motions *in limine* seek rulings on the relevance and admissibility of evidence prior to trial. *United States v. Larry*, 537 F. Supp. 3d, 766, 768 (M.D. Pa. 2021) (citation omitted).  "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial." *Castillo v. Progressive Ins. Co.*, 580 F. Supp. 3d 74, 76 (M.D. Pa. 2022) (citations omitted).  Thus, rulings made by a trial judge on a motion *in limine* are reviewed only for an abuse of discretion. *Bernardsville Bd. of Education v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994).

Rulings on motions *in limine* serve several purposes, including "narrow[ing] the evidentiary issues for trial and [] eliminat[ing] unnecessary trial interruptions." *Id.* (quoting *Bradley v. Pittsburgh Bd. of Education*, 913 F.2d 1064, 1069 (3d Cir. 1990)).  Pretrial rulings on the relevance and admissibility of evidence also serve "to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." *Id.* (citing *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988)).

The Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is

of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The Rules then provide that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." Fed. R. Evid. 402. These Rules favor the inclusion of evidence and limit the Court's ability to exclude evidence as irrelevant. *Castillo*, 580 F. Supp. 3d at 77 (citations omitted). However, Rule 403 does provide a limitation on the admissibility of relevant evidence, permitting the Court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

We heard oral argument on this motion on February 13, 2025. The plaintiffs' motion seeks to prohibit the defendants from using evidence of outside investigations and remedial actions taken in response to the plaintiffs' complaints. At oral argument, the parties appeared to agree that the investigation undertaken by Defendant Zula regarding Jane Doe

3 and 4's alleged misuse of LexisNexis, as well as Deborah Twigg's investigation and report compiled after Jane Doe 1 made allegations against Defendant Halcovage, have been produced and are not at issue. The parties then clarified that the evidence at issue consists of the Eckert Seamans investigation into the LexisNexis issue and the suspensions of Jane Does 3 and 4 in September of 2021, as well as investigation reports (or lack thereof) regarding the plaintiffs' complaints made pursuant to the consent decree.

After consideration, we conclude that the investigation reports that the plaintiffs allege they did not receive pursuant to the terms of the consent decree will be prohibited from being introduced at trial. As we have determined with respect to the County Defendants' motion *in limine*, the plaintiffs will not be permitted to introduce evidence of the consent decree or complaints made pursuant to the consent decree. Thus, it follows that no party will be permitted to introduce reports, or the lack of a report, issued pursuant to investigations undertaken by the County pursuant to that consent decree.

With respect to the third party investigation conducted by Eckert Seamans, we conclude that this evidence should be precluded at trial. It

is undisputed that no report was ever issued by Eckert Seamans regarding its investigation into Jane Doe 3's and Jane Doe 4's alleged misuse of LexisNexis. Permitting the defendants to introduce evidence of the facts underlying the investigation or any communications among the defendants regarding the investigation would be prejudicial to the plaintiffs. This is particularly so to the extent that any communications or documents were withheld during discovery pursuant to the attorney-client privilege. Accordingly, we will not permit the defendants to introduce this evidence at trial. To the extent that the defendants intend to introduce the fact that the investigation was referred to a third party, the parties may stipulate to this very limited fact.

Finally, we note that at the oral argument, the parties appeared to agree that the issue plaintiffs' counsel raised regarding the *Faragher-Ellerth* defense can be addressed through appropriate jury instructions. Accordingly, to the extent the plaintiffs' motion seeks to preclude the defendants' use of this defense, the motion will be denied at this time.

III.  <u>Order</u>

Accordingly, IT IS HEREBY ORDERED THAT the plaintiffs' motion *in limine* (Doc. 350) is GRANTED IN PART AND DENIED IN PART as follows:

1. The motion is GRANTED to the extent it seeks the preclusion of evidence regarding outside investigations and reports. The parties are permitted to stipulate to the fact that the County referred the LexisNexis investigation to an outside party.

2. The motion is DENIED to the extent it seeks to preclude the defendants from presenting evidence regarding the *Faragher-Ellerth* defense.

3. If the parties have any remaining disputes regarding these issues, we will address them at the pretrial conference scheduled for March 11, 2025.

So ordered this 21st day of February 2025.

<u>*s/ Daryl F. Bloom*</u>
Daryl F. Bloom
Chief United States Magistrate Judge