IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, et al., | : Civ. No. 3:21-CV-477 |
| Plaintiffs, | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| SCHUYLKILL COUNTY COURTHOUSE, et al., | : |
| Defendants. | : |

MEMORANDUM OPINION AND ORDER

I. Introduction

This is a civil rights action filed by the plaintiffs against Schuylkill County and several individual defendants, in which the plaintiffs allege claims of sexual harassment and retaliation for reporting such harassment. This matter is scheduled for a jury trial beginning on March 24, 2025. Pending before the court is the plaintiff's motion to reconsider our order granting Defendant Roth's motion *in limine* to preclude evidence of Roth's text messages prior to 2016. (Doc. 437). For the following reasons, the motion to reconsider will be denied.

## II. Discussion

"The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." *Howard Hess Dental Labs. Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (internal citations and quotations omitted). It is not to "rehash arguments already briefed." *Dentsply Int'l Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999). Thus, motions for reconsideration should be granted sparingly and only if the plaintiff can show: "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice." *Dodge v. Susquehanna Univ.*, 796 F. Supp. 829, 830 (M.D. Pa. 1992); *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Here, the plaintiffs do not assert an intervening change in the law or the availability of new evidence. Rather, they assert that we erred in our consideration of the facts underlying the plaintiffs' claims as they relate to the text messages in question. Specifically, the plaintiffs contend that our order granting Defendant Roth's motion to preclude evidence of Roth's messages prior to 2016 incorrectly characterized the

plaintiffs' claims against Roth as beginning in 2020, rather than in 2012. (Doc. 438).

The plaintiffs are correct that their amended complaint asserts allegations that Roth knew of Halcovage's behavior toward Does 3 and 4 prior to 2020. (*See* Doc. 63 ¶¶ 49-50). As we set forth in our order, the message in question is a message between Roth, Doe 4, and another county employee in April of 2016. (*See* Doc. 342-1 at 11-12). Defendant Roth's message begins by stating, "He really is everywhere[,] . . ." to which Doe 4 replied, "Lol I swear he has his own camera crew!! . . ." (*Id.*).

While we note that there is no indication from the messages alone that Roth is referring to Defendant Halcovage, assuming the message is referring to Defendant Halcovage, the statement in April of 2016 that he "is everywhere" does not tend to make it more or less probable that Defendant Roth knew that Defendant Halcovage was subjecting the plaintiffs to sexual harassment since 2012. Nor does the statement make it more or less probable that the plaintiffs were subjected to harassment or discrimination at their workplace. Indeed, in our view, it is clear that the message contains mere hyperbole, as Defendant Halcovage clearly cannot be "everywhere." It is also unclear what specific location or

3

locations Roth was referencing in the message. Finally, the message can easily be interpreted in a variety of ways, which could lead to jury confusion. Accordingly, we find that the messages in question are not relevant to the plaintiffs' claims against Defendant Roth.[1]

## III. Order

Accordingly, for the foregoing reasons, the plaintiffs' motion for reconsideration (Doc. 437) is DENIED.

So ordered this 26th day of February 2025.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

---

[1] We note that our preclusion of this message does not prohibit the plaintiffs from testifying as to their impressions and beliefs regarding Defendant Halcovage's behavior, or what they may have discussed among themselves or with any of the defendants concerning Defendant Halcovage's whereabouts.