IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, et al., | : Civ. No. 3:21-CV-477 |
| Plaintiffs, | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| SCHUYLKILL COUNTY COURTHOUSE, et al., | : |
| Defendants. | : |

MEMORANDUM OPINION AND ORDER

I. Introduction

This is a civil rights action filed by the plaintiffs against Schuylkill County and several individual defendants, in which the plaintiffs allege claims of sexual harassment and retaliation for reporting such harassment. This matter is scheduled for a jury trial beginning on March 24, 2025. Pending before the court is the plaintiffs' motion to reconsider our order granting Defendant Roth's motions *in limine* to preclude evidence of Jane Doe 1's claims. (Doc. 471). For the following reasons, the motion to reconsider will be denied.

## II. Discussion

"The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." *Howard Hess Dental Labs. Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (internal citations and quotations omitted). It is not to "rehash arguments already briefed." *Dentsply Int'l Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999). Thus, motions for reconsideration should be granted sparingly and only if the plaintiff can show: "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice." *Dodge v. Susquehanna Univ.*, 796 F. Supp. 829, 830 (M.D. Pa. 1992); *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Here, the plaintiffs do not assert an intervening change in the law or the availability of new evidence. Rather, they assert that we erred in our consideration of the law and the facts underlying the plaintiffs' claims as they relate to the evidence in question concerning Jane Doe 1. Specifically, the plaintiffs urge us to permit evidence of the discrimination and harassment suffered by Jane Doe 1, as well as

evidence of the sexual relationship between Jane Doe 1 and Defendant Halcovage. In their view, this evidence is crucial to provide context and credence to the remaining plaintiffs' claims, inasmuch as the remaining plaintiffs allege that they suffered discrimination and harassment because of their friendship with or support of Jane Doe 1. For their part, the defendants assert that the plaintiffs have not met the requisite showing for a motion to reconsider and merely rehash their arguments that have already been decided by this court.

After consideration, we will deny the motion to reconsider. At the outset, the plaintiffs request clarification of our order. They assert that permitting the parties to stipulate to certain information, but prohibiting the introduction of the underlying alleged discrimination, is a contradictory holding. We disagree. As we held in our prior order, we will permit the parties to stipulate to very limited information concerning Jane Doe 1's claims to provide context the plaintiffs believe is necessary to present their claims. This stipulation may include the facts that there was a relationship between Jane Doe 1 and Halcovage, that Jane Doe 1 reported this to her supervisor, Jane Doe 3, and that she told Jane Doe 2 about the relationship.

Such a limited stipulation will allow the plaintiffs to provide context to their claims. For example, the plaintiffs assert that when Jane Doe 1 rebuffed Halcovage's advances, he would harass Jane Doe 2. Stipulating to the fact that Jane Doe 1 told Jane Doe 2 about the relationship provides necessary context to Jane Doe 2's claim that Halcovage harassed her after she found out about the relationship. Similarly, a stipulation to the fact that Jane Doe 1 reported her complaints to Jane Doe 3 provides context for Jane Doe 3's claims that she started experiencing harassment and retaliation for supporting Jane Doe 1. In our view, this limited information provides the necessary context to the plaintiffs' claims without getting into the details of the facts underlying Jane Doe 1's claims, which we find are not relevant and would be unfairly prejudicial to the defendants. This is particularly the case here, where the plaintiffs continue to assert that the relationship between Jane Doe 1 and Halcovage was not consensual. As we will discuss below, this continued assertion underscores how this evidence is more prejudicial than probative.

   As we found in our prior order, even if we determined that evidence underlying Jane Doe 1's claims was relevant, we find that the danger of

unfair prejudice outweighs any probative value of this evidence. At the outset, permitting evidence of the sexual encounters between Jane Doe 1 and Halcovage and whether those encounters were consensual would undoubtedly result in a "trial within a trial." As we have noted, in their motion for reconsideration, the plaintiffs vehemently assert that Jane Doe 1 did not consent to the encounters with Halcovage, which they claim were unwanted and unwelcome. (Doc. 472 at 4-5). At least one of the defendants asserts the encounters were consensual. (*See e.g.*, Doc. 354 at 3). However, whether these encounters were consensual or unwelcome is not the issue or relevant to the remaining plaintiffs' claims of discrimination, harassment, and retaliation. The issue before the jury is not whether the encounters were consensual. The issue is whether the plaintiffs experienced harassment and discrimination because of their sex, and whether they were retaliated against as a result of their protected activity. Further, the three remaining plaintiffs do not bring claims against Halcovage, or any other defendant for that matter, that involve allegations of consensual or nonconsensual sexual encounters. Thus, evidence of those sexual encounters is plainly more prejudicial than probative and is likely to lead to confusion among the jury as to the

remaining claims in this case. Moreover, to the extent the plaintiffs assert that Halcovage's conduct toward them was unwanted and unwelcome, they can testify regarding Halcovage's behavior toward them and their reaction without getting into the extrinsic details of Halcovage's consensual or nonconsensual relationship with Jane Doe 1.

The plaintiffs also characterize this evidence as permissible under Rule 404 to prove the defendants' motive, intent, and opportunity to discriminate and retaliate against the remaining plaintiffs. They assert that evidence regarding the defendants' knowledge of and lack of response to Halcovage's conduct toward Jane Doe 1 is probative of the defendants' motive and intent toward the remaining plaintiffs. However, as we stated in our prior order and as was discussed at the oral argument in this matter, other than Jane Doe 3's assertion that she discussed a rumor with Defendant Roth about Halcovage and Jane Doe 1 sleeping together, there is no evidence that the defendants knew of Halcovage's conduct toward Jane Doe 1 until she reported the same in May of 2020. Accordingly, we find that any limited probative value this evidence might have is far outweighed by the danger of unfair prejudice to the defendants.

Finally, we note the plaintiffs' assertion that precluding evidence of Jane Doe 1's claims because she has settled and is no longer a party effectively permits the defendants to "buy their way out of having relevant and admissible evidence presented." (Doc. 472 at 6). But, in seeking the admission of this evidence, it is the plaintiffs who are attempting to have it both ways. Allowing evidence of Jane Doe 1's claims and permitting her to testify to the same would provide her to have her day in court against defendants with whom she has already settled and to receive the benefits of the settlement agreement. Further, allowing this evidence at trial would essentially force the defendants to defend against, and possibly face liability for, claims that have already been dismissed. In our view, this is precisely the type of unfair prejudice that Rule 403 warns against.

Accordingly, we will deny the motion to reconsider. In doing so, we reiterate that the parties are permitted to stipulate to certain information concerning Jane Doe 1's claims—the fact that she had a relationship with Halcovage, that she reported that relationship to Jane Doe 3, and that she told Jane Doe 2 of the relationship—in order to provide context to the plaintiffs' claims. We will leave the precise

7

wording of the stipulation to the parties. Should the parties be unable to agree to the wording of the stipulation, the parties will submit their contested versions of the stipulation to the court for consideration and a final determination.

III. Order

Accordingly, for the foregoing reasons, the plaintiffs' motion for reconsideration (Doc. 471) is DENIED.

So ordered this 10th day of March 2025.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge