IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, et al., | : Civ. No. 3:21-CV-477 |
| Plaintiffs, | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| SCHUYLKILL COUNTY COURTHOUSE, et al., | : |
| Defendants. | : |

MEMORANDUM OPINION AND ORDER

I. Introduction

This is a civil rights action filed by the plaintiffs against Schuylkill County and several individual defendants, in which the plaintiffs allege claims of sexual harassment and retaliation for reporting such harassment. This matter is scheduled for a jury trial beginning on March 24, 2025. Pending before the court is the plaintiff's motion to reconsider our order granting the County Defendants' motion *in limine* to preclude evidence of the consent decree between the County and the DOJ and evidence of nonparty complaints. (Doc. 453). For the following reasons, the motion to reconsider will be denied.

## II. Discussion

"The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." *Howard Hess Dental Labs. Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (internal citations and quotations omitted). It is not to "rehash arguments already briefed." *Dentsply Int'l Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999). Thus, motions for reconsideration should be granted sparingly and only if the plaintiff can show: "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice." *Dodge v. Susquehanna Univ.*, 796 F. Supp. 829, 830 (M.D. Pa. 1992); *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Here, the plaintiffs do not assert an intervening change in the law or the availability of new evidence. Rather, they assert that we erred in our consideration of the law and the facts underlying the plaintiffs' claims as they relate to the evidence in question concerning the consent decree and other complaints. We note that these arguments are essentially the same arguments made in the plaintiffs' initial response to the County's

motion *in limine*. Specifically, the plaintiffs urge us to permit the introduction of this evidence to establish their retaliation claims against the defendants. They argue that this evidence—the consent decree and nonparty complaints—is admissible under Rule 404 as evidence of the defendants' motive and intent to retaliate against them.

As we stated in our prior order, evidence of the consent decree is akin to a settlement and is barred by Rule 408. *See* Fed. R. Evid. 408(a); *Wilson v. Parisi*, 2009 WL 151666, at *1 (M.D. Pa. Jan. 21, 2009) (collecting cases). As the plaintiffs submit, courts have permitted the introduction of consent decrees for purposes other than liability, and the plaintiffs attempt to argue that they intend to offer this evidence for purposes other than liability. (Doc. 454 at 5). However, in our view, permitting this evidence to establish, as the plaintiffs assert, "the facts that establish the elements of Plaintiffs' claims and warrant a finding by the jury of liability" would be, in essence, permitting the plaintiffs to use this evidence as evidence of the County's liability. This is plainly barred by Rule 408.

We are also constrained to note that the documents the plaintiffs have attached to their motion, which include their email reports made

3

pursuant to the consent decree, seem to have little relevance to their claims of retaliation. With respect to the documents concerning Halcovage's alleged violations of the consent decree, it appears that this occurred at a time where two of the plaintiffs remained suspended and would not have been in the courthouse at the time of the alleged violation. (*See* Doc. 454-1 at 6-10). Thus, even if Defendant Halcovage violated the consent decree by being in the courthouse when he was not permitted, this evidence would seem to have little if any, relevance to their claims of retaliation. As to the plaintiffs' claims that they relodged their complaints pursuant to the consent decree and believe that the County failed to adequately investigate those claims in further retaliation, the defendants note that the EEO Officer who investigated such reports pursuant to the consent decree was not a County employee. Thus, this evidence similarly appears to have little, if any relevance, to the plaintiffs' claims against the County.

Further, and fundamentally, we conclude that any relevance this evidence may have is outweighed by the danger of unfair prejudice and misleading or confusing the jury. As we noted in our prior order, some of the defendants were not parties to the consent decree and made no

admissions regarding the same. Admission of this evidence would prejudice those defendants, and further, would likely confuse or mislead the jury as to the issues that remain in this case. Accordingly, we will deny the plaintiffs' motion to reconsider, and evidence of the consent decree will be excluded.

We reach a similar conclusion with respect to the evidence of the nonparty complaints of Brynn Krasinsky and Debra Twigg. The plaintiffs argue that evidence of these nonparty complaints are relevant to show the defendants' motive and intent under Rule 404. Specifically, as to Ms. Krasinsky, they contend that Ms. Krasinky's allegations against Halcovage speak to Halcovage's state of mind and motive regarding his alleged sexual harassment of the remaining plaintiffs. However, as we found in our prior order, Ms. Krasinsky's claims have been likened to Jane Doe 1's claims, in that they involved alleged unwanted physical touching by Halcovage. As we have already concluded that evidence of Jane Doe 1's claims will be excluded, we find that evidence of Ms. Krasinsky's complaint would have minimal, if any, relevance to the remaining plaintiffs' claims. Moreover, as we previously discussed, this evidence would result in unfair prejudice to the

defendants and likely result in a "trial within a trial" regarding Ms. Krasinsky's claims against Halcovage. Accordingly, evidence of Ms. Krasinksy's claims will be excluded.

As to Ms. Twigg's claims, we similarly conclude that this evidence should be excluded. The plaintiffs argue that evidence of Ms. Twigg's complaints is relevant to show the County's pattern of retaliatory conduct and its intent to retaliate against the remaining plaintiffs. First, as we previously found, we believe this evidence has little, if any, relevance to the remaining plaintiffs' claims. While the plaintiffs argue that this evidence shows the County's intent to retaliate against them, in our view, the County's alleged actions toward Ms. Twigg that occurred in 2023 would not be relevant to show the County's intent to retaliate against the plaintiffs. Moreover, permitting evidence of Ms. Twigg's allegations that the County failure to hire her because she voiced support for the plaintiffs would likely lead to confusion of the issues and result in a "trial within a trial" as to Ms. Twigg's claims, and potentially could result in the jury holding the defendants liable for their alleged actions toward a nonparty. Thus, any limited relevance this evidence may have is plainly outweighed

by the danger of unfair prejudice to the defendants. Accordingly, this evidence will be excluded.

## III. Order

Accordingly, for the foregoing reasons, the plaintiffs' motion for reconsideration (Doc. 453) is DENIED.

So ordered this 10th day of March 2025.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge
